United States District Court
Middle District of Florida
Tampa Division

Case No. 8:16 CV 2549-T-17 TBM

DISH NETWORK, LLC
    Plaintiff
Vs.

GABY FRAIFER and TELECENTER, INC.
individually and together d/b/a
UlaiTV and PlanetTV
    Defendants

---

### Defendant Fraifer's Motion to Dismiss with Prejudice

The Defendant Fraifer, hereby files this Motion to Dismiss with Prejudice, and would say that:

1Plaintiff simply named Plaintiff as a Defendant in the style of the Complaint and in Pararagh 3 and 4 in the Parties portion of the Complaint, and in Paragraph 11 as the registrant of an un-included company to this litigation, UlaiTV.

2. In Paragraph 4 of the Complaint, Plaintiff alleged that Fraifer was an agent of Defendant Telecenter, Inc. but failed to allege any facts whatsoever that would, or could, if taken as true, lead to a conclusion that Fraifer was an agent of the Defendant corporation, Telecenter, Inc.

3. Plaintiff is required to plead facts which would, at least, tend to show that Fraifer is an agent of the principal, Telecenter, Inc. to be able to bring a claim against Telecenter, Inc. for the acts of its agent; ostensibly Fraifer.

4. Again, in Paragraph 4 of the Complaint Plaintiff conclusively alleges that Fraifer ,as an agent, was acting "within the scope of that agency."

5. If Fraifer was an agent and acted within the scope of his agency, then he, by law, is not and can not be, personally liable for any of his acts as an agent.

6. Fraifer needs to be dismissed with prejudice as a Defendant in the above-styled litigation.

**MEMORANDUM OF LAW IN SUPPORT OF FRAIFER'S**

**MOTION TO DISMISS WITH PREJUDICE**

7. If Fraifer is an agent of the Corporate Defendant within the fact scenario that has been, or to be alleged by Plaintiff, then Plaintiff must allege facts which "show (1) an acknowledgement by the Principal that agent will act for him, (2) the agent's acceptance of the undertaking, and (3) control by the Principal over actions of the agent". MERRIMAN INVESTORS, LLC vs. UJOWUNDU, 123 So. 3d 1191(3DCA)(2013) citing with approval GOLDSCHMIDT vs. HOLMAN, 571 So.2d 422(Fla.)(1990).

8. Plaintiff did not allege any facts which would or could tend to show any of the required elements of an agency. The allegation is a conclusion and the Plaintiff is required to allege more than a "mere conclusion". VIRGILIO v. RYLAND GROUP, INC., 680 F.3d. 1329(11 DCA)(2012).

9. Plaintiff must make allegations of fact which, if taken as true, would establish an agency relationship between the individual Fraifer and the corporation Telecenter, Inc. or the Plaintiff has failed to allege an agency relationship against Fraifer.

10. If Plaintiff attempts to amend his Complaint and allege the requisite facts to attempt to establish Fraifer as an agent of the Corporation Telecenter, Inc., Fraifer is no more than a witness to the litigation if Plaintiff is able to allege an agency

relationship if Fraifer acted within the scope of his agency. ROESSLERE v NOVAK, 858 So.2d.n 1158(2DCA)(2003) citing JARR v. UNIVERSITY OF MIAMI, 474 So. 2d.239(3DCA)(1985). BABUL v. GOLDEN FUEL, INC., 990 So.2d. 680(2DCA)(2008), SUSSMAN v FIRST FINANCIAL TITLE CO. 793 So.2d. 1066 (4DCA)(2001).

11. Once again returning to the actual Complaint of Plaintiff Dish Network, LLC, it clear and unequivocally alleges in its Paragraph 4 that "...the infringing acts that Fraifer in as an agent of TCI were within the scope of that agency."

12. Taking the inadequate allegations of Plaintiff to be true as they are alleged, Fraifer needs to be dismissed with prejudice from this litigation because, according to the allegations of Plaintiff, Fraifer was acting within the scope of his agency. The pertinent law holds that if the individual was acting within the scope of his agency then he can not and is not individually liable even if his actions caused his principal to become liable to Plaintiff through his actions. SUSSMAN v. FIRST FINANCIAL TITLE CO., 793 So.2d 1066(4DCA)(2001), BABUL vs. GOLDEN FUEL, INC., 990 So.2d 680(2DCA)(2008).

Wherefore Defendant Fraifer prays that the Court will Dismiss the claim against him, with Prejudice and will Order that he be completely out of the subject lawsuit, that attorney fees for his requirement of defense of this scurrilous and frivolous lawsuit be awarded to him in an amount to be determined in separate proceeding, along with whatever other relief the Court may deem reasonable.

**Certificate of Service**

I Hereby Certify that a true and correct copy of this Defendant Fraifer's Motion to Dismiss with Prejudice has been filed by Francis R. Lakel, Esq., attorney for the

Defendants, and served on Timothy M. Frank, Esq., attorney for the Plaintiff, at Hagan, Noll & Boyle, Two Memorial City Plaza, 820 Gessner, Suite 940, Houston, Texas 77024, on this 11th day of November, 2016.

_____s/Francis R. Lakel_____
Francis R. Lakel, Esq.
P.O. Box 331120
Miami, Florida 33233
(305) 854-2713
(305) 856-6052 (Fx)
frlesq@aol.com
FBN 351-237
Attorney for Defendants