United States District Court
Middle District of Florida
Tampa Division

Case No. 8:16 CV 2549-T-17 TBM

DISH NETWORK, LLC
    Plaintiff

Vs.

GABY FRAIFER and TELECENTER, INC.
individually and together d/b/a
UlaiTV and PlanetTV
    Defendants

---

**Defendant Fraifer's and Defendant Telecenter, Inc.'s Motion to Dismiss**

Defendant Fraifer and Defendant Telecenter, Inc., hereby jointly file this Motion to Dismiss, and would say that:

1. Plaintiff made general allegations against the two (2) Defendants and did not separate or plead separately any allegations of fact against the different Defendants.

2. The Plaintiff joined its general allegations together as an amalgum and did not differentiate which Defendant supposedly did what, if any, transgression.

3. Plaintiff also included entities other than Defendants within its allegations of so-called fact; namely UlaiTV and PlanetTV. Plaintiff failed to enumerate, differentiate or specify the allegations of fact against each of the Defendants and/or the un served entities, UlaiTV and/or PlanetTV.

4. All of the allegations made by the Plaintiff were conclusory and did not differentiate which Defendant, if any, or which un-served entity, if any, was supposed to have permitted the generally complained of transgression or transgressions to occur.

5. Plaintiff is required to specifically allege which Defendant performed what transgression in a separate claim against that particular Defendant so that the specific Defendant is able to know the claim being made against it and to defend against that claim.

6. Plaintiff failed to state a separate claim against the separate Defendants and Plaintiff further failed to differentiate if any of the un-served entities are allegedly liable for the so-called copyright transgressions.

## MEMORANDUM OF LAW

## IN SUPPORT OF DEEFENDANTS JOINT MOTION TO DISMISS

7. The Plaintiff scattered throughout its Complaint several undesignated allegations of fact without any indication which Defendant, if any, the fact was supposed to apply. That type of pleading is insufficient under FedRCP 10, which requires that all averments of fact are to be included in separate paragraphs.

8. Plaintiff's Complaint makes general allegations against both of the Defendants simultaneously without differentiating which alleged transgression was supposedly performed by which Defendant.

9. In addition, Plaintiff failed to put the alleged fact, which is a supposed transgression, into a separate paragraph and ultimately into a separate Count against the separate Defendant. As a result of this pleading deficiency, it is impossible for each Defendant to ascertain which transgression, if any, it is supposed to have committed. VELTMANN vs. WALPOLE PHARMACY, INC., 928 F.Supp.1161(M.D. Fla.)(1996)

10. The Complaint needs to be broken into separate Counts against the separate Defendants; not joined together cumulatively with general allegations against the joint and separate Defendants all mixed together as a single claim.

11. The purpose of this specificity is to clarify the issues and simplify the matter for trial and, importantly, to enable the separate Defendants to make separate and appropriate defenses to whatever claims are attempted to be made against the separate Defendants. WILLIAMSON v. COLUMBIA GAS & ELECTRIC CORP., 186 F.2d. 464(3d District Court of Appeals)(1950)

12. The Plaintiff has not pleaded enough facts to state a claim, plausible on its face, which would allow the Court to draw a reasonable inference that a particular Defendant has specifically performed the complained of act. BWP MEDIA USA, INC., v. HOLLYWOOD FAN SITES, LLC., 69 F.Supp. 3d 342(US District Court, S.D.N.Y)(2014).

13. The Plaintiff has made only conclusive allegations against all of the Defendants at the same time and has not made particular allegations against particular Defendants, which particular pleading is required. BWP MEDIA, INC. v HOLLYWOOD FAN SITES, id citing with approval HAYDEN v PATTERSON, 594 F.3d 150(2d Cir.)(2010).

14. The Plaintiff's Complaint needs to be dismissed against both Defendants with instructions to plead each claim against each Defendant, with each transgression against each Defendant enumerated by Plaintiff, for which specific transgression the Plaintiff expects specific damages from which Defendant.

Wherefore the Defendants Fraifer and Telecenter, Inc. pray that the Court will Order the Dismissal of the Complaint and Order the Plaintiff to plead with particularity any and all claims for damages that are being sought by the Plaintiff against each Defendant, along with whatever other relief that the Court deems proper.

**Certificate of Service**

I Hereby Certify that a true and correct copy of the Defendant Fraifer and Defendant Telecenter, Inc. Motion to Dismiss has been filed by Francis R. Lakel, Esq., attorney for the Defendants, and served on Timothy M. Frank, Esq., attorney for the Plaintiff, at Hagan, Noll & Boyle, Two Memorial City Plaza, 820 Gessner, Suite 940, Houston, Texas 77024, on this 11th day of November, 2016.

\_\_\_\_\_s/Francis R. Lakel\_\_\_\_\_
Francis R. Lakel, Esq.
P.O. Box 331120
Miami, Florida 33233
(305) 854-2713
(305) 856-6052 (Fx)
frlesq@aol.com
FBN 351-237
Attorney for Defendants