UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DISH NETWORK, L.L.C.,

    Plaintiff,

v.                                              CASE NO. 8:16-CV-2549-17TBM

GABY FRAIFER and TELE-CENTER,
INC.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motions to Dismiss (Dkts. 26, 27), to which Plaintiff responds in opposition (Dkts. 31, 32). Upon consideration, the motions are denied.

## BACKGROUND

Plaintiff DISH Network, L.L.C. ("DISH") brings a single claim for direct copyright infringement against Defendants Gaby Fraifer ("Fraifer") and Tele-Center, Inc. ("TCI"). (Dkt. 1). Fraifer moves to dismiss the claim with prejudice, arguing that the Complaint alleges no basis for his personal liability. (Dkt. 26). By separate motion, Fraifer and TCI jointly request a more definite statement of the claim. (Dkt. 27). For the reasons set forth below, the Court finds that the Complaint adequately alleges Fraifer's personal liability and that a more definite statement is not required.

DISH is a pay-television provider that offers hundreds of channels, including a diverse line-up of international channels. (Dkt. 1 at ¶ 8). Through agreements with various networks, DISH possesses the exclusive right, in the United States, to distribute and

publicly perform works that air on the international channels. (Id. at ¶¶ 9–10).

Defendants own and operate the UlaiTV service, which provides "200+ Arabic Channels." (Id. at ¶¶ 11, 13). Defendants sell a UlaiTV set-top box for approximately $200 on their website, UlaiTV.com, which includes one year of access to the UlaiTV service. (Id. at ¶ 15). According to DISH, the UlaiTV service infringes on DISH's exclusive rights by capturing live broadcast signals of the international channels, transcoding the signals, transferring the content to Defendants' servers, and then transmitting the channels over the internet to users who purchase a UlaiTV set-top box. (Id. at ¶¶ 14–16). Defendants acknowledge that their programming "may be protected by copyright," and advise customers that Defendants "do[] not guarantee nor claim[] any rights to th[e] content." (Id. at ¶ 13).

TCI ships the products purchased through UlaiTV.com and receives payments for those products. (Id. at ¶ 11). Fraifer is the registrant of UlaiTV.com. (Id.). As the founder and President of TCI, Fraifer also oversees the day-to-day operations of TCI, makes the final decisions concerning TCI's business, and authorizes, controls, participates in, and receives a direct financial benefit from the infringing activities of TCI. (Id. at ¶ 4).

## STANDARD

A complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." Id. The factual allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A complaint that relies on "labels and conclusions or a formulaic recitation of the elements of a cause of action" is not sufficient to state a claim for relief. Iqbal, 556 U.S. at 678 (internal quotation marks omitted).

Federal Rule of Civil Procedure 12(e) allows a party to request a more definite statement when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A motion pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Id.

## DISCUSSION

Invoking Florida agency principles, Fraifer argues that the Complaint fails to plausibly allege his personal liability for copyright infringement. In response, DISH persuasively argues that Fraifer's liability is governed by federal copyright law, which provides that "[a]n individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for [copyright] infringement." S. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers, 756 F.2d 801, 811 (11th Cir. 1985).

The Complaint alleges that Fraifer is the President of TCI, that he personally participated in the infringing activity, and that he supervised and benefitted from the infringing activity. (Dkt. 1 at ¶¶ 4, 11). The Complaint therefore alleges a plausible basis for Fraifer's personal liability. Disney Enters., Inc. v. Hotfile Corp., 798 F. Supp. 2d 1303, 1311 (S.D. Fla. 2011); Lajos v. duPont Pub., Inc., 888 F. Supp. 143, 147 (M.D. Fla. 1995). Fraifer's motion to dismiss (Dkt. 26) is **DENIED**.

Next, Fraifer and TCI jointly move to dismiss the Complaint because it pleads a single count for copyright infringement, rather than separate counts against Fraifer and TCI. As DISH points out, Defendants appear to be requesting a more definite statement under Rule 12(e).

This action includes only two defendants, who are alleged to have engaged in the same conduct. Under these circumstances, "[t]he fact that defendants are accused collectively does not render the complaint deficient. The complaint can be fairly read to aver that all defendants are responsible for the alleged conduct." Kyle K. v. Chapman, 208 F.3d 940, 944 (11th Cir. 2000). In all other respects, the Complaint is sufficiently clear so as to allow Defendants to prepare a response. Defendants' construed motion for a more definite statement (Dkt. 27) is therefore **DENIED**.

**DONE AND ORDERED**, in Chambers, in Tampa, Florida on this 3rd day of January, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of record