UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., ) | Case No. 8:16-cv-02549-EAK-TBM |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| GABY FRAIFER, TELE-CENTER, INC., ) | |
| and PLANET TELECOM, INC., ) | |
| individually and together d/b/a ) | |
| UlaiTV, PlanetiTV, and AhlaiTV, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff DISH Network L.L.C. ("DISH") brings this suit against Defendants Gaby Fraifer Tele-Center, Inc., and Planet Telecom, Inc., individually and together d/b/a UlaiTV, PlanetiTV, and AhlaiTV (collectively, "Defendants"), and states as follows:

NATURE OF THE ACTION

1. DISH brings this suit for copyright infringement because Defendants are capturing broadcasts of television channels exclusively licensed to DISH and are unlawfully retransmitting these channels over the Internet to customers of their UlaiTV and AhlaiTV services throughout the United States, 24 hours per day, 7 days per week. Defendants profit from the scheme by selling UlaiTV and AhlaiTV set-top boxes and corresponding service plans, which retail for $100 in the case of a one-year service plan and approximately $200 for a one-year service plan and set-top box package. Defendants are not authorized by DISH to retransmit these channels, and DISH has not received any compensation from Defendants. Defendants continue to infringe DISH's copyrights, despite the filing of this action and despite receiving numerous demands to cease retransmitting the channels, demonstrating the willfulness of their copyright infringement.

PARTIES

2. Plaintiff DISH Network L.L.C. is a limited liability company organized under the laws of the State of Colorado, with its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

3. Defendant Gaby Fraifer ("Fraifer") is an individual residing at 4801 Longwater Way, Tampa, Florida 33615.

4. Defendant Tele-Center, Inc. ("TCI") is a Florida corporation with its principal place of business located at 4701 W. Hillsborough Avenue, Tampa, Florida 33614.  Fraifer is the founder and, upon information and belief, the sole officer and owner of TCI.

5. Defendant Planet Telecom, Inc. ("PTI") is a Florida corporation with its principal place of business located at 4701 W. Hillsborough Avenue, Tampa, Florida 33614.  Fraifer is the founder and, upon information and belief, the sole officer and owner of PTI.  PTI became inactive on approximately September 25, 2015, and was reinstated on approximately November 17, 2016.

6. Upon information and belief, Fraifer oversees the day-to-day operations and makes the final decisions concerning the business of TCI and PTI.  Fraifer is believed to authorize, control, participate in, and receive direct financial benefits from the infringing activities of TCI and PTI as alleged herein.  Upon information and belief, the infringing acts that Fraifer engaged in as an agent of TCI and PTI were within the scope of that agency.

7. Upon information and belief, Fraifer operates TCI and PTI as a single economic unit and common enterprise that is identified to the public using the fictitious business names UlaiTV, PlanetiTV, and AhlaiTV.  TCI and PTI are dominated by their common officer and owner Fraifer, and are used by Fraifer in furtherance of the infringing activities alleged herein.  TCI and PTI share the same office, websites, customers, and, upon information and belief, the same stream of revenue resulting from this infringement.  TCI and PTI should be considered alter egos to prevent injustice and inequity to DISH.

## JURISDICTION & VENUE

8. DISH asserts claims under the Copyright Act, 17 U.S.C. § 101 *et seq*.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

9. Defendants reside in and conduct business in the State of Florida, and therefore are subject to this Court's personal jurisdiction.

10.     Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district, § 1391(b)(2) because a substantial part of the events giving rise to DISH's claims occurred in this judicial district, and § 1391(b)(3) because Defendants are subject to personal jurisdiction in this judicial district. Venue is also proper in this Court under 28 U.S.C. § 1400(a) because the case involves violations of the Copyright Act.

## DISH'S COPYRIGHTS

11.     DISH is the fourth largest pay-television provider in the United States and delivers copyrighted programming to millions of subscribers nationwide by means of satellite delivery and over-the-top ("OTT") services whereby programming is delivered using a public Internet infrastructure. DISH's subscribers enjoy access to hundreds of video and audio channels, including a diverse line-up of international channels.

12.     DISH contracts for and purchases rights for the international channels distributed on its platform from network affiliates and their agents, including MBC FZ LLC, International Media Distribution (Luxembourg) S.A.R.L., World Span Media Consulting, Inc., Peninsula Production Company, Gulf DTH LDC, and Dream Media (collectively, the "Networks"). Networks' Arabic-language channels, which are also distributed abroad, include Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Nahar, Al Nahar Drama, Al Nahar Sport, Al Yawm, Dream 2, Future TV, Iqraa, LBC, LDC, MBC1, MBC Drama, MBC Kids (aka MBC3), MBC Masr, Murr TV (aka MTV Lebanon), New TV (aka Al Jadeed), Noursat, ONTV, and OTV (collectively, the "Protected Channels"). Networks acquire copyrights in the works that air on their respective channels, including by producing the works and by assignment.

13.     DISH entered into signed, written agreements with Networks, which were in effect at all relevant times and are currently in effect, granting DISH the exclusive right to distribute and publicly perform the works that air on the Protected Channels in the United States by means including satellite, OTT, Internet protocol television ("IPTV"), and Internet. Works that aired on the Protected Channels and are registered with the U.S. Copyright Office include Sabah Al Khair Ya Arab (Fed. Reg. # PA0001992320), Tasali Ahla Alam (Fed. Reg. # PA0001992317), Saherat

3

Al Janoub (Fed. Reg. # PA0001992319), and Chef Hassan (Fed. Reg. # PA0001992315). A vast number of additional, unregistered copyrighted works also aired on the Protected Channels.

## DEFENDANTS' COPYRIGHT INFRINGEMENT

14. Upon information and belief, Defendants own and operate the UlaiTV service. The official website for the UlaiTV service is located at www.ulaitv.com ("UlaiTV.com"). Fraifer and PTI were identified as the registrant name and organization, respectively, for UlaiTV.com as of April 1, 2016, after which time the registrant was hidden through the use of a privacy protection service. TCI receives payments for and ships UlaiTV products purchased through UlaiTV.com.

15. Upon information and belief, Defendants own and operate the AhlaiTV service. The official website for the AhlaiTV service is located at www.planetitv.com.au ("Planetitv.com.au"). Fraifer is the registrant contact for Planetitv.com.au. Fraifer and PTI are identified as the registrant name and organization for www.ahlatv.com, which re-directed to Planetitv.com.au. from at least as early as August 2015 up to October 2016. TCI receives payment for and is believed to ship AhlaiTV products purchased through Planetitv.com.au.

16. Upon information and belief, Defendants also own and operate www.tci-direct.com ("TCI-Direct.com"). Fraifer and PTI were identified as the registrant name and organization for TCI-Direct.com as of August 10, 2016, after which time the registrant was hidden through the use of a privacy protection service. TCI is believed to receive payment for and ship UlaiTV and AhlaiTV products purchased through TCI-Direct.com.

17. Upon information and belief, Defendants also own and operate www.planet-itv.com ("Planet-itv.com"). UlaiTV products were sold on Planet-itv.com, as recently as April 2015. TCI received payment for and shipped UlaiTV products purchased through Planet-itv.com. AhlaiTV products are currently advertised and offered for sale on Planet-itv.com/itvkart. TCI is believed to receive payment for and ship AhlaiTV products purchased through Planet-itv.com/itvkart.

18. According to UlaiTV.com and Planetitv.com.au, the UlaiTV and AhlaiTV services (together, the "Services") each provide hundreds of Arabic-language channels, including "premium entertainment channels." The programming includes "Live Events, Sport, Drama, Family, Kids,

4

News and Talk-shows from [the] Middle East region." Defendants acknowledge the programming "may be protected by copyright," and advise customers that Defendants "do[] not guarantee nor claim[] any rights to the content."

19.   Defendants are unlawfully retransmitting the Protected Channels to their customers in the United States through the Services. The Protected Channels were observed during testing of the Services. The Protected Channels are also identified in the user interface that viewers navigate when accessing content on the Services through the UlaiTV or AhlaiTV set-top box (the "STB"), and in advertisements made by Defendants on UlaiTV.com.

20.   Any member of the public with Internet access, including those located throughout the United States, can receive Protected Channels from Defendants by simply purchasing the STB. Defendants sell the STB for approximately $200, which includes one-year of access to the UlaiTV or AhlaiTV service depending on the STB purchased. Defendants also sell a one-year service plan extension for the UlaiTV and AhlaiTV services for $100.

21.   The Services retransmit the Protected Channels over the Internet to users in real time, nearly simultaneously with the original authorized transmission. Upon information and belief, Defendants capture live broadcast signals of the Protected Channels, transcode these signals into a format useful for streaming over the Internet, transfer the transcoded content to one or more servers provided, controlled, and maintained by Defendants, and then transmit the Protected Channels to users of their Services through OTT delivery, including users in the United States.

22.   For instance, on UlaiTV.com and Planetitv.com.au, Defendants claim to "provid[e] Live TV Channel feeds over the Internet," and that the channels feeds are acquired as over-the-air broadcasts "from the Middle East." On TCI-Direct.com, Defendants reference their "OTT / IPTV Live TV Channel Services," hold themselves out as an "industry leader . . . in Live TV and VOD Streaming over the Internet," and again acknowledge that they are "providing the streams of all the channels" on the Services.

23.   Defendants have actual knowledge that the retransmission of the Protected Channels on their Services infringes DISH's copyrights. Defendants were notified of their infringement in

DISH's original complaint, yet continue to unlawfully retransmit Protected Channels. DISH and Networks also sent Defendants, directly or through their counsel, at least sixty-seven (67) notices of infringement between June 30, 2015 and January 3, 2017, demanding that Defendants cease retransmitting the Protected Channels identified in the notices. Defendants did not respond to any of these notices of infringement.

24. DISH and Networks sent at least eighty-four (84) additional notices requesting the removal of infringing content to Internet service providers associated with the UlaiTV service from June 15, 2015 to January 3, 2017, at least some of which were forwarded to Defendants. Even when these Internet service providers removed the unauthorized content or terminated Defendants' accounts based on Defendants' copyright infringements, Defendants intentionally interfered with the takedown efforts by, for example, transmitting Protected Channels from different locations.

## CLAIMS FOR RELIEF

**(Count I – Direct Copyright Infringement Under 17 U.S.C. § 501)**

25. DISH repeats and realleges the allegations in paragraphs 1-24.

26. Under 17 U.S.C. § 106, DISH holds the exclusive right to distribute and publicly perform in the United States, by means including satellite, OTT, IPTV, and Internet, the programs shown on the Protected Channels.

27. The programs that make up the Protected Channels are original audiovisual works fixed in a tangible medium of expression, and are therefore copyrightable subject matter. DISH's copyrights in these programs arise under laws of nations other than the United States that are parties to copyright treaties with the United States, including the United Arab Emirates, Qatar, Egypt, and Lebanon, where the programs were authored and first published. Under 17 U.S.C. §§ 101, 411, the programs that make up the Protected Channels are non-United States works and registration with the United States Copyright Office is not a prerequisite to filing a copyright infringement action with respect to these works.

28. Defendants distribute and publicly perform the copyrighted programs that air on the Protected Channels to customers throughout the United States using the Services, in violation of

DISH's exclusive rights under 17 U.S.C. § 106. DISH has not authorized Defendants to distribute or publicly perform these programs in any manner.

29. Defendants are directly infringing DISH's copyrights in violation of 17 U.S.C. § 501. Each infringement of DISH's rights in each audiovisual work constitutes a separate and distinct act of copyright infringement.

30. Defendants' acts are willful, malicious, intentional, purposeful, and in disregard of and with indifference to the rights of DISH.

31. Unless enjoined by the Court, Defendants will continue to engage in acts causing substantial and irreparable injury to DISH that includes damage to its reputation, goodwill, and lost sales, for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, DISH prays for judgment against Defendants as follows:

A. For a grant of permanent injunctive relief under 17 U.S.C. § 502 restraining and enjoining Defendants, and any of their officers, agents, servants, employees, attorneys, or other persons acting in active concert or participation with any of the foregoing that receives actual notice of the order, from:

1. retransmitting, streaming, distributing, or publicly performing in the United States, by means of the UlaiTV or AhlaiTV service or any other device or process, the Protected Channels or the programming that comprises the Protected Channels;

2. distributing, providing, or promoting any product or service, including the UlaiTV and AhlaiTV set-top box, that comprises the whole or part of a network or service for the distribution or public performance of the Protected Channels or the programming that comprises the Protected Channels; and

3. advertising, displaying, or marketing the UlaiTV or AhlaiTV service or the UlaiTV or AhlaiTV set-top box in connection with the Protected Channels or the programming that comprises the Protected Channels.

B.      For infringement of registered works, maximum statutory damages of $150,000 per registered work infringed under 17 U.S.C. § 504(c), or alternatively DISH's actual damages and the profits of Defendants that are attributable to the violations alleged herein of those registered works pursuant to 17 U.S.C. § 504(b).

C.      For infringement of unregistered works, an award of DISH's actual damages and the profits of Defendants that are attributable to the violations alleged herein of each unregistered work pursuant to 17 U.S.C. § 504(b).

D.      For DISH's attorneys' fees and costs under 17 U.S.C. § 505.

E.      For impoundment and disposition of all infringing articles under 17 U.S.C. § 503.

F.      For pre- and post-judgment interest on all monetary relief, from the earliest date permitted by law at the maximum rate permitted by law.

G.      For such additional relief as the Court deems just and equitable.

Dated: March 15, 2017

/s/ Timothy M. Frank
Joseph H. Boyle (*pro hac vice*)
Timothy M. Frank (*pro hac vice*)
HAGAN NOLL & BOYLE, LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
Email: joe.boyle@hnbllc.com
Email: timothy.frank@hnbllc.com

James A. Boatman, Jr.
Florida Bar No. 0130184
THE BOATMAN LAW FIRM PA
3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105
Telephone: (239) 330-1494
Facsimile: (239) 236-0376
Email: jab@boatman-law.com

**Attorneys for Plaintiff DISH Network L.L.C.**

## **CERTIFICATE OF SERVICE**

I certify that on March 15, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide notice to Defendants Gaby Fraifer and Tele-Center, Inc. A copy of the foregoing was also mailed by United States certified mail, return receipt requested, to Francis R. Lakel, counsel for Defendants Gaby Fraifer and Tele-Center, Inc., at P.O. Box 331120, Miami, Florida 33233.

/s/ Timothy M. Frank
Timothy M. Frank (*pro hac vice*)
HAGAN NOLL & BOYLE, LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
Email: timothy.frank@hnbllc.com

Attorney for Plaintiff DISH Network L.L.C.