UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DISH NETWORK L.L.C.,

    Plaintiff,

v.

Case No: 8:16-cv-2549-T-17TBM

GABY FRAIFER, individually and together, TELE-CENTER, INC., individually and together, and PLANET TELECOM, INC., individually and together,

    Defendants.

## ORDER

This cause comes before the Court pursuant to the *Plaintiff's Motion to Dismiss Defendants' Counterclaims* (Doc. No. 83) (the "**Motion**") filed by the Plaintiff, Dish Network, L.L.C. (the "**Plaintiff**"), and the response in opposition (Doc. No. 93) filed by the Defendants, Gaby Fraifer, *et al.* (the "**Defendants**"). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

I.    **Background**

This is a copyright infringement case in which the Plaintiff accuses the Defendants of "capturing broadcasts of television channels exclusively licensed to DISH and . . . unlawfully retransmitting these channels over the Internet to customers of their UlaiTV and AhlaiTV services." (Doc. No. 62, at ¶ 1). The Defendants filed answers, affirmative defenses, and counterclaims to the Plaintiff's amended complaint on April 17, 2017. (Doc. Nos. 77, 78, and 79). Through their counterclaims, the Defendants accuse the Plaintiff

of conversion (Count I), trespass (Count II), and breach of contract (Count III). (Doc. No. 77, at 6-7).

The Defendants base their claims of conversion on the fact that the Plaintiff "intercepted the URL from or off of the black boxes of Defendants." (Doc. No. 77, at ¶ 5). As for the trespass claim, the Defendants allege, in pertinent part, that "Plaintiff purchased . . . a black box from Defendants . . . [and then] went into the black box and violated the black box of Defendants by 'hacking' the URLs for particular channels that were programmed into the black box." (Doc. No. 77, at ¶ 10-11). Finally, with respect to the breach of contract claim, the Defendants allege that "Plaintiff agreed to" not "violate" or "hack" into the black box, but that the "Plaintiff beached its contract with Defendants by 'hacking' into the black box." (Doc. No. 77, at ¶¶ 16-19). The Plaintiff responded by filing the Motion, through which it contends that the Defendants' counterclaims fail to state a claim upon which relief may be granted.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a complaint or counterclaim to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must "accept the factual allegations in the complaint [or counterclaim] as true and construe them in the light most favorable to the plaintiff." *Alvarez v. Attorney Gen. for Fla.*, 679 F.3d 1257, 1261 (11th Cir. 2012). Legal conclusions, as opposed to well-pled factual allegations, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.*

Courts apply a two-pronged approach when considering a motion to dismiss. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." *Id.* A court must then take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (internal quotations omitted). A complaint or counterclaim that does not "contain sufficient factual matter, accepted as true, to state a claim . . . plausible on its face" is subject to dismissal. *Id.* at 1289. Further, dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the complaint's factual allegations, a dispositive legal issue precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## III. Discussion

As noted previously, the Defendants have each asserted three separate counterclaims for conversion, trespass, and breach of contract. Since the Plaintiff contends that all three counterclaims fail to state a claim upon which relief may be granted, the Court will address the sufficiency of the counterclaims in turn below.

### A. Conversion

"Under Florida law, a conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time." *Fogade v. ENB Revocable Trust*, 263 F.3d 1274, 1291 (11th Cir. 2001) (internal quotations omitted). "The essence of conversion is . . . possession of property by the wrongdoer . . . in conjunction with a present intent on the part of the wrongdoer to deprive the person entitled to possession of the property." *Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd.*, 450 So.2d 1161 (Fla. 3d DCA 1984). "[A] plaintiff in an action for conversion . . . must establish possession

3

or an immediate right to possession of the converted property at the time of conversion." *United States v. Bailey*, 419 F.3d 1208, 1212 (11th Cir. 2005).

As noted above, the Defendants allege that the Plaintiff committed conversion by "intercept[ing] the URL from or off the black boxes of Defendants." (Doc. No. 77, at ¶ 5). The Defendants do not define the terms "URL" or "black boxes," but presumably they are referring to the content and delivery systems, respectively, that together constitute the UlaiTV and AhlaiTV services offered by the Defendants. The Defendants could conceivably state a claim for conversion by making well-pleaded allegations that (1) they have possession or an immediate right to possess the UlaiTV and AhlaiTV services and their component parts, (2) the UlaiTV and AhlaiTV services, or their component parts, are wrongfully possessed by the Plaintiff, and (3) the Plaintiff's wrongful possession of the UlaiTV and AhlaiTV services, or their component parts, has permanently or indefinitely deprived them of their property.

The Defendants have failed to do so, however, as the counterclaims are devoid of allegations demonstrating that the interception of the "URL from or off the black boxes of Defendants" permanently or indefinitely deprived the Defendants of their property. Stated differently, the mere allegation that the "URL" was "intercepted" from the Defendants' black box is insufficient to plausibly suggest that the Defendants have been permanently or indefinitely dispossessed of their property. The Defendants have also failed to allege facts demonstrating that the Plaintiff is in possession of the converted "URLs." To the extent that the Defendants' position is that the "URLs" at issue have been converted from black boxes in the possession of the Defendants' customers, the Defendants must allege

4

the present location of the "URLs." It is not enough to simply allege that the "URLs" have been "intercepted."

In sum, the Defendants have failed to plausibly allege that the Plaintiff has committed conversion. However, given that this was the Defendants' first attempt at pleading, the Court will grant the Defendants an opportunity to remedy these deficiencies through re-pleading.

### B.     Trespass to Chattels

"Trespass to personal property is the intentional use of, or interference with, a chattel which is in the possession of another, without justification." *Burshan v. Nat. Union Fire Ins. Co. of Pittsburgh, PA*, 805 So.2d 835, 846 (Fla. 4th DCA 2001). "The word 'chattels' is defined as: [e]very species of property, movable or immovable, which is less than a freehold." *Id.* As noted previously, the Defendants support their trespass claims by alleging that "Plaintiff purchased . . . a black box from Defendants . . . [and then] went into the black box and violated the black box of Defendants by 'hacking' the URLs for particular channels that were programmed into the black box." (Doc. No. 77, at ¶ 10-11). To the extent that the Defendants' claim of trespass is based on allegations that the Plaintiff hacked into a black box that it "purchased," i.e. the Plaintiff's black box, the Defendants have failed to properly allege that the Plaintiff committed a trespass as "to personal property . . . *in the possession of another.*" See *Burshan*, 805 So.2d at 846 (emphasis). This is true regardless of whether the Defendants claim they own or control the contents of the black box, as ownership and control are distinct from possession. *Cf.* Fed. R. Civ. P. 34(a)(1) (referring to a party's obligation to produce and permit for inspection documents that are in its "possession, custody, or control."). Even more fundamentally, the Defendants have failed to explain how the "URLs for particular

5

channels that were programmed into the black box" constitute "chattels," as that term is defined under Florida law. To the extent the Defendants are able to locate precedent for extending a claim of trespass to the property at issue in this case, they are encouraged to file a notice of such authority contemporaneous with their amended counterclaims.

### C.  Breach of Contract

"To sufficiently plead a claim for breach of contract under Florida law, a plaintiff must assert the existence of a contract, a breach of such contract, and damages resulting from such breach." *Cruz v. Underwriters at Lloyd's London*, 2014 WL 3809179, at *2 (M.D. Fla. Aug. 1, 2014). "It is appropriate to dismiss a breach of contract claim if it fails to state which provision of the contract was breached." *Id.* This is because failing to allege the specific provision of the contract that has been breached is akin to making "the-defendant-unlawfully-harmed-me-accusation" that the United States Supreme Court warned against in *Iqbal*. *Id.*; *see also Whitney Nat. Bank v. SDC Cmtys., Inc.*, 2010 WL 1270264, at *3 (M.D. Fla. Apr. 1, 2010). Here, the Defendants allege they entered into contracts with customers "for the purchase or possession of the black box which was to watch and not violate[hack] (sic) into the apps of the black box." (Doc. No. 77, at ¶ 16). The Defendants further allege that the Plaintiff accepted the terms of the contract by buying a black box, and "breached its contract . . . by 'hacking' into the black box." (Doc. No. 77, at ¶¶ 18-19). Despite these allegations, the Defendants fail to identify the specific provision of the contract they claim was breached. Rather, the Defendants simply attach copies of the alleged contract, and cursorily allege that the contract prohibits "hacking." Furthermore, the Defendants fail to allege how, beyond merely purchasing a black box, the Plaintiff agreed to be bound by the contract. In fact, the counterclaims lack any allegations that the Plaintiff executed a copy of the contract at issue, or that the Plaintiff executed the

contract electronically by clicking "I agree" or performing some other act indicating an intention to be bound. As a result, the counterclaims for breach of contract are subject to dismissal with leave to amend consist with the terms of this order.

## IV.    Conclusion

Accordingly, it is

**ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART**. Any amended counterclaims shall be filed within 14 days from entry of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 21st day of July, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record