## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DISH NETWORK L.L.C.

        Plaintiff,

                                   Case No. 8:16-cv-02549-EAK-TBM

      v.

GABY FRAIFER, TELE-CENTER, INC.,
and PLANET TELECOM, INC.,
individually and together d/b/a
UlaiTV, PlanetiTV, and AhlaiTV,

        Defendant(s).

_____/

## DEFENDANTS' MOTION TO ACCEPT DEFENDANTS' RESPONSES TO THE PLAINTIFFS REQUEST FOR ADMISSIONS, WITH REQUEST FOR A HEARING

COMES NOW Defendants, GABY FRAIFER, TELE-CENTER, INC, AND PLANET TELECOM, INC., by and through undersigned counsel, hereby files Defendants' Motion to Accept Defendants' Responses to the Plaintiff's Requests for Admissions[1], with Request for Oral Argument against Plaintiff, DISH NETWORK L.L.C., pursuant to Local Rules 3.01(a), (g), and 3.04, and Fed. R. Civ. P. 36, and hereby respectfully moves this Honorable Court to grant Defendants' Motion, and, in support thereof, states as follows:

### Background

1.    The Plaintiff's Amended Complaint for Damages and Injunctive Relief (hereinafter the "Amended Complaint") against Defendant pleading Count I Direct Copyright Infringement under 17 U.S.C. §501 (Doc 58-1).

---

[1] The Plaintiff served on Defendant PTI the Plaintiff's Second Set of Requests for Admissions, and also served on Defendants' TCI and Fraifer the Plaintiff's Third Set of Requests for Admissions (identical sets).

2.     The allegations in the Plaintiff's Amended Complaint plead numerous allegations under the section titled "Dish's Copyrights", whereby the Plaintiff alleges that the Plaintiff purchased from, and entered into written agreements with numerous audiovisual networks granting the Plaintiff the "[e]xclusive right to distribute and publicly perform the works that air on the Protected Channels..." during all relevant time periods in support of the alleged allegations in the Amended Complaint (Doc 58-1, at 3, ¶¶12-13).

3.     In addition, the Defendants have an active counter-claim against the Plaintiff for breach of contract, which is based on the Plaintiff's purchase of Defendant TCI's and PTI's products, and corresponding violation of the Defendants, TCI's and PTI's terms and conditions.

4.     The Defendants have diligently pursued and have repeatedly attempted to obtain from the Plaintiff relevant, and necessary documentation and information in relation to the active claims identified above[2] during the discovery stage as ordered by this Court's Case Management Order (Doc 50).

5.     The Defendants' discovery requests have been largely ignored by the Plaintiff, wrongfully depriving the Defendants' of meaningful discovery despite the pressing discovery cutoff deadline of March 3, 2018. (see Doc 50).

6.     The Plaintiff's conduct during this discovery stage continues to disappoint, with respect to the Plaintiff's Second Set of Requests for Admissions to PTI, and the Third Set of Requests for Admission on TCI and Fraifer (hereinafter collectively referred to as "Requests for Admissions").

7.     The timing of the Plaintiff's Requests for Admissions served on Defendants PTI, TCI and Fraifer was strategically executed in direct conflict with the Defendants' scheduling conflicts as

---

[2] The Defendants have served on the Plaintiff three sets of requests for production (hereinafter "RFPs") and two sets of requests for interrogatories (hereinafter "ROGs"). The Defendants RFPs and ROGs have been mostly ignored by the Plaintiff.

disclosed in the undersigned counsel's previously filed Notice of Unavailability where the Plaintiff was long ago informed that said Defendant would be unavailable, would be out of his offices and out of the state from December 22, 2017 through January 4, 2017.

8.      The Plaintiff's Requests for Admissions contain a certificate of service date of December 13, 2017, but the Defendants' counsel did not receive an e-mail from the Plaintiff's counsel notifying Defendants of the Plaintiff's submittal of its 2d Request for Admissions to Defendant PTI and Plaintiff's 3rd Request for Admissions to Defendants Fraifer and TCI. It is customary practice between the parties for communication to occur by email. The Defendants' counsel did not have a chance to review the Requests for Admissions until after his return on January 5, 2018 when the vundersigned attorney sent the large and heavy Bankers Box to Defendants by FedEx.[3].

9.      Shortly after receipt of January 5, 2018, the Defendants' counsel provided to the Defendants the Plaintiff's Requests for Admissions for review and response preparation by FedEx. Accordingly, the Defendants' provided responses to the Plaintiff's Requests for Admissions on January 24 and 25, 2018 (hereinafter collectively referred to as "Responses"). A copy of the Defendants' Reponses is attached hereto as Exhibit A and incorporated by reference herein.

10.     The Defendants also served letter correspondence on Plaintiff's counsel regarding the Defendants' Responses. A copy of Defendants' counsel's correspondence is attached hereto as Exhibit B and incorporated by reference herein.

11.     On February 9, 2018, the Plaintiff's counsel sent an e-mail to Defendant's counsel unfoundedly asserting that the Defendants' timely compliance was due by January 16, 2018 and that the Defendants' responses were untimely, and that the Plaintiff's Requests for Admissions

---

[3] USPS Tracking reflects constructive delivery on the eve of the Defendant's counsel's unavailability period, but the Defendant's counsel did not actually receive the Plaintiff's Requests for Admissions until his return on January 5, 2018.

shall be deemed admitted. A copy of Plaintiff's counsel's correspondence is attached hereto as Exhibit C and incorporated by reference herein.

12. The Plaintiff's counsel, in said letter, conveniently fails to acknowledge the Defendant's counsel's Notice of Unavailability, and also fails to explain how the Plaintiff is prejudiced and/or how the merits of the case shall be served by its assertion or admissions, especially in consideration of the Defendants' cooperation in agreeing to the Defendants deposition dates of February 27 and 28, 2018.

13. The Plaintiff has repeatedly refused to cooperate with the Defendants' throughout discovery, especially with respect to this petty dispute leaving the Defendants with no other option than to file this Motion.

**Memorandum of Law**

"A matter is admitted unless, within 30 days *after being served*, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter..." *See* Fed. R. Civ. P. 36(a)(3), *emphasis added*. While failure to timely respond to requests for admission results in automatic admission on the matters requested, this Court can withdraw any automatic admissions by operation of law on motion under a two-part test: "(1) the presentation of the merits of the action will be subserved thereby; and (2) the party who obtained the admission fails to satisfy the court withdrawal or amendment will prejudice that in maintain the action or defense on the merits." *See* Fed. R. Civ. P. 36(b); See *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 686-87 (M.D. Fla. 2005). The first prong is easily satisfied if "[G]ranting a motion to withdraw the admission would aid in the ascertainment of the trust and the development of the merits of the case,..." *See id.* at 687; see also *Smith v. First Natl Bank*, 837 F.2d 1575, 1577 (11th Cir. 1988). With respect to the second prong, the court is likely to find

4

prejudice "[i]f the opposing party was somehow lulled into reliance upon the admission due to the movant's failure to act *timely.*" *See id., at 687, emphasis added,* citing *Perez v. Miami-Dade County,* 297 F.3d 1255, 1266 (11th Cir. 2002). No party has been "lulled" in this case because objections to the Plaintiffs voluminous Request for Admissions were quickly provided to Plaintiff and a response to the Plaintiff's letter was quickly provided by Defendants asserting many Denials.

The Defendants' assert that its responses to the Plaintiff's Requests for Admissions were not due until 30 days from January 5, 2018, corresponding to the date of the Defendants' counsel's actual receipt of said Requests for Admissions. Calculating from January 5, 2018, the Defendants' Responses to the Plaintiff's Requests for Admissions would have been due February 5, 2018 and the Defendants' Responses on January 24 and 25, 2018 fully comply. See Fed. R. Civ. P. 36. Alternatively, using the Plaintiff's asserted deadline for compliance of January 16, 2018 barely triggers the automatic admission provision under Fed. R. Civ. P. 36 requiring this court to apply the two-part test analysis in order to withdraw and accept the Defendants' Responses to the Plaintiff's Requests for Admissions.

It is beyond dispute that the truth and merits of this case are subserved by denying the Plaintiffs attempted assertion of the admissions and it goes directly to the merits of this case by accepting the Defendants' Responses to the Plaintiff's Requests for Admissions. The Requests for Admissions strike at the heart of many of the allegations set forth in the actions pending in this case style and could severely damage the Defendants' position and defense and preclude the Plaintiff's need to prove its case on the merits, which Defendants assert Plaintiff may have a very difficult time accomplishing,. See *Essex Builders Group, Inc.,* 230 F.R.D. at 686-87. This simply cannot be allowed, especially due to the Plaintiff's counsel's conduct and timing, and despite the

5

Defendants' counsels' undeniable filing of its Notice of Unavailability. The Defendants should be entitled to having this case be decided on the merits, and not on any technicalities.

Furthermore, contrary to the Plaintiff's anticipated position, the Plaintiff's receipt of the Defendants' Responses would not prejudice the Plaintiff is any way whatsoever, and in fact makes Plaintiff prove its case on the merits and not by a technicality. Using the Plaintiff's assertion that the Defendants were required to respond by January 16, 2018, the Plaintiff still received the Defendants' Responses shortly thereafter and well advance of the Defendants' depositions scheduled for February 27 and 28, 2018. The Plaintiff can present its questions at these depositions as it deems necessary, and the Plaintiff is not "lulled" into any sort of detrimental reliance on behalf of the Defendants. *See id., at 687, emphasis added*, citing *Perez*, 297 F.3d at 1266. The two-part test warrants this Court to rule in the Defendants' favor.

## CONCLUSION

Wherefore, for the foregoing reasons the Defendants respectfully request that this Honorable Court grant the Defendants' Motion to Accept Defendants' Responses to the Plaintiff's Requests for Admissions and Withdraw Admissions, with Request for Oral Argument. This Court should also award the Defendants reasonable attorneys' fees in relation to bringing this Motion against the Plaintiff.

## Rule 3.01(j) - REQUEST FOR HEARING

Pursuant to Local Rule 3.01(j), the Defendants hereby requests a hearing in order to resolve all issues raised herein. The Defendant estimates that thirty (30) minutes is needed for the hearing.

## Rule 3.01(g) - CERTIFICATION

Pursuant to Local Rule 3.01(g), the Defendant hereby certifies that Defendants, by and through undersigned counsel, has conferred with Plaintiff's counsel in a good faith attempt to resolve the discovery issues raised by this Motion, and that agreement with respect to resolution could not be reached, and the Plaintiff objects to the Defendant's position as filed herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __ th day of February, 2018, I electronically filed the foregoing document through the US District Court CM-ECF filing system which will electronically send copies to Plaintiff, by and through its counsel.

/s/ **Frances R. Lakel Esq.**
Frances R. Lakel, Esquire
P.O. Box 331120
Miami, Florida 33233
FBN: 351237
(305) 854-2713/(727) 856-6052 (Fax)
Attorney for the Defendants

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.8:16-CV-02549-EAK-TBM

DISH NETWORK, LLC
    Plaintiff

vs.

GABY FRAIFER and TELECENTER, INC.
individually and together d/b/a UlaiTV and PlanetiTV
    Defendants

Response, Amended to Second Set
of Requests for Admissions to Defendant Planet Telecom, Inc.

The Defendant Planet Telecom, Inc. by and through the undersigned attorney, hereby files this Response, Amended to Plaintiff's Second Set of Requests for Admissions to Defendant Planet Telecom, Inc., and would say that:

1. Admitted to the letters only for the referenced RFAs 221, 223, 226, 229, 230, 234 and 238. Denied to the attachments for RFAs 221, 223, 226, 229, 230, 234 and 238.

2. Denied as to PTI RFAs as to 63-72, 74-76, 78, 79, 81, 84-86, 89-92, 95, 96, 99-101, 104, 105, 108, 110, 112, 113, 116, 118, 120, 121, 124, 125, 140, 143, 144, 147, 148, 150, 151, 156, 157, 160, 161, 164, 165, 168, 169, 173, 175, 177, 178, 181, 182, 185, 187, 188, 190-193, 195-197, 199, 200, 202-220, 222, 224, 227, 232 and 237. Denied that PTI ever received the Exhibits identified in each, or any, of these RFAs.

3. Denied as to 73, 77, 80, 82, 83, 87, 88, 93, 94, 97, 98, 102, 103, 106, 107, 109, 111, 114, 115, 117, 119, 122, 123, 126-139, 141, 142, 145, 146, 149, 152-155, 158, 159, 162, 163, 166, 167, 170-172, 174, 176, 179, 180, 183, 184, 186, 189, 194, 198, 201, 225, 228, 231, 233, 235 and 236.
   PTI asserts that the Exhibits attached to these referenced RFAs were apparently sent to Verizon or Tulix which are entities that are not related to Defendant PTI. PTI has no recollection that any of the letters attached to any of these Exhibits were ever received by PTI, or read by PTI.

   I Hereby Certify that a true and correct copy of this Response, Amended to Second Requests for Admissions to Defendant PTI, has been sent to Timothy M. Frank, Esq. of Hagan, Noll & Boyle LLC, 2 Memorial City Plaza, 820 Gessner, Suite 940, Houston, Texas 77024 by U.S. Mail on this _25_ day of _January_, 2018.

Francis R. Lakel, Esq.
P.O. Box 331120
Miami, Florida 33233
(305) 854-2713
(305) 856-6052 (Fx)
FBN 351-237
frlesq@aol.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.8:16-CV-02549-EAK-TBM

DISH NETWORK, LLC
    Plaintiff

vs,

GABY FRAIFER and TELECENTER, INC.
individually and together d/b/a UlaiTV and PlanetiTV
    Defendants

Response, Amended to Third Set
of Requests for Admissions to Defendant Tele-Center, Inc..

The Defendant Tele-Center, Inc., by and through the undersigned attorney, hereby files this Response, Amended to Plaintiff's Third Set of Requests for Admissions to Defendant Tele-Center, Inc., and would say that:

1.Admitted to the letters only for the immediately referenced RFAs 286, 288,291, 294,299 and 303. Denied to the attachments for RFAs 286, 288, 291, 294, 299 and 303.

2. Denied as to TCI RFAs 128 -133, 135-137,139-141, 143,144,146, 149-151,154-157,160,161,164-166,169,170,173,175,177,178,181,183,185,186,189,190,205,208,209,212,213,215,216,221,222,225,226,229,230,233,234,238,240,242,243,246,247,250,252,253,255-258,260-262,264,265, 267-285,287,289,292,297 and 302. Denied that TCI ever received the Exhibits identified in each of these RFAs.

3. Denied as to 134,138,142,145,147,148,152,153,158,159,162,163,167,168,171,172,174,176,179,180,182,184,187,188,191-204,206,207,210,211,214,217-220,223,224,227,228,231,232,235-237,239,241,244,245,248,249,251,254,259,263,266,290,293,296,298,300 and 301. TCI asserts that the Exhibits attached to these referenced RFAs were apparently sent to Verizon or Tulix which are entities that are not related to Defendant TCI. TCI has no recollection that any of the letters attached to any of these Exhibits were ever received by TCI or read by TCI.

I Hereby Certify that a true and correct copy of this Response, Amended to Third Requests for Admissions to Defendant Tele-Center, Inc., has been sent to Timothy M. Frank, Esq. of Hagan, Noll & Boyle LLC, 2 Memorial City Plaza, 820 Gessner, Suite 940, Houston, Texas 77024 by U.S. Mail on this _25_ day of _January_, 2018.

Francis R. Lakel, Esq.
P.O. Box 331120
Miami, Florida 33233
(305) 854-2713
(305) 856-6052 (Fx)
FBN 351-237
frlesq@aol.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.8:16-CV-02549-EAK-TBM

DISH NETWORK, LLC
    Plaintiff

vs.

GABY FRAIFER and TELECENTER, INC.
individually and together d/b/a UlaiTV and PlanetiTV
    Defendants

Response, Amended to Third Set
of Requests for Admissions to Defendant Fraifer.

      The Defendant Fraifer, by and through the undersigned attorney, hereby files this Response, Amended to Plaintiff's Third Set of Requests for Admissions to Defendant Fraifer., and would say that:

1.Admitted, as the President of TCI, to the letters only for the referenced RFAs 286, 288, 291, 294, 299 and 303. Denied to the attachments for RFAs 286, 288, 291, 294, 299 and 303.

2. Denied as to Fraifer RFAs 128 -133, 135-137,139-141, 143,144,146, 149-151,154-157,160,161,164-166,169,170,173,175,177,178,181,183,185,186,189,190,205,208,209,212,213,215,216, 221,222,225,226,229,230,233,234,238,240,242,243,246,247,250,252,253,255-258,260-262,264,265, 267-285,287,289,292,297 and 302. Denied that Fraifer ever received the Exhibits identified in each, or any, of these RFAs.

3. Denied as to 134,138,142,145,147,148,152,153,158,159,162,163,167,168,171,172,174,176,179,180, 182,184,187,188,191-204,206,207,210,211,214,217-220,223,224,227,228,231,232,235-237,239,241,244,245,248,249,251,254,259,263,266,290,293,296,298,300 and 301. Fraifer, as the President of TCI, asserts that the Exhibits attached to these referenced RFAs were apparently sent to Verizon or Tulix which are entities that are not related to Defendant Fraifer. Fraifer, in any capacity, has no recollection that any of the letters attached to any of these Exhibits were ever received by Fraifer, as President of TCI, or read by Fraifer, as President of TCI, or by Fraifer in any capacity.

      I Hereby Certify that a true and correct copy of this Response, Amended to Third Requests for Admissions to Defendant Fraifer, has been sent to Timothy M. Frank, Esq. of Hagan, Noll & Boyle LLC, 2 Memorial City Plaza, 820 Gessner,

Suite 940, Houston, Texas 77024 by U.S. Mail on this ___25___ day of
___January___, 2018.

Francis R. Lakel, Esq.
P.O. Box 331120
Miami, Florida 33233
(305) 854-2713
(305) 856-6052 (Fx)
FBN 351-237
frlesq@aol.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.8:16-CV-02549-EAK-TBM

DISH NETWORK, LLC
 Plaintiff

vs.

GABY FRAIFER and TELECENTER, INC.
individually and together d/b/a UlaiTV and PlanetiTV
 Defendants

Response to Third Set of Requests for Admissions to Defendant Fraifer.

The Defendant Fraifer, by and through the undersigned attorney, hereby files this Response to Plaintiff's Third Set of Requests for Admissions to Defendant Fraifer, and would say that:

Denied that Defendant knows anything about nor received Exhibits 1 through 176 of Plaintiff's Third Set of Admissions and further Denies Plaintiff's Requests for Admissions Numbered from 128 through 303.

I Hereby Certify that a true and correct copy of this Response to Third Requests for Admissions to Defendant Fraifer has been sent to Timothy M. Frank, Esq. of Hagan, Noll & Boyle LLC, 2 Memorial City Plaza, 820 Gessner, Suite 940, Houston, Texas 77024 by U.S. Mail on this ___ day of _____, 2018.

Francis R. Lakel, Esq.
P.O. Box 331120
Miami, Florida 33233
(305) 854-2713
(305) 856-6052 (Fx)
FBN 351-237
frlesq@aol.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.8:16-CV-02549-EAK-TBM

DISH NETWORK, LLC
      Plaintiff

vs.

GABY FRAIFER and TELECENTER, INC.
individually and together d/b/a UlaiTV and PlanetiTV
      Defendants

Response to Third Set of Requests for Admissions to Defendant Tele-Center, Inc.,

      The Defendant Tele-Center, Inc., by and through the undersigned attorney,
hereby files this Response to Plaintiff's Third Set of Requests for Admissions to
Defendant Tele-Center, Inc., and would say that:

Denied that Defendant knows anything about nor received Exhibits 1 through 176 of
Plaintiff's Third Set of Admissions and further Denies Plaintiff's Requests for Admissions
Numbered from 128 through 303.

I Hereby Certify that a true and correct copy of this Response to Third Requests for
      Admissions to Defendant Tele-Center, Inc., has been sent to Timothy M. Frank,
      Esq. of Hagan, Noll & Boyle LLC, 2 Memorial City Plaza, 820 Gessner, Suite
      940, Houston, Texas 77024 by U.S. Mail on this 24 day of
      January, 2018.

Francis R. Lakel, Esq.
P.O. Box 331120
Miami, Florida 33233
(305) 854-2713
(305) 856-6052 (Fx)
FBN 351-237
frlesq@aol.com
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.8:16-CV-02549-EAK-TBM

DISH NETWORK, LLC
    Plaintiff

vs.

GABY FRAIFER and TELECENTER, INC.
individually and together d/b/a UlaiTV and PlanetiTV
    Defendants

Response to Second Set of Requests for Admissions to Defendant Planet Telecom, Inc.

    The Defendant Planet Telecom, Inc, by and through the undersigned attorney, hereby files this Response to Plaintiff's Second Set of Requests for Admissions to Defendant Planet Telecom, Inc., and would say that:

Denied that Defendant knows anything about nor received Exhibits 1 through 176 of Plaintiff's Third Set of Admissions and further Denies Plaintiff's Requests for Admissions Numbered from 63 through 238.

    I Hereby Certify that a true and correct copy of this Response to Second Requests for Admissions to Defendant Planet Telecom, Inc. has been sent to Timothy M. Frank, Esq. of Hagan, Noll & Boyle LLC, 2 Memorial City Plaza, 820 Gessner, Suite 940, Houston, Texas 77024 by U.S. Mail on this _24_ day of _February_, 2018.

Francis R. Lakel, Esq.
P.O. Box 331120
Miami, Florida 33233
(305) 854-2713
(305) 856-6052 (Fx)
FBN 351-237
frlesq@aol.com
Attorney for Defendants

# EXHIBIT B

FRANCIS R. LAKEL, ESQ.
P.O. Box 331120
Coconut Grove
MIAMI, FLORIDA 33233
305 854 2713
305 856-6052(Fx)
FRLESQ@AOL.COM

January 24, 2018

Timothy M. Frank
Hagan, Noll & Boyle, LLC
820 Gessner, Suite 940
Houston, Texas 77024

Re: Dish vs Telecenter, Inc.

Dear Mr. Frank,

    I am writing to you in response to your unacceptable and perhaps unethical
sending of the Second Set of Requests for Admissions to PTI and your two(2) sets of
Third Requests for Admissions to Fraifer and to TCI.

    As you were formally noticed, and you also knew independently, I was out of the
offices from December 22, 2017 through January 4, 2018. You sent the above-referenced
Requestsfor Admissions knowing that they would arrive during my absence. You also
never sent the Requests for Admissions to me by email and instead sent them with over
one hundred exhibits in a Banker's Box when you knew, or should have known, that you
were due to send me production that was, and is still, due from you.

    I believe I signed for the box at my postal service which will demonstrate that I
did not even pick them up before January 5, 2018, which means the responses may not
even be due yet. Nevertheless, I have provided you your Denials to all your Requests
which I believe satisfies your query in the numerous RFAs. You are free to ask about the
documents attached as Exhibits at deposition if you so desire.

    Please take notice when I file a Notice of Unavailability, as I will yours. It is
common courtesy. Also it would behoove you to give me some sort of written notice of
sending this large number of RFAs with an equally large number of exhibits, in a box,
when you are aware that I am gone and not there to receive them.

Sincerely,

Francis R. Lakel

CC: TCI, PTI and Fraifer

# EXHIBIT C

On Feb 9, 2018, at 3:17 PM, Timothy Frank <Timothy.Frank@hnbllc.com> wrote:

Dear Mr. Lakel,

I am in receipt of your original and amended responses to DISH's third sets of requests for admission to Fraifer and TCI, and second set of requests for admission to PTI, which concern the copyright infringement notices sent to the defendants and non-party service providers associated with the defendants' services (collectively, the "RFAs"). According to the certificates of service, the defendants' original and amended responses were served on January 24, 2018 and January 25, 2018, respectively. I am also in receipt of your January 24, 2018 correspondence regarding the RFAs. You should be reminded that I previously attempted to obtain this same information from the defendants in a request for production, but the defendants refused to properly respond, despite my meet and confer efforts.

The RFAs were served on you by mail on December 13, 2017. The defendants' responses were due by January 16, 2017. *See* Fed. R. Civ. P. 30(a)(3). The defendants failed to respond within the time allowed and therefore the matters were deemed admitted. *See id.* Your claim that the RFAs were served at a time to target your absence between December 22, 2017 and January 4, 2018 is incorrect and provides no justification for the untimely responses because, among other reasons, (i) the RFAs were delivered to you prior to December 22, 2017; and (ii) you had more than sufficient time to respond or request an extension of time to respond to the RFAs upon your return on January 5, 2018, but failed to respond or request more time to do so. The RFAs are now deemed admitted.

Regards,

**Timothy M. Frank**
Hagan Noll & Boyle, LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Tel: 713.343.0478
Fax: 713.758.0146
timothy.frank@hnbllc.com

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to info@hnbllc.com. Thank you.