UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DISH NETWORK, L.L.C.,

    Plaintiff,

v.                                          Case No.: 8:16-cv-2549-EAK-AEP

GABY FRAIFER, TELE-CENTER, INC., and
PLANET TELECOM, INC.,

    Defendants.
_____

## ORDER

This cause is before the Court *sua sponte*.

On April 6, 2018, Defendants filed (1) their Motion for Final Summary Judgment on Plaintiff's copyright infringement claim against them (Doc. 141) and (2) their Motion for Final Summary Judgment on their amended counter-claim against Plaintiff for breach of contract (Doc. 142) (collectively, the "Summary Judgment Motions"). On April 27, 2018, Defendants filed their Motion to Strike Plaintiff's Extra Declarations and Extra Contracts Filed In Support of Plaintiff's Dispositive Motions for Summary Judgment ("Motion to Strike") (Doc. 152). For the reasons set forth below, all three motions are **STRICKEN**.

**1. Summary Judgment Motions**

Defendants' Summary Judgment Motions are due to be stricken from the record for three reasons:

*First*, Defendants failed to comply with the summary judgment procedures outlined in the Court's January 19, 2018 Case Management and Scheduling Order ("CMO") (Doc. 50). The CMO instructs that "[a] party's claims or defenses for which summary judgment is sought **shall** be presented in a **single** motion and incorporated memorandum of law[.]"

1

*See* CMO at ¶6(a) (emphasis in original). The CMO further instructs that "[u]nless the parties are in full agreement as to the undisputed facts, the movant **shall** file a separate 'Statement of Undisputed Facts' . . . with citations to the record, which shall accompany the motion for summary judgment." *Id.* at ¶6(b) (emphasis in original). A violation of either of those instructions "will result in the Court *sua sponte* striking a party's motion for summary judgment and incorporated memorandum of law without notice." *Id.* at ¶6(a).

Regrettably, Defendants failed to comply with both of those instructions. To be sure, Defendants filed not one, but *two separate* motions, violating ¶6(a). And though one motion seeks summary judgment on Plaintiff's claim against Defendants, while the other seeks summary judgment on Defendants' counter-claim against Plaintiff, the CMO clearly instructs that as to both affirmative claims *and* defenses a party shall file a single motion, and explicitly states that "*[m]ultiple motions* for summary judgment *will not be permitted*." *Id.* at ¶6(a) (emphasis added).

Additionally, Defendants failed to file a separate "Statement of Undisputed Facts," violating ¶6(b). Instead, Defendants filed a so-called "Agreed Statement of Facts for Defendants" (Doc. 143),[1] which merely lists four (4) facts that are, for all practical purposes, exceedingly unhelpful to the Court's evaluation of the propriety of Defendants' Summary Judgment Motions. The Court construes Defendants' "Agreed Statement of Facts for Defendants" as their certification that the Parties, as required, "confer[red] in good faith . . . for the purpose of narrowing the factual issues in dispute." *Id.* at ¶6(b). Construing it as such, it is clear that the Parties were not able to come to "full agreement"

---

[1] Defendants filed their "Agreed Statement of Facts for Defendants" in support of both Summary Judgment Motions.

2

as to the undisputed facts of this case. *Id.* And in such a situation, the CMO instructs that the moving party must file a separate "Statement of Undisputed Facts," which Defendants did not do.[2]

*Second*, Defendants' Motions are nearly unreadable due to the poor image quality of the documents.[3] Pursuant to the United States District Court Middle District of Florida Administrative Procedures for Electronic Filing ("APEF"), an E-filer is responsible for ensuring the accuracy and readability of scanned documents and any accompanying exhibits. *See* APEF §§ IV(A)(2), (E)(2). Further, electronically filed documents must be converted to PDF format using Adobe Acrobat or similar PDF conversion software, and not scanned to PDF. *Id.* at § IV(C)(2). It appears to the Court that the image quality issues plaguing Defendants' filings stem from their failure to abide by this instruction. Defendants' minor conversion error can likely be cured by referring to the recommended PDF creation methods identified in § IV(C)(2) of the APEF.[4]

*Third*, Exhibit 9 to Defendants' Motion for Final Summary Judgment on Plaintiff's copyright infringement claim, which is titled "International Affiliation Agreement," is heavily redacted. *See* (Doc. 141-9). To the extent that the Court is to consider provisions

---

[2] Defendants' Motion for Final Summary Judgment on Plaintiff's copyright infringement claim includes an incorporated section titled, "Statement of Case & Facts," *see* (Doc. 141 at 1–7), which also does not comply with the procedures outlined in the CMO, *see* CMO at ¶6(b).

[3] Defendants failed to provide the Court with courtesy copies of any of their motions, as is instructed by the Court's Sanding Order. *See* (Doc. 4 at ¶¶1, 3).

[4] The Court notes that the APEF expresses a preference for documents with Optical Character Recognition ("OCR"). *See* § IV(C)(3). "OCR converts scanned images into text and provides the ability to 'text-search' and 'copy and paste' in a document." *Id.* The Court directs the Parties to adhere to the APEF preference for OCR documents to the extent they are able.

contained in the agreement in issuing a ruling on Defendants' motion, Defendants are directed to either (1) append—or otherwise provide the Court with—an un-redacted version or (2) refer to Local Rule 1.09, which deals with filing documents under seal.

**2. Motion to Strike**

As with their Summary Judgment Motions, Defendants' Motion to Strike is nearly unreadable because of its poor image quality. Defendants are again directed to refer to the APEF to correct this issue.

Accordingly, it is

**ORDERED** that Defendants' Summary Judgment Motions (Docs. 141, 142) and Defendants' Motion to Strike (Doc. 152) are **STRICKEN**. The Clerk is directed to terminate those filings.

It is **FURTHER ORDERED** that, **on or before June 7, 2018**, Defendants shall refile their motions in accordance with the directives of this Order, the procedures delineated in the Court's CMO, the Administrative Procedures for Electronic Filing, and, of course, the Federal Rules of Civil Procedure and the Local Rules this District.

It is **FURTHER ORDERED** that Plaintiff shall re-file its responses to those motions on or before the fourteenth day after they are filed on the Court's docket.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 24th day of May, 2018.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

4