UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA (TAMPA DIVISION)

DISH NETWORK, LLC,
a Colorado limited liability company,

    *Plaintiff*, *Counterclaim-Defendant*,

v.

GABY FRAIFER, an individual Florida resident,
PLANET TELECOM, INC., a Florida corporation,
and, TELE-CENTER, INC., a Florida corporation,

    *Defendants*, *Counterclaim-Plaintiffs*.
_____/

Case No. 8:16-cv-2549-EAK-CPT
Honorable Elizabeth A. Kovachevich
Magistrate Judge Christopher P. Tuite

## DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED MOTION FOR SUMMARY JUDGMENT (DKT. 164) OR, IN THE ALTERNATIVE, A SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT

Planet Telecom, Inc. ("PTI"), Tele-Center, Inc. ("TCI") and Gaby Fraifer ("Fraifer") ("Defendants"), by and through their undersigned counsel, for good cause shown, pursuant to Local Rule 3.01(d), the standards of Fed. R. Civ. P. 60(b) and this Court's inherent power to control its docket, respectfully requests leave to file an Amended Motion for Summary Judgment or, in the alternative, a Supplemental Memorandum of Law in Support of fifteen pages.

On June 18, 2018, Defendants filed their Response in Opposition to Plaintiff's Motion for Summary Judgment [Dkt. 166]. Soon after, Defendants' counsel filed his Motion to Withdraw [Dkt. 168]. Defendants were without the aid of counsel for months. On December 4, 2018, the Court issued an order *sua sponte* directing the parties to enter into mandatory mediation and administratively closing the case [Dkt. 196]. On March 17, 2019, this Court issued an order [Dkt. 202] reopening the case and directing the parties to file a Joint Status Report notifying the Court *inter alia* as to the status of the parties' pending motions. On March 28, 2019, the parties filed a Joint Status Report [Dkt. 208] wherein Defendants indicated they would file the instant motion.

Plaintiff attached to its Motion for Summary Judgment, thousands of pages of documents and information which were requested, but never produced, to Defendants during the discovery period in this litigation. *See* Dkt. 146 (attaching 35 exhibits comprising over 3,100 pages). There can be no question that Defendants were severely and unfairly prejudiced by Plaintiff's failure to timely produce such information. Indeed, without the benefit of such information, Defendants were without critical information directly relevant to the development of its defenses until after the filing of its Motion for Summary Judgment (Dkt. 164). Plaintiff attached documents to its motion—produced for the very first time—revealing numerous defenses that are dispositive of the claims made in Plaintiff's Amended Complaint [Dkt. 62] and *inter alia* establish genuine issues of material fact calling into question the validity of the registered works asserted in this litigation. *See* Dkt. 205, at pp. 19-22. Significantly, the newly produced documents also establish that the unregistered works Plaintiff claims to be foreign works, are actually United States works subject to the registration prerequisite of 17 U.S.C. § 411(a). *Id.*, at pp. 14-19.[1] "Because the Copyright Act expressly prohibits bringing an infringement action without first obtaining registration, it is a mandatory precondition, and this action should be dismissed if it is not met." *Marc Anthony Builders, Inc. v. Javic Properties, LLC*, 2011 WL 2709882, at *2 (M.D. Fla. 2011) (J. Kovachevich) (granting 12(c) motion filed after the close of the pleadings and prior to determination of dispositive motions); *see also Connectus LLC v. Ampush Media, Inc.,* 2017 US Dist. LEXIS 8081 (M.D. Fla. Jan. 20, 2017) (Covington J) (same). Through no fault of their own, Defendants were prevented from fully briefing the relevant matters on summary judgment.

---

1 The aforementioned arguments were not contained, or fully developed, in Defendants' Motion for Summary Judgment and are thus not duplicative of the same. Instead, the arguments are based upon new evidence not known to Defendants until Plaintiff produced such evidence, for the very first time, with its Motion for Summary Judgment. Defendants should be provided the opportunity to fully and fairly brief these issues so the Motions for Summary Judgment may be decided on the merits. The issues not yet briefed are substantively significant and dispositive.

Additionally, Defendants wish to supplement their Motion for Summary Judgment with recent controlling and persuasive case law relevant to the issues raised therein.  *See e.g., Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC,* No. 17-571 (U.S. March 4, 2019); *Rimini Street, Inc. v Oracle USA, Inc.*, No. 17-1625 (U.S. Mar. 4, 2019). Defendants request for relief in amending its Motion for Summary Judgment out of time comports with the standards of Rules 60 of the Federal Rules of Civil Procedure, because Defendants seek to raise and present new, previously unavailable, arguments and evidence in support of their claims.

Allowing Defendants to amend their Motion serves the interest of justice, is not prejudicial to Plaintiff, nor will it delay trial. The Court has already noted that it will not "reset the date for the pretrial conference or place this case on the Court's trial calendar until the parties' summary judgment motions are resolved." (Dkt. 202)  By contrast, denying the requested relief would deprive Defendants of effectual, valid defenses, thus frustrating justice and further enlarging this dispute. Defendants wish to amend it Motion, presenting arguments based upon operative facts that Plaintiff *admits* or is, otherwise, established by the evidentiary record, including new evidence.

For the foregoing reasons, in the interest of equity, justice and in presenting the merits in this matter, Defendants respectfully request that this Court grant Defendants leave to amend its Motion for Summary Judgment or, in the alternative, to file a supplemental memorandum of law in support of its Motion, fifteen pages in length.

Dated: April 8, 2019                           Respectfully Submitted,
                                               By: /s/ *Joseph R. Sozzani*
                                                   Joseph R. Sozzani, Esq. (FBN: 120297)
                                                   *Board Certified Intellectual Property*
                                                   JSozzani@InfinityIPLaw.com
                                                   **INFINITY IP, PLLC**
                                                   222 West Bay Drive
                                                   Largo, FL 33770
                                                   Tel: 727.687.8814

**Certification Pursuant to Local Rule 3.01(g)**

Pursuant to Local Rule 3.01(g), I hereby certify that I conferred with counsel for Defendants regarding the relief requested and Defendants object to the requested relief.

*/s/ Joseph R. Sozzani*
Joseph R. Sozzani

**CERTIFICATE OF SERVICE**

I certify that on this 8th day of April, 2019, I electronically filed the foregoing document with the Court's CM/ECF system and the foregoing document is being served this day on all counsel of record, via transmission of Notices of Electronic Filing generated by the CM/ECF.

*/s/ Joseph R. Sozzani*
Joseph R. Sozzani