## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., ) | Case No. 8:16-cv-02549-EAK-CPT |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| GABY FRAIFER, TELE-CENTER, INC., ) | |
| and PLANET TELECOM, INC., ) | |
| individually and together d/b/a ) | |
| UlaiTV, PlanetiTV, and AhlaiTV, ) | |
| ) | |
| Defendants. ) | |

**PLAINITFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE**

Defendants' motion for leave to file an amended motion for summary judgment ("MSJ"), or supplement their existing MSJ filed more than ten months ago, should be denied because there is no "new evidence" or intervening change in controlling law to justify re-opening the briefing on the parties' pending MSJs at this late stage of the case. (Dkt. 211.)

*First*, Defendants incorrectly contend that Plaintiff DISH Network L.L.C. ("DISH") filed "thousands of pages of documents and information" in support of its MSJ that were not produced in discovery. (Mot. at 2, citing DISH's MSJ at Dkt. 146.) Defendants neither identify the materials purportedly withheld, nor explain why those materials were responsive to Defendants' discovery requests. (*See id.*) Defendants appear to be re-arguing their earlier motion to strike the Network declarations and exhibits filed in support of DISH's MSJ, which the Court already denied. (Dkt. 187.) DISH did not improperly withhold any documents or information from Defendants.[1]

*Second*, Defendants falsely represent that they did not receive DISH's summary judgment evidence "until after the filing of [their] Motion for Summary Judgment (Dkt. 164)." (Mot. at 2.)

---
[1] The materials supporting DISH's MSJ were produced in discovery or were not required to be produced (e.g., deposition transcripts and the Network declarations and exhibits that DISH received just prior to filing its MSJ).

In truth, Defendants received DISH's summary judgment evidence, at the latest, when it was filed with the Court on April 6, 2018 – *two months before* Defendants filed their MSJ.  Defendants responded to DISH's summary judgment evidence at least three times:  (1) in their opposition to DISH's MSJ filed on April 27, 2018; (2) in their motion to strike DISH's summary judgment evidence filed on April 27, 2018 and re-filed on June 5, 2018; and (3) in their MSJ filed on June 5, 2018.  (Dkts. 150-152, 163-165.)  In sum, Defendants had all the evidence about which they complain for at least two months prior to filing the MSJ they now want to supplement or amend, and additionally, they responded to that evidence in an opposition and a motion to strike.

*Third*, Defendants' incorrectly contend that DISH's summary judgment evidence justifies leave to amend for the same reasons stated in their amended motion for judgment on the pleadings.  (Mot. at 2, citing Dkt. 205.)  But, as the Court held in denying that Rule 12(c) motion, Defendants' arguments are duplicative of those set forth in Defendants' pending MSJ.  (Dkt. 209.)  Just as there was no need for Defendants to re-assert the arguments in their Rule 12(c) motion, there is no need for Defendants to supplement or amend their MSJ to include these same arguments.

Moreover, the two arguments that Defendants want to assert in their new MSJ do not even rely on any so-called newly discovered evidence:  (i) Defendants claim the Registered Works are invalid on their face, yet those works are identified in DISH's complaint filed on August 30, 2016, and the certificates of registration were produced on July 5, 2017; and (ii) Defendants claim the works aired on the Protected Channels are non-U.S. works based on DISH's agreements with the Networks, yet those agreements were produced on July 18, 2017.  (Mot. at 2, incorporating arguments from Dkt. 205 at 14-19 and 19-22.)  Defendants use the unsupported allegation of newly discovered evidence in an attempt to file another MSJ raising entirely unrelated arguments.

*Fourth*, the Supreme Court cases cited by Defendant do not justify leave to amend.  (Mot.

at 3.) *Fourth Estate* affirmed the Eleventh Circuit's long-standing position that U.S. works must be registered prior to filing suit and that an application for registration pending with the Copyright Office is insufficient. *Fourth Estate* has no impact on this case because the works at issue are non-U.S. works for which registration is not required, and as for those works that are registered, such registrations were obtained prior to the filing of this action. *Oracle* addressed the meaning of "full costs" under the Copyright Act, and upheld the position the 11th Circuit previously took in *Artisan Contractors Association of America, Inc. v. Frontier Insurance Co.*, 275 F.3d 1038, 1039 (11th Cir. 2001). *Oracle* is also inapplicable to the MSJs as the issue of costs has not yet been briefed.

*Finally*, Defendants fail to justify their delay in bringing this motion for leave to amend or supplement an MSJ filed more than ten months ago (to respond to evidence they had more than one year ago). There is no support for the argument that "Defendants were without the aid of counsel for months." (Mot. at 1.) Defendants' trial counsel, Mr. Sozzani, appeared on August 20, 2018, three weeks after their prior counsel moved to withdraw. (Dkts. 168, 189.) And, Defendants are represented by co-counsel Mr. Clarke, who was involved in this case since as early as February 27, 2018. (Dkt. 146-28, Ex. 9; Dkt. 205 at 25.) Defendants recognize that the case is "on the eve of trial," and if not resolved on the pending MSJs, "[t]rial is imminent." (Dkt. 205 at 9 n.2, 25.)

Defendants' last minute motion for leave to re-open the MSJ briefing should be denied.

Dated: April 10, 2019

/s/ Timothy M. Frank
Timothy M. Frank (*pro hac vice*)
HAGAN NOLL & BOYLE, LLC
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
Email: timothy.frank@hnbllc.com

James A. Boatman, Jr. (SBN 0130184)
THE BOATMAN LAW FIRM PA
3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105
Telephone: (239) 330-1494
Facsimile: (239) 236-0376
Email: jab@boatman-law.com

Attorneys for Plaintiff DISH Network L.L.C.