## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | Case No. 8:16-cv-02549-EAK-CPT |
| Plaintiff, | |
| v. | |
| GABY FRAIFER, TELE-CENTER, INC., and PLANET TELECOM, INC., individually and together d/b/a UlaiTV, PlanetiTV, and AhlaiTV, | |
| Defendants. | |

### PLAINITFF'S MOTION FOR SANCTIONS UNDER RULE 16(f)

Defendants Gaby Fraifer, Tele-Center, Inc., and Planet Telecom, Inc. are poised to file an amended motion for summary judgment (the "Amended MSJ") – their fourth attempt at moving for summary judgment. (Dkts. 141-142, 164, 211, 213.) Plaintiff DISH Network L.L.C. ("DISH") moves under Fed. R. Civ. P. 16(f) for an award of its attorneys' fees incurred in responding to the Amended MSJ, which is being filed more than one year after the dispositive motion deadline in the Court's scheduling order and without any justification – let alone substantial justification – for the delay. Defendants substituted their lead counsel in August 2018 and are now attempting to re-litigate this 30-month old case from the ground up, using blatantly false statements to rationalize their efforts to obtain a do-over.

### I.     ARGUMENT

Sanctions are proper "if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). "[T]he court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2) (emphasis added); *see Ohio Nat. Life Assur.*

*Corp. v. Langkau ex rel. Estate of Langkau,* 353 F. App'x 244, 252 (11th Cir. 2009) (affirming award of 16(f)(2) sanctions against *pro se* defendant for failing to appear at a pre-trial hearing). Defendants' Amended MSJ is not in compliance with the Court's scheduling order and sanctions are appropriate.

**A.     Defendants' Amended MSJ Fails To Comply With The Scheduling Order**

The dispositive motion deadline in the Court's scheduling order was March 23, 2018. (Dkt. 50.) The Court granted the parties' request to continue the dispositive motion deadline to April 6, 2018, and incorporated that new deadline into the scheduling order. (Dkt. 131.) Defendants filed two MSJs on April 6, 2018 and both were stricken by the Court. (Dkts. 141-142, 155.) Defendants filed a third MSJ on June 5, 2018 that Defendants are now amending. (Dkt. 164.) DISH responded to each of Defendants' MSJs, at considerable expense. (Dkts. 153, 166.) Defendants' Amended MSJ will be their fourth attempt at moving for summary judgment and comes more than one year after the Court's dispositive motion deadline. DISH should be awarded attorneys' fees for having to respond to Defendants' untimely Amended MSJ. *See* Fed. R. Civ. P. 16(f)(1)(C), (f)(2); *City of Lake Ozark v. Singleton*, 292 F. App'x 521, 522 (8th Cir. 2008) (affirming Rule 16(f)(2) sanctions that required parties amending their MSJ response to pay attorneys' fees opposing parties would incur in preparing an amended MSJ reply).

Defendants are not exempt from paying DISH's attorneys' fees simply because they moved for leave to amend or supplement their third MSJ pursuant to Local Rule 3.01(d) and that request was granted. *See Singleton*, 292 F. App'x at 522 (affirming Rule 16(f) sanctions where amended MSJ response was permitted with leave of court); *Frazier v. Doosan Infracore Int'l, Inc.*, No. 1:09-cv-0187-TCB-JFK, 2011 WL 13161996, at *1-2 (N.D. Ga. Jan. 20, 2011) (finding amended MSJ response, although permitted by the court, untimely for purposes of Rule 16(f)(1)(C)). Defendants

moved for leave long after the dispositive motion deadline expired on April 6, 2018. (Dkt. 211.) Moreover, the issue of Rule 16(f) sanctions was not previously presented to the Court in the context of Defendants' motion for leave, nor could DISH have requested such relief in its limited response. *See* Fed. R. Civ. P. 16(f)(1) (stating a party must request Rule 16(f) sanctions "[o]n motion").

**B.      Defendants' Failure To Obey The Scheduling Order Is Not Substantially Justified**

Defendants are without any justification for filing their Amended MSJ more than one year after the dispositive motion deadline because the representations that Defendants previously made to this Court to establish good cause for the untimely Amended MSJ are proven false.[1]

**1.      DISH Did Not Withhold Documents During Discovery**

Defendants falsely represented that DISH filed "35 exhibits comprising over 3,100 pages" of documents in support of DISH's MSJ that "were requested, but never produced, to Defendants during . . . discovery." (Dkt. 211 at 2.) Defendants neither identify the documents nor establish that Defendants requested such materials in discovery. (*Id.*) Defendants appear to complain about the entirety of the declarations filed in support of DISH's MSJ. (Dkts. 146-3–146-31 [3,111 pages, including 83 pages of appendices and cover pages, making the number of relevant pages 3,028].) Defendants' argument that these documents were improperly withheld in discovery is incorrect.

More than 95% of the purportedly withheld documents – totaling 2,884 pages – were (a) produced to Defendants during discovery, or (b) were possessed by Defendants or readily available to them – such as Defendants' own discovery responses, deposition notices served on Defendants, correspondence with Defendants' counsel, copies of publicly accessible laws, and printouts from Defendants' websites concerning Defendants' counterclaim introduced at Defendants' deposition:

---

[1] The Court may reconsider *sua sponte* its order granting Defendants leave to amend based on these false statements. *See Burnam v. Amoco Container Co.*, 738 F.2d 1230, 1232 (11th Cir. 1984) (noting "the general power of the court to act on its own initiative" in the context of reconsideration under Rules 59 and 60).

3

| Docket # | Description | Pages | Date Produced | Bates |
|---|---|---|---|---|
| 146-4 Ex. 1 | DISH Agreement | 39 | July 18, 2017 | PL002686-PL002724 |
| 146-4 Ex. 2 | Channel Screenshots | 2 | July 5, 2017 | PL001100-PL001113 |
| 146-7 Ex. 10 | DISH Agreements | 77 | July 18, 2017<br>Feb. 28, 2018 | PL002897-PL002957<br>PL003629-PL003644 |
| 146-9 Exs. 2-3 | DISH Agreements | 80 | July 18, 2017<br>July 18, 2017<br>Nov. 11, 2017 | PL002958-PL002996<br>PL002648-PL002685<br>PL003562-PL003564 |
| 146-10 Ex. 5 | DISH Agreements | 40 | July 18, 2017 | PL002997-PL003036 |
| 146-11 Exs. 6-7 | DISH Agreements | 74 | July 18, 2017<br>Feb. 28, 2018 | PL003037-PL003072<br>PL003591-PL003628 |
| 146-12 Ex. 8 | Channel Screenshots | 50 | July 5, 2017 | PL000011-PL001105[2] |
| 146-12 Ex. 9 | Copyright Reg. | 4 | July 5, 2017 | PL002272-PL002275 |
| 146-14 Exs. 1-3 | DISH Agreements | 120 | July 18, 2017<br>July 18, 2017<br>Nov. 11, 2017<br>July 18, 2017 | PL002958-PL002996[3]<br>PL002648-PL002485<br>PL003562-PL003564<br>PL002997-PL003036 |
| 146-15 Exs. 4-5 | DISH Agreements | 113 | July 18, 2017<br>Feb. 28, 2018<br>July 18, 2017 | PL003037-PL003072<br>PL003591-PL003628<br>PL002686-PL002724 |
| 146-16 Ex. 6 | DISH Agreements | 49 | July 18, 2017 | PL002897-PL002945 |
| 146-17 Ex. 6 | DISH Agreements | 56 | July 18, 2017<br>Feb. 28, 2018<br>July 18, 2017 | PL002946-PL002957<br>PL003629-PL003644<br>PL002869-PL002896 |
| 146-18 Ex. 7 | DISH Agreements | 52 | July 18, 2017<br>Feb. 28, 2018 | PL002725-PL002771<br>PL003565-PL003569 |
| 146-19 Exs. 8-9 | DISH Agreements | 103 | July 18, 2017<br>July 18, 2017<br>Feb. 28, 2018 | PL002800-PL002868<br>PL002772-PL002799<br>PL003578-PL003583 |
| 146-19 Ex. 10 | Defs.' Website | 2 | July 5, 2018 | PL002254-PL002255 |
| 146-21 Ex. 2 | DISH Agreement | 52 | July 18, 2017<br>Feb. 28, 2018 | PL002725-PL002771<br>PL003565-PL003569 |
| 146-22 | DISH Agreement | 69 | July 18, 2017 | PL002800-PL002868 |
| 146-24 | Expert Report | 27 | Dec. 22, 2017 | -- |
| 146-25 | Expert Report Ex. A | 76 | Dec. 22, 2017<br>July 18, 2017 | --<br>PL002574-PL002647 |
| 146-26 | Copyright Notices | 39 | July 25, 2017 | PL003075-PL003114 |
| 146-28 Exs. 1-7 | International Laws | 189 | N/A | N/A |

---

[2]   The Bates range encompasses the lowest and highest Bates numbers for the 50 MBC screenshots. The exact Bates number of each of the 50 screenshots is set forth in the Frank Declaration at Exhibit 2.

[3]   The agreements are partially redacted and therefore DISH offered to work with Defendants' counsel on a procedure for reviewing unredacted copies on February 2, 2018, but Defendants did not respond. (Frank Decl. ¶ 16.) Defendants instead re-raised the issue at mediation on March 8, 2018, prompting DISH to offer the unredacted agreements for inspection a second time on March 14, 2018, to which Defendants again did not respond. (*Id.* ¶ 17.)

4

| 146-28 Ex. 8 | Defs.' Dep. Notices | 12 | N/A | N/A |
|---|---|---|---|---|
| 146-28 Exs. 9-10 | Defs.' Dep. Tr. | 275 | N/A | N/A |
| 146-29 Exs. 11-12 | Non-Party Dep. Tr. | 65 | N/A | N/A |
| 146-29 Ex. 13 A-B | Verizon Sub. Resp. | 165 | July 18, 2017 | V000242-V000526 |
| 146-29 Ex. 13 C | Verizon Sub. Resp. | 25 | Sept. 9, 2017 | V000062- V000241 |
| 146-29 Ex. 14 | Verizon. Sub. Resp. | 19 | Feb. 9, 2018 | V000527-V000854 |
| 146-29 Ex. 15 | Tulix Sub. Resp. | 12 | Mar. 30, 2017 | T000001-T000045 |
| 146-29 Ex. 16 | Tulix Sub. Resp. | 25 | Apr. 18, 2017 | T000046-T000073 |
| 146-29 Ex. 17 | Internap Sub. Resp. | 7 | Mar. 30, 2017 | I000001-I000498 |
| 146-29 Ex. 18 | Frontier Sub. Resp. | 2 | Jan. 24, 2018 | F000001-F000096[4] |
| 146-29 Exs. 19-20 | Defs.' RFA Resp. | 35 | N/A | N/A |
| 146-29 Exs. 21-23 | Defs.' RFP Resp. | 15 | N/A | N/A |
| 146-29 Exs. 24-25 | Defs. Corresp. | 5 | N/A | N/A |
| 146-30 Ex. 26 | Copyright Notices | 859 | July 5, 2017<br>Nov. 11, 2017 | PL001285-PL002124<br>PL003117-PL003561[5] |
| 146-31 Exs. 27-33 | Defs.' Websites | 24 | N/A | N/A |
| 146-31 Ex. 34 | STB Purchase | 3 | July 5, 2017 | PL001147-PL001149 |
| 146-31 Ex. 35 | Defs.' Sub. to Ethos | 23 | N/A | N/A |
| | **Total** | **2,884** | | |

(Frank Decl. ¶¶ 3-13, Exs. 1-13.)

The remaining documents – totaling 144 pages – are equally unsupportive of Defendants' claim that DISH withheld documents during discovery as the documents consist of (a) declarations from Al Jazeera, IMD, MBC, and World Span and attached exhibits (the "Network Declarations"); (b) a declaration from DISH's expert Nagra substantially in the same format as its expert report; (c) DISH's declaration; and (d) a declaration from DISH's counsel of record – all received by or prepared by DISH after the close of discovery:

| Docket # | Document Description | Pages | Date Received |
|---|---|---|---|
| 146-3 | Al Jazeera Decl. | 3 | Mar. 29, 2018 |
| 146-5 | IMD Decl. | 6 | Apr. 5, 2018 |
| 146-6 Exs. 1-5 | IMD's Agreements | 35 | Mar. 27-28, 2018 |
| 146-7 Exs. 6-9 | IMD's Agreements | 47 | Mar. 27-28, 2018 |

---

[4] The Bates ranges for the subpoena responses of Verizon (abbreviated to V), Tulix (T), Internap (I), and Frontier (F) represent the entirety of the documents produced to Defendants on the dates identified. DISH's MSJ only relied on certain documents within the specified Bates ranges, which are shown on Dkt. 146-29 Exhibits 13-18.

[5] The Bates range encompasses the lowest and highest Bates numbers for the copyright infringement notices. The exact Bates number of each infringement notice is set forth in the Frank Declaration at Exhibit 6.

5

| 146-8       | MBC Decl.                   | 6   | Apr. 5, 2018  |
|-------------|-----------------------------|-----|---------------|
| 146-9 Ex. 1 | MBC's Corporate Resolutions | 7   | Mar. 7, 2018  |
| 146-10 Ex. 4| MBC's Agreement             | 11  | Mar. 7, 2018  |
| 146-13      | DISH Decl.                  | 7   | Apr. 4, 2018  |
| 146-20      | World Span Decl.            | 4   | Apr. 4, 2018  |
| 146-21 Ex. 1| World Span's Agreement      | 7   | Apr. 3, 2018  |
| 146-23      | Nagra Decl.                 | 5   | Mar. 28, 2018 |
| 146-27      | DISH Counsel Decl.          | 6   | Apr. 6, 2018  |
|             | **Total**                   | **144** |           |

(Frank Decl. ¶¶ 14-15.)

The foregoing declarations were obtained for purposes of filing DISH's MSJ and are dated between March 28, 2018 (several weeks after the close of discovery) and April 6, 2018 (the date that DISH's MSJ was filed). (*Id.*) Likewise, DISH received the exhibits attached to the Network Declarations from the Networks after the close of the discovery period. (*Id.*) The Court previously denied Defendants' motion to strike the Network Declarations and attached exhibits, finding no merit to Defendants' argument that the Networks were undisclosed and the exhibits were requested in discovery but not produced. (Dkt. 187 [referring to DISH's reasoned response at Dkt. 167].)

Furthermore, Defendants were not unfairly prejudiced in receiving these declarations two months prior to filing their third MSJ. Defendants had already conducted written discovery as to DISH, deposed the corporate representative that provided the DISH declaration, received Nagra's expert report by the expert disclosure deadline, and had the opportunity to obtain discovery from Nagra and the Networks during the discovery period but made the strategic decision not to do so. In short, DISH neither withheld the declarations and exhibits that were filed in support of its MSJ nor prevented Defendants from discovering any of the information set forth in those declarations or exhibits. Defendants' failure to pursue discovery does not justify a new round of MSJ briefing – and certainly not at DISH's expense.

In sum, Defendants' statement that DISH filed "35 exhibits comprising over 3,100 pages"

6

in support of DISH's MSJ that "were requested, but never produced, to Defendants during the discovery period" is false and provides no justification for Defendants' untimely Amended MSJ.

2. **Defendants Received The Documents Prior To Filing Their MSJ**

Defendants falsely represented that they did not receive the declarations and exhibits filed in support of DISH's MSJ "until after the filing of [their] Motion for Summary Judgment (Dkt. 164)." (Dkt. 211 at 2.) In truth, Defendants received the declarations and exhibits, <u>at the latest</u>, when they were filed with the Court on April 6, 2018 – *two months before* Defendants filed their MSJ on June 5, 2018. (Dkts. 146, 164; *see also supra* Part I.B.1 [establishing that most materials were actually produced to Defendants in July 2017].) Indeed, not only did Defendants possess the declarations and exhibits filed in support of DISH's MSJ, Defendants received additional time to respond to these materials (Dkt. 148) and responded at least three times: (a) in their opposition to DISH's MSJ filed on April 27, 2018 (Dkts. 150-151); (b) in their motion to strike DISH's summary judgment evidence filed on April 27, 2018 and re-filed on June 5, 2018 (Dkts. 152, 163); and (c) in their own MSJ filed on June 5, 2018 (Dkt. 164 at 4-12, 17-18; Dkt. 165).

Defendants' claim that they did not receive the declarations and exhibits filed in support of DISH's MSJ "until after the filing of [their] Motion for Summary Judgment (Dkt. 164)" is false and provides no justification for Defendants' untimely Amended MSJ.

3. **Defendants Were Represented By Counsel At All Relevant Times**

Defendants claimed that they "were without the aid of counsel for months" but only point to a period of three weeks well after the completion of the parties' summary judgment briefing. (Dkt. 211 at 1.) Defendants' lead counsel, Mr. Sozzani, appeared on August 20, 2018, three weeks after their prior counsel, Mr. Lakel, moved to withdraw. (Dkts. 168, 189.) Moreover, Defendants

are represented by co-counsel Mr. Clarke, who was involved in this case since February 27, 2018 and possibly even earlier. (Dkt. 146-28, Ex. 9; Dkt. 205 at 25.)

Thus, Defendants were represented by both lead counsel (Mr. Lakel) and co-counsel (Mr. Clarke) throughout their summary judgment briefing filed between April 6, 2018 and June 5, 2018. Indeed, Mr. Lakel did not move to withdraw until July 31, 2018, and remained in the case through August 21, 2018, at which time Defendants' new lead counsel had already appeared. (Dkts. 168, 189-190.) Defendants also have no explanation why they allowed more than eight months to pass after retaining new counsel to amend their MSJ. Defendants' claim that they "were without the aid of counsel for months" is both false and even if true provides no justification for Defendants' untimely Amended MSJ.

### 4. Defendants Are Asserting Arguments Previously Available To Them

Defendants falsely claimed that the Amended MSJ will be used to "present new, previously unavailable, arguments and evidence in support of their claims." (Dkt. 211 at 3.) There is no "new evidence" because DISH produced the evidence filed in support of its MSJ as required during the discovery period (*supra* Part I.B.1), and Defendants had that evidence prior to filing the MSJ they now want to amend and responded to that evidence multiple times already (*supra* Part I.B.2).

Further, Defendants are not using their Amended MSJ to assert "new arguments" that were previously unavailable to them. The two arguments that Defendants put forth in requesting leave to amend have nothing to do with any so-called new evidence: (a) Defendants claim the Registered Works are invalid on their face, yet those works are identified in DISH's complaint filed on August 30, 2016, and the certificates of registration were produced on July 5, 2017; and (b) Defendants claim the works aired on the Protected Channels are non-U.S. works based on DISH's agreements with the Networks, yet those agreements were produced on July 18, 2017. (Dkt. 211 at 2.) In fact,

8

Defendants already challenged the Registered Works and DISH's agreements with the Networks in their opposition to DISH's MSJ and as part of their pending MSJ. (Dkts. 150-151, 164-165.)

Likewise, Defendants falsely insinuate their "new arguments" are based in part on "recent controlling and persuasive case law." (Dkt. 211 at 3, citing to *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019) and *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873 (2019)). *Fourth Estate* affirmed the Eleventh Circuit's long-standing position that U.S. works must be registered prior to filing suit and an application for registration pending with the Copyright Office is insufficient. 139 S. Ct. at 892. *Oracle* considered the meaning of "full costs" under the Copyright Act, and upheld the position previously taken by the 11th Circuit in *Artisan Contractors Association of America, Inc. v. Frontier Insurance Co.*, 275 F.3d 1038 (11th Cir. 2001). Neither *Fourth Estate* nor *Oracle* give rise to any "new arguments" previously unavailable to Defendants.[6]

Altogether, Defendants' claim that they are going to "present new, previously unavailable, arguments and evidence" is false and provides no justification for Defendants' Amended MSJ. In fact, when conferring on this motion, Defendants confirmed that they do not intend to limit their Amended MSJ to "new evidence" and "new arguments" that were unavailable for their prior MSJ, and do not intend to limit themselves to the fifteen pages proposed in their motion for leave. (Frank Decl. ¶ 18.) Defendants construe the Court's order granting leave to amend to be limitless in this regard, and therefore Defendants intend to file a completely new MSJ more than one year after the dispositive motion deadline – a delay and violation of the Court's scheduling order that lacks substantial justification for purposes of Rule 16(f).[7]

---

[6] *Fourth Estate* also has no impact on this case because the works at issue are non-U.S. works for which registration is not required, and as for those works that are registered, such registrations were obtained prior to the filing of this action. *Oracle* is also inapplicable to the MSJs as the issue of costs has not yet been briefed.

[7] If the Court clarified its order and limited Defendants to the grounds for amendment and page limits proposed in their motion for leave, Rule 16(f) sanctions would still be appropriate but the amount of attorneys' fees owed by Defendants should be reduced because DISH will be responding to a more narrowly focused Amended MSJ.

9

**C.      Ordering Defendants To Pay DISH's Attorneys' Fees Is Not Unjust**

In responding to the Amended MSJ, DISH will be responding to Defendants' <u>fourth</u> MSJ filed in this case.  (Dkts. 153 [combined response to first and second MSJs], 166 [response to third MSJ].)  Defendants were represented by counsel in the filing of these earlier MSJs.  *See supra* Part I.B.3.  Defendants litigated this matter as though money were no issue to them.  (*See, e.g.,* Dkts. 48, 56, 90, 133, 155, 187, and 209 [identifying 10 substantive motions that Defendants filed, DISH prepared a response to, and the result was an order denying or striking Defendants' motions].)  An order requiring Defendants to pay DISH's attorneys' fees incurred in responding to the Amended MSJ is not unjust.

## II.     CONCLUSION

For the foregoing reasons, DISH should be awarded its attorneys' fees that will be incurred in preparing a response to Defendants' Amended MSJ.  Defendants are filing the motion long after the dispositive motion deadline in the scheduling order, and without any substantial justification or other circumstances that would render an award of DISH's attorneys' fees unjust.

## RULE 3.01(g) CERTIFICATE

The undersigned conferred with Defendants' counsel in advance of filing this motion but was unable to resolve the issues presented in this motion.

Dated:  April 26, 2019

/s/ Timothy M. Frank
Joseph H. Boyle (*pro hac vice*)
Timothy M. Frank (*pro hac vice*)
HAGAN NOLL & BOYLE, LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone:  (713) 343-0478
Facsimile:  (713) 758-0146
Email:  joe.boyle@hnbllc.com
Email:  timothy.frank@hnbllc.com

James A. Boatman, Jr.
Florida Bar No. 0130184
THE BOATMAN LAW FIRM PA
3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105
Telephone:  (239) 330-1494
Facsimile:  (239) 236-0376
Email:  jab@boatman-law.com

Attorneys for Plaintiff DISH Network L.L.C.

## CERTIFICATE OF SERVICE

I certify that on April 26, 2019, I electronically filed DISH's motion for sanctions under Rule 16(f) and my supporting declaration with the Clerk of the Court by using the CM/ECF system, which will provide notice to Defendants Gaby Fraifer, Tele-Center, Inc., and Planet Telecom, Inc.

/s/ Timothy M. Frank
Timothy M. Frank (*pro hac vice*)
HAGAN NOLL & BOYLE, LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone:  (713) 343-0478
Facsimile:  (713) 758-0146
Email:  timothy.frank@hnbllc.com

Attorney for Plaintiff DISH Network L.L.C.