# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., ) | Case No. 8:16-cv-02549-EAK-CPT |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| GABY FRAIFER, TELE-CENTER, INC., ) | |
| and PLANET TELECOM, INC., ) | |
| individually and together d/b/a ) | |
| UlaiTV, PlanetiTV, and AhlaiTV, ) | |
| ) | |
| Defendants. ) | |

## DECLARATION OF TIMOTHY FRANK

I, TIMOTHY FRANK, of Houston, Texas declare as follows:

1. I make this declaration based on personal knowledge and, if called upon to testify, would testify competently as stated herein.

2. I am an attorney with the firm of Hagan Noll & Boyle LLC, and licensed to practice law in Texas and California. I am admitted *pro hac vice* for purposes of representing Plaintiff DISH Network L.L.C. ("DISH") in this case.

### *DISH's Production*

3. Attached as Exhibit 1 is a true and correct copy of correspondence sent to opposing counsel on July 5, 2017 enclosing DISH's production Bates labeled PL000001-PL002275. DISH's production included various channel screenshots, some of which were filed in support of DISH's motion for summary judgment at Dkt. 146-12 Ex. 8. The table attached as Exhibit 2, which was prepared by my office, shows where each screenshot is located in DISH's July 5, 2017 production.

4. Attached as Exhibit 3 is a true and correct copy of correspondence sent to opposing counsel on July 18, 2017, enclosing DISH's production Bates labeled PL002276-PL003072.

5. Attached as Exhibit 4 is a true and correct copy of correspondence sent to opposing counsel on July 25, 2017 enclosing DISH's production Bates labeled PL003073-PL003926.

6. Attached as Exhibit 5 is a true and correct copy of correspondence sent to opposing counsel on November 11, 2017 enclosing DISH's production Bates labeled PL003115-PL003569.

The Bates range mistakenly overlapped with a series of PCAP files produced in electronic form on July 25, 2017. DISH's production included various infringement notices and attachments, portions of which were filed in support of DISH's motion for summary judgment at Dkt. 146-30. The table attached as Exhibit 6, which was prepared by my office, shows where each infringement notice is located in DISH's November 11, 2017 production, as well as notices produced on July 5, 2017.

7. Attached as Exhibit 7 is a true and correct copy of correspondence sent to opposing counsel on February 9, 2018 enclosing DISH's production Bates labeled PL003570-PL003573.

8. Attached as Exhibit 8 is a true and correct copy of correspondence sent to opposing counsel on February 28, 2018 enclosing DISH's production Bates labeled PL003574-PL003590.

9. Attached as Exhibit 9 is a true and correct copy of correspondence sent to opposing counsel on February 28, 2018 enclosing DISH's production Bates labeled PL003591-PL003644. The documents were served by email, and a second copy was served by mail on March 2, 2018..

*Subpoena Responses*

10. Attached as Exhibit 10 is a true and correct copy of correspondence sent to opposing counsel on March 30, 2017 enclosing subpoena responses Bates labeled Internap 000001-000498 and Tulix Systems 000001-000045.

11. Attached as Exhibit 11 is a true and correct copy of correspondence sent to opposing counsel on April 18, 2017 enclosing Tulix's supplemental subpoena response Bates labeled Tulix Systems 000046-Tulix Systems 000073.

12. Attached as Exhibit 12 is a true and correct copy of correspondence sent to opposing counsel on September 9, 2017 enclosing a subpoena response Bates labeled Verizon Digital Media 000062-000241. Verizon provided an earlier subpoena response that was sent to opposing counsel on July 18, 2017 as part of Exhibit 3, though the documents were inadvertently given DISH's Bates labeling. The issue was corrected and the documents were then reproduced to opposing counsel on November 11, 2017, Bates labeled Verizon Digital Media 000242-000526, as reflected in Exhibit 5. Verizon's supplemental subpoena response was sent to opposing counsel on February 9, 2018, Bates labeled Verizon Digital Media 000527-000897, as shown in Exhibit 7.

13. Attached as <u>Exhibit 13</u> is a true and correct copy of correspondence sent to opposing counsel on January 24, 2018 enclosing a subpoena response Bates labeled Frontier 000001-000096.

*Summary Judgment Declarations*

14. I received the executed declarations filed in support of DISH's motion for summary judgment on the dates shown on the declaration signature pages, which are March 28, 2018 for the Nagra declaration (Dkt. 146-23); March 29, 2018 for the Al Jazeera declaration (Dkt. 146-3); April 4, 2018 for the DISH (Dkt. 146-13) and World Span declarations (Dkt. 146-20); and April 5, 2018 for the IMD (Dkt. 146-5) and MBC (Dkt. 146-8) declarations. My declaration (Dkt. 146-27) was executed on April 6, 2018, the same day that DISH's motion for summary judgment and supporting declarations were filed with the Court.

15. Attached to the World Span, IMD, and MBC declarations are exhibits consisting of these Networks' agreements with non-parties. The MBC declaration also attaches certain corporate resolutions. I received the materials from the Networks during the course of working with them to obtain their declarations. I did not have a complete copy of Exhibit 1 to the World Span declaration until April 3, 2018. I received Exhibits 1-9 to the IMD declaration on March 27, 2018 and March 28, 2018, and Exhibits 1 and 4 to the MBC declaration on March 7, 2018. The World Span, IMD, and MBC declarations that eventually incorporated these exhibits were not finalized until April 4, 2018 and April 5, 2018, as stated in the preceding paragraph.

*Meet & Confers*

16. Attached as <u>Exhibit 14</u> is a true and correct copy of an email I sent to Defendants' counsel on February 2, 2018 regarding partial redactions to the agreements between DISH and the Network. Defendants' counsel did not respond to my offer concerning his review of the unredacted agreements.

17. Attached as <u>Exhibit 15</u> is a true and correct copy of an email I sent to Defendants' counsel on March 14, 2018 regarding the partial redactions to the agreements. Defendants re-raised the issue of the redactions at mediation on March 8, 2018. Defendants' counsel did not respond to my offer concerning his inspection of the unredacted agreements.

18.     I conferred with Defendants' counsel on April 23, 2019 regarding Defendants' intent to file a motion for leave to amend their answer. During the discussion, I inquired about the scope of Defendants' forthcoming amended motion for summary judgment and whether that motion will be limited to fifteen pages and the issues raised in Defendants' motion for leave (Dkt. 211). I was informed that Defendants do not intend to limit their motion to fifteen pages or the issues presented in their motion for leave to amend.

19.     I conferred with Defendants' counsel on April 24, 2019 concerning DISH's motion for sanctions. On April 26, 2019, Defendants' counsel advised that DISH's motion is opposed.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 26, 2019.

/s/ Timothy M. Frank
Timothy M. Frank