## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

DISH NETWORK L.L.C., )
               Plaintiff, )      Case No. 8:16-cv-02549-EAK-TBM
v. )

GABY FRAIFER, TELE-CENTER, INC., )
and PLANET TELECOM, INC., )
individually and together d/b/a )
UlaiTV, PlanetiTV, and AhlaiTV, )
)
               Defendants. )

## PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiff DISH Network L.L.C. ("DISH") provides the following responses:

1.    Please produce any and all documents which Plaintiff believes proves the existence of, or establishes, the legal right to copyright that Plaintiff attempts to assert in its Amended Complaint.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the phrase "any and all documents which Plaintiff believes proves" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced.  This phrase may be construed to render the request overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because it includes everything from the text of the Copyright Act, to DISH's agreements with the Networks listed in the amended complaint.

DISH also objects that the requested documents are confidential.  DISH's agreements with the Networks contain a confidentiality provision that prohibits disclosure of the agreements to third-parties, including Defendants.  DISH maintains the confidentiality of these agreements by, among other things, not publicly disclosing them and making them available to only those DISH employees

that need to access the agreements as part of their duties at DISH. Disclosure of the agreements to Defendants or the public will place DISH at a competitive disadvantage by, for example, adversely impacting its ability to negotiate favorable contract terms with programming providers.

Subject to and without waiving these objections, DISH will produce copyright registration certificates for registered works at issue in this case. DISH will also produce relevant and redacted portions of its agreements with the Networks that establish its copyrights in the Protected Channels, subject to a confidentiality agreement with Defendants. A proposed confidentiality agreement was previously provided for your consideration.

2.      Please produce any and all documents which Plaintiff believes gives it the exclusive right to license the channels, URLs or applications about which it complains in its Amended Complaint.

Response: DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to this request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because there is no time limitation, and because the "exclusive right to license . . . channels, URLs or applications" is not the subject of this litigation. Rather, this case concerns Defendants' infringement of DISH's exclusive rights to distribute and publicly perform the works that aired on the Protected Channels. DISH objects that documents concerning such rights are confidential, as explained above.

Subject to and without waiving these objections, DISH will produce copyright registration certificates for registered works at issue in this case. DISH will also produce relevant and redacted portions of its agreements with the Networks that establish its copyrights in the Protected Channels, subject to a confidentiality agreement with Defendants. A proposed confidentiality agreement was previously provided for your consideration.

3.      Please provide documentary proof of any compensation paid to Plaintiff by any channel users other than Defendants.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to this request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because the total amount of compensation paid to DISH by its subscribers has no bearing on the claims or defenses, because there is no time limitation, and because the phrase "any channel users" includes channels and works that are not the subject of this litigation.  The copyrighted materials at issue in this case are identified in the amended complaint as works airing on the Protected Channels during the time those channels were retransmitted on the UlaiTV and AhlaiTV services.

4.      Please provide any and all contracts and/or proof of purchase by Plaintiff of the legal right to control or charge for or limit any and all of the international channels about which it complains in its Amended Complaint.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because there is no time limitation, and because the "right to control or charge or limit . . . the international channels" is vague and ambiguous and does not appear to be the subject of this litigation.  Rather, this case concerns Defendants' infringement of DISH's exclusive rights to distribute and publicly perform the works that aired on the Protected Channels.  DISH objects that documents concerning such rights are confidential, as explained above.

Subject to and without waiving these objections, DISH will produce copyright registration certificates for registered works at issue in this case.  DISH will also produce relevant and redacted

3

portions of its agreements with the Networks that establish its copyrights in the Protected Channels, subject to a confidentiality agreement with Defendants. A proposed confidentiality agreement was previously provided for your consideration.

5.     Please provide any list Plaintiff keeps in the ordinary course of business of the ostensibly "protected channels" about which Plaintiff complains in its Amended Complaint.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the phrase "any list . . . of the ostensibly 'protected channels'" as vague and ambiguous. DISH objects to the request as unduly burdensome and not proportional to the needs of this case because the Protected Channels are identified in the amended complaint, which is equally available to Defendants, specifically Al Arabiya, Al Hayah 1, Al Jazeera Arabic News, Al Nahar, Al Nahar Drama, Al Nahar Sport, Al Yawm, Dream 2, Future TV, Iqraa, LBC, LDC, MBC1, MBC Drama, MBC Kids (aka MBC3), MBC Masr, Murr TV (aka MTV Lebanon), New TV (aka Al Jadeed), Noursat, ONTV, and OTV.

6.     Please provide any and all documents in Plaintiff's control or possession that Plaintiff believes proves that Fraifer, individually, owns and/or individually operates the UlaiTV, AhlaiTV and/or the PlanetiTV service.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the phrase "any and all documents . . . that Plaintiff believes proves" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. Defendants also filed pleadings and served

discovery responses that are responsive to this request. DISH will produce any other documents it will rely on to establish that Fraifer owns or operates the services identified in this request.

     7.    Please provide any and documents in Plaintiff's control or possession that Plaintiff believes proves that Telecenter, Inc. (TCI) owns or operates the UlaiTV, AhlaiTV and/or the PlanetiTV service.

<u>Response</u>: DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the phrase "any and [all] documents . . . that Plaintiff believes proves" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced.

     Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. Defendants also filed pleadings and served discovery responses that are responsive to this request. DISH will produce any other documents it will rely on to establish that TCI owns or operates the services identified in this request.

     8.    Please provide any UlaiTV or UlaiTV.com, registration documents that Plaintiff has under its control or possession.

<u>Response</u>: DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the request as unduly burdensome and not proportional to the needs of this case because Defendants own ulaitv.com, and thus the requested registration documents are equally available to Defendants. DISH objects to the phrase "UlaiTV . . . registration documents" as vague and ambiguous. The fictitious name UlaiTV is not registered according to the Florida Division of Corporations.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. DISH will produce any other documents it will rely on concerning the registration of ulaitv.com.

9.      Please provide any AhlaiTV or AhlaiTVcom registration documents that Plaintiff has under its control or possession.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because ahlaitv.com is not the subject of this litigation. If Defendants intended to refer to ahlatv.com or planetitv.com.au, DISH objects to the request as unduly burdensome and not proportional to the needs of this case because Defendants own these domain names, and thus the requested registration documents are equally available to Defendants. DISH objects to the phrase "AhlaiTV . . . registration documents" as vague and ambiguous. The fictitious name AhlaiTV is not registered according to the Florida Division of Corporations.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. DISH will produce any other documents it will rely on concerning the registration of ahlatv.com or planetitv.com.au.

10.     Please provide any PlanetiTV or PlanetiTV.com registration documents that Plaintiff has under its control or possession.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because planetitv.com is not the subject of this litigation. If Defendants intended to refer to planet-itv.com or planetitv.com.au,

DISH objects to the request as unduly burdensome and not proportional to the needs of this case because Defendants own these domain names, and thus the requested registration documents are equally available to Defendants. DISH objects to the phrase "PlanetiTV . . . registration documents" as vague and ambiguous. The fictitious name PlanetiTV is not registered according to the Florida Division of Corporations.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request, to the extent it was meant to address planet-itv.com or planetitv.com.au. DISH will produce any other documents it will rely on concerning the registration of planet-itv.com or planeitv.com.au.

11.   Please provide any and all proof in Plaintiff's control or possession that demonstrates or shows that TCI receives payment for and/or ships UlaiTV products.

Response:   DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the phrase "any and all proof … that demonstrates or shows" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. Defendants also filed pleadings and served discovery responses that are responsive to this request. DISH will produce any other documents it will rely on to establish that TCI receives payment for or ships UlaiTV products.

12.   Please provide any and all documents that Plaintiff believes demonstrates or shows that Fraifer. Individually, advertises and/or sells UlaiTV, AhlaiTV or PlanetiTV products in contravention of United States copyright laws.

<u>Response</u>: DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the phrase "any and all documents that Plaintiff believes demonstrates or shows" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced. DISH also objects to the phrase "advertises and/or sells . . . products in contravention of United States copyright laws" because it misconstrues DISH's claim for direct copyright infringement in this case. The phrase "UlaiTV, AhlaiTV or PlanetiTV products" is objected to as vague and ambiguous, and will be construed to mean UlaiTV and AhlaiTV branded set-top boxes and subscription plans for the services provided under these names.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. Defendants also filed pleadings and served discovery responses that are responsive to this request. DISH will produce any other documents it will rely on to establish that Fraifer advertises or sells the products identified in this request.

13.     Please provide any and all documents that Plaintiff believes proves or shows that Fraifer, individually, conducted business as UlaiTV, AhlaiTV or PlanetiTV.

<u>Response</u>: DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the phrase "any and all documents that Plaintiff believes proves or shows" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. Defendants also filed pleadings and served discovery responses that are responsive to this request. DISH will produce any other documents it will rely on to establish that Fraifer conducted business using the names identified in this request.

14.    Please provide any and all documents that Plaintiff believes proves or shows that TCI conducted business as UlaiTV, AhlaiTV or PlanetiTV.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the phrase "any and all documents that Plaintiff believes proves or shows" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request.  Defendants also filed pleadings and served discovery responses that are responsive to this request.  DISH will produce any other documents it will rely on to establish that TCI conducted business using the names identified in this request.

15.    Please provide any and all documents that Plaintiff believes proves or shows that Planet Telecom, Inc. (PCI) conducted business as UlaiTV, AhlaiTV or PlanetiTV.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the phrase "any and all documents that Plaintiff believes proves or shows" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request.  Defendants also filed pleadings and served discovery responses that are responsive to this request.  DISH will produce any other documents it will rely on to establish that PTI conducted business using the names identified in this request.

16.    Please provide any and all documents that Plaintiff believes shows or demonstrates that Fraifer, individually, unlawfully transmitted or retransmitted the so-called "protected channels" to U. S. customers.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the phrase "any and all documents that Plaintiff believes shows or demonstrates" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request.  Defendants also filed pleadings and served discovery responses that are responsive to this request.  DISH will produce any other documents it will rely on to establish that Fraifer transmitted the Protected Channels in the United States.

17.     Please provide any and all documents that Plaintiff believes shows or demonstrates that TCI unlawfully transmitted or retransmitted the so-called "protected channels" to U.S. customers.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the phrase "any and all documents that Plaintiff believes shows or demonstrates" as vague and ambiguous because the phase fails to describe with reasonable particularity each item or category of items sought to be produced.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request.  Defendants also filed pleadings and served discovery responses that are responsive to this request.  DISH will produce any other documents it will rely on to establish that TCI transmitted the Protected Channels in the United States.

18.     Please provide any and all documents that Plaintiff believes shows or demonstrates that PCI unlawfully transmitted or retransmitted the so-called "protected channels" to U.S. customers.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the phrase "any and all documents that Plaintiff believes shows or demonstrates" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request.  Defendants also filed pleadings and served discovery responses that are responsive to this request.  DISH will produce any other documents it will rely on to establish that PTI transmitted the Protected Channels in the United States.

19.     Please provide any and all Fraifer, individual, ads in your control or possession from UlaiTV.com, AhlaiTV.com or PlanetiTV.com.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because planetitv.com is not at issue in this litigation, and because the requested "ads" are not limited to any subject matter or time period.  DISH also objects to the phrase "Fraifer, individual, ads" as vague and ambiguous. DISH objects to the request as unduly burdensome and not proportional to the needs of this case because advertisements made on ulaitv.com, ahlaitv.com, planet-itv.com, and planetitv.com.au are equally available to Defendants.

Subject to and without waiving these objections, DISH will produce screenshots or printouts of any portions of the foregoing websites that it will rely on for purposes of this case.

20.     Please provide any and all TCI ads in your control or possession from UlaiTV.com, AhlaiTV.com or PlanetiTV.com.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because planetitv.com is not at issue in this litigation, and because the requested "ads" are not limited to any subject matter or time period.  DISH also objects to the phrase "TCI ads" as vague and ambiguous.  DISH objects to the request as unduly burdensome and not proportional to the needs of this case because advertisements made on ulaitv.com, ahlaitv.com, planet-itv.com, and planetitv.com.au are equally available to Defendants.

Subject to and without waiving these objections, DISH will produce screenshots or printouts of any portions of the foregoing websites that it will rely on for purposes of this case.

21.    Please provide any and all PCI ads in your control or possession from UlaiTV.com, AhlaiTV.com or PlanetiTV.com.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because planetitv.com is not at issue in this litigation, and because the requested "ads" are not limited to any subject matter or time period.  DISH also objects to the phrase "PCI ads" as vague and ambiguous.  DISH objects to the request as unduly burdensome and not proportional to the needs of this case because advertisements made on ulaitv.com, ahlaitv.com, planet-itv.com, and planetitv.com.au are equally available to Defendants.

Subject to and without waiving these objections, DISH will produce screenshots or printouts of any portions of the foregoing websites that it will rely on for purposes of this case.

22.     Please provide any and all documents or writings of any type or kind that Plaintiff believes proves or shows that Fraifer, individually, sells the set-top boxes.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the phrase "any and all documents or writings . . . that Plaintiff believes proves or shows" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced.  DISH also objects to the term "set-top boxes" as vague and ambiguous, and will construe the term to mean UlaiTV and AhlaiTV branded set-top boxes.  DISH objects to this request as unduly burdensome and not proportional to the needs of this case because Defendants request this same information in No. 12.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request.  Defendants also filed pleadings and served discovery responses that are responsive to this request.  DISH will produce any other documents it will rely on to establish that Fraifer sells the set-top boxes identified in this request.

23.     Please provide any and all documents or writings of any type or kind that Plaintiff believes proves or shows that Fraifer, individually, profits from the sale of the subject set-top boxes.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the phrase "any and all documents or writings . . . that Plaintiff believes proves or shows" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced.  DISH also objects to the term "set-top boxes" as vague and ambiguous, and will construe the term to mean UlaiTV and AhlaiTV branded set-top boxes.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. Defendants also filed pleadings and served discovery responses that are responsive to this request. DISH will produce any other documents it will rely on to establish that Fraifer receives financial benefits from the sale of the set-top boxes identified in this request.

24.     Please provide any and all documents or writings of any type or nature that Plaintiff believes proves or shows that TCI sells the subject set-top boxes.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the phrase "any and all documents or writings . . . that Plaintiff believes proves or shows" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced. DISH also objects to the term "set-top boxes" as vague and ambiguous, and will construe the term to mean UlaiTV and AhlaiTV branded set-top boxes. DISH objects to the request as unduly burdensome and not proportional to the needs of this case because Defendants request this same information in No. 11.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. Defendants also filed pleadings and served discovery responses that are responsive to this request. DISH will produce any other documents it will rely on to establish that TCI sells the set-top boxes identified in this request.

25.     Please provide any and all documents or writings of any type or nature that Plaintiff believes proves or shows that TCI profits from the sale of the subject set-top boxes.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the phrase "any and all documents or

writings . . . that Plaintiff believes proves or shows" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced. DISH also objects to the term "set-top boxes" as vague and ambiguous, and will construe the term to mean UlaiTV and AhlaiTV branded set-top boxes.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. Defendants also filed pleadings and served discovery responses that are responsive to this request. DISH will produce any other documents it will rely on to establish that TCI receives financial benefits from the sale of the set-top boxes identified in this request.

26.     Please provide any and all documents or writings of any type or nature that Plaintiff believes proves or shows that PCI sells the subject set-top boxes.

<u>Response</u>:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the phrase "any and all documents or writings . . . that Plaintiff believes proves or shows" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced. DISH also objects to the term "set-top boxes" as vague and ambiguous, and will construe the term to mean UlaiTV and AhlaiTV branded set-top boxes.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. Defendants also filed pleadings and served discovery responses that are responsive to this request. DISH will produce any other documents it will rely on to establish that PTI sells the set-top boxes identified in this request.

27.     Please provide any and all documents or writings of any type or nature that Plaintiff believes proves or shows that PCI profited from the sale of the subject set-top boxes.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the phrase "any and all documents or writings . . . that Plaintiff believes proves or shows" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced.  DISH also objects to the term "set-top boxes" as vague and ambiguous, and will construe the term to mean UlaiTV and AhlaiTV branded set-top boxes.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request.  Defendants also filed pleadings and served discovery responses that are responsive to this request.  DISH will produce any other documents it will rely on to establish that PTI receives financial benefits from the sale of the set-top boxes identified in this request.

28.    Please provide any and all documents that Plaintiff believes shows or demonstrates that Fraifer, individually, transferred the transcoded content to computer servers that were used by UlaiTV.com, AhlaiTV.com or PlanetiTV.com

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the phrase "any and all documents . . . that Plaintiff believes shows or demonstrates" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced.  DISH also objects to the term "transcoded content" as vague and ambiguous, and will construe the term to mean the Protected Channels.  DISH objects to the phrase "computer servers that were used by UlaiTV.com, AhlaiTV.com or PlanetiTV.com" because it misconstrues DISH's claim for direct copyright infringement in this case.  DISH further objects to the request as unduly burdensome and

not proportional to the needs of this case because Defendants request this same information in No. 16.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. Defendants also filed pleadings and served discovery responses that are responsive to this request. DISH will produce any other documents it will rely on to establish that Fraifer transmitted the Protected Channels.

29.   Please provide any and all documents or writings of any type or nature that Plaintiff believes shows or demonstrates that TCI transferred the transcoded content to computer servers that were used by UlaiTV.com, AhlaiTV.com or PlanetiTV.com

Response:   DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the phrase "any and all documents or writings . . . that Plaintiff believes shows or demonstrates" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced. DISH also objects to the term "transcoded content" as vague and ambiguous, and will construe the term to mean the Protected Channels. DISH objects to the phrase "computer servers that were used by UlaiTV.com, AhlaiTV.com or PlanetiTV.com" because it misconstrues DISH's claim for direct copyright infringement in this case. DISH further objects to the request as unduly burdensome and not proportional to the needs of this case because Defendants request this same information in No. 17.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. Defendants also filed pleadings and served discovery responses that are responsive to this request. DISH will produce any other documents it will rely on to establish that TCI transmitted the Protected Channels.

30.    Please provide any and all documents or writings of any type or nature that Plaintiff believes shows or demonstrates that PCI transferred the transcoded content to computer servers that were used by UlaiTV.com, AhlaiTV.com or PlanetiTV.com

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g). DISH further objects to the phrase "any and all documents or writings . . . that Plaintiff believes shows or demonstrates" as vague and ambiguous because it fails to describe with reasonable particularity each item or category of items sought to be produced. DISH also objects to the term "transcoded content" as vague and ambiguous, and will construe the term to mean the Protected Channels. DISH objects to the phrase "computer servers that were used by UlaiTV.com, AhlaiTV.com or PlanetiTV.com" because it misconstrues DISH's claim for direct copyright infringement in this case. DISH further objects to the request as unduly burdensome and not proportional to the needs of this case because Defendants request this same information in No. 18.

Subject to and without waiving these objections, Defendants have been provided copies of subpoena responses that are responsive to this request. Defendants also filed pleadings and served discovery responses that are responsive to this request. DISH will produce any other documents it will rely on to establish that PTI transmitted the Protected Channels.

31.    Please provide all Notices of Infringement sent by Plaintiff to Fraifer, individually.

Response:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the request as unduly burdensome and not proportional to the needs of this case because the notices of infringement were previously provided to Fraifer, and therefore are equally available to Defendants.

Subject to and without waiving these objections, DISH will provide the requested notices.

18

32.    Please provide all Notices of Infringement sent by Plaintiff to TCI.

<u>Response</u>:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the request as unduly burdensome and not proportional to the needs of this case because the notices of infringement were previously provided to TCI, and therefore are equally available to Defendants.

Subject to and without waiving these objections, DISH will provide the requested notices.

33.    Please provide all Notices of Infringement sent by Plaintiff to PCI.

<u>Response</u>:  DISH objects on the basis that Defendants' counsel failed to sign this request, as required by Fed. R. Civ. P. 26(g).  DISH further objects to the request as unduly burdensome and not proportional to the needs of this case because the notices of infringement were previously provided to PTI, and therefore are equally available to Defendants.

Subject to and without waiving these objections, DISH will provide the requested notices.

Dated: July 3, 2017

/s/ Timothy M. Frank
Joseph H. Boyle (*pro hac vice*)
Timothy M. Frank (*pro hac vice*)
HAGAN NOLL & BOYLE, LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone:  (713) 343-0478
Facsimile:  (713) 758-0146
Email:  joe.boyle@hnbllc.com
Email:  timothy.frank@hnbllc.com

James A. Boatman, Jr.
Florida Bar No. 0130184
THE BOATMAN LAW FIRM PA
3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105
Telephone:  (239) 330-1494
Facsimile:  (239) 236-0376
Email:  jab@boatman-law.com

Attorneys for Plaintiff DISH Network L.L.C.

## CERTIFICATE OF SERVICE

I certify that on July 3, 2017, I sent the foregoing by United States mail to the following:

Francis R. Lakel, Esq.
P.O. Box 331120
Miami, FL 33233

*Counsel for Defendants Gaby Fraifer,*
*Tele-Center, Inc., and Planet Telecom Inc.*

Kayla Derks

8/1/2017                    https://gunster.com/2015/06/be-careful-what-you-say-floridas-unsettled-defamation-law/



Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Phone: 713.343.0478
Fax: 713.758.0146
www.hnbllc.com

July 17, 2017
*VIA U.S. MAIL CM/RRR #7016 2140 0000 8174 7741*

Francis R. Lakel, Esq.
P.O. Box 331120
Miami, Florida 33233

**Re:    DISH Network L.L.C. v. Fraifer, No. 8:16-cv-02549-EAK-TBM (M.D. Fla.)**

Dear Mr. Lakel:

Enclosed, please find the Plaintiff's Response to Defendants' Second Set of Requests for Production. If you have any questions or concerns, please do not hesitate to contact me.

Best Regards,

*Kayla Derks*

Kayla L. Derks
Paralegal

/enclosure

Be careful what you say: Florida's unsettled defamation law

https://[illegible].com/2015/06/be-careful-what-you-say-floridas-unsettled-defamation-law/          8/1/2017

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DISH NETWORK L.L.C.,                    )          Case No. 8:16-cv-02549-EAK-TBM
                                        )
            Plaintiff,                  )
    v.                                  )
                                        )
GABY FRAIFER, TELE-CENTER, INC.,        )
and PLANET TELECOM, INC.,               )
individually and together d/b/a         )
UlaiTV, PlanetiTV, and AhlaiTV,         )
                                        )
            Defendants.                 )

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
SECOND SET OF REQUESTS FOR PRODUCTION**

Plaintiff DISH Network L.L.C. ("DISH") objects to each request on the basis that

Defendants' counsel failed to sign the requests, as required by Fed. R. Civ. P. 26(g).  DISH also

objects that the certificate of service represents the requests were served on June 12, 2017, when

in fact the requests were served on June 13, 2017.  Typographical errors in the following requests

are contained in the original.

1.       Please produce any and all documents sufficient to identify all past and present

owners of DISH Network LLC and their percentage of ownership at all times, including each

owners' last known street address, email address and telephone number.

Response:  DISH objects to this request as vague and ambiguous because DISH is a limited

liability company and therefore does not have "owners" but rather a member.  DISH further objects

to this request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of

this case because the identification of each and every past and present member of DISH has no

bearing on the claims and defenses in this case.  DISH also objects to providing any personal contact

information on the basis of privacy.

Be careful what you say: Florida's unsettled defamation law

Subject to and without waiving these objections, Defendants are referred to DISH's corporate disclosure statement previously filed in this case at Dkt. 17.

2. Please produce any and all documents sufficient to identify all past and present officers, directors and every person that has been employed by Plaintiff in relation to the contract negotiations and purchasing of the "protected channels", including documents specifying each person's last known address, email address, and telephone number.

Response: DISH objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because there are no time limitations, because any negotiations that preceded DISH's entry into agreements with providers of the Protected Channels and any payments made under those agreements are not at issue in this case, and because the phrase "every person that has been employed by Plaintiff" encompasses a wide range of persons, without regard to the extent of their involvement in DISH's acquisition of the Protected Channels. DISH also objects to providing personal contact information on the basis of privacy.

Subject to and without waiving these objections, DISH will produce relevant and redacted portions of its agreements with providers of the Protected Channels, which contain information that is responsive to this request, under the Court's protective order.

3. Please produce any and all documents, including emails, that Plaintiff and any of its employees exchanged with every one of the companies and their employees in regard to the contract negotiation and the purchasing of the protected channels.

Response: DISH objects to the phrase "every one of the companies and their employees" as vague and ambiguous. This phrase may be construed to render the request overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because it includes everything from the providers of the Protected Channels to companies affiliated with DISH. DISH further

2

objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because there are no time limitations, and because any negotiations that preceded DISH's entry into agreements with providers of the Protected Channels and any payments made under those agreements are not at issue in this case. DISH also objects that this request is unduly burdensome and not proportional to the needs of this case because the agreements encompassed by this request were previously sought by Defendants. DISH objects that the agreements, and other documents regarding contractual terms between DISH and providers of the Protected Channels, are confidential. DISH objects to the extent this request calls for documents protected by privilege.

Subject to and without waiving these objections, DISH will produce relevant and redacted portions of its agreements with providers of the Protected Channels, which contain information that is responsive to this request, under the Court's protective order.

4.      Documents sufficient to identify each one of the protected channels and all of the entities that own them, and all of the people involved in the negotiation and contractingof the protected channels or purchasing of the alleged copyrights to the so-called protected channels a nd the time period during which each had taken place and the location address of that place.

Response: DISH objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because there are no time limitations, because the phrase "entities that own them" is not limited to ownership interests or rights in the United States, because any negotiations that preceded DISH's entry into agreements with providers of the Protected Channels and any payments made under those agreements are not at issue in this case, and because the phrase "all of the people involved in the negotiation and contracting of the protected channels or purchasing of the alleged copyrights" encompasses a wide range of persons, without regard to the extent of their involvement in DISH's acquisition of the Protected Channels. DISH also objects

3

that this request is unduly burdensome and not proportional to the needs of this case because a list of the Protected Channels is set forth in the amended complaint and was provided to Defendants in response to prior discovery, and because Defendants state their request for documents identifying persons involved in acquiring the Protected Channels in No. 2, above. DISH objects that the agreements encompassed by this request, and other documents regarding contractual terms between DISH and providers of the Protected Channels, are confidential.

Subject to and without waiving these objections, DISH will produce relevant and redacted portions of its agreements with providers of the Protected Channels, which contain information that is responsive to this request, under the Court's protective order.

5.     All documents, including any contracts or agreements, concerning Plaintiff's right for or to each or all of the protected channels and any additional channels to which Plaintiff makes a claim.

Response: DISH objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because there are no time limitations, and because the phrase "right for or to each or all of the protected channels and any additional channels to which Plaintiff make a claim" is vague and ambiguous and may extend beyond the scope of this litigation, which concerns Defendants' infringement of DISH's exclusive rights to distribute and publicly perform works that aired on the Protected Channels. DISH further objects to this request as unduly burdensome and not proportional to the needs of this case because the agreements called for in this request were previously sought by Defendants. DISH objects that the agreements, and other documents regarding contractual terms between DISH and providers of the Protected Channels, are confidential. DISH objects to the extent this request calls for documents protected by privilege.

4

Subject to and without waiving these objections, DISH will produce relevant and redacted portions of its agreements with providers of the Protected Channels, which contain information that is responsive to this request, under the Court's protective order.

6.     Documents sufficient to identify each payment that Plaintiff made to acquire the right to or for the protecte channels or any of the additional channels.

Response: DISH objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because there are no time limitations, because any payments made under the agreements between DISH and providers of the Protected Channels are not at issue in this case, and because the phrase DISH's "right to or for the protecte channels or any of the additional channels" is vague and ambiguous and may extend beyond the scope of this litigation, which concerns Defendants' infringement of DISH's exclusive rights to distribute and publicly perform works that aired on the Protected Channels.  DISH objects that the payment records encompassed by this request, and other documents regarding contractual terms between DISH and providers of the Protected Channels, are confidential.

7.     All documents, including emails, exchanged by Plaintiff and each one of the Channel providers for any or all of the protected channels and any additional channels to which Plaintiff makes a claim.

Response: DISH objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because there are no time limitations, because any negotiations that preceded DISH's entry into agreements with providers of the Protected Channels and any payments made under those agreements are not at issue in this case, and because the phrase "documents . . . exchanged . . . for any or all of the protected channels and any additional channels to which Plaintiff makes a claim" is vague and ambiguous and may extend beyond the scope of this

5

litigation, which concerns Defendants' infringement of DISH's exclusive rights to distribute and publicly perform works that aired on the Protected Channels. DISH also objects that this request is unduly burdensome and not proportional to the needs of this case because the agreements encompassed by this request were previously sought by Defendants, and because Defendants state their request for documents exchanged with providers of the Protected Channels in No. 3, above. DISH objects that the agreements, and other documents regarding contractual terms between DISH and providers of the Protected Channels, are confidential.

Subject to and without waiving these objections, DISH will produce relevant and redacted portions of its agreements with providers of the Protected Channels, which contain information that is responsive to this request, under the Court's protective order.

8. All documents, including emails, exchanged between Plaintiff, or any of its affiliates, and Tulix and any or all of the other companies on the Subpoenas served by Plaintiff in this case.

Response: DISH objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because there are no time or subject matter limitations on the requested documents and communications, and because the phrase "Plaintiff, or any of its affiliates" is vague and ambiguous and may extend beyond the scope of this litigation.

Subject to and without waiving these objections, DISH will produce the documents received in response to subpoenas it has served in this case, with the exception of the response from Wowza Media Solutions, LLC which contained confidentiality restrictions as previously explained, but will be produced with Wowza's consent under the Court's protective order. DISH will also produce any notices of infringement sent to the subpoenaed non-parties, and any responses received from the subpoenaed non-parties, that it will rely on for purposes of this case.

6

9.     Documents sufficient to identify each payment that Plaintiff made to any or all suppliers of the protected channels and/or additional channels in this case.

Response:  DISH objects to the request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of this case because there are no time or subject matter limitations on the requested payments, because any payments made under the agreements between DISH and providers of the Protected Channels are not at issue in this case, and because the phrase "additional channels" is vague and ambiguous and may extend beyond the scope of this litigation, which concerns Defendants' infringement of DISH's exclusive rights to distribute and publicly perform works that aired on the Protected Channels.  DISH further objects that this request is unduly burdensome and not proportional to the needs of this case because Defendants state their request for payment records in No. 6, above.  DISH objects that the payment records encompassed by this request, and other documents regarding contractual terms between DISH and providers of the Protected Channels, are confidential.

Dated:  July 17, 2017

/s/ Timothy M. Frank
Joseph H. Boyle (*pro hac vice*)
Timothy M. Frank (*pro hac vice*)
HAGAN NOLL & BOYLE, LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone:  (713) 343-0478
Facsimile:  (713) 758-0146
Email:  joe.boyle@hnbllc.com
Email:  timothy.frank@hnbllc.com

James A. Boatman, Jr.
Florida Bar No. 0130184
THE BOATMAN LAW FIRM PA
3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105
Telephone:  (239) 330-1494

7

Facsimile:  (239) 236-0376
Email:  jab@boatman-law.com

Attorneys for Plaintiff DISH Network L.L.C.

## CERTIFICATE OF SERVICE

I certify that on July 17, 2017, I sent the foregoing by United States mail to the following:

Francis R. Lakel, Esq.
P.O. Box 331120
Miami, FL 33233

*Counsel for Defendants Gaby Fraifer,*
*Tele-Center, Inc., and Planet Telecom Inc.*

Kayla Derks

8