UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

DISH NETWORK, LLC,
a Colorado limited liability company,

    *Plaintiff*, *Counterclaim-Defendant*,

v.

GABY FRAIFER, an individual Florida resident,
PLANET TELECOM, INC., a Florida corporation,
and, TELE-CENTER, INC., a Florida corporation,

    *Defendants*, *Counterclaim-Plaintiffs*.

_____/

Case No. 8:16-cv-2549-EAK-CPT
Honorable Elizabeth A. Kovachevich
Magistrate Judge Christopher P. Tuite

## NOTICE OF COMPLIANCE AND CERTIFICATION OF CONFERENCE

Planet Telecom, Inc. ("PTI"), Tele-Center, Inc. ("TCI") and Gaby Fraifer ("Fraifer") ("Defendants"), filed their Amended Motion For Summary Judgment (Dkt. 217). At the time of filing, pursuant to ¶6(b) of the Case Management Order ("CMO") (Dkt. 50), counsel for Defendants certified that they conferred with Plaintiff on numerous occasions, throughout March and April 2019, prior to the filing of their motion in an attempt to narrow the legal and factual issues in dispute, but were unable to do so. Counsel for Defendants further certified that Defendants conferred with Plaintiff's counsel, once again, on May 2, 2019, prior to the filing of Defendants' Motion. However, because Plaintiff's counsel was traveling with family, the parties were unable to complete their meet and confer. The parties, however, mutually agreed to continue their meet and confer in good faith on May 6, 2019, upon Plaintiff's counsel's return.

Accordingly, Defendants' counsel, pursuant to the Local Rules[1] and ¶6(b) of the CMO, informed the Court that it would promptly update the Court upon completion of the same.

Having now received confirmation from Plaintiff, in an abundance of caution, Defendants hereby provide its notice of compliance and the following amended certification:

## DEFENDANTS' CERTIFICATION OF CONFERENCE

In accordance with paragraph 6(b) of the Court's Case Management and Scheduling Order (Dkt. 50), Defendants Planet Telecom, Inc. ("PTI"), Tele-Center, Inc. ("TCI") and Gaby Fraifer ("Fraifer") (collectively, the "Defendants") certify that the parties conferred in good faith for "the purpose of narrowing the factual issues in dispute" but were unable to do so. Accordingly, Defendants file this Certification of Conference to confirm to the Court that the parties were not able to reach "full agreement as to the undisputed facts" supporting Defendants' motion for summary judgment.

Dated: May 9, 2019   By:  /s/ *Joseph R. Sozzani*
Joseph R. Sozzani (FBN: 120297)
*Board Certified Intellectual Property Law*
E-Mail: jsozzani@InfinityIPLaw.com
INFINITY IP, PLLC
222 West Bay Drive
Largo, FL 33770
Tel: 727.687.8814

*Counsel for Defendants*

---

[1] Local Rule 3.01(g), while not applicable to motions for summary judgment, provides the following guidance: "A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion." Although Defendants met and conferred with Plaintiff on numerous occasions prior to the filing of its motion for summary judgment in an effort to narrow the legal and factual issues in this matter, in an abundance of caution, Defendants file this Notice to inform the Court of its compliance with the procedures set forth in ¶6(b) of Dkt. 50.

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of May 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Plaintiff, Dish Network, L.L.C., and all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Joseph R. Sozzani*
Joseph R. Sozzani