# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA (TAMPA DIVISION)

DISH NETWORK, LLC,
a Colorado limited liability company,

     *Plaintiff, Counterclaim-Defendant*,

v.

GABY FRAIFER, an individual Florida resident,
PLANET TELECOM, INC., a Florida corporation,
and, TELE-CENTER, INC., a Florida corporation,

     *Defendants, Counterclaim-Plaintiffs*.

_____/

Case No. 8:16-cv-2549-EAK-CPT
Honorable Elizabeth A. Kovachevich
Magistrate Judge Christopher P. Tuite

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT[1]

Planet Telecom, Inc. ("PTI"), Tele-Center, Inc. ("TCI") and Gaby Fraifer ("Fraifer") ("Defendants"), by and through their undersigned counsel, hereby Reply to Dish Network, LLC's ("Plaintiff") Response (Dkt. 224) ("Response") and in support, state as follows:

## I. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON COUNT I BECAUSE PLAINTIFF HAS FAILED TO MEET ITS BURDEN OF PROOF

**A. Plaintiff failed to identify even a single unregistered work throughout this case.**

It is well established in the Eleventh Circuit that a plaintiff alleging copyright infringement must identify the "specific original work(s)" it alleges are infringed, facts establishing ownership of such works, adherence to the registration precondition and the acts and times infringement is alleged. This minimum threshold of due process is *required* in order to allege a valid claim of copyright infringement and to provide a defendant with sufficient notice of the claim(s) against it.

To state a claim for copyright infringement, the plaintiff **must** allege ***(1) the specific original work that is the subject of the copyright claim; (2) that the plaintiff owns***

---

[1] This Reply is filed as a corrective filing to Dkt. 227. The linked event selected at the time of filing was incorrect. A link to Dkt. 224 was not available as a selection in the EC/MF and the incorrect PDF file was uploaded in error.

*the copyright in the work; (3) that the work in question has been registered in compliance with the statute; and (4) by what acts and during what time the defendant has infringed the copyright.*

*Home Design Servs. v. Hibiscus Homes of Fla., Inc.*, 2005 U.S. Dist. LEXIS 32788, at *22 (M.D. Fla. 2005) citing *Klinger v. Weekly World News,* 747 F. Supp. 1477, 1481 (S.D. Fla. 1990) (same); *see also Kirby Rambo Collections, Inc. v. Lee Cty.*, 2018 U.S. Dist. LEXIS 84709, at *9 (M.D. Fla. May 21, 2018) (same) *Magical Mile, Inc. v. Benowitz*, 510 F. Supp. 2d 1085, 1087 (S.D. Fla. 2007); *Sater Grp., Inc. v. Jack Bartlett Custom Homes Creations, Inc.*, 2007 U.S. Dist. LEXIS 2353, at *3-4 & n.1 (M.D. Fla. 2007) (dismissing complaint); *see also* Dkt. 217, at 5-7, n.2 & 3.

Even multiple discovery requests, Plaintiff failed to identify even a single unregistered foreign work.[2]  Instead, Plaintiff improperly attempted to identify such works, for the very first time, in declarations attached to its motion for summary judgment, long after the close of discovery. *Id.*, *see also* Dkt. 146.  Not only is such an attempt procedurally improper as a trial by surprise, but also extremely prejudicial. *See* Dkt. 217, n.4.  Defendants could not possibly test the veracity of, nor develop its defenses to such claims at this juncture. Thus, as the District Court held in *Mosley*, this Court should not allow Plaintiff to expand the scope of this litigation, three years after the filing of its Complaint, to do so would result in manifest injustice.  *Kernel Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1373 (S.D. Fla. 2011).  ("Defendants would be prejudiced by allowing an amendment to the complaint at this juncture.") (denying motion to amend).

Plaintiff's reliance on, and mischaracterization of, inapposite case law, all relating to Rule 12(b)(6) motions to dismiss at the pleadings stage and not at the summary judgment phase, should

---

[2] Although it was Plaintiff's obligation to identify the subject matter of its claims, its assertion identification of the unregistered works was never requested during discovery is patently false.  *See* Dkt. 224, at n.3; *see also* Dkt. 217-1, SOUF 11 N.2 (Dish's corporate representative testified the unregistered works would have been identified in the network agreements; the agreements fail to identify any specific works whatsoever); *see also* Dkt. 217-2, Fraifer Decl., at ¶ 12 (confirming discovery requests and multiple follow up inquiries).

be rejected by this Court.  Response, at pp.1-3, *see also Saregama India Ltd. v. Mosley*, 687 F. Supp. 2d 1325, 1336 (S.D. Fla. 2009) *aff'd* 635 F.3d 1284 (11th Cir. 2011) ("[D]iscovery has closed and [Plaintiff] is obligated to proffer evidence of ownership at this juncture in order to survive summary judgment.").  For example, in *3Lions Publ'g, Inc. v. Marketresearch.com, Inc.*, 2014 WL 1269597 (M.D. Fla. 2014), Judge Scriven found that while the standard is low to survive a motion to dismiss at the pleadings stage, "Plaintiff should be required to provide a more definite statement as to the factual details of its copyright infringement claim." *Id.* at Order, p.4.  What Plaintiff fails to disclose is that the Court ultimately found that plaintiff's copyright infringement complaint was deficient *inter alia* because it failed to: (1) "allege the specific date on which Defendant infringed its copyright", (2) "no registration [existed for the version of the website allegedly infringed]" and, most significantly, (3) "***it is unclear whether Plaintiff owned a valid copyright for the allegedly infringed work at the time of the infringement and what specific alleged protected work it contends Defendant infringed***." *Id.* (emphasis added); *see also GlobalOptions Servs., Inc. v. N. Am. Training Corp., Inc.,* 131 F.Supp.3d 1291, 1299 (M.D. Fla. 2015) (where "form and nature" was known because contract identified the computer programs).

**B.     Defendants are entitled to judgment because Plaintiff fails to meet the burden of proof required under Eleventh Circuit law to establish standing to assert foreign works.**

As the Eleventh Circuit has repeatedly held, in order to survive summary judgment, a Plaintiff alleging copyright infringement of foreign works must prove ownership pursuant to foreign law and exemption from the registration requirement of 17 U.S.C. 411(a).  *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1304-5 (11th Cir. 2012).  Plaintiff has failed to meet its burden in providing proof of ownership of the registered and unregistered works.  Additionally, Plaintiff has failed to meet its burden to evidence first publication of even a single work in a foreign nation as required by the Eleventh Circuit, instead relying on conclusory statements. "Without evidence of

the exact timing and geographic extent of first publication, it would be impossible to determine whether a work met the statutory definition of a "United States work," or was instead a foreign work for purposes of a copyright. Of course, if a distribution is insufficient to establish publication, the timing and geographic extent of the deficient distribution is immaterial." *Id.* Moreover, "[b]ecause the statutory definition of "United States work" contains strict temporal and geographic requirements (e.g., "first," "simultaneously," "in the United States," "foreign nation," and "treaty party"), 17 U.S.C.S. 101, a determination that a work was first published abroad requires both: (1) an examination of the method, extent, and purpose of the alleged distribution to determine whether that distribution was sufficient for publication, and (2) an examination of both the timing and geographic extent of first publication to determine whether the work was published abroad." *Id.* Plaintiff bears the burden of proving a foreign work is exempt from the registration requirement.

The *Casa Dimitri* Court, applying *Mosley* summarily encapsulates the Eleventh Circuit requisite burden of proof under facts and a procedural posture identical to those at issue here:

> "***Even as the non-moving party on a summary judgment motion***, ***a 'plaintiff that claims his published work is exempt from the registration requirement must prove that the first publication occurred abroad***.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1304-05 (11th Cir. 2012). "This requires the plaintiff to first prove a publication: that the method, extent, and purpose of the distribution meets the Copyright Act's requirements for publication." *Id.* at 1305. Publication can occur "when an authorized offer is made to dispose of the work in any such manner[,] even if a sale or other such disposition does not in fact occur." *Id.* at 1303. "Once the plaintiff has proven publication, *he must then prove that the publication was, in fact, the first publication*, and that the geographic extent of this first publication diverges from the statutory definition of a 'United States work.'" *Id.* at 1305 (emphasis added). A "United States work" is defined as work that is first published:
>
> "(A) in the United States; (B) simultaneously in the United States and another treaty party or parties, whose law grants a term of copyright protection that is the same as or longer than the term provided in the United States; (C) simultaneously in the United States and a foreign nation that is not a treaty party; or (D) in a foreign nation that is not a treaty party, and all of the authors of the work are nationals, domiciliaries, or habitual residents of, or in the case of an audiovisual work legal entities with headquarters in, the United States." 17 U.S.C. § 101.

*See Casa Dimitri Corp. v. Invicta Watch Co. of Am.,* 270 F. Supp. 3d 1340, 1349-50 (S.D. Fla. 2017) (following *Mosley,* refusing to consider conclusory statements in Plaintiff's testimony regarding first publication, not reaching ownership, granting summary judgment to Defendants).

Here, as in *Casa Dimitri, Mosley* and *Saregama,* "Plaintiff[] fail[s] to meet their burden of demonstrating that the [admittedly unregistered foreign] works at issue are exempt from registration. *See Mosley* at 1304-05 (A "plaintiff that claims his published work is exempt from the registration requirement must prove that the first publication occurred abroad.")." *Id.* "Without sufficiently probative evidence of [Plaintiff's alleged works] being [] foreign work[s] exempt from registration, and without a certificate of registration, [Plaintiff's] infringement suit was over before it began." *Id.; see also Celotex Corp.,* v. *Catrett,* 477 U.S. 317, 322 (1986) ("Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). Because Plaintiff admits the foreign works are unregistered and has failed to marshal evidence establishing, as it must, that such foreign works are exempt from registration, Defendants are entitled to summary judgment as to the unregistered works on this basis alone.[3] *See Mosley,* 694 F.3d at 1312; *Casa Dimitri,* 270 F. Supp. 3d at 1351.

**C.**   **Defendants are entitled to summary judgment because Plaintiff has failed to establish initial ownership of any of the works and, thus, lacks standing under 17 USC 501(b).**

"To make out a prima facie case of copyright infringement, a plaintiff must show that (1) it owns a valid copyright in the [work] and (2) defendants copied protected

---

[3] Plaintiff's argument relying on *Imperial Residential Design* regarding Defendants' ability to challenge the validity of the rights Plaintiff purports to hold "is without merit" and "misquote[d]" for the same reasons the Court noted in *Saregama. Saregama India Ltd. v. Mosley,* 687 F. Supp. 2d 1325, 1334 (S.D. Fla. 2009). As that Court found, "the mere fact that [Plaintiff's] corporate representative . . . believe[s] that [Plaintiff] owns . . . copyright[s] does not preclude inquiry into the terms of the Agreement." *Id,* at 1335 *aff'd* 635 F.3d 1284 (11th Cir. 2011); *see also* Dkt. 217, at pp. 8-9 (citing additional case law clarifying the narrow application of *Imperial*).

elements from the [work]." *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters., Int'l*, 533 F.3d 1287, 1300 (11th Cir. 2008). [Plaintiff] thus bears the burden of proving that it owns the . . . copyright[s]."

*See Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011).

Plaintiff has not even attempted to prove the initial ownership of *any* of the asserted works, including the registered works.  Instead, the evidentiary record in this case is devoid of even a single agreement, from a single author of even a single work, identifying initial ownership of *any* works or a valid exclusive assignment of any rights from an initial author to any of the foreign networks or Plaintiff as required to prove ownership and standing under both U.S. and foreign law. *Id.*; *see also* 17 U.S.C. 501(b); Ex. 1, *El Turk Decl.*; Dkt. 217-3, at ¶¶ 6-7., 9-10.  The parties agree that "[i]nitial ownership of a copyrighted work is determined by the laws in the work's country of origin." *Id.*, 635 F.3d at 1290 citing *Lahiri v. Universal Music & Video Distrib., Inc.*, 513 F. Supp. 2d 1172, 1176 n.4 (C.D. Cal. 2007).[4]  Under UAE law, the author is the initial owner of a work.

_____

[4] Plaintiff's contention that *Lahiri* was called into doubt by a district court in the 4th Circuit is false and misleading.  *See* Dkt. 224, n.4.  The *Seoul* Court simply noted the matter was open in the 4th Circuit and determined it had no occasion to consider the issue in that case.  The *Lahiri* Court held that the presumption of validity of a U.S. copyright registration under 17 U.S.C. 410(c) does not apply when determining initial ownership of a foreign work because ownership must be determined under foreign law. *See Lahiri*, 513 F. Supp. 2d at 1178 ("Lahiri's copyright registration, which would ordinarily raise a presumption of copyright ownership under American law, is irrelevant here - as ownership is determined according to India's copyright law."); see also *Id.*, at 1174, n.1 ("[T]his presumption is inapplicable here, as the copyright ownership of *Thoda* is determined by India's copyright law.") (granting Defendants Motion for Summary Judgment on ownership).  *Lahiri* has been cited favorably by the 11th Circuit (and courts in the S.D. and M.D. Fla.). *See Saregama*, 635 F.3d 1290 (11th Cir. 2011); *RCTV*, 2016 U.S. Dist. LEXIS 136867, at *37-40 (S.D. Fla. 2016) (finding Venezuelan law governed "the issue of transfer and the scope of that transfer" where "the transfer occurred in Venezuela, and arose from an employer/employee relationship established and maintained in Venezuela")(heavily criticizing and rejecting the unpublished default holding in *Dish Networks, LLC v. TV Net Sols., LLC,* 2014 U.S. Dist. LEXIS 165120 (M.D.Fla. 2014) because it was unpersuasive and "engaged in a conflated analysis.")(a case, ironically, also citing *Lahiri* favorably);  *Glass Egg Dig. Media*, 2018 U.S. Dist. LEXIS 130219, at *6 (N.D. Cal. 2018) (In determining which country has the "most significant relationship" to the work, courts consider as relevant factors, the alleged nationality of the author and the place of initial creation.).

*See* Dkt 217-3, Ex. 1, El Turk Decl., at ¶¶9-17; see also El Turk Decl. ¶¶18-25. Plaintiff has failed to meet its burden in both establishing the initial owners of any of the registered works or a valid transfer from such authors under either U.S. or foreign law.  *See* Ex. 1, El Turk Decl, at ¶¶4-33, Exs. 1-4; *see also* Fraifer Decl., ¶¶14-15 and Ex. 2 & 3 (screen captures evidencing the multiple joint authors and performers of the registered works); Dkt. 217-3, ¶¶ 16-25, SOUF at ¶¶ 26-28. Without proving the initial authors, Plaintiff cannot meet its burden in proving it holds a valid exclusive right in any of the works, and thus lacks standing to proceed.  *See Saregama*, 635 F.3d at 1290-1 (A plaintiff asserting a foreign work "bears the burden" and "must meet the statutory standing requirement contained in the Copyright Act of 1976, 17 U.S.C. § 501(b), which provides that only the legal or beneficial owner of an "exclusive right" has standing to bring a copyright infringement action in a United States court."); *see also* n.2 *supra*; Ex. 1, El Turk Decl., at ¶¶ 26-32; *see also* Dkt. 217-3, ¶¶ 3-25.  Plaintiff's argument that the works at issue are Collective Works under UAE law are entirely without merit.  *See* Ex. 1, El Turk Decl., at ¶¶ 4-29 and Ex. 3. Collective Works are a species of compilation such as a dictionary or encyclopedia, not an audiovisual work.  *Id.*; *see also* 17 U.S.C. 101 (defining "Collective Works" and "Joint Works"). Plaintiff has failed to produce any evidence whatsoever in support of its contention the works are Collective Works.  Instead, the undisputed evidence proves the works are, in fact, joint works by multiple identifiable authors of the registered works. *Id.*

Plaintiff cannot rely upon declarations that "baldly" contain "unsupported, conclusory, and general attestations" regarding initial ownership of foreign works.  *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1304-05, 1310 (11th Cir. 2012); *Casa Dimitri Corp.*, 270 F. Supp. 3d at 1351. Such statements "lack[] probative value, and [are] insufficient to prevent a grant of summary judgment [against the 'nonmovant plaintiff']." *Id.*  Plaintiff has failed to establish through admissible

evidence, the initial ownership of any of the works, exemption from the registration requirement and standing as an exclusive licensee. Thus, Defendants are entitled to summary judgment.

## II.   THE REGISTERED WORKS ARE INVALID AS A MATTER OF LAW

### A.   The presumption of validity in a copyright registration does not apply in assessing ownership under foreign law and even if it does apply, the presumption is overcome.

As evidenced by Plaintiff's agreements with MBC, and MBC's own agreements with third-parties, MBC's attempts to prospectively license works on a wholesale basis are invalid as a matter of UAE Copyright Law.  *See* Ex. 1, El Turk Decl., at ¶¶ 4-33, Ex.1-4; *see also* Dkt. 217-3, at ¶¶ 4-37.  Plaintiff admits in its Response that of the MBC Works were not identified in the agreements and that the works were all prospectively assigned. *See* Dkt. 224-3, at ¶12 ("***[T]he MBC Works are not specifically identified by name in the agreements because the MBC Works had not been produced at the time the agreements were entered***.")  Accordingly, as a matter of UAE Copyright Law, the agreements Plaintiff relies upon for its alleged exclusive rights are null and void for affecting a prospective transfer of more than five works. *See* Ex. 1, El Turk Decl., at ¶12; Dkt. 217-1, at ¶¶29-33, 217-3, at ¶¶4-13.  Additionally, notwithstanding that Plaintiff has failed to prove any assignment from the authors of the works, because Plaintiff admits that the agreement fails to identify the works it alleges were exclusively licensed, including any of the registered works, the agreement is invalid for failure to adhere to the formal requirements of a valid transfer of copyright pursuant to UAE Copyright Law (Art. 25) requiring *inter alia* identification of the specific works conveyed and also could not have affected a transfer under 17 U.S.C. 204(a) because, as Plaintiff argues, the works did not yet exist.  *See Id*; *see also* Response, at 16-17.  Works made for hire and prospective transfers are invalid under UAE law, the registered works are invalid and unenforceable. See Ex.1; Dkt. 217-3.

MBC further admits in its declaration [Dkt. 224-3, ¶19, Ex. 3] that at the time it entered into its agreement with Plaintiff, it had an existing exclusive licensing agreement with JumpTV in North America.[5]  *Id*.  MBC has not produced any evidence it terminated the JumpTV agreement which predates its agreement with Dish.  *Id*.  Thus, it could not have granted Plaintiff an exclusive right in its initial 2008 agreement, which has simply been amended since that time to extend the agreement, never addressing this significant defect.  Plaintiff has never held an exclusive right to any MBC Works.  *See Hyperquest, Inc. v. N-Site Solutions, Inc.,* 632 F.3d 377, 385 (7th Cir. 2011).

Courts in the 2nd, 9th and 11th Circuits have all held that in determining ownership of foreign works, "reliance on a copyright certificate as prima facie evidence [i]s inappropriate because '[i]ssuance of [a copyright] certificate is not a determination concerning applicability of the work-for-hire doctrine.' . . . a copyright certificate is not 'a resolution of any issue concerning ownership [under foreign law.]'" *RCTV*, 2016 U.S. Dist. LEXIS 136867, at *28 (S.D. Fla. 2016); *see also Lahiri*, 513 F. Supp. 2d 1172, 1174 n.1 (C.D. Cal. 2007) (same) (granting summary judgment for Defendant); n.2 *supra*.  Works made for hire and prospective transfers are invalid under UAE law, the registered works are invalid and unenforceable. See Ex.1; Dkt. 217-3. *See* Dkt. 217-3, ¶¶ 6-12.

**B.     The Foreign Works asserted in this litigation are United States Joint Works.**

Plaintiff's agreements with all of the foreign networks expressly required that the networks *simultaneously* publish all of its programming in the United States and the Middle East. (Dkt 217-1, SOUFs 17-21, 43-44, 50-51, 93-94, 99-100, 113-114, 118 and 119) *See e.g.,* Dkt. 146, Ex. 9, p.19, § 4.1.1. ("***The Signal shall be time delayed by Network so that the content as broadcast in its country of origin corresponds to the prevailing time on the east coast of the United States.***").

---

[5] Plaintiff has, once again, produced an agreement for the very first time which it withheld throughout discovery. Moreover, Plaintiff's expert, Mr. Metral, improperly attempts to supplement his expert report through a declaration, long after the deadline for Expert Disclosures in this matter, each in violation of Dkt. 50 and Fed. R. Civ. P. 37.

Plaintiff admits simultaneous publication globally through the Internet and via satellite transmission. (*Id*.; see also SOUFs 45-46) *see also* Dkt. 62, at ¶ 13 (***OTT, IPTV & Internet***). Plaintiff failed to dispute, and thus admits, in its Response that the works, including the MBC registered works, were simultaneously published in the U.S. and Iran and Iraq, which are non-treaty countries. Thus, this fact is admitted, invoking 17 U.S.C. 101(C), 104, confirming the works are U.S. works as a matter of law.  A work published in a foreign country and the U.S. on the same day or within 30 days in the U.S. is a United States work. *See* USCO Compendium, 612.7(J) Nation of First Publication: Works Published in Multiple Countries; 17 U.S.C. 104(b).  The undisputed record evidence establishes that the works at issue in this case are United States works and Plaintiff has failed to prove otherwise. Plaintiff provides no evidence of initial ownership, first publication or valid transfer and cannot establish standing or avoid that the works are U.S. works under 411(a).

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)**

Pursuant to Local Rule 3.01(g), I hereby certify that I have conferred with Plaintiff's counsel and Plaintiff opposes the relief requested.

Dated: June 24, 2019                    By:  /s/ Joseph R. Sozzani
                                              Joseph R. Sozzani, Esq. (FBN: 120297)
                                              JSozzani@InfinityIPLaw.com
                                              222 West Bay Dr
                                              Largo, FL 33770
                                              Tel: 727.687.8814

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on the 24th day of June, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will transmit Notices of Electronic Filing to Plaintiff, Dish Network, LLC and all counsel of record.

Dated: June 24, 2019                    By:    */s/ Joseph R. Sozzani*
                                              Joseph R. Sozzani