UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(TAMPA DIVISION)

DISH NETWORK, LLC,
a Colorado limited liability company,

    *Plaintiff*, *Counterclaim-Defendant*,

v.

GABY FRAIFER, an individual Florida resident,
PLANET TELECOM, INC., a Florida corporation,
and, TELE-CENTER, INC., a Florida corporation,

    *Defendants*, *Counterclaim-Plaintiffs*.
_____/

Case No. 8:16-cv-2549-EAK-CPT
Honorable Elizabeth A. Kovachevich
Magistrate Judge Christopher P. Tuite

## DEFENDANTS' MOTION TO AMEND ANSWER AND MEMORANDUM OF LAW IN SUPPORT

Planet Telecom, Inc. ("PTI"), Tele-Center, Inc. ("TCI") and Gaby Fraifer ("Fraifer") ("Defendants"), by and through their undersigned counsel, for good cause shown, pursuant to Federal Rule of Civil Procedure 15(a)(2) respectfully request that this Court grant its Motion to Amend ("Motion") Defendants' Answer to Plaintiff Dish Network, LLC's ("Dish") Amended Complaint [Dkt. 62] ("Amended Complaint").

I.    **INTRODUCTION AND BACKGROUND**

Granting Defendants' Motion to Amend and clarify the averments of its answer [Dkt. 79] and to expressly recite its defenses to comport with the evidence of record and issues briefed by the Parties in their summary judgment briefing, currently pending before this Court, serves the interest of justice, and is not prejudicial to Plaintiff. By contrast, denying the requested relief would deprive Defendants of effectual, valid defenses, thus frustrating justice and further enlarging this dispute.

First, the defenses raised in Defendants' proposed First Amended Answer (attached

hereto as "Exhibit A") are each based upon operative facts that Plaintiff has expressly or inherently *admitted* in bringing this action as the purported exclusive licensee of the copyright registrations recited in its Complaint.

Second, Plaintiff admits that it produced new information, previously requested by Defendants, as attachments to declarations in both its Motion for Summary Judgment [Dkt. 146] and Plaintiff's Response to Defendants' Amended Motion for Summary Judgment [Dkt. 217, 224] which has revealed numerous meritorious defenses relating to Plaintiff's allegations of copyright infringement. *See* Dkts. 50 (CMO, setting "Discovery Cut-Off date as March 3, 2018); 146 (attaching declarations from individuals Defendants' expressly sought the identity of in multiple discovery requests and follow up correspondence, wherein Plaintiff expressly refused to identify such individuals based upon its unilateral determination such witnesses were "irrelevant");  214, at pp. 5-6 (admitting the production of numerous documents after the close of discovery), 223 (Defendants Response in Opposition to Dkt. 214, revealing Plaintiff's judicial admissions and obstreperous behavior during discovery), 224 (Most recently, Plaintiff's production of previously undisclosed information, attaching yet another agreement, not produced during discovery which further evidences the non-exclusive nature of the license agreements Plaintiff relies upon).

Additionally, while Plaintiff has already filed its amended Complaint [Dkt. 72], Defendants have not previously moved the Court to amend their Answer.  This, because Defendants were never provided with the information they sought throughout discovery in this matter.  Indeed, because Plaintiff chose to withhold discoverable information throughout discovery, despite Defendants' many requests for such information during the discovery period in this litigation and two Motions to Compel, followed by the withdrawal of Defendants'

counsel, despite its diligence, Defendants simply could not have amended its Answer sooner.

Third, Plaintiff conducted extensive fact discovery in this matter and concedes it has "thoroughly briefed" all of the legal issues relating to its affirmative claims. *See* Dkt. 208, at 2. Moreover, the parties have now fully briefed this Court in their recently filed summary judgment motions regarding the defenses Defendants wish to amend their answer to include. *See* Dkts. 217, 224 and 228 *c.f.* Ex. "A" (Defendants' proposed First Amended Answer). Thus, the amendments contained in Defendants' First Amended Answer will not require additional briefing by the parties but will only serve to memorialize the defenses already briefed, which are now pending before this Court. *See* Dkt. 205 (placing Plaintiff on notice of all such defenses on March 18, 2019); *See* Dkt. 214-1, at ¶18 (admitting Plaintiff conferred with Defendants' regarding their intention to file a Motion to Amend Answer as early as April 23, 2019).

Fourth, for the reasons already discussed and further expounded upon below, none of the factors that militate against amendment are present here. Instead, Defendants respectfully move this Court for good cause. Plaintiff, not Defendants, have caused undue delay, exhibiting bad faith and dilatory motive in withholding crucial documents and information throughout this case.

Fifth, denial of Defendants' motion would severely prejudice Defendants and lead to waste of this Court's and the Parties' resources in unwarranted and unnecessary litigation. Accordingly, consistent with the liberal standard that applies to motions for leave to amend pleadings pursuant to Rule 15(a)(2), so this case may be decided upon the merits, Defendants respectfully request that the Court grant Defendants' request to amend their answer.

**MEMORANDUM OF LAW**

II.   **LEGAL STANDARD**

A.   **Federal Rules of Civil Procedure 15(a)(2).**

A decision whether to grant or deny a motion for leave to file an amended pleading is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Federal Rule of Civil Procedure 15(a)(2) is permissive, and provides that leave to amend pleadings "shall be freely given when justice so requires." The permissive nature of Rule 15 is manifest. Indeed, "[t]he court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits."). *See* Fed. R. Civ. P. 15(b)(1); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); *see also Id.*, at Advis. Comm. Notes for 1983 Amend. (This court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the [amendment].").

As the United States Supreme Court and the Eleventh Circuit have recognized, Rule 15(a), upon a showing of good cause pursuant to Rule 16(b)(4), limits a district court's discretion to deny leave to amend. *Foman*, 371 U.S. at 182; *see also Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) ("Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial."). There must be a "justifying reason" for a court to deny leave to amend. *Id.*

In deciding whether to grant leave to amend, the Court may consider the following factors: bad faith, undue delay or dilatory motive, repeated failure to cure deficiencies by previously permitted amendments, undue prejudice to the opposing party or futility of the

amendment. *Grayson v. Kmart Corp.*, 79 F.3d 1096, 1109 (11th Cir. 1996); *see also Maynard v. Regents of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003).

**B.     Amendments to Assert the Defense of Standing.**

Where a defendant seeks to amend its answer to include defenses which relate to standing, such defenses must be allowed and do not require a showing of good faith. As the Eleventh *Circuit* has held, "every court has an independent duty to review standing as a basis for jurisdiction at any time, for every case it adjudicates," *Fla. Ass'n of Med. Equip. Dealers v. Apfel*, 194 F.3d 1227, 1230 (11th Cir. 1999), and therefore "[s]tanding may be raised at any time by either the parties or the Court," *Insect Sci. Res., LLC v. Timberline Fisheries Corp.*, 2010 U.S. Dist. LEXIS 9934, at *7 (N.D. Ga. Feb. 3, 2010); *see also Ramnarine v. RG Grp., Inc.*, No. 12-80264-CIV-MARRA/BRANNON, 2012 U.S. Dist. LEXIS 94153, at *8 (S.D. Fla. July 6, 2012) (explaining that "[l]ack of standing . . . is a jurisdictional defense and thus may be raised at any time in the litigation").

"The standing requirement stems from Article III of the United States Constitution, which limits the subject matter jurisdiction of federal courts to 'cases' and 'controversies.'" *Insect Sci. Res.*, 2010 U.S. Dist. LEXIS 9934, at *7-8 (citing U.S. Const., art. III, § 2). "If a plaintiff lacks standing to bring an action, subject matter jurisdiction is absent and the court must dismiss the case." 2010 U.S. Dist. LEXIS 9934, at *9. *Citibank v. Pietranico*, 2012 U.S. Dist. LEXIS 193289, at *19-20 (N.D. Ga. Aug. 17, 2012) ("Therefore, Defendant [] is not required to show good cause for filing her motion to amend her answer to assert affirmative defenses based on standing after the deadline for filing motions because she may raise her standing defenses at any time.").

1.   *Standing To Sue For Alleged Infringement Of Foreign Works As A Purported Exclusive Licensee Under The U.S. Copyright Act And Eleventh Circuit Law.*

Standing in copyright infringement cases relating to the assertion of foreign works by a purported exclusive licensee in such rights is governed by U.S. Copyright Act, 17 U.S.C. § 101 *et seq.*, and the law of the circuit construing the same. *See* 17 U.S.C. 501(b) ("[Only] [t]he legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it."); *see also* 17 U.S.C. 204(a) ("A transfer of copyright ownership, other than by operation of law, *is not valid unless* an instrument of conveyance, or a note or memorandum of the transfer, *is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent*."); 17 U.S.C. §101, 104 (defining "United States work") [1]; 17 U.S.C. 411(a) (reciting the registration requirement, which is not jurisdictional, but nonetheless a condition precedent to filing suit); *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1304-5 (11th Cir. 2012) (holding Plaintiff must prove initial ownership of each specific work

---

[1] *See also* U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices*, (3d. Ed. 2014), at § 612.7(J) ("***If the work was first published in the United States and another country on the same date***, the applicant should provide United States as the nation of first publication. Likewise, the applicant should provide United States as the nation of first publication if the work was first published in a foreign country that has entered into a copyright treaty with the United States and *if the work was subsequently published in the United States within thirty days thereafter*. 17 U.S.C. § 104(b)."), available at: https://www.copyright.gov/comp3/chap600/ch600-examination-practices.pdf; *see also Compendium*, at § 503.3 ("The U.S. Copyright Office only examines the authorship that is explicitly claimed in the application. It does not examine any authorship that is not claimed in the application, and therefore, **no *prima facie* presumption should apply to unclaimed authorship that appears in the work**.") *c.f.* §505.1 ("A work of authorship is considered a joint work "if the authors collaborated with each other, or if each of the authors prepared his or her contribution with the knowledge and intention that it would be merged with the contributions of other authors as 'inseparable or interdependent parts of a unitary whole.'" H.R. Rep. No. 94-1476, at 120, reprinted in 1976 U.S.C.C.A.N. 5659, 5736; S. Rep. No.94-473, at 103-04. The key requirement "is the intention, at the time the writing is done, that the parts be absorbed or combined into an integrated unit." H.R. Rep. No. 94-1476, at 120, reprinted in 1976 U.S.C.C.A.N. at 5736. A contribution to a joint work is considered "inseparable" if the work contains a single form of authorship, such as a novel or painting, and it is considered "interdependent" if the work contains multiple forms of authorship, ***such as motion picture***, opera, or the music and lyrics of a song.") *Id.*; S. Rep. No. 94-473, at 103-04 and §505.2 ("When examining a joint work, the Office applies U.S. copyright law, ***even if the work was created in a foreign country***, created by a citizen, domiciliary, or habitual resident of a foreign country, or first published in a foreign country."), available at: https://www.copyright.gov/comp3/chap500/ch500-identifying-works.pdf (discussing the Copyright Office's practices regarding joint works, collective works and works-made-for-hire).

asserted <u>under foreign law</u>, publication, first publication in a foreign country, exemption from 17 U.S.C. § 411(a));  *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011) ("[Plaintiff] thus bears the burden of proving that it owns the … copyrights." *Id.* "We therefore hold that, under the Agreement, Saregama does not presently own a copyright in the BMBH sound recording and consequently lacks statutory standing to bring this copyright infringement claim." *Id.*, at 1297) (rejecting conclusory statements by Plaintiff's declarant as insufficient to meet its burden in proving, not merely asserting, the works were not "United States works.") citing favorably *Lahiri v. Universal Music & Video Distrib., Inc.,* 513 F. Supp. 2d 1172, 1176 n.4 (C.D. Cal. 2007) (holding registration is not entitled to a presumption of validity as to ownership under *foreign law*, which, as in the 11th Circuit under *Mosely* and *Saregama*, must be proven by Plaintiff));  *RCTV Int'l Corp. v. Rosenfeld*, 2016 U.S. Dist. LEXIS 136867, at *16 (S.D. Fla. 2016) ("[C]ourts focus on two distinct points in the chain of title: first, courts determine who *initially* owned the copyright; second, courts determine whether or not the initial owner *transferred* any of their exclusive rights.  *Id.*  Further, although "copyright infringement that occurs in the United States is governed by U.S. law[,] courts may look to the law of a foreign country where ownership of the work was established or transferred . . . even in the context of a U.S. infringement action." *Id.*  citing U.S. Copyright Office, *Compendium of U.S. Copyright Office Practices* § 102.6 (3d ed. 2014) (citing *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 88-92 (2d Cir. 1998)); *Casa Dimitri Corp. v. Invicta Watch Co. of Am.*, 270 F. Supp. 3d 1340, 1349-51 (S.D. Fla. 2017) (applying foreign law to validity of copyright transfer, rejecting conclusory assertions); *Glass Egg Dig. Media v. Gameloft, Inc.*, 2018 U.S. Dist. LEXIS 130219, at *6 (N.D. Cal. 2018) (same).

## III.  ARGUMENT

Justice warrants permitting Defendants to amend their answer to clarify and expressly set forth its valid and meritorious affirmative defenses.  Defendants' proposed First Amended Answer, Exhibit "A", seeks to add defenses: (1) challenging Plaintiff's standing based upon, newly produced,[2] allegedly exclusive, license agreements (which are invalid as a matter of law, establish Plaintiff's purported licensor could not have granted an exclusive license because it had already granted exclusive licenses to multiple third-parties and because the license agreements are invalid *ab initio* because they fail to evidence transfer from any of the authors of the works, fail to identify any of the specific works or copyright registrations purportedly licensed and impermissibly, prospectively transfer rights in more than five works, thus, establishing Plaintiff lacks standing and cannot prove it holds a valid, exclusive license in the works it has asserted in this case), the validity of the registered works of Plaintiff's licensor, MBC FZ, LLC (which are invalid *inter alia* because they falsely claim: (i) ownership based upon the work-for-hire doctrine which is invalid as a matter of law in the UAE, where the works were admittedly authored, (ii) first publication in the UAE, where the works were admittedly simultaneously published worldwide, including *inter alia* in the United States and within non-treaty countries (e.g., Iran and Iraq), (iii) sole authorship in joint works, and (iv) that the works were validly assigned to the registrant from the joint authors of the works).

---

2 Plaintiff produced critical agreements, requested during discovery, for the very first time as attachments to declarations to its Motion for Summary Judgment (Dkt. 146) from individuals it also refused to identify during discovery based upon its unilateral determination of relevance.  That Plaintiff did not request and receive such documents in earnest until it suited Plaintiff's needs, is immaterial.  *See* Dkt. 214, p. 6 (admitting same).  Worse more, Plaintiff, yet again, produced a previously undisclosed agreement as an attachment to a declaration from one of the very same individuals it refused to identify during discovery in its recently filed Response to Defendants' Amended Motion for Summary Judgment (Dkt. 224).  Despite Defendants' many attempts to secure this information prior to the close of discovery, including the filing of two Motions to Compel and correspondence from prior counsel directly requesting the same, through no fault of their own, Defendants could not have possibly met the scheduling deadline for the amendment of its answer, despite their diligent efforts.

Stated differently, depriving Defendants from asserting their affirmative defenses would frustrate justice, especially under the circumstances in the instant matter. Defendants have not previously requested amendment of their answer. For the same reasons cited in their Motion for Leave to File an Amended Motion for Summary Judgment [Dkt. 211], the affirmative defenses Defendants seek to include in their proposed First Amended Answer were not known until the filing of Plaintiff's Motion for Summary Judgment. Moreover, there is no evidence whatsoever of bad faith, undue delay or dilatory motive by Defendants. To the contrary, Plaintiff's actions in withholding highly relevant documents and information throughout the entirety of the discovery period, only to attempt to surprise Defendants by the inclusion of the same in its Motion for Summary Judgment indicates bad faith, undue delay and dilatory motive. Further, Defendants have not failed to cure deficiencies by previously permitted amendments, and for the reasons stated, Plaintiff will not be prejudiced by the filing of Defendants' Amended Answer.

## IV.   CONCLUSION

Defendants' proposed First Amended Answer is based upon Plaintiff's admissions and facts revealed by previously unavailable evidence and information, and intervening case law during the pendency of this case. Finally, Defendants' First Amended Answer also seeks to clarify existing averments in its operative Answer [Dkt. 79] for the convenience of this Court in deciding this case on the merits. Accordingly, Defendants respectfully request this Court grant the instant motion to amend their answer for good cause shown and in the interest of justice.

Dated: July 1, 2019                By: /s/ *Joseph R. Sozzani*
                                                             Joseph R. Sozzani, Esq., (FBN:120297)
                                                             *Board Certified Intellectual Property Law*
                                                             E-Mail: JSozzani@InfinityIPLaw.com
                                                             INFINITY IP, PLLC
                                                             222 West Bay Drive
                                                             Largo, FL 33770
                                                             Tel: 727.687.8814

**Certification Pursuant to Local Rule 3.01(g)**

Pursuant to Local Rule 3.01(g), I hereby certify that I conferred with counsel for Plaintiff regarding the relief requested and Plaintiff objects to the requested relief.

Dated: July 1, 2019          By: /s/ *Joseph R. Sozzani*
                                               Joseph R. Sozzani

**CERTIFICATE OF SERVICE**

I certify that on this 1st day of July 2019, I electronically filed the foregoing document with the Court's CM/ECF system and the foregoing document is being served this day on all counsel of record, via transmission of Notices of Electronic Filing generated by the CM/ECF.

Dated: July 1, 2019          By: /s/ *Joseph R. Sozzani*
                                               Joseph R. Sozzani