# EXHIBIT "A"

(*Defendants' Proposed Amended Answer*)

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**(TAMPA DIVISION)**

DISH NETWORK, LLC,
a Colorado limited liability company,

     *Plaintiff*,

v.

GABY FRAIFER, an individual Florida resident,
PLANET TELECOM, INC., a Florida corporation,
and, TELE-CENTER, INC., a Florida corporation,

     *Defendants*.

_____/

Case No. 8:16-cv-2549-EAK-CPT
Honorable Elizabeth A. Kovachevich
Magistrate Judge Christopher P. Tuite

**DEFENDANTS' AMENDED ANSWER**
**AND COUNTERCLAIMS TO**
**PLAINTIFF'S AMENDED COMPLAINT[1]**

    Planet Telecom, Inc. ("PTI"), Tele-Center, Inc. ("TCI") and Gaby Fraifer ("Fraifer") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiff Dish Network, LLC's ("Dish") Amended Complaint [Dkt. 62], as follows.

**NATURE OF THE ACTION**

    1.    Defendants admit that Plaintiff filed an action against Defendants that purports to claim copyright infringement and damages pursuant to 17 U.S.C. § 501, but deny any merit to such claims, and therefore, deny the averments of paragraph 1 of the Complaint.

**THE PARTIES**

    2.    Defendants admit the allegations contained in paragraph 2 of the Amended

---

[1] Defendants amend only Defendants' Answer and Affirmative Defenses to the Amended Complaint [Dkt. 79]. Defendants' Amended Counterclaim is already on file with this Court [Dkt. 104].

2

Complaint.

3.      Defendants admit the allegations contained in paragraph 3 of the Amended Complaint.

4.      Defendants admit TCI is a Florida Corporation with its principal place of business located at 4701 W. Hillsborough Avenue, Tampa, Florida 33614.  Defendants further admit Mr. Fraifer is the founder and, currently, the sole officer and owner of TCI.  Defendants deny Mr. Fraifer has always been the sole officer of TCI.

5.      Defendants admit PTI is a Florida Corporation with its principal place of business located at 4701 W. Hillsborough Avenue, Tampa, Florida 33614.  Defendants further admit Mr. Fraifer is the founder and, currently, the sole officer and owner of PTI.  Defendants deny Mr. Fraifer has always been the sole officer of PTI.

6.      In response to paragraph 6 of the Amended Complaint, Defendants admit that Mr. Fraifer is the President of TCI and PTI.  Defendants deny the remainder of paragraph 6 of the Amended Complaint.

7.      Defendants admit that TCI and PTI occupied the same office building. Defendants deny the remaining allegations of paragraph 7 of the Amended Complaint.

## JURISDICTION AND VENUE

8.      In response to paragraph 8 of the Amended Complaint, Defendants admit that Plaintiff filed an action under the Copyright Act, 28 U.S.C. §§ 1331 and 1338(a), but deny that Plaintiff's claims have merit.

9.      TCI and PTI admit their principal place of business is in this district, Mr. Fraifer is domiciled in this district, and jurisdiction and venue are proper in the Middle District of

Florida.  Defendants otherwise deny the allegations in paragraph 9 of the Amended Complaint.

10.      TCI and PTI admit they operated telecommunications and technical and warranty support businesses, respectively, in this Judicial District, and that jurisdiction and venue are proper in the Middle District of Florida.  Defendants otherwise deny the allegations contained in paragraph 10 of the Amended Complaint.

## DISH'S ALLEGED COPYRIGHTS

11.      Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 11 of the Amended Complaint, and therefore denies the same.

12.      Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 12 of the Amended Complaint, and therefore denies the same.

13.      Defendants are without sufficient knowledge or information to form a belief as to the allegations contained in paragraph 13 of the Amended Complaint, and therefore denies the same.

## DEFENDANTS' ALLEGED COPYRIGHT INFRINGEMENT

14.      Defendants deny the allegations contained in paragraph 14 of the Amended Complaint.

15.      Defendants deny the allegations contained in paragraph 14 of the Amended Complaint.

16.      Defendants deny the allegations contained in paragraph 16 of the Amended Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Amended Complaint.

18.     Defendants deny the allegations contained in paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegations contained in paragraph 19 of the Amended Complaint.

20.     Defendants deny the allegations contained in paragraph 20 of the Amended Complaint.

21.     Defendants deny the allegations contained in paragraph 21 of the Amended Complaint.

22.     Defendants deny the allegations contained in paragraph 22 of the Amended Complaint.

23.     Defendants deny the allegations contained in paragraph 23 of the Amended Complaint.

24.     Defendants deny the allegations contained in paragraph 24 of the Amended Complaint.

## CLAIMS FOR RELIEF

### (Count I – Direct Copyright Infringement Under 17 U.S.C. § 501)

25.     Defendants restate and incorporate by reference their responses to paragraphs 1-24 inclusive.

26.     Defendants deny the allegations contained in paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of the Amended Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of the Amended Complaint.

## **AFFIRMATIVE DEFENSES**

### **General Denial**

32.     Defendants deny each and every averment of the Amended Complaint not specifically admitted or otherwise responded to above in paragraphs 1-31.   Defendants specifically deny that they have infringed or are liable for infringement of any valid and enforceable copyright or copyright rights of Plaintiff.   Defendants further specifically deny that Plaintiff is entitled to any relief of any kind against Defendants as a result of any act of Defendants or any person or entity allegedly acting, or having acted, on behalf of Defendants.

### **First Affirmative Defense –**
### **Invalid and Unenforceable Copyright Registrations**

33.     Plaintiff's claims are barred because the copyright registrations upon which it bases its claims of an exclusive license are invalid and unenforceable pursuant to at least 17 U.S.C. §§ 101, 104, 201(a) & (e), 204(a), 411(b)(1)(A), 412 & (B), 501(b) and applicable foreign

law. Additionally, the copyright registrations recited in the Amended Complaint are invalid at least because they: (i) fail to identify the true author(s) who are the initial owners of the works under both U.S. and applicable foreign law, (ii) falsely allege claimants' ownership pursuant to the work-for-hire doctrine, a doctrine not recognized and contrary to the relevant copyright laws of the United Arab Emirates and other Middle Eastern countries, (iii) fail to allege the true date of first publication as that term is defined by *inter alia* the United States Copyright Act, 17 U.S.C. § 101 et. seq., (iv) fail to allege the true place of first publication, and (v) relate to works that were not validly transferred by their authors under applicable U.S. or foreign law because they fail to identify any specific works and were made the subject of a prospective transfer of more than five works which is invalid *ab initio* under the copyright laws of the United Arab Emirates as well as the copyright laws of other countries in the Middle East.

34. The claimants' and alleged licensors of the registered works recited in the Amended Complaint made material and intentional misrepresentations to the United States Copyright Office ("USCO") known to be false, made with the fraudulent intent of inducing the USCO to issue registrations in the works.

35. The USCO would have refused registration of such works were the true facts disclosed to the USCO pursuant to 17 U.S.C. § 411(b)(1).

36. Accordingly, the registered works asserted by Plaintiff are invalid on their face and unenforceable against Defendants in this action.

37. The registered works are also invalid and unenforceable because they were not registered within the three month time period following first publication and are, thus, unenforceable against any alleged infringement occurring prior to the date of registration

pursuant to 17 U.S.C. 411.

38.     The licensor from whom Plaintiff depends upon for its alleged exclusive license did not itself hold an exclusive right to grant to Plaintiff or otherwise could not have granted an exclusive license because it already purportedly licensed such rights to other third-parties at the time of the alleged grant of such rights to Plaintiff.

**Second Affirmative Defense –
Fraud in the Procurement / Fraud on the U.S. Copyright Office**

39.     Defendants reallege and incorporate by reference, the averments of paragraphs 33-38.

40.     Plaintiff's claims of copyright infringement of the registered works are barred, in whole or in part, by the doctrine of fraud in the procurement because the copyright claimants, with knowledge aforethought, filed, or caused to be filed, applications for the registered works identified in Plaintiff's Amended Complaint with the intent to defraud, mislead or prejudice by making material misstatements in the applications for the registered works.  The copyright claimants of the registered works identified in the Amended Complaint, with intent to defraud, made numerous false representations of material facts which were knowingly made in the copyright applications and written statements filed in connection with the applications for the registered works identified in Plaintiff's Amended Complaint which resulted in the United States Copyright Office ("USCO") issuing registrations for the registered works which it would not have otherwise issued, or would not have issued within the three month time frame required under 17 U.S.C. § 411, if the true nature of the facts were known to the USCO.

41.     The copyright claimants of the registered works falsely, knowingly and affirmatively recited and relied upon the work-for-hire doctrine to allege ownership in their

8

applications for the copyright registrations identified in Plaintiff's Amended Complaint, filed with the USCO with knowledge aforethought that such claims were false, with the intent to defraud the USCO.   The copyright claimants further falsely represented, or caused to be represented, in a written transfer statement in the applications of the registered works identified in the Amended Complaint that the registered works were works-for-hire by written agreements when the copyright claimants had knowledge that no such written agreements from the true authors existed.   The copyright claimants of the registered works identified in the Amended Complaint made such statements with knowledge that the work-for-hire doctrine is invalid under the copyright laws of the United Arab Emirates and could not have served as the basis of its claimed ownership.   Thus, the registered works identified in the Amended Complaint are unenforceable and invalid and cannot be asserted against Defendants in this lawsuit because they were procured by fraud.

42.     The work-for-hire doctrine and other forms of automatic transfer of an author's rights, including the automatic transfer of rights in a commissioned work, are not recognized under the copyright laws of the United Arab Emirates and cannot serve as the basis for ownership.   Instead, the copyright laws of the United Arab Emirates require a writing that adheres to strict formalities in order to affect a valid conveyance of a copyrighted work.

43.     The copyright laws of the United Arab Emirates also reserve certain rights to the author(s), including the performer(s), of audio, visual, and audio-visual works and prohibit certain conveyances of inalienable rights in such works, including moral rights.   Because such rights were never validly conveyed to the copyright claimants, Plaintiff cannot and does not hold any exclusive rights in any of the works asserted against Defendants in its Amended Complaint.

44.     Prospective assignments of more than five works are invalid under the copyright laws of the United Arab Emirates and involuntary transfers are also invalid and unenforceable under U.S. law pursuant to 17 U.S.C. 201(a), 201(e) and 204(a).  The purported agreements Plaintiff relies upon for its rights from the copyright claimant, MBC FZ, LLC, purport to grant prospective assignments of either non-exclusive or exclusive rights in more than five works and are, thus, invalid as a matter of both foreign and U.S. law.  Thus, Plaintiff cannot prove it holds a valid exclusive license under 17 U.S.C. 501(b) and therefore lacks standing to bring this suit. Additionally, each of the purported licensing agreements and assignments of and as between the third-party claimants of the registered works identified in the Amended Complaint, of and as between other third-party entities and/or foreign networks identified in the Amended Complaint for all so-called Protected Channels, which Plaintiff relies upon as part of its incomplete chain of title, are each invalid as a matter-of-law for failure to adhere to foreign and U.S. copyright law, including the prohibition against prospective transfers of more than five or all copyright rights and failure to convey copyright rights from the authors or initial owners of such any copyrights according to the formal requirements for a valid writing under foreign and U.S. law.

45.     Upon information and belief, the copyright claimants of the registered works recited in the Amended Complaint committed fraud on the USCO as a result of knowingly and with intent to defraud making the false statement that the copyright claimants were the sole authors that created the "Entire Production" for each of the registered works asserted by Plaintiff or, at least, provided with the USCO with inaccurate information such that the USCO would not have issued the registered works.  The registered works contain credits expressly identifying the many joint authors of each of the works.  The copyright claimants necessarily had knowledge of

the unnamed joint authors of the works at the time the false statements were made to the USCO which is evidenced by its provision of deposits to the USCO as required for the completion of the applications leading to the issuance of the registrations of the registered works.

46.    Upon information and belief, the copyright claimants of the registered works identified in the Amended Complaint committed fraud on the USCO as a result of willful material misrepresentations made by the copyright claimants to the USCO to induce the USCO to register works which the claimants did not author nor have ownership of, including without limitation, conduct including willfully misrepresenting the ownership in such works *inter alia* pursuant to the work-for-hire doctrine, misrepresenting the identity of the authors of the works as claimants and willfully misrepresenting the date and place of first publication of the works.  The USCO relied upon such misrepresentations in registering works it would have otherwise refused to register were the true facts known to the USCO at the time the applications were submitted for the registered works.

47.    Plaintiff has failed to provide any evidence of a valid assignment or exclusive license from any author(s) of any of the works it has alleged to be infringed by Defendants in its Amended Complaint evidencing the exclusive rights it claims to hold.  Plaintiff has failed to provide proof of initial ownership under foreign law of any of the works recited in its Amended Complaint and also failed to provide any evidence of a valid conveyance of an exclusive license or ownership in a chain of title from the individual author(s) of the registered works to the copyright claimants or to Plaintiff in any of the works alleged to be infringed by Defendants in the Amended Complaint.

**<ins>Third Affirmative Defense – Failure to Register Copyrights</ins>**

48.     Plaintiff's claims of copyright infringement of unspecified unregistered works are barred for failure to comply with the statutory formalities of the Copyright Act, *inter alia,* fulfilling the requirement of obtaining a copyright registration or preregistration of the alleged unregistered works prior to the initiation of this action in accordance with 17 U.S.C. § 411(a). Plaintiff's claims are also barred at the threshold for failure to identify the specific works of its copyright infringement claims which is required to comport with due process and pursuant to the minimum pleading requirements for an action for copyright infringement.  Plaintiff's claims are also barred because it has failed to allege facts and cannot prove first publication of the works pursuant to the meaning of that term under 17 U.S.C. § 101, or that the geographic extent of first publication of each work diverges from the statutory definition of a United States work. Plaintiff's claims against Defendants for copyright infringement of the unregistered works are also barred because they are United States works either first published in the United States through offer(s) and assignment(s) of the works to Plaintiff for further distribution in the United States, or are otherwise unregistered United States works pursuant to the definitions of "publication" and "United States work" under 17 U.S.C. § 101, or due to simultaneous global publication or publication in the United States and in treaty and non-treaty countries via simultaneous satellite and Internet publications pursuant to 17 U.S.C. §§ 101, 104.  Accordingly, because the unregistered works are United States works, Plaintiff's claims are barred for failure to satisfy the statutory formalities and precondition of copyright preregistration or registration pursuant to 17 U.S.C. § 411(a) or (c) prior to the initiation of an action for copyright infringement under the Act.

## Fourth Affirmative Defense – Invalid or Nonexclusive License

49.     Plaintiff does not hold a valid exclusive license to any of the works asserted in this action.

50.     Plaintiff has failed to provide proof of ownership or exclusive rights in any of the works from the initial owners of any of the works it seeks to assert under foreign law, through a valid chain of title, conveying exclusive ownership of such works through each intermediate conveyance from the author(s) of such works, to Plaintiff.

51.     Even if the Plaintiff had a valid copyright infringement claim to the registered and unregistered works they claim rights to as an exclusive licensee pursuant to 17 U.S.C. § 501(b) and 411(a), which they do not, Plaintiff lacks standing because its alleged licenses to the registered and unregistered works are nonexclusive at least because its alleged licensors reserved the same rights in the registered and unregistered works to themselves and third-parties, also made or caused the registered and unregistered works to be available in the United States, or themselves simultaneously first published or allowed others to simultaneously publish such works globally on the Internet and by satellite, distributing and making the works available in the United States and in treaty and non-treaty countries, not signatories of international treaties and/or foreign countries that offer equivalent protections as are available under the Copyright Act, making the works United States works under 17 U.S.C. § 101 and 104.

52.     Further, because the license agreements Plaintiff relies upon were not validly conveyed by all joint authors of the works, they are either not valid or cannot be exclusive licenses.

53.     Additionally, Plaintiff's claimed licenses are invalid because they rely on purported transfers that are invalid under foreign law including the requirement that any such

transfer of rights be made in a writing that comports with the formalities of foreign law and does not violate the prohibition on prospective transfers of more than five works or all works under foreign law.

54. Moreover, Plaintiff's claimed license agreements and those it relies upon in an incomplete chain of title in an attempt to establish its claimed exclusive rights to the works it asserts in the Amended Complaint are each invalid and unenforceable because each of the license agreements fail to identify any specific works and instead merely describe channels and signals which are not the subject matter of copyright protection under the Copyright Act under 17 U.S.C. §§101, 102(b).

55. Thus, Plaintiff's claimed licenses are, at best, nonexclusive and Plaintiff lacks standing to sue for infringement of the registered and unregistered works for failure to evidence a valid exclusive license in any of the asserted works under 17 U.S.C. 501(b).

56. Additionally, the alleged exclusive licenses Plaintiff depends upon for standing to bring this infringement action are invalid because its licensors did not hold a valid, exclusive rights from the authors of the works as required under 17 U.S.C. § 201(a) and foreign law.

57. Accordingly, the foreign networks, including the registered works naming MBC FZ, LLC and O3 Production as authors on the face of the registered works identified in the Amended Complaint could not have conveyed the rights allegedly licensed to Plaintiff because they never themselves held valid exclusive rights in any such works.

58. Finally, Plaintiff has failed to produce any agreements evidencing assignment of copyright registration number PA 1-992-319 (the, "'319 Registration") from O3 Production to Plaintiff. Thus, notwithstanding its failure to provide or allege proof of publication, first

publication and initial ownership in any of the registered works, because Plaintiff has not and cannot provide evidence of any license from the claimed co-author of the '319 Registration, Plaintiff has failed to sufficiently allege an exclusive license in the '319 Registration, as a matter of law.

### Fifth Affirmative Defense – Ownership

59.     Defendants incorporate by reference the averments of paragraphs 49-58 herein.

60.     Plaintiff's claims are barred because it cannot establish, as it must, initial ownership under foreign law of any of the works it seeks to assert against Defendants in Count I of the Amended Complaint.  Plaintiff's claims are further barred because it cannot prove that it holds a valid exclusive license to the works it seeks to assert against Defendants in this action. Plaintiff does not hold any exclusive rights to the underlying copyright rights or works contained on the channels or signals it purportedly licensed and cannot prove that the alleged foreign network licensors identified in its Amended Complaint, from whom it purports to hold an exclusive license, held valid rights from the initial authors to any such works or, otherwise, held such rights prior to their alleged grant of an exclusive license in any such works to Plaintiff for use in the United States.  Additionally, the license agreements upon which Plaintiff depends in an effort to establish its alleged rights fail to specifically identify or convey even a single work as required under both foreign and U.S. law.  Thus, Plaintiff cannot meet its burden in proving that it holds a valid exclusive license pursuant to 17 U.S.C. §§ 411 and 501(b) sufficient to establish standing to bring suit for infringement of each of the works it seeks to assert against Defendants. Plaintiff cannot, as it must, prove it holds a valid exclusive license in any of the works it seeks to assert by proving the initial ownership of the works pursuant to foreign law and a valid chain of

title establishing conveyance of ownership, in writing, from the initial authors of the works, through each subsequent assignee, to the Plaintiff as required pursuant to 17 U.S.C. §§ 204 and 205.  Plaintiff's claims are further barred pursuant to 17 U.S.C. §§, 201(a), (e) and 202 because they fail to establish ownership of any works and, instead, seek to assert rights to mere channels or signals which are not copyrightable subject matter and expressly excluded under 17 U.S.C. § 102(b).  In no case does copyright protection extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained or illustrated.  Plaintiff cannot establish the conveyance of any copyright rights from the authors of any works and may not rely upon agreements which fail to identify or reference even a single specific work to establish ownership or an exclusive license in the works it seeks to assert in this action.

### Sixth Affirmative Defense – Failure to State a Claim Upon Which Relief Can Be Granted

61.   Plaintiff's claims are barred, in whole or in part, for failure to state a claim against Defendants upon which relief may be granted.  Plaintiff has failed to identify even a single unregistered work in its Amended Complaint and has, thus, also failed to prove initial ownership of any of the works or its current ownership of a valid exclusive right in any registered or unregistered work under the laws in the works' country of origin.  Plaintiff claims are also barred because Plaintiff fails to plead facts in its Amended Complaint sufficient to establish the prima facia elements of copyright infringement including: ownership, access, substantial similarity and the specific acts, dates, times and place of infringement of protectable elements of each of the registered and unregistered works it alleges Defendants' infringed.  Plaintiff cannot establish that any of the works it seeks to assert are excluded from the

registration requirement of 17 U.S.C. § 411.

62.     Plaintiff's claims are also barred for failure to state a claim because Defendants merely resold an Android based microcomputer manufactured by a third-party which contained software applications selected and preprogrammed and operated by a third parties, not Defendants.  The products sold by Defendant TCI were merely microcomputer systems capable of the same commercially significant noninfringing uses as any other microcomputer system. Defendants did not select or originate any of the content accessible through the software applications present on the third-party products it resold nor did Defendants engage in volitional acts substantiating direct copyright infringement.  Instead, consumers of the third party products or software sold by Defendant TCI were free to utilize or delete the third party applications preprogrammed on the microcomputer systems by Defendants' third party vendor as they wished.  Defendants cannot be held liable for the infringing acts of third parties or consumers in using products or software sold by Defendants where such products and software are capable of substantial commercial noninfringing uses akin to those of a tablet, laptop computer or smartphone – all of which are equally capable of non-infringing use by individuals,  subject to their own volition and intent, not Defendants.

### Seventh Affirmative Defense – Uncopyrightable Subject Matter

63.     Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff seeks to assert rights in channels or signals which, by definition, are merely functional bands of frequencies or methods of operation, and not the subject matter of the Copyright Act pursuant to 17 U.S.C. §§ 101 and 102(b).  In no case does copyright protection extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of

the form in which it is described, explained or illustrated. Plaintiff's claims are also barred

because one or more of Plaintiff's copyright claims seek to assert a work wherein elements of the

work were taken from or surrendered to the public domain, lack originality, are scenes-a-faire,

derivative works, unregistered compilations, or are otherwise comprised of subject matter which

is not copyrightable subject matter, upon which a copyright infringement action cannot be

maintained.

### Eighth Affirmative Defense – Failure to Register Copyrights

64.     Plaintiff's claims for relief are barred, in whole or in part, pursuant to 17 U.S.C. §

411 for failure to register the copyrights set forth in the Amended Complaint and failure to

register the registered works within three months after the date of first publication, as defined in

17 U.S.C. § 101, and are thus not permitted to file this suit or maintain this action for any alleged

infringement occurring prior to the date of registration.

### Ninth Affirmative Defense – Statute of Limitations

65.     Plaintiff's copyright claims for alleged infringement are barred by the statute of

limitations as set forth in 17 U.S.C. § 411(c) and 507. The Amended Complaint fails to allege

facts proving initial ownership under foreign law, evidence proving its alleged exclusive license,

publication within the meaning of 17 U.S.C. § 101, and the dates of first publication of any the

copyrights Plaintiff seeks to assert in the Amended Complaint. Because Plaintiff cannot prove

the date of first publication for each of the works, it cannot prove registration occurred within

three months of the date of first publication as required pursuant to 17 U.S.C. § 411(c) to file a

civil infringement action for alleged infringement occurring prior to the date of registration of

any works. Plaintiff has also failed to allege the date, place, time and manner of any alleged

18

infringement of any protectable elements of any works.  Plaintiff's claims of infringement are also barred because Plaintiff failed to preregister or register any of its works prior to first publication of the works, prior to instituting this action or within the three month time frame following the true date of first publication as required under 17 U.S.C. §§ 411 and 412.

### Tenth Affirmative Defense – Defective DMCA Notices

66.     Plaintiff's claims of copyright infringement are also barred because its alleged notices each failed to comply with the requirements of the Digital Millennium Copyright Act's notice provisions pursuant to 17 U.S.C. § 512(c)(3) and are defective *inter alia* because the notices each failed to include identification of the copyrighted works claimed to have been infringed by Plaintiff.

67.     Plaintiff's Amended Complaint failed to provide sufficient information to permit Defendants from asserting all applicable defenses and, instead, relies on conclusory assertions of fact and law.  Plaintiff's claims are barred for failure to specify which specific original works are the subject of the copyright claim.  Defendants thus reserve all rights and affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the Copyright Act, foreign law and any other defenses, at law or in equity, pursuant to state or federal law, that may now exist or in the future may become available based on further factual investigation or further evidence revealed in this case, including at trial.

### Eleventh Affirmative Defense – DMCA Safeharbor

68.     Plaintiff's claims for monetary relief are barred by the provisions of 17 U.S.C. § 512 which provides for limitations on liability for *inter alia* transitory digital network communications of a service provider because: (1) the transmission of the material, if any, was

initiated by or at the direction of a person other than Defendants; (2) the transmission, routing, provision of connections, or storage of material, if any, is carried out through an automatic technical process without selection of the material by Defendants; (3) Defendants did not select the recipients of the material, if any, except as an automatic response to the request of another person; (4) no copy of any material, if any, was made by Defendants and Defendants' service providers in the course of any intermediate or transient storage, maintained on their system or network, data in a manner not ordinarily accessible to anyone other than the anticipated recipients, and no such copy was maintained on any system or network in a manner ordinarily accessible to such anticipated recipients for a longer period than was reasonably necessary for the provision of Internet service; and (5) any material, if any, transmitted through any such systems or networks was transmitted without any modification of its content by Defendants or Defendants' Internet service providers.

### **Twelfth Affirmative Defense – Corporate Veil**

69.    Plaintiff's claims for relief against Defendant Fraifer are barred, in whole or in part, by the corporate veil doctrine.  Defendant, Tele-Center, Inc., is a Florida Corporation which was established in 1996 which has conducted business in the telecommunications industry for nearly twenty-three years.  Defendant, Planet Telecom, Inc., is a Florida Corporation established in 1998.  PTI, which has operated as an independent company for more than twenty years, was formed to provide sales and after-sale support services to consumers for the various telecommunications products sold and distributed by TCI.  Throughout their history, TCI and PTI have operated for legal purposes and have adhered to corporate formalities.  Plaintiff's claims for individual liability as to Defendant Fraifer are barred because Defendant Fraifer is not

an alter ego of TCI or PTI.  Defendant Fraifer has, at all relevant times, acted in his corporate capacity as an employee and officer of TCI and PTI, in the best interests and for the benefit of the companies.  Defendant Fraifer did not financially benefit from the alleged acts of infringement of TCI and PTI averred in the Amended Complaint.  Instead, at all relevant times to this action, Defendant Fraifer never received a single distribution or payment from TCI or PTI. Plaintiff's claims against Defendant Fraifer fail because Plaintiff cannot meet the substantial evidentiary showing of specific intent necessary to pierce the corporate veil or to otherwise find personal liability under Federal and Florida law.

### Thirteenth Affirmative Defense – Failure to Join Responsible Third Parties

70.    Plaintiff's claims for relief against Defendants are barred, in whole or in part, because the alleged infringement complained of was the product of acts by one or more unnamed third party defendants, including Doe defendants, who are liable for the conduct alleged and would be required to answer as alleged direct infringers, joint tortfeasors and potential indemnitors in the event of a finding for Plaintiff.  Defendants disclosed the identities and contact information of the responsible third parties to Plaintiff and have averred that such third parties are responsible for the manufacture of the microcomputers resold by Defendant TCI, the allegedly infringing software application as well as the other acts of alleged infringement averred in the Amended Complaint.  Plaintiff has failed to join the responsible third parties in this litigation.

### Fourteenth Affirmative Defense –Failure to Join Indispensable Parties

71.     Plaintiff has also failed to identify and join indispensable parties pursuant to Federal Rule of Civil Procedure 19 and 17 U.S.C. § 501(b) including the true authors and initial owners of the copyrights, pursuant to foreign law, alleged to be infringed in this action, including the registered works.  Plaintiff has failed to prove the initial ownership of the works it seeks to assert in its Amended Complaint.  Plaintiff has also failed to join at least one alleged co-author of at least one of the registered works recited in the Amended Complaint.  As a result, this Court cannot provide complete relief among the existing parties because any adjudication of this action without joinder of the indispensable parties shall leave existing parties subject to substantial risk of incurring multiple or otherwise inconsistent obligations or effecting the rights of said parties because of Plaintiff's failure to name such indispensable parties.

### Fifteenth Affirmative Defense – Copyright Misuse

72.     Plaintiff has engaged in one or more acts that have misused their alleged rights to copyrights including the assertion of nonexclusive rights as exclusive rights in invalid and unenforceable copyrights causing damages to Defendants.  Plaintiff has engaged in one or more acts that have misused their alleged rights to copyrights including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act.

73.     Plaintiff has alleged infringement of copyrights it either does not own any rights to or which are invalid and unenforceable under U.S. and/or foreign law because the rights Plaintiff claims to have were never subject to valid transfers from the initial owners and authors of the works, or are otherwise invalid because subsequent transfers in the chain of title are invalid.  Plaintiff knew or should have known through its own diligence prior to the filing of this action that its rights in the asserted copyrights were invalid, unenforceable or otherwise defective

for failure to adhere to copyright formalities in the United States and under foreign law.

## Sixteenth Affirmative Defense – Waiver

74.     Plaintiff's claims of copyright infringement are barred by the doctrines of abandonment, waiver and acquiescence because the works Plaintiff claims to hold an exclusive right in were simultaneously and intentionally made freely available worldwide by sources, not Plaintiff, at least, over the Internet and through satellite transmission by foreign networks, without encryption, a requirement for subscription or any other digital rights management, to anyone who was able to receive them, including persons in the United States.  Plaintiff's claimed rights are, at best, nonexclusive and are, thus, not enforceable by Plaintiff.

## Seventeenth Affirmative Defense – Unclean Hands

75.     Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands, including without limitation because Plaintiff knew or should have known that the registrations upon which it relied in bringing this action were procured through fraud upon the USCO.

## Eighteenth Affirmative Defense – Estoppel

76.      Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of estoppel at least because Plaintiff knew or should have known that the registered works are invalid and unenforceable and that the unregistered works it seeks to assert in this action are United States works which must adhere to the formalities of the Copyright Act including the precondition of copyright registration pursuant to 17 U.S.C. §§ 411, 412.

## Nineteenth Affirmative Defense – No Damages / Offset

77.     Even if Plaintiff succeeds in proving its claims of copyright infringement, which it cannot, Plaintiff has failed to sufficiently plead damages attributable and caused by any alleged infringement.  Defendants did not charge a subscription or fee for the third party application complained of by Plaintiff.  Instead, Defendant TCI sold an Android based microcomputer preprogrammed with applications and also offered an optional extended warranty and technical support plan which held substantial value above and apart from any alleged infringement claimed.  In the event infringement is found, Defendants are entitled to an offset for costs and overhead, as well as an allocation of profits, if any, not attributable to the alleged infringement claims in Count I of Plaintiff's Amended Complaint.

## Twentieth Affirmative Defense – No Willful Infringement

78.     Defendants held an objectively reasonable belief that their actions did not constitute infringement.  Thus, in the event copyright infringement is found, any such infringement by Defendants was innocent and not willful infringement.

## Twenty-First Affirmative Defense – Statutory Damages Unavailable

79.      Plaintiff is barred by 17 U.S.C. § 412 from claiming statutory damages or attorneys' fees under the Copyright Act for any alleged acts of infringement which occurred after first publication and prior to registration of the works.  Plaintiff is also barred from claiming statutory damages and attorneys' fees under 17 U.S.C. § 412 for any alleged post-registration infringement because there is no legally significant difference between the allegations made regarding pre-registration and post-registration infringements and any such infringement must be considered a single act of continuing infringement of an unregistered work.  Plaintiff claims a right to channels which are not the subject matter of the Copyright Act.  In the alternative, should

24

the Court find channels are the subject matter of the Copyright Act, they are compilations and must be treated as a single work.  Plaintiff is further barred and estopped from seeking statutory damages or attorneys' fees under 17 U.S.C. § 411(c) for failure to preregister or provide advance notice of potential infringement.

### Twenty-Second Affirmative Defense – No Extraterritorial Application

80.    Plaintiff's claims made pursuant to the Copyright Act, 17 U.S.C. 101, et. seq., are limited to the application of alleged infringement occurring only within the United States.

### Twenty-Third Affirmative Defense – No Basis for Injunctive Relief

81.    Plaintiff is not entitled to injunctive relief at least because the registered works it seeks to assert are invalid and unenforceable, it cannot prove any exclusive rights in the alleged copyright rights asserted and cannot prove infringement of any valid copyright.

### Twenty-Fourth Affirmative Defense – No Basis for Impoundment or Destruction

82.    Plaintiff is not entitled to impoundment or destruction at least because the microcomputers sold by Plaintiff is capable of substantial noninfringing commercial use, Plaintiff cannot prove any exclusive rights in the alleged copyright rights asserted and Plaintiff cannot prove infringement of any valid exclusive right to any copyright rights.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully prays this honorable court grant the following relief in favor of Defendants:

A.    Dismissal of Count I of the Amended Complaint with prejudice;

B.    An order that Plaintiff shall take no relief from their Amended Complaint;

C.     An award of Defendant's attorneys' and fees costs herein incurred pursuant to 17

U.S.C. § 505; and

D.     For such further and other relief and the Court deems just and equitable.

Dated: July 1, 2019                          Respectfully Submitted,

By:  */s/ Joseph R. Sozzani*
Joseph R. Sozzani, Esq.
FBN: 120297
*Board Certified in Intellectual Property Law*
E-Mail: jsozzani@InfinityIPlaw.com
**INFINITY IP, PLLC**
222 West Bay Drive, Suite 200
Largo, FL 33770
Telephone No. (727) 687-8814
***Counsel for Defendants***

**TELE-CENTER, INC., PLANET
TELECOM, INC., AND GABY FRAIFER.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July 2019, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF, which will provide electronic notice to

Plaintiff Dish Network, LLC and all counsel of record via transmission of Notices of Electronic

Filing generated by CM/ECF.

*/s/ Joseph R. Sozzani*
Joseph R. Sozzani

26