**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**(TAMPA DIVISION)**

DISH NETWORK, LLC,
a Colorado limited liability company,

     *Plaintiff*, *Counterclaim-Defendant*,

v.

GABY FRAIFER, an individual Florida resident,
PLANET TELECOM, INC., a Florida corporation,
and, TELE-CENTER, INC., a Florida corporation,

     *Defendants*, *Counterclaim-Plaintiffs*.

_____/

Case No. 8:16-cv-2549-TPB-CPT
Honorable Thomas P. Barber
Magistrate Judge Christopher P. Tuite

**DEFENDANTS' MOTION FOR LEAVE TO FILE A REPLY**
**TO PLAINTIFF'S RESPONSE IN OPPOSITION [DKT. 232]**

Pursuant to Middle District of Florida Local Rule 3.01(d), Defendants through their undersigned counsel, for good cause shown, respectfully request leave to file a reply of no more than ten (10) pages to Plaintiff Dish Network, LLC's ("Plaintiff") Response in Opposition to Defendants' Motion to Amend Answer [Dkt. 232] ("Plaintiff's Response") and state as follows:

**I.     LEGAL STANDARD**

A motion for leave to file a reply is properly granted where the reply "will benefit the Court's resolution of the pending motion." *In re Fiddler's Creek, LLC*, 2015 WL 4470093, at *2 (M.D. Fla. 2015).  Granting leave to file a reply brief is also appropriate where, as here, the opposing party has misstated facts, cited case law that should not be applied to a given set of facts, or where the opposing party's brief has raised additional issues not addressed in the original motion. *See, e.g., Ottaviano v. Nautilus Ins. Co.*, 2009 WL 425976 (M.D. Fla. 2009).

**II.     DEFENDANTS' REQUEST LEAVE TO FILE A REPLY FOR GOOD CAUSE**

Here, Defendants should  be granted  leave to  file  a  reply because Plaintiffs'  Response

raises new issues, misapplies and makes misstatements of fact and law not addressed in Defendants' Motion to Amend Answer [Dkt. 229, "Motion"].  Further, Plaintiff's Response also selectively omits facts and law regarding substantively significant matters that would otherwise undermine its arguments.  Defendants seek leave to file a reply for good cause, in order to rebut such misleading or misstated facts and law, and to address other issues raised in Plaintiffs' Response, not argued in Defendants' Motion.  Given the nature and significance of the Motion, recent reassignment of this case and need to clarify these issues for the benefit of the Court, a full opportunity to brief the issues raised in Plaintiff's Response is critical to a just result.

In the Eleventh Circuit, there is "a strong preference for deciding cases on the merits . . . whenever reasonably possible."  *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014). In a transparent effort to avoid a decision on the merits, Plaintiff's Response omits significant facts, law and judicial admissions which establish that its own misdeeds have necessitated Defendants' Motion to Amend.  *See* Dkt. 229.  Indeed, the record establishes and Plaintiff *admits*, it intentionally withheld documents and information from Defendants in an attempt to "hide the ball" until the clock ran out on discovery, only to then attempt to use the very same documents and information it withheld, and argued were irrelevant (including testimony from witnesses it refused to identify), in support of its Motion for Summary Judgment and recently filed Response to Defendants' Amended MSJ.  Dkts. 146, 224 (filed June 3, 2019).

Relying on a self-serving rendition of the facts, procedural history of this case and inapposite case law[1], Plaintiff's Response falsely alleges that the documents and information it

---

1 For example, in citing *Stewart v. Hooters of Am., Inc.,* 2007 WL 3528685 (M.D. Fla. 2017) a case where diligence was clearly lacking, Plaintiff fails to inform this Court that the movant had already filed **six motions** to amend its answer and sought to amend its answer, yet again, after trial.  *See* Plaintiff's Response, at 3.  Defendants have not previously moved this Court to amend its answer.  Likewise, the other inapposite cases cited by Plaintiff are merely examples of extreme failures to exercise diligence or attempts to add clearly futile defenses rather than, as in the instant case, cases where Plaintiff intentionally withheld documents, information and refused to disclose the identity of key witnesses as required under Fed. R. Civ. P. 26 until after the close of discovery, necessitating amendment.

*admits* were not produced during discovery are irrelevant to Defendants' defenses. This could not be further from the truth. The discovery Plaintiff withheld reveals significant substantive support for the meritorious defenses Defendants seek to include in their proposed Amended Answer. *See* Dkts. 205, 217, 223 (identifying defenses revealed by such documents), 228, 229.

Further, in an attempt to falsely mischaracterize Defendants' diligence in moving to amend its Answer, Plaintiff fails to inform this Court that soon after Defendants' previous counsel withdrew from this case and Defendants retained new counsel, this case was administratively **closed** *sua sponte* for more than four months pending mandatory mediation. *See* Dkt. 196. Plaintiff also fails to advise the Court that it injected entirely new argument in its Response to Defendants' Amended MSJ in an attempt to avoid the fact that it cannot establish, as it must, initial ownership, a valid chain-of-title, or an exclusive license under controlling Eleventh Circuit law in any of the works it has asserted; yet, it opposes Defendants' amendment of its answer in defense of these new arguments. Additionally, Plaintiff's Response grossly mischaracterizes the bases of the affirmative defenses, fails to advise the Court many of these defenses were already present in Defendants' originally filed Answer, albeit inartfully stated.

For the foregoing reasons, Defendants respectfully request, for good cause shown, so this case can be decided on the merits, that the Court grant Defendants' leave to file a reply of no more than ten (10) pages in length, no later than fourteen (14) days after the grant of this Motion.

Dated: July 29, 2019

/s/ *Joseph R. Sozzani*
    Joseph R. Sozzani, Esq.
    FL. Bar No. 120297
    E-Mail: jsozzani@infinityiplaw.com
    INFINITY IP, PLLC
    222 West Bay Drive
    Largo, FL 33770
    Tel. 727.687.8814

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), I hereby certify that I have conferred with Plaintiff's counsel and Plaintiff does not consent to the relief requested.

Dated: July 29, 2019                                   By:     */s/ Joseph R. Sozzani*
                                                               Joseph R. Sozzani

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 29th day of July, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will transmit Notices of Electronic Filing to Plaintiff, Dish Network, LLC and all counsel of record.

Dated: July 29, 2019                                   By:     */s/ Joseph R. Sozzani*
                                                               Joseph R. Sozzani