## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | ) Case No. 8:16-cv-02549-EAK-CPT |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| GABY FRAIFER, TELE-CENTER, INC., | ) |
| and PLANET TELECOM, INC., | ) |
| individually and together d/b/a | ) |
| UlaiTV, PlanetiTV, and AhlaiTV, | ) |
| | ) |
| Defendants. | ) |

**PLAINITFF'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER**

*Pending Motion & Response*

Defendants Gaby Fraifer, Tele-Center, Inc., and Planet Telecom, Inc. ("Defendants") filed a motion for leave to amend their answer and include new affirmative defenses – nearly three years after this action was filed, long after the close of discovery, and after the parties filed motions for summary judgment – claiming the amendment was necessitated by certain non-party documents allegedly withheld during the discovery period. (Dkt. 229.)

Plaintiff DISH Network L.L.C. ("DISH") filed a response and established that Defendants, contrary to the arguments in their motion, were not diligent in requesting leave to amend because the alleged justification for the untimely amendment was false as the complained-about documents were not improperly withheld during discovery, the new affirmative defenses are unrelated to those documents, and Defendants received those documents more than fifteen months ago (warranting denial of their motion under Rule 16(a)). (Dkt. 232.) DISH also established that any amendment at this late stage, contrary to Defendants' arguments, will substantially prejudice DISH and unduly delay the resolution of this matter (also warranting denial of their motion under Rule 15(a)). (*Id.*)

*Proposed Reply*

"The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Regions Bank v. Kaplan*, No. 8:16-cv-2867-T-23AAS, 2018 WL 2197771, at *3 (M.D. Fla. May 14, 2018) (denying leave to file reply where the movant did not identify new law or facts and instead was merely seeking to "address the arguments . . . in [the] response"). Defendants fail to identify any new facts or new law presented in DISH's response and instead attempt to justify a reply based on alleged "misstated facts," "misstatements of fact and law," "misleading or misstated facts and law," "omi[ssions] of significant facts, law and judicial admissions," "a self-serving rendition of the facts, procedural history of this case and inapposite case law," and the "need to clarify these issues for the benefit of the Court." (Dkt. 235 at 1-3.) Defendants are improperly attempting to get a second bite at the apple and the last word on arguments that both Defendants and DISH have already briefed to the Court.

Defendants' claim that DISH purportedly misconstrues facts in the record does not warrant a reply. *See Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-537-FTM-29, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011) (denying leave to file reply "to cite the appropriate portions of the record" and finding movant did not identify "a new matter of law or fact . . . , but merely a dispute as to what those facts mean"); *Gian Biologics, LLC v. CellMedix Holdings, LLC*, No. 2:15-CV-645-FTM-99CM, 2016 WL 9525229, at *1 (M.D. Fla. Oct. 5, 2016) (denying leave to file reply and finding "Plaintiff's reasons pertain not to new facts or law, but to the existing facts that Defendants have misrepresented or mischaracterized in Plaintiff's viewpoint"); *Morgan v. W. Heritage Ins. Co.*, No. 6:12-cv-514-ORL-19DAB, 2012 WL 12905611, at *2 (M.D. Fla. Dec. 3, 2012) ("[W]hen the party seeking leave to amend . . . merely disputes the meaning of certain facts in the case, the party's motion for leave should be denied.").

Defendants' claim that certain cases cited in DISH's response are factually distinguishable likewise does not justify a reply. *See Shaw v. R.J. Reynolds Tobacco Co.*, 818 F. Supp. 1539, 1541 (M.D. Fla. 1993) ("In the interests of expedience and in fairness to Plaintiff, Defendant's Motion for Leave to File Reply Brief is denied as the Court is capable of determining the status of the law in the face of conflicting memoranda submitted by the parties herein, and it would be unfair for Defendant to get a 'second bite at the apple' by considering this second brief on the issue."); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, No. 97-721CIVT17A, 1999 WL 33590589, at *20 (M.D. Fla. Apr. 15, 1999) (denying leave to file reply and observing that the court "can determine the status of th[e] laws without requiring additional memoranda to be filed"); *Gian Biologics*, 2016 WL 9525229, at * 1 (denying leave to file reply to address "inapposite case law" and finding "the Court can decide factual and legal disputes and apply appropriate interpretations of law").

Finally, it appears that Defendants will use the reply for the improper purpose of presenting new arguments and new evidence that could have been included in their original motion, placing DISH in the position of having to request a surreply. *See First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008) (holding that a surreply is proper "where the movant raises new arguments in its reply brief"); *United States v. Carter*, 506 F. App'x 853, 860 (11th Cir. 2013) (discussing surreply in the context of new evidence).  The purpose of a reply is to rebut new facts or new law in a response – neither of which is found in DISH's response – and not to present new arguments or new evidence as Defendants are poised to do in their reply if leave is granted.

Dated:  July 29, 2019

/s/ Timothy M. Frank
Joseph H. Boyle (*pro hac vice*)
Timothy M. Frank (*pro hac vice*)
HAGAN NOLL & BOYLE, LLC
Two Memorial City Plaza
820 Gessner, Suite 940

James A. Boatman, Jr.
Florida Bar No. 0130184
THE BOATMAN LAW FIRM PA
3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105

Houston, Texas 77024  Telephone: (239) 330-1494
Telephone: (713) 343-0478  Facsimile: (239) 236-0376
Facsimile: (713) 758-0146  Email: jab@boatman-law.com
Email: joe.boyle@hnbllc.com
Email: timothy.frank@hnbllc.com

Attorneys for Plaintiff DISH Network L.L.C.