UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DISH NETWORK LLC,

    Plaintiffs,

v.                                                Case No. 8:16-cv-2549-T-60CPT

GABY FRAIFER, et al.,

    Defendants.
_____/

**ORDER**

Before the Court are the *Defendants' Motion to Amend Answer* (Doc. 229) and the Plaintiff's response in opposition (Doc. 232). Upon review of the parties' submissions and with the benefit of oral argument, the Defendants' motion is denied.

I.

Plaintiff Dish Network LLC (Dish Network) initiated this copyright infringement action in August 2016 against Defendants Gaby Fraifer and Tele-Center, Inc. (Tele-Center). (Doc. 1). In January 2017, the Court entered a Case Management and Scheduling Order (CMSO) setting various deadlines, including—of significance here—a February 17, 2017, deadline to amend pleadings. (Doc. 50). The CMSO expressly cautioned the parties to "take heed" that any motions to amend after the issuance of the CMSO were "disfavored." *Id.* at 1-2 (citing Local Rule 3.05(c)(2)(E), (c)(3)(D)).

In February 2017, Fraifer and Tele-Center answered Dish Network's complaint (Docs. 54, 55), and Dish Network shortly thereafter requested leave to amend its complaint. (Doc. 58). The Court granted that request (Doc. 61), and Dish Network filed an amended complaint in March 2017, which, among other things, added Planet Telecom, Inc. (Planet Telecom) as a Defendant. (Doc. 62). Each Defendant answered the amended complaint in April 2017 and asserted various affirmative defenses. (Docs. 77-79).

A year later, after the case had proceeded through discovery, the parties filed motions for summary judgment. (Docs. 134-37, 146). After another year had passed, the Defendants filed an amended summary judgment motion, which Dish Network opposed. (Docs. 217, 224).

The Defendants' instant motion to amend followed. (Doc. 229).

II.

Under Rule 16 of the Federal Rules of Civil Procedure, district courts are required to enter a scheduling order that "limit[s] the time to . . . join other parties [and] amend the pleadings." Fed. R. Civ. P. 16(b). Such orders may be modified only "upon a showing of good cause." *Id.*

Where, as here, "a motion for leave to amend is filed after the scheduling order's deadline, a two-step analysis is appropriate." *Arianas v. LVNV Funding LLC*, 307 F.R.D. 615, 616 (M.D. Fla. 2015) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). "First, the movant must demonstrate 'good cause' under Rule 16(b)" by showing that it was diligent in seeking the extension. *Id.* (citing *Sosa*, 133

2

F.3d at 1419; Fed. R. Civ. P. 16, Advisory Committee Notes). "When a party seeking the extension is not diligent, the good cause inquiry ends." *Tampa Bay Storm, Inc. v. Arena Football League*, 1998 WL 182418, at *2 (M.D. Fla. Mar. 19, 1998) (citing *Sosa*, 133 F.3d at 1418).

If the movant demonstrates "good cause," the Court then applies the standard for amendment set forth in Rule 15(a). *Arianas*, 307 F.R.D. at 617 (citing *Sosa*, 133 F.3d at 1419); *see also Candyman Kitchens Inc. v. Sandcrafters LLC*, 2018 WL 6434058, at *2 (M.D. Fla. Dec. 7, 2018) (explaining that movant must establish good cause under Rule 16(b) before asserting that leave to amend should be granted under Rule 15(a)). Rule 15(a) provides, in relevant part, that a party may amend its pleading with the Court's leave and that such leave should "be freely given when justice so requires." *Arianas*, 307 F.R.D. at 617 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2) (same). "That said, courts may deny a motion for leave to amend [under Rule 15(a)] on numerous grounds, including undue delay, undue prejudice to the [opposing party], and futility of amendment." *Donley v. City of Morrow, Georgia*, 601 F. App'x 805, 810 (citing *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1287 (11th Cir. 2003)).

In the end, a district court's determination as to whether to modify a scheduling order to allow amendments is reviewed for abuse of discretion. *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1240 (11th Cir. 2009) (citations omitted); *Deegan v. Homestead Police Dep't*, 750 F. App'x 796, 799 (11th Cir. 2018) ("District courts have unquestionable authority to control their own dockets and enjoy broad discretion in

3

deciding how best to manage the cases before them.") (internal quotation marks and citation omitted).

Here, the Defendants request leave to amend their answers in order "to clarify and expressly set forth valid and meritorious affirmative defenses" and "to clarify existing averments . . . for the convenience of [the] Court in deciding this case on the merits." (Doc. 229 at 8, 9). The bulk of their motion, however, centers on one defense—their claim that Dish Network lacks standing to sue because it is not an exclusive licensee of the copyrighted works recited in the complaint. *Id.* Recognizing that their request falls well beyond the February 17, 2017, amendment deadline (Doc. 50), the Defendants argue that Dish Network's motion for summary judgment, as well as its response to their summary judgment motion, revealed new information necessitating the proposed amendments (Doc. 229 at 2-3, 8). They further contend that Dish Network improperly withheld that information during discovery despite their requests for same. *Id*.

After careful consideration of the matter, the Court finds the Defendants' motion to amend to be fatally infirm. To begin, their motion fails to identify where in their twenty-six-page proposed amended answer (Doc. 229-1) the Court can find the revisions they now seek to make. Instead, they have left it to the Court to ferret out these amendments through a side-by-side comparison of the Defendants' newly-offered answer and their prior ones. When pressed on the matter at the hearing, the Defendants referenced only general categories of changes and were unable to walk the Court through their proposed revisions with any particularity.

4

This lack of specificity is pervasive throughout the Defendants' motion and militates against granting leave to amend.  For example, in addition to the above deficiency, the Defendants' motion states that Dish Network produced "critical agreements" for the first time as attachments to declarations supporting its summary judgment motion as well as a "previously undisclosed agreement" as an attachment to its response to the Defendants' summary judgment motion.  (Doc. 229 at 8 n.2).  Yet, the Defendants neglect in their motion to designate these agreements or the information therein that gives rise to their proposed amendments.

When the Court inquired about this shortcoming at the hearing, the Defendants were able to identify only one agreement (between third-party network MBC and JumpTV) and one declaration (authored by John Whitehead of MBC) that purportedly revealed new information supporting their lack-of-standing defense.  The Defendants, however, did not pinpoint the information within the JumpTV Agreement or the Whitehead Declaration upon which they relied or explain how any such information formed the basis of their proposed amendments.  *See, e.g., Northstar Marine, Inc. v. Huffman*, 2014 WL 3720537, at *4 (S.D. Ala. July 28, 2014) (noting that, by "traveling in conclusory generalities that raise more questions than they answer," defendants failed to meet their burden of showing "good cause" to amend their answer under Rule 16(b)).

Moreover, despite contending they made "many attempts" to secure such information prior to the close of discovery (Doc. 229 at 8 n.2), the Defendants do not show that they properly requested that information during the discovery period or that

5

Dish Network was otherwise obliged to furnish it.[1]  Indeed, the Defendants fail to specify any discovery request calling for the production of such information.

Nor do they explain why they did not request this information directly from the third parties that possess it.   It appears to the Court in this regard that the Defendants were aware of the identity of these third parties since the date of Dish Network's supplemental Rule 26 initial disclosures in November 2017—almost four months before the close of discovery.[2]  (Doc. 163 at 2-4).

It also bears mentioning that the Court denied the Defendants' previous request to strike certain MBC agreements and the Whitehead Declaration from the record, based upon arguments similar to those made by the Defendants here.  (Doc. 187).  In particular, the Court rejected the Defendants' assertion that these items should be stricken because the witnesses at issue were not previously identified in Dish Network's interrogatory responses and/or supplemental Rule 26 initial disclosures, and that the items were purportedly not provided in response to the Defendants' prior requests for production.  *Id*.

---

[1] At the hearing, the Defendants provided the Court for the first time a February 2018 email to Dish Network's counsel, in which the Defendants requested the identification of individual representatives from the third-parties Dish Network listed in its supplemental Rule 26 initial disclosures.  The mere provision of correspondence between counsel, however, does not establish that such information was duly requested through formal discovery or should have been included in Dish Network's initial disclosures in the first instance.

[2] These third parties were also named in Dish Network's amended complaint.  (Doc. 62).

In sum, the Defendants fail to particularize the substance of their proposed amendments and the newly discovered information upon which those amendments rest; neglect to show how such information is indispensable to their requested amendments; and do not establish they should have been provided with this information during discovery or could not have procured it on their own. As such, the Defendants have not established "good cause" to amend their answer under Rule 16(b). *See, e.g., Robertson v. Interactive College of Technology/Interactive Learning Sys., Inc.*, 743 F. App'x 269, 273 (11th Cir. 2018) (finding no abuse of discretion in denial of untimely motion to amend where relevant facts had been known to movant for some time and he was merely seeking to clarify and enhance his factual averments); *Southern Grouts*, 575 F.3d at 1242 (concluding that plaintiff lacked diligence by waiting over a month after uncovering new information in discovery to move for leave to amend complaint).

Nor have the Defendants shown that Rule 15(a)'s standard for leave to amend is satisfied. This action has been pending for more than three years, and motions for summary judgment are ripe for resolution. (Docs. 146, 217). While the Defendants contend that granting them leave to file a substantially revised answer at this late juncture will not prejudice Dish Network or delay the proceedings (Doc. 229 at 9), their efforts to support that contention are both underdeveloped and unpersuasive.

III.

In light of all of the above, the *Defendants' Motion to Amend Answer* (Doc. 229) is denied.

DONE and ORDERED in Tampa, Florida, this 21st day of October 2019.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record