## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., ) | Case No. 8:16-cv-02549-TPB-CPT |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| GABY FRAIFER, TELE-CENTER, INC., ) | |
| and PLANET TELECOM, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING LEAVE TO AMEND ANSWER**

Plaintiff DISH Network L.L.C. ("DISH") responds to Defendants' objections to Magistrate Judge Tuite's order denying Defendants' motion for leave to amend their answers and affirmative defenses. (Dkt. 229 ["Mot."], Dkt. 232 ["Resp"], Dkt. 243 ["Order"], Dkt. 244 ["Objs."].)

### I.  INTRODUCTION

Defendants' attempt to inject new affirmative defenses into this nearly three-year old case – long after the deadline to amend their answer, long after the discovery period closed, and with the parties' MSJs pending – was properly rejected by the Magistrate Judge. Defendants claim the untimely amendments are necessitated by information that DISH allegedly withheld in discovery, but the Magistrate Judge correctly held that Defendants' argument is "fatally infirm."

The Magistrate Judge determined that good cause was lacking under Rule 16(b)(4) because Defendants failed to particularize their proposed amendments to differentiate the old from the new; failed to connect these amendments to any "newly discovered information"; failed to establish that this alleged newly discovered information was necessary to make these amendments; and failed to prove that any information was withheld during the discovery period. Defendants' unjustifiable delay in bringing the Motion – as shown by Defendants admittedly being aware of the facts alleged

to give rise to their proposed amendments at least *fifteen months before seeking leave to amend* – further established a lack of diligence and good cause under Rule 16(b)(4). The Magistrate Judge correctly determined that Defendants also did not satisfy Rule 15(a)'s standard for leave to amend because Defendants failed to show the late stage amendment would not result in prejudice or delay.

Defendants fail to prove the Magistrate Judge's findings are clearly erroneous or contrary to law. Indeed, for the most part, the Magistrate Judge's findings are undisputed. And where a challenge is raised, Defendants improperly introduce new argument not presented to the Magistrate Judge in a belated attempt to correct some of the deficiencies that resulted in the denial of their Motion. New argument is not to be considered where, as here, the review is not *de novo* but under a clear error standard that affords great deference to the Magistrate Judge.

Even considering these new arguments, Defendants have yet to specify the amendments to their affirmative defenses or connect them to any allegedly withheld information. Defendants also make no attempt to demonstrate that this allegedly withheld information is what gives rise to their proposed amended affirmative defenses, i.e., that Defendants required the information to discover the defenses Defendants are now attempting to add to this litigation. The reason for that omission is clear: the amended affirmative defenses are not based on this purportedly withheld information but rather stem from information available to Defendants from the start of this case (approximately three years ago) or that DISH provided to Defendants during discovery (more than two years ago).

Defendants also fail to establish that any information was withheld during discovery. The documents Defendants claim were withheld in discovery were admittedly not possessed by DISH; Defendants have not identified a single request for production that calls for such documents; and Defendants had the ability to request the documents from the non-parties that possessed them, each of whom were properly disclosed to Defendants. Defendants' claim that information was withheld

2

in discovery has twice been rejected in this case – by the previously assigned District Judge when denying Defendants' motion to strike this alleged new information and by the Magistrate Judge.

Lastly, it is well-recognized in the Eleventh Circuit that amending a pleading after the close of discovery and after MSJs are filed – as Defendants are trying to do here – will inherently result in undue delay and prejudice. Defendants offer numerous amended affirmative defenses that were neither addressed in discovery nor the parties' MSJs. In fact, Defendants are suggesting several affirmative defenses for the first time in an effort to evade an adverse ruling on DISH's MSJ. The Magistrate Judge properly rejected Defendants' last-minute attempt to avoid summary judgment and send DISH to a trial by surprise on new affirmative defenses that could have, and should have, been asserted earlier in this action. Defendants' Objections to the Order should be overruled.

## II.     LEGAL STANDARD

The Order denying leave to amend did not dispose of any claim or defense and therefore, as Defendants acknowledge, Defendants' Objections to that Order are made pursuant to Federal Rule of Civil Procedure 72(a). (Objs. at 5-6.) *See Clemons v. Delta Air Lines Inc.*, 625 F. App'x 941, 943 (11th Cir. 2015) (finding magistrate's order denying leave to amend pleading is a non-dispositive order subject to objection pursuant to Rule 72(a)); *Palmore v. Hicks*, 383 F. App'x 898, 899-900 (11th Cir. 2010) ("An order disposing of a motion to amend is a non-dispositive pretrial ruling."). Defendants, as they acknowledge, must establish that the Order is "clearly erroneous" or "contrary to law." (Objs. at 6, quoting Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A).)

"Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). A magistrate judge's factual "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (quotations

3

omitted). An order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (quotations omitted).[1] Thus, "[t]he standard for overturning a Magistrate Judge's Order is a very difficult one to meet." *Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs.*, 122 F. Supp. 2d. 1335, 1337 (M.D. Fla. 2000).

### III.   ARGUMENT

Magistrate Judge Tuite held that the Motion was "fatally infirm" in that Defendants failed to show good cause for amendment under Rule 16(b) and also failed to show that amendment was proper under Rule 15(a). (Order at 4-7.) The Magistrate Judge's Order should be upheld.

**A.   The Magistrate Judge Properly Denied Defendants' Motion Under Rule 16(b)(4).**

There is no dispute that Defendants filed the Motion approximately two and one-half years *after* the deadline for amendments in the CMSO and that untimely amendments are subject to the good cause standard in Rule 16(b)(4). (Order at 1-2; Objs. at 11.) The good cause analysis focuses on whether Defendants diligently pursued the proposed amendments. (Order at 3; Objs. at 11-12.) Defendants attempted to establish diligence by claiming that DISH's summary judgment briefing revealed new information giving rise to the amendments and that such information was previously requested during discovery and purportedly withheld by DISH. (Order at 4, citing Mot. at 2-3, 8.) Defendants did not identify this alleged "new information" other than by making general reference to agreements attached to declarations from non-party Networks that were filed in connection with DISH's summary judgment briefing. (*Id.* at 5, citing Mot. at 8 n.2 [the "Network Documents"].) The Magistrate Judge rejected Defendants' argument and held that Defendants did not demonstrate good cause for their proposed amendments under Rule 16(b)(4):

---

[1] "[T]he 'contrary to law' standard has been distinguished as more deferential than de novo review." *Id.* (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981), now binding precedent in the Eleventh Circuit).

4

> Defendants fail to particularize the substance of their proposed amendments and the newly discovered information upon which those amendments rest; neglect to show how such information is indispensable to their requested amendments; and do not establish they should have been provided with this information during discovery or could not have procured it on their own.

(*Id.* at 7.)  Defendants fail to establish that the Magistrate Judge committed any clear error.

### 1.     The Magistrate Judge's Application Of Rule 16(b)(4) Is Not Contrary To Law.

Defendants claim the Magistrate Judge erred because twelve of their twenty-four proposed amended affirmative defenses contest DISH's standing and therefore may be asserted at any time, such that the deadline for amendments in the CMSO and Rule 16(b)(4) do not apply.  (Objs. at 11-14.)  Defendants rely on cases stating the general proposition that Article III standing implicates a court's subject matter jurisdiction and may be asserted at any stage of the case.  (*Id.*)  Defendants, however, make no attempt to establish that any of these twelve amended affirmative defenses go to DISH's Article III standing or otherwise impact the Court's subject matter jurisdiction – neither in their Objections, in their Motion, nor at the hearing on that Motion.  (*Id.* at 14; Mot. at 5-8.)

Defendants, at best, identify certain affirmative defenses that pertain to DISH's prudential or statutory standing, which unlike Article III standing does not concern the Court's subject matter jurisdiction.  *See Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1274 (11th Cir. 2018) (stating the Supreme Court "effectively abolished prudential standing (sometimes referred to as statutory standing) as a jurisdictional doctrine;" statutory standing goes to whether "Plaintiffs have a valid of cause of action, 'and the absence of a valid . . . cause of action does not implicate subject-matter jurisdiction'") (quoting *Lexmark Int'l, Inc. v. Static Control Components*, 572 U.S. 118 (2014)).  Statutory standing defenses are properly deemed to be waived if not timely asserted.  (*See* Resp. at 14 n.7, citing *Mississippi Levee* and *Merrimon*, which held that arguments based upon statutory standing, unlike constitutional standing arguments, may be waived.)

5

Defendants agree with the Magistrate Judge's observation that the thrust of their Motion concerned proposed amended affirmative defenses challenging DISH's exclusive licenses to the copyright works.  (Objs. at 11; Order at 4.)  Such defenses concern DISH's statutory standing and do not implicate subject matter jurisdiction.  *See Newton*, 895 F.3d at 1274; *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1297 (11th Cir. 2011) (finding a party that fails to establish copyright ownership "lacks statutory standing").  Defendants' proposed amended affirmative defenses based on purportedly defective copyright registrations, wrongfully procured copyright registrations, or an absence of copyright registration also do not affect the Court's subject matter jurisdiction.  (Dkt. 229-1 at 6-12, 18.)  *Roberts v. Gordy*, 877 F.3d 1024, 1028 (11th Cir. 2017) ("[A] federal court's jurisdiction is not conditioned on a registration.") (citing *Reed Elsevier, Inc. v. Muchnick*, 599 U.S. 154, 164 (2010)); *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018) (holding Copyright Act's "registration requirement is not jurisdictional").  Defendants' remaining amended affirmative defenses – including statute of limitations, unclean hands, waiver, estoppel, copyright misuse, and DMCA safe harbors – likewise do not present jurisdictional issues.

Defendants' proposed amended affirmative defenses could not be asserted at any time – and are waived if not timely asserted – because these defenses do not concern the Court's subject matter jurisdiction.  The Magistrate Judge's determination that Defendants were required to show good cause under Rule 16(b)(4) for their untimely amended affirmative defenses, including those twelve arguably raising statutory standing concerns, was not clearly erroneous or contrary to law.

### 2.   The Magistrate Judge's Application of Rule 16(b)(4) Is Not Clearly Erroneous.

#### a.   Defendants Failed To Explain Their Proposed Amendments.

The Magistrate Judge held that good cause to amend was lacking because "Defendants fail to particularize the substance of their proposed amendments and the newly discovered information

6

upon which those amendments rest." (Order at 7.) The Magistrate Judge observed that Defendants were unable to explain their proposed amendments, even when questioned at oral argument:

> To begin, their motion fails to identify where in their twenty-six page proposed amended answer . . . the Court can find the revisions they now seek to make. Instead, they have left it to the Court to ferret out these amendments through a side-by-side comparison of the Defendants' newly-offered answer and their prior ones. When pressed on the matter at the hearing, the Defendants referenced only general categories of changes and were unable to walk the Court through their proposed revisions with any particularity.

(*Id.* at 4.) The Magistrate Judge found that "[t]his lack of specificity . . . militates against granting leave to amend." (*Id.* at 5.) Defendants do not contest these findings from the Magistrate Judge.[2]

The Magistrate Judge also determined that Defendants failed to identify the alleged newly discovered information on which their unspecified amendments rested – a finding Defendants also do not dispute in their Objections. (*Id.* at 7.) Rather, Defendants provide the Court with a chart that admittedly contains new argument – not presented in their Motion or at the hearing before the Magistrate Judge – in a belated attempt to now correct this deficiency. (Objs. at 1, 7, 22-24, Ex. 1.) Defendants' new argument provides no basis to overturn the Magistrate Judge's Order.

As an initial matter, the Court should not consider any argument that was not presented to the Magistrate Judge. Defendants claim the Court has discretion to consider their new arguments, but the cases Defendants rely on are distinguishable as they all involved the *de novo* review of a magistrate judge's report and recommendation on a dispositive matter under Rule 72(b). (*Id.* at 7.) Defendants object to a nondispositive order under Rule 72(a) and thus the more deferential "clearly erroneous" or "contrary to law" standard applies. In this context, the district judge should not consider an argument not presented to the magistrate judge. *See Voter Verified, Inc. v. Premier Election Sols.*, No. 6:09-cv-1968-Orl-19KRS, 2010 WL 1049793, at *2 (M.D. Fla. Mar. 22, 2010)

---

[2] Defendants also make no attempt to correct the deficiencies that the Magistrate Judge identified; instead, Defendants would now have this Court ferret out the amendments in the twenty-six page proposed amended answer.

("[T]he district court may not consider new materials or legal arguments raised for the first time in the objection.") (citing *United States v. S. Fabricating Co.*, 764 F.2d 780, 781 (11th Cir. 1985)); *In re Seroquel Prod. Liab. Litig.*, No. 6:06-md-1769-Orl-22DAB, 2008 WL 591929, at *2 n.3 (M.D. Fla. Feb. 28, 2008) ("[B]ecause this Court's review of the magistrate judge's order in this instance is not *de novo*, but rather is limited to a finding of clear error, the Court finds that it would be improper to look to anything but the record that existed at the time the magistrate judge issued his ruling."). Indeed, it defies logic for Defendants to claim the Magistrate Judge committed clear error in not considering arguments Defendants never offered for his consideration.

Moreover, even under the Rule 72(b) case law that Defendants cite, the Court may properly decline to consider any new argument. (Objs. at 7, citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).) Defendants admit that they were aware of their proposed amended affirmative defenses for at least fifteen months, and thus they had more than ample opportunity to present their arguments to the Magistrate Judge, both in their Motion and at the hearing. *See infra* Part III.A.2.d. Defendants contend that they were being "intentionally concise" as Judge Kovachevich was then assigned to the case and familiar with the matter fails because (i) Defendants' new arguments are not otherwise in the record (hence why Exhibit 1 was created) and therefore Judge Kovachevich would not have known of the arguments regardless of her level of familiarity with the case and even if she had decided the Motion; and (ii) the Motion was decided by the Magistrate Judge, who asked Defendants to explain the basis for the proposed amendments at the hearing, but Defendants were unable to do so. (Objs. at 7; Order at 4-5.) The Court should not consider Defendants' new arguments that could have, and should have, been made to the Magistrate Judge.[3]

---

[3] Defendants' sixteen-page, single-spaced chart – filed as an exhibit to their full twenty-five page Objections – is also properly rejected because it constitutes an improper attempt to circumvent the page limit. *See* Local Rule 3.01(a) ("In a <u>motion or other application for an order</u>, the movant shall include a concise statement of the precise relief requested,

8

Furthermore, even considering Defendants' new arguments in the chart, Defendants fail to respond to the Magistrate Judge's finding that Defendants did not connect their proposed amended affirmative defenses to any alleged new information. (Order at 7.) Defendants' chart has a column titled "Relevant Defenses of Defendants' Proposed Amended Answer," but Defendants notably do not list any of their proposed amended affirmative defenses. (Mot. at Ex. 1.) The Court and DISH are left to guess which of the one-hundred and nineteen conclusory and argumentative allegations in that "Relevant Defenses" column supposedly correspond with each of Defendants' twenty-four amended affirmative defenses. (*See id.*) Further, Defendants do not even attempt to connect each of these one-hundred and nineteen allegations to specific portions of the documents purportedly withheld in discovery, which have now been expanded to include not only the Network Documents but also various declarations from properly disclosed witnesses and publicly available international laws. (*See id.*) Indeed, most of the allegations in the "Relevant Defenses" column have no citation to the allegedly withheld document that is identified, or they cite to an entirely different document.[4] In making the new arguments in Exhibit 1, Defendants still fail to connect their proposed amended affirmative defenses to any information contained in the allegedly withheld documents.

### b. Defendants Failed To Show That Newly Discovered Information Was Indispensable To Their Proposed Amendments.

The Magistrate Judge also correctly determined there was no good cause to amend because Defendants failed to establish the alleged newly discovered information "is indispensable to their requested amendments." (Order at 7.) Defendants neither dispute the Magistrate Judge's finding

---

a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a <u>single document not more than twenty-five (25) pages</u>.") (emphasis added.)

[4] And where Defendants provide a corresponding citation, the allegation is either irrelevant to the affirmative defenses (e.g., allegations concerning the authenticity and admissibility of the documents); the allegation is unsupported by the citation (e.g., allegations claiming an agreement establishes "simultaneous publication"); the document cited does not give rise to any alleged affirmative defense (*see, e.g., infra* Part III.A.2.c); or the document cited was not improperly withheld from Defendants (*see, e.g., infra* Part III.A.2.d [establishing no documents were withheld]).

9

nor make any attempt to correct this deficiency in their Objections. Defendants' new arguments in Exhibit 1 do not establish that Defendants required any of the allegedly withheld documents to assert their proposed amended affirmative defenses. Thus, even if Defendants were able to connect their proposed amended affirmative defenses to allegedly withheld information, Defendants fail to establish they needed that information to assert these defenses.

In fact, Defendants' proposed amended affirmative defenses do not depend on the Network Documents, or any other documents in Exhibit 1, and such defenses were available to Defendants long before the documents were filed. Defendants' first and second amended affirmative defenses claiming invalid copyright registrations and fraud on the Copyright Office are classic examples. (*See* Dkt. 229-1 at 6-11.) Defendants base these proposed defenses upon allegations that copyright registration certificates for the Registered Works do not identify the true authors or date and place of first publication, incorrectly invoke the work made for hire doctrine, and the works were not properly transferred from the alleged true authors to the copyright claimant. (*See id.*) Defendants' arguments do not stem from any allegedly withheld information; instead, Defendants premise these arguments on their own misguided interpretation of the registration certificates for the Registered Works and their misapplication of principles of UAE law. (*See id.*)

Defendants, at the very latest, were aware of the copyright registrations for the Registered Works and the need to consider UAE law upon being served with DISH's original complaint filed on August 30, 2016 because the complaint listed each copyright registration and further advised Defendants that DISH was asserting copyrights that arise under UAE law. (Dkt. 1 ¶¶ 10, 21; *see* Dkt. 62, Am. Compl. ¶¶ 13, 27.)[5] The copyright registrations were also included in DISH's initial document production served on Defendants on July 5, 2017. (Dkt. 214 at 4.) Thus, Defendants'

---

[5] Accordingly, Defendants' claim of being "surprised" in having to consider international laws is baffling as DISH's original and amended complaints made clear DISH was claiming copyrights under international laws. (Objs. at 2.)

10

first and second amended affirmative defenses do not arise from allegedly withheld documents.

The same is true of Defendants' third and eighth proposed amended affirmative defenses, each styled as a failure to register copyrights defense. (Dkt. 229-1 at 11-15, 18.) DISH's original complaint specifically informed Defendants that DISH was asserting copyright infringement as to the Registered Works and other unregistered, non-United States works. (Dkt. 1 ¶¶ 10, 20-22; *see* Dkt. 62 ¶¶ 13, 26-28.) Defendants' alleged "failure to register" affirmative defenses are not based on any allegedly withheld documents and were available to Defendants from the start of this case.

Equally unavailing is Defendants' attempt to bring the fourth, fifth, and fifteenth proposed affirmative defenses claiming an invalid copyright license, no copyright ownership, and copyright misuse. (Dkt. 229-1 ¶¶ 49-62, 72-73.) Defendants base these alleged affirmative defenses on the same arguments above concerning their construction of non-United States copyright laws, as well as DISH's agreements with the Networks. (*Id.*) DISH's original complaint informed Defendants that DISH was relying on agreements with the Networks and non-United States copyright laws for its exclusive rights. (Dkt. 1 ¶¶ 9-10, 21; *see* Dkt. 62 ¶¶ 12-13, 27.) DISH's agreements with the Networks were produced to Defendants during the discovery period and DISH was questioned on the agreements extensively at deposition. (Dkt. 214 at 4.) Defendants' fourth, fifth, and fifteenth amended affirmative defenses do not stem from any allegedly withheld documents.

The remainder of Defendants' twenty-four proposed amended affirmative defenses suffer the same fate: these defenses are not derived from any purportedly withheld documents, which is the only justification offered for Defendants' proposed untimely amendment. Defendants could have raised these alleged affirmative defenses in the early stages of this case as these defenses are based on the copyright registrations and DISH's agreements with the Networks that were identified in DISH's complaint and produced at the start of discovery; international laws; or matters plainly

11

known by Defendants such as their DMCA safe harbor affirmative defense and defense contesting the DMCA copyright infringement notices that Defendants received as early as May 2015 and that were produced to Defendants a second time in discovery. (Dkt. 229-1; Dkt. 214 at 3-4.)

The Magistrate Judge correctly held that good cause was lacking because Defendants failed to identify any alleged new information that was necessary for their proposed amendments. (Order at 7; *see* Resp. at 8, citing *Smith*, which found a lack of good cause where movant did not specify "what facts supported" the amendment and "why those facts previously were undiscoverable.") In truth, the affirmative defenses that Defendants want to assert are not derived from any allegedly withheld information but instead are based on information available to Defendants from the start of this litigation or that was provided to Defendants during the discovery period.

        **c.**      **Defendants Failed To Show The New Information Purportedly Giving Rise To Their Proposed Amendments Was Withheld During Discovery And Otherwise Unavailable.**

The Magistrate Judge also determined there was no good cause for amendment based upon the alleged new information because Defendants "do not establish they should have been provided with this information during discovery or could not have procured it on their own." (Order at 7.) The Magistrate Judge found Defendants had no basis to claim the Network Documents underlying their Motion were withheld during discovery:

> Defendants do not show that they properly requested that information during the discovery period or that Dish Network was otherwise obligated to furnish it. Indeed, the Defendants fail to specify any discovery request calling for the production of such information.
>
> Nor do they explain why they did not request this information directly from the third parties that possess it. It appears to the Court in this regard that the Defendants were aware of the identity of these third-parties since the date of Dish Network's supplemental Rule 26 initial disclosures in November 2017 – almost four months before the close of discovery.

(*Id.* at 6.) The Magistrate Judge's findings are not clearly erroneous or contrary to law.

<u>First</u>, the Magistrate Judge properly relied on the Court's prior order *denying* Defendants'

12

motion to strike Network Documents and declarations from the non-party Networks:

> The Court rejected Defendants' assertion that these items should be stricken because the witnesses at issue were not previously identified in Dish Network's interrogatory responses and/or supplemental Rule 26 initial disclosures, and that the items were purportedly not provided in response to Defendants' prior requests for production.

(*Id.*, citing Dkt. 187.) Defendants do not challenge the Court's prior ruling that the Networks were properly disclosed and the Network Documents were not withheld during discovery.

*Second*, Defendants incorrectly contend the Magistrate Judge failed to consider (i) footnote 2 of their Motion wherein Defendants claim to have requested the allegedly withheld documents "prior to the close of discovery, *including the filing of two Motions to Compel*;" and (ii) Dkt. 214, which is DISH's motion for sanctions. (Objs. at 17.) Footnote 2 was quoted in the Order and thus properly considered. (Order at 5.) Defendants' general reference to filing two motions to compel does not establish any documents were withheld – especially considering that both motions were *denied* and neither motion sought to compel the production of documents but instead concerned interrogatories. (Dkts. 121, 126, 138.) Defendants argue that DISH's motion for sanctions shows certain Network Documents were filed after the close of discovery, but notably that motion does not establish Defendants "properly requested that information during the discovery period or that Dish Network was otherwise obligated to furnish it." (Order at 7; *see* Dkt. 214.)[6]

*Third*, Defendants' new argument that the allegedly withheld documents were requested in Defendants' interrogatories should not be considered because the argument was not made to the Magistrate Judge. (Objs. at 20.) *See supra* Part III.A.1. Further, Defendants' new argument fails because (i) interrogatories do not require a responding party to produce documents; and (ii) DISH

---

[6] Defendants' argument that the Magistrate Judge was required to consider various other pleadings filed in this matter, that were not even referenced in the Motion, is incorrect as the Magistrate Judge has no obligation to scour the entire record to see if Defendants previously made an argument that might be applicable. Even if the Magistrate Judge had examined the entire record, the result would be the same – Defendants did not request the Network Documents.

13

properly responded to these interrogatories, Defendants' motion to compel further responses was denied in April 2018, and Defendants failed to meet and confer on these requests after their motion was denied, despite being instructed by the Court to do so. (Dkts. 122, 138.) Defendants have yet to identify a single request for production that calls for the Network Documents that Defendants claim were allegedly withheld during discovery.

*Fourth*, for the same reason, the Court should refuse to consider Defendants' new argument that the Network Documents were "held by the foreign networks" but DISH had "the legal right to request the documents." (Objs. at 20-21.) Defendants' new argument also lacks merit because (i) Defendants have not established the Network Documents were requested in discovery and thus the question of DISH's alleged control over the non-party Network Documents is immaterial; (ii) even if the Network Documents were requested, Defendants admit the documents were possessed by non-parties and not DISH; and (iii) the language Defendants quote from DISH's agreements with the Networks, which were produced early in discovery and are not at issue, may allow DISH to reasonably request the Network Documents, but expecting that DISH would request documents from the Networks that were not asked for during discovery is unreasonable. (*Id.*) Defendants' argument that DISH was obligated to produce the non-party Network Documents (agreements not involving DISH) that were held by the Networks (not by DISH) is legally and factually incorrect.[7]

*Fifth*, Defendants do not challenge the Magistrate Judge's determination that Defendants were aware of the Networks that possessed the Network Documents at least four months prior to the close of discovery, but Defendants did not "explain why they did not request this information

---

[7] Defendants emphasize that the JumpTV agreement, which is between the MBC Network and another non-party, was filed as part of MBC's declaration in June 2019. The JumpTV agreement is not part of the chain of title establishing DISH's copyrights; rather, it was filed in response to Defendants' fourth MSJ to negate Defendants' unfounded claim that MBC licensed relevant copyrights to JumpTV. (Dkt. 224-1 ¶ 9; Dkt. 237 at 7.) Defendants were aware of the JumpTV agreement because it was identified in DISH's agreement with MBC produced in July 2017, but Defendants never requested a copy of the JumpTV agreement and did not raise their unsupported claim regarding the agreement until filing their fourth MSJ two years later, which claim has now been disproven. (*Id.*; Dkt. 217 at 23.)

14

directly from the third parties." (Order at 6.) Defendants' new argument, attempting to provide an explanation by claiming it was easier for DISH to discover the Network Documents, should not be considered as the argument was not made to the Magistrate Judge. (Objs. at 21.) Moreover, Defendants' new argument fails because (i) Defendants falsely presume that DISH is required to conduct discovery on their behalf; and (ii) Defendants do not establish it would have been easier for DISH to discover the documents from the non-party Networks and share those documents with Defendants, especially considering Defendants fail to show that they made a valid request for the documents. Defendants should have conducted discovery on the Networks (for example, through document subpoenas or Rule 30(b)(6) depositions) and the Magistrate Judge did not clearly err in questioning Defendants' lack of diligence in this regard.

*Finally*, the Magistrate Judge properly considered the correspondence between counsel that Defendants offered at the hearing and determined that correspondence, like the Motion itself, did not establish good cause for the amendments. (Order at 6 n.1.) The correspondence requested that DISH identify individual representatives from the non-party entities listed in DISH's supplemental disclosures. (*Id.*) Defendants' decision to provide this correspondence represented a change in strategy as Defendants were claiming in their Motion a need to amend solely based on allegedly withheld agreements – not based upon purported inadequacies in the identification of non-parties in DISH's disclosures. Nevertheless, the Magistrate Judge correctly held that "correspondence between counsel does not establish that such information was duly requested through formal discovery or should have been included in Dish Network's initial disclosures." (*Id.*)[8]

Defendants dispute only the second portion of the Magistrate Judge's finding by claiming

---

[8] Defendants mistakenly claim that this correspondence was a prelude to their two unsuccessful motions to compel interrogatory responses; in reality, the correspondence concerned DISH's supplemental disclosures and post-dated the filing of Defendants' two motions to compel that were denied. (Objs. at 19 and Ex. 3; Dkts. 121, 126, 138.)

it was clearly erroneous because Rule 26 requires the disclosure of individual representatives from any listed non-party entities. (Objs. at 18.) Defendants' argument, however, was not presented to the Magistrate Judge and should not be considered. (*Id.*) Furthermore, Defendants' new argument was previously rejected by the Court and is contrary to case law on this issue. (Dkt. 187 [denying Defendants' motion to strike Network declarations on the basis of alleged non-disclosure). *FDIC v. Attorneys' Title Ins. Fund, Inc.*, No. 12-23599-Civ-Seitz-Simonton, 2014 WL 12503315, at *2 (S.D. Fla. Sept. 3, 2014) (finding that disclosure was proper where, as here, the nonparty corporate representative making the declaration was not identified by name but initial disclosures listed the non-party corporation); *Wilson v. MarineMax E., Inc.,* No. 1:16-cv-812-WSD, 2018 WL 1466276, at *18 n.9 (N.D. Ga. Mar. 26, 2018) (collecting cases that came to the same conclusion).

Moreover, Defendants fail to establish that this alleged non-disclosure of the names of the Network's corporate representatives gives rise to their amended affirmative defenses. (Objs. 18-19.) And, the information contained in the Network declarations could have been obtained from the Networks – identified in DISH's amended complaint and supplemental disclosures long before discovery closed – but Defendants made the strategic decision not to conduct that discovery. (*See* Resp. at 6, citing *Stewart*, which held it was proper to consider "if the moving party neglected to determine facts before filing pleadings or within discovery" in denying leave to amend answer.)

### d. Defendants Intentionally Delayed Filing Their Motion For More Than A Year After Receiving The Allegedly Withheld Documents.

Regardless of whether Defendants' proposed amended affirmative defenses are related to documents allegedly withheld in discovery, Defendants admittedly delayed at fifteen months after receiving those documents before requesting leave to amend to assert new affirmative defenses. Such as delay shows a complete lack of diligence under Rule 16(b)(4).

The Magistrate Judge cited the Eleventh Circuit's decision in *Southern Grouts & Mortars,*

16

*Inc. v. 3M Co.*, 575 F.3d 1235 (11th Cir. 2009) for the proposition that diligence was lacking where a party "wait[ed] over a month after uncovering new information in discovery to move for leave to amend." (Order at 7.) Defendants' lack of diligence is substantially more egregious because they sat on the Network Documents for <u>at least fifteen months</u> before seeking leave to amend. The Network Documents were filed in support of DISH's MSJ on April 6, 2018. (Dkt. 146.) There is no dispute that Defendants were aware of the proposed amended affirmative defenses at that time. (Dkt. 229 at 9 ["[T]he affirmative defenses Defendants seek to include . . . were not known until the filing of [DISH's MSJ]."].) Defendants' decision to wait fifteen months before seeking leave to amend demonstrates a lack of diligence and warranted a denial of their motion. *S. Grouts*, 575 F.3d at 1242. (*See* Resp. at 6, also citing *Oravec*, which affirmed denial of leave to amend where movant was aware of need to amend three months earlier upon receiving non-movant's MSJ.)

      Although Defendants referenced the withdrawal of their counsel as the cause for the delay, "changing defense counsel and making an apparent change in strategy is not sufficient good cause to justify the amendments." (Resp. at 7, quoting *Capital Construction*, which denied leave to file amended affirmative defenses for lack of diligence.) In addition, even Defendants' current counsel that appeared on August 20, 2018, before Defendants' former counsel withdrew, must have known about the affirmative defenses Defendants planned to assert well in advance of requesting leave to amend. (Dkts. 189-190.) In fact, on April 8, 2019, Defendants moved to supplement or amend their third MSJ claiming that DISH withheld the Network Documents that are "directly relevant to the development of its <u>defenses</u>" and "reveal[ ] <u>numerous defenses</u>." (Dkt. 211 at 2 [emphasis added].) Yet, it was not until approximately three months later that Defendants finally did request leave to amend, establishing that Defendants failed to act diligently for purposes of Rule 16(b)(4). *See S. Grouts*, 575 F.3d at 1242; *Oravec*, 527 F.3d at 1232.

Defendants also argue the case was administratively stayed for mediation from December 4, 2018 and March 17, 2019. (Objs. at 2.) Defendants, however, fail to explain why they did not seek leave to amend during the eight-month period between the filing of the Network Documents and the administrative stay; or why they waited more than three months after the case resumed to request leave to amend. Defendants also could have asked to lift the administrative stay such that Defendants could inform the Court and DISH of their proposed amended affirmative defenses.

Altogether, the Magistrate Judge correctly determined that Defendants did not show good cause under Rule 16(b)(4) because Defendants failed to specify the proposed amendments; failed to demonstrate the amendments arise from any allegedly withheld information; and failed to prove that any information was even withheld in the first place. (Order at 7.) The Magistrate Judge also properly observed that the Eleventh Circuit found diligence is lacking where a party waits over a month to request leave to amend (*id.*), while here Defendants delayed for at least fifteen months. Therefore, even without considering the Magistrate Judge's findings as to leave under Rule 15(a), the Objections should be overruled because the Magistrate Judge's determination that Defendants failed to establish good cause under Rule 16(b)(4) is not clearly erroneous or contrary to law.

**B.      The Magistrate Judge Properly Denied Defendants' Motion Under Rule 15(a).**

The Magistrate Judge also held that Defendants have not "shown that Rule 15(a)'s standard for leave to amend is satisfied." (*Id.*) The Magistrate Judge observed this case has been pending for more than three years and the parties' MSJs are filed and ripe for resolution. (*Id.*) Defendants' argument that their proposed amendments would not prejudice DISH or delay the proceedings was held to be "both underdeveloped and unpersuasive." (*Id.*) Allowing Defendants to amend at this late stage – where discovery is closed and MSJs are pending – is inherently prejudicial and causes delay. (*See* Resp. at 12, citing *Campbell*, which held that "prejudice and undue delay are inherent"

18

in such a late amendment, and *Lowe's*, which held a district court does not abuse its discretion in denying leave to amend where discovery closed and the dispositive motion deadline passed.)

Defendants' arguments regarding the alleged absence of prejudice and delay were properly rejected. Defendants' claim that there is no prejudice because their proposed amended affirmative defenses were already "fully briefed" to the Court is incorrect. (Objs. at 15-16.) Defendants offer new affirmative defenses and new grounds for prior affirmative defenses that were not fully briefed in the parties' MSJs, and in some cases not briefed at all, including Defendants' second affirmative defense (claiming fraud on the Copyright Office); seventh (uncopyrightable subject matter); ninth (statute of limitations); tenth (defective DMCA copyright infringement notices); eleventh (DMCA safe harbor); fourteenth (joinder of indispensable parties); fifteenth (copyright misuse); sixteenth (waiver); seventeenth (unclean hands); and eighteenth (estoppel). (*See* Dkts. 146, 151, 217, 224.) Defendants have not shown where each of their affirmative defenses was "fully briefed" – neither in their Motion before the Magistrate Judge, at the hearing, nor in their Objections.

Further, the pleadings Defendants cite in claiming that their proposed amended affirmative defenses have been fully briefed – i.e., Defendants' motion for judgment on the pleadings that was denied before DISH responded and briefing on Defendants' fourth MSJ – were filed *after* the close of discovery and nearly one year after DISH filed its MSJ. (Objs. at 3 and 15-16, citing Dkts. 203, 217, 224, 228, 237.) If Defendants are permitted to amend their answer, then delay and prejudice will result because the parties would have to conduct discovery on these issues and may move for summary judgment as to these affirmative defenses. (*See* Resp. at 13, citing *Regions Bank*, which denied leave to amend and found a new affirmative defense prejudicial because discovery closed.)

Defendants' claim that there is no evidence of dilatory motive or bad faith is also incorrect. (Objs. at 16.) Defendants' unjustified delay in requesting leave to amend is established. *See supra*

19

Part III.A.2.d. Defendants are also acting in bad faith by having concocted a false story concerning the need to amend based on allegedly withheld documents, when the true impetus for the proposed amended affirmative defenses is their hope of avoiding summary judgment. DISH's response to Defendants' fourth MSJ was filed on June 3, 2019 and demonstrated that Defendants are precluded from making arguments regarding the alleged invalidity of the Registered Works, which arguments by extension pertain to DISH's MSJ, because the matters were not raised as affirmative defenses. (Dkt. 224 at 5-6; *see* Dkt. 146 at 2-3.) Defendants should not be permitted to assert new affirmative defenses for the purpose of avoiding summary judgment. (*See* Resp. at 7-8 and 13-14, citing cases including *Lowe's*, which held that a district court may properly deny a motion for leave to amend "when such motion is designed to avoid an impending adverse summary judgment.")

## IV.     CONCLUSION

Defendants' Objections should be overruled because the Magistrate Judge's determination that Defendants failed to satisfy the standard for leave to amend in Rule 16(b)(4), and also failed justify their proposed amendment under Rule 15(a), is not clearly erroneous or contrary to law.

Dated: November 15, 2019

/s/ Timothy M. Frank
Joseph H. Boyle (*pro hac vice*)
Timothy M. Frank (*pro hac vice*)
HAGAN NOLL & BOYLE, LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone:  (713) 343-0478
Facsimile:  (713) 758-0146
Email:  joe.boyle@hnbllc.com
Email:  timothy.frank@hnbllc.com

James A. Boatman, Jr.
Florida Bar No. 0130184
THE BOATMAN LAW FIRM PA
3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105
Telephone:  (239) 330-1494
Facsimile:  (239) 236-0376
Email:  jab@boatman-law.com

Attorneys for Plaintiff DISH Network L.L.C.