## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## (TAMPA DIVISION)

DISH NETWORK, LLC,
a Colorado limited liability company,

     *Plaintiff*, *Counterclaim-Defendant*,

v.

GABY FRAIFER, an individual Florida resident,
PLANET TELECOM, INC., a Florida corporation,
and, TELE-CENTER, INC., a Florida corporation,

     *Defendants*, *Counterclaim-Plaintiffs*.

_____/

Case No. 8:16-cv-02549-TPB-CPT
Honorable Thomas P. Barber
Magistrate Judge Christopher P. Tuite

## DEFENDANTS' OBJECTIONS TO MAGISTRATE'S ORDER (DKT. 246)

Planet Telecom, Inc. ("PTI"), Tele-Center, Inc. ("TCI") and Gaby Fraifer ("Fraifer") (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 72(b)(3) and 28 U.S.C. § 636(b)(1)(C), respectfully submit their objections to the Magistrate Judge's Report and Recommendation ("Dkt 246" or "R&R") on Defendants' Amended Motion for Summary Judgment (Dkts. 217 & 228) which Defendants incorporate herein by reference.  Defendants respectfully object as follows:

**I.      DEFENDANTS OBJECT TO THE MAGISTRATE'S FINDINGS OF FACT WHICH ERRONEOUSLY FIND AS UNDISPUTED, GENUINE ISSUES OF MATERIAL FACT AND MISSTATE DEFENDANTS' CONTENTIONS.**

The Magistrate's finding that "many of the basic facts underlying this litigation are not genuinely in dispute" is incorrect. R&R, at 3-9. Instead, the Magistrate treats as undisputed, genuine issues of material fact vigorously contested by Defendants, seemingly adopting Plaintiff's self-serving characterization of certain material facts as "undisputed" where they are decidedly in dispute.  *Id.*  Defendants dispute, as a matter of fact and law, that Dish has met its burden in establishing that it owns valid exclusive rights in all of the works that aired on the foreign networks,

1

as well as the initial and subsequent alleged underlying ownership of the foreign networks, licensing agents and content redistributors from whom Dish contends it received its rights. R&R, at 3-6; Dkts. 150; 151 at 2-8; 217; 217-1; 228. Dish has failed to meet its burden in this respect.

Defendants also vigorously contend that Dish has failed to meet its burden, as to each of the works asserted, under controlling Eleventh Circuit precedent in establishing initial ownership, the subsequent ownership of intermediaries in a valid chain of title from the authors of the Asserted Works to Dish of the exclusive rights it claims to hold, first publication, access and substantial similarity of each of the works it has asserted. Dkts. 150, 151 at 2-8; 217, 217-1 & 228. The Magistrate erroneously recites and relies upon Dish's contentions as undisputed facts where they are hotly disputed, unproven and subject to credibility determinations. R&R, at 3-5. The Magistrate also incorrectly states "all of TCI and PTI's employees and consultants reported to Fraifer during the relevant time period" to support the finding that Fraifer was involved in all business activity. R&R, at 5. Fraifer has testified that he was not always involved in the day to day activities of TCI and PTI and that employees often acted independently, especially in addressing technical support issues. Dkts. 150 at 6, SDF 37; 151 at 12. The R&R also erroneously adopts Plaintiff's gross mischaracterization of "Defendants' Services" which consisted only of technical support and warranty services relating to the STBs it sold. R&R, at 5, 7; see also Dkt. 150 at 7-8 SDFs 47-51, 54-55, 67-68. Additionally, the R&R erroneously states "UlaiTV and AhlaiTV offers customers access to hundreds of Arabic-language channels." *Id.* ; see also Dkt. 150 at Rather, UlaiTV and AhlaiTV were the brand names of the STBs which were microcomputers that used TVs as their monitors and contained pre-loaded third-party applications provided by the manufacturer, including one such application which contained bookmarks to URLs on the Internet, as provided by the Channel Providers. Dkts. 150 at 11-12, SDFs 73-75; see also Dkt. 217-1 at 17, SOUF 125;

228-2 at 6 [Fraifer Decl. at ¶6],   Defendants have consistently maintained that they were not responsible for providing any of the Arabic-language channels contained on the allegedly infringing application. Instead, contrary to the Magistrate's erroneous statement adopting Dish's unsupported assertion, the undisputed record establishes that the STB's were sold under the product names, UlaiTV or AhlaiTV, Defendants never sold a subscription to any channels nor provided any services other than technical support and warranty services.[1]  R&R, at 5; Dkts. 150 at 11 SDFs 50, 73, 76-77, 91-93; 151 at 9-11; 151-6 at 19, Fraifer Dep. 1, at 151-52, 155:5-25 (Fraifer statements regarding technical support plan). The channels complained of by Dish were provided by the Channel Providers who operated an application preloaded to the STBs by the manufacturer. Defendants also object to the R&R's characterization of the use of a CDN as an "enhancement of the content" which misstates the purpose of the CDNs which was to address consumer complaints regarding Internet connectivity to the STBs. *Id.*, at 7; *see also* Dkts. 150 at 7-8, 11-12, 14 SDFs 48-52, 70-77, 92-93; 151 at 9-10.

Defendants further object to the Magistrate's assertion that "Defendants agree that United States law governs DISH's copyright claim." R&R, at 8.  Defendants agree only that United States law governs the infringement analysis. Dkts. 146 at 6; 217 at 6-7, 10-16. Further, Defendants do not merely challenge the "adequacy of DISH's amended complaint" but contend inter alia that Dish failed to specifically disclose any of the Unregistered Works until well after the close of discovery, improperly disclosing such works for the first time as attachments to affidavits of undisclosed witnesses it also intentionally refused to identify during discovery, and fails to allege any protectable elements of such works which robbed Defendants of due process and amounts to an improper amendment of the Complaint. *See* Dkts. 150 at 1-6, SDFs 1-33; 151 at 1-12, ns. 1-2;

---

[1] To the extent the R&R construes as undisputed facts any of Dish's contentions, Defendants object. R&R, at 3-9.

217, at 1-6, 13-16, 22, n.5; 217-1 at 1-3, 5, 7-8, 10-12, 14 SOUFs 1-13, 25, 42, 60, 64, 67, 70, 74, 78, 82, 90-94, 97-100.

The Magistrate understates Defendants' contention that there is no genuine issue of material fact regarding Dish's inability to meet its burden in establishing initial ownership of the works and first publication. R&R, at 8-9; see also Dkt. 217 at 6-7, 10-16. First, it is undisputed that Dish has failed to present admissible and probative evidence of the initial owners (i.e., authors) of any of the unregistered works. Second, Defendants maintain that all of the asserted works are United States works pursuant to 17 U.S.C. § 101 and under controlling Eleventh Circuit law because undisputed evidence of record establishes: (i) the works were first published in the United States through an offer to distribute, (ii) the works were simultaneously published in the United States and non-treaty countries (e.g., Iran and Iraq) and in foreign countries which provide for the same or longer term of copyright protection (i.e., Oman), and (iii) because Dish has failed to meet its burden to conclusively establishing through admissible and probative evidence, as it must, each unregistered work is not a United States work and, thus, excluded from the registration requirement of 411(a).  Even if the Court disagrees that Defendants' MSJ is due to be granted on ownership, there can be no question that, drawing all inferences in favor of non-movant Defendants, there exists genuine issues of disputed material facts and credibility determinations which bear directly upon the substantive rights asserted, defenses thereto and ultimate outcome of this case which preclude the grant of Plaintiff's MSJ on ownership. *Celotex Corp*., 805 F.2d 949 (11th Cir. 1986).

## II.    THE MAGISTRATE COMMITTED CLEAR ERROR IN FAILING TO FIND THE COMPLAINT FAILED TO MEET THE STANDARDS OF FED. R. CIV. R. 8.

The Magistrate committed clear error in failing to correctly apply controlling law holding Dish's failure to identify *any* of the Unregistered Works prior to the close of discovery or through proper amendment of its complaint, foreclosed the assertion of such works.  R&R, Section II, at

10-20.  The Magistrate also erred in failing to find Dish's attempt to inject such works through affidavits of non-parties attached to its MSJ [Dkts. 146; 146-3; 146-5; 146-8; 146-20], exponentially enlarging this case at the eleventh hour, was an improper attempt to amend its pleadings.  *Id.*; *see also Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) ("Plaintiff cannot use his brief to set forth allegations because "[i]t is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs."); *Tucker v. Union of Needletrades, Industrial and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005) ("To permit a plaintiff to do otherwise would subject defendants to unfair surprise."). Finally, the Magistrate improperly fails to address arguments contained in Defendants' MSJ (Dkt. 217) and, instead, erroneously considers the affidavits and their unauthenticated attachments attached to Dish's MSJ as admitted record evidence based solely on the Court's denial of Defendants' Motion to Strike, which were all properly objected to pursuant to Rule 56(c)(2) and remain subject to credibility determinations and evidentiary challenges at trial.  *Id.*; see also p.11, at n.4 ("I therefore need not address this argument here."); Fed. R. Civ. P. 56(c)(2); Dkts. 217 at 1-2, 6, 15, 22, 24-25, n. 5; 150 at 1-5, SDFs 1-30; 151 at 7-8.[2]

As the R&R recognizes, in order to allege a *prima facie* claim for direct copyright infringement Plaintiff must meet its burden of showing: (1) it owns a valid copyright in [**the works**

---

[2] Contrary to Dish's assertion, this Court has made no finding as to the admissibility or persuasive value of the affidavits and attachments thereto but, instead, merely denied the severe sanction of striking them.  *See e.g., Tracfone Wireless, Inc. v. Zip Wireless Prods.*, 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010).  Defendants properly filed objections to such documents. Dkts. 150 at 1-5, SDFs 1-30; 151 at 7-8; 163. The main thrust of Dish's Response (Dkt. 167) was that because it disclosed the foreign networks (refusing to identify the individual witnesses expressly requested) four months prior to the close of discovery and Defendants' Motions to Compel were denied on procedural grounds for prior counsel's failure to meet and confer, the Motion to Strike should be denied.  Dish, however, does not explain how discovery of such non-parties, even assuming they could have been compelled to testify under foreign law, could possibly have revealed the specific unregistered works Dish alone intended to assert.  It is undisputed that Dish had a contractual right to such documents but strategically chose not to request them until after the close of discovery. Dkt. 217-1 at 9-12, see also Dkts. 146-14 at 9; 146-15 at 11-12, at 48; 146-16 at 18; 146-17 at 36 (Dish's rights to request supporting documents under Section 3 of the contract and related subsections thereunder); 146-15 at 98, 146-18 at 16-19 (Dish's rights under Section 4 of the contract and subsections thereunder).

*at issue*] and (2) defendants copied protected elements from [*those works*]." *Id.*, at 10 (emphasis

added).  As a threshold matter, it is undisputed that Dish fails to identify or produce copies of any

of the Unregistered Works in its Amended Complaint [Dkt. 62] and, to the extreme prejudice of

Defendants, failed to do so throughout the discovery period in this litigation despite its obligation

to do so under Fed. R. Civ. P. 8, 9(a)(1)(A,B), 26(a)(1)(A)(i-iii), (E), 26(e), 37(c)(1) and in

response to discovery requests directed to such subject matter. Dkts. 151-1, 2, 3 and 4 [Defendants'

RFPs, Roggs, and Dish's Responses]; 217-4 at 3 [Fraifer Decl. at ¶10, Exh. 4].  Despite Plaintiff's

failure to adhere to Eleventh Circuit law in properly alleging a *prima facie* case of copyright

infringement which requires identification of the Unregistered Works (i.e., the "works at issue")

for which it holds the burden of proving ownership and copying of "protected elements from ***those***

***works***", the Magistrate erred in finding the Amended Complaint satisfies Rule 8. R&R, at 12.

While courts may be more lenient in making such determinations at the pleadings stage,

with the understanding that discovery might uncover facts with which to amend a pleading at a

later stage of the litigation, Dish's complete failure to amend its complaint to identify even a single

Unregistered Work prior to the close of discovery, and certainly before the summary judgment

stage, fails to meet the requirements of Fed. R. Civ. P. 8(a)(2). Alleging infringement of "a vast

number of unregistered works" ("Unregistered Works") does not provide "fair notice of what the

. . . claim is and the grounds upon which it rests"[3] and cannot be found to be "plausible on its face."

---

[3] For example, Dish's failure to identify the Unregistered Works prevented Defendants' ability to conduct discovery
in order to marshal evidence in support of its defenses including those relating to initial ownership, the validity, nature
(e.g., exclusive vs. non-exclusive) and scope of subsequent ownership of specific works in the chain of title, the place,
extent, scope and purpose of publication, first publication, exemption from the registration requirement of §411(a),
whether specific works contained protectable elements, issues of foreign law and others.  Moreover, many of the
alleged screen captures produced by Plaintiff are from works produced by U.S. entities, which the Networks cannot
possibly have exclusive rights to air in the U.S.  *See* Dkt. 146-24; see also Dkt. 217-4 at 3 ¶¶12-13 (Fraifer Decl. ¶¶12-
13); see also Dkt. 228-2 at 6 ¶16 [Fraifer Decl. at ¶16], Exh. 3 [see for example, Bates Stamp Nos. PL 000605
(Batman), PL 000604 (Despicable Me); PL 000661 (Bugs Bunny). Given these examples in the record evidence and
the fair inferences to be drawn from them, Dish is not entitled to summary judgment on the ownership issue as a

R&R, at 11-12.  Nor does it meet even the most basic pleading requirements for a prima facie case

of copyright infringement.  *Id.*; see also Dkt. 217, at 4-10, n.4 (collecting cases), n.5.  Instead, such

averments are precisely the type of "labels and conclusions" and "formulaic recitation of the

elements of a cause of action" the Supreme Court foreclosed in *Twombly* and *Iqbal* to ensure proper

notice and due process.  *Id.*, citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The cases relied upon by the Magistrate to find Dish's complaint sufficiently alleges

copyright infringement of entirely unidentified unregistered works are inapposite and not

controlling.  R&R, at 13.  Indeed, holdings on motions to dismiss at the pleadings stage which

necessarily require a Court to accept as true all allegations of a complaint and take into

consideration that the pleading burden early in a case "should be commensurate with the amount

of information available to [a Plaintiff]" are inapposite here.[4] At the summary judgment stage, well

after the close of discovery, Plaintiff must meet their burden under the standards of Fed. R. Civ.

P. 56 and the allegations of the complaint are not assumed to be true but are subject to the scrutiny

of the Court in determining the sufficiency of alleged facts in view of the substantive elements and

controlling law relating to the claims therein.  In failing to identify the unregistered works,

Plaintiff's complaint fails to meet the pleading requirements under Rule 8, Eleventh Circuit and

Supreme Court precedent, and the Copyright Act.

Defendants object to the extent the Magistrate finds that Judge Moody's decision in *Sater*

*Group., Inc. v. Jack Bartlett Cust. Homes Creations, Inc.*, 2007 WL 121218 (M.D. Fla. 2007)

---

genuine issue of material fact exists as to the exclusive nature of the underlying rights Dish claims in asserting it holds
an exclusive license.
[4] *See Intercom Ventures, LLC v. City Media Plus Ex-Yu Streaming*, 2013 U.S. Dist. LEXIS 110236, at *10 (N.D. Ill.
2013) (denying motion to dismiss at the pleadings stage and finding "a plaintiff's pleading burden should be
commensurate with the amount of information available to them. Here, [the plaintiff] pled sufficiently given the
amount of information to which she had access.").  Likewise, in *FastTV* Plaintiff pled that it owned "all programming
produced and distributed by the foreign networks."  R&R, at 13.  Dish does not so plead.

citing *Klinger v. Weekly World News, Inc.*, 747 F. Supp. 1477, 1481 (S.D. Fla. 1990) requiring that

a copyright Plaintiff identify the "specific original work that is the subject of the copyright claim"

is no longer good law. R&R, at 12-17. Courts in the Eleventh Circuit, including those in the Middle

District, continue to rely upon *Klinger*, from which *Sater Group* finds its origin.[5]  *See e.g., Kirby

Rambo Collections, Inc. v. Lee Cty.,* 2018 U.S. Dist. LEXIS 84709, at *9 (M.D. Fla. May 21,

2018); *Magical Mile, Inc. v. Benowitz*, 510 F. Supp. 2d 1085, 1087 (S.D. Fla. 2007).  Courts in the

Second, Ninth and Tenth Circuits, for example, routinely apply the very same four-factor standard

set forth in *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36, n.3 (S.D.N.Y. 1992) (cited in over 300 cases).

*See e.g., Palmer/Kane LLC v. Benchmark Educ. Co. LLC*, 2020 U.S. Dist. LEXIS 4077, at *5

(S.D.N.Y. 2020); *Tvb Holdings United States v. Enom Inc.*, 2014 U.S. Dist. LEXIS 194490, at *8

(C.D. Cal. Jan. 6, 2014) (citing *Kelly*, finding failure to identify specific foreign audiovisual works,

holding, "In order to state a claim for copyright infringement a plaintiff must allege 'which specific

original works are the subject of the copyright claim.'"  Further noting Fed. R. Civ. P. 65(d), (f)

require identification of specific works in providing notice where, as here, an injunction is sought.);

*Energy Intelligence Grp., Inc. v. Jefferies, LLC*, 101 F. Supp. 3d 332, 338 (S.D.N.Y. 2015) ("In

this District, courts apply the <u>Kelly</u> court's four-prong test to determine whether a claim of

copyright infringement satisfies the requirements of Rule 8"); *Boyd v. Yardley*, 2019 U.S. Dist.

LEXIS 224868, at *8-9 (D. Utah Dec. 12, 2019) ("It is not clear which specific original works are

---

[5] The Magistrate's focus on *Gee v. CBS, Inc.*, 471 F. Supp 600 (E.D. Pa.), *aff'd*, 612 F. 2d 572 (3d Cir. 1979), decidedly outside of the Eleventh Circuit, is respectfully misplaced as Defendants do not rely on *Gee*. *Id.*  Likewise, the Magistrate's analysis of *Leatherman* is inapposite, Section 1983 bears no resemblance to the strictures of the Copyright Act, especially in view of the Eleventh Circuit's jurisprudence regarding the proofs required in asserting a foreign work (*discussed infra*). R&R, at 17.  Finally, *Jetform Corp.*, an order on a motion to dismiss at the pleading stage, cited by the Magistrate is also inapposite and easily distinguished. *Id.*  *Jetform* related to the Defendants' assertion that a five prong, clearly heightened standard of pleading requiring "specificity" for multiple prongs applied. Defendants do not so argue.  Instead, Defendants merely assert that a plaintiff alleging foreign works must, at this stage of the proceedings, allege the specific works asserted, prior to the close of discovery, in order to provide notice of the claims against them, to comport with due process, Rule 8 and to avoid the injustice of trial by surprise.

the subject of the claim."). Accordingly, the jurisprudence underlying *Sater Group* and *Klinger*, just as *Kelly*, is sound, not a heightened standard, and requires precisely what is inherently required under the Copyright Act, Federal Rules and nested within the two-element standard more commonly recited by district courts without expressly stating the requirement that a copyright plaintiff specifically identify the works asserted. *Id.*

Perhaps, most persuasive, is the Eleventh Circuit's requirement that a copyright Plaintiff asserting a foreign work necessarily and inherently allege facts establishing not only the specific work(s) at issue, but also prove the initial ownership of that work under the work's country of origin, subsequent ownership in a valid chain-of-title in that work, proving statutory standing of the plaintiff under section 501(b), *see Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290-97 (11th Cir. 2011) citing *Lahiri v. Univ. Music & Video Distrib., Inc.*, 513 F. Supp. 2d 1172, 1176 n.4 (C.D. Cal. 2007), and further requiring, as to each work asserted:

> [T]o proceed with a copyright infringement action, a plaintiff that claims ***his published work*** is exempt from the registration requirement ***must prove*** that the first publication occurred abroad. *See* 17 U.S.C. §§ 101, 411(a); *Latimer*, 601 F.3d at 1233; *BUC Int'l Corp.*, 489 F.3d at 1141-42. This requires the plaintiff to first prove a publication: that the method, extent, and purpose of the distribution meets the Copyright Act's requirements for publication. Once the plaintiff has proven publication, ***he must then prove*** that the publication was, in fact, the first publication, and that the geographic extent of this first publication diverges from the statutory definition of a "United States work."

*Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1304-05 (11th Cir. 2012). As logic dictates, one cannot identify any of the elements required in asserting a foreign work without first specifically identifying the "work(s) at issue." Dish fails to meet the standards set forth in *Saregama* and *Mosley* required to establish ownership and standing with regard to each of the Unregistered Works. "Courts have repeatedly rejected the use of the type of conclusory and vague allegations pleaded by Plaintiff as a substitute for allegations that specify the original works that are the subject

of a copyright claim." *Cole v. John Wiley & Sons*, 2012 U.S. Dist. LEXIS 108612, at *36-37 (S.D.N.Y. 2012); *see also* Dkt. 217, at 5-10, n.2, 3 (collecting cases);

The Magistrate erred in recommending that the disclosure of four registered works from a single foreign network (MBC) was sufficient to meet the standard of Rule 8 notwithstanding Plaintiff's improper disclosure of Unregistered Works, for the very first time, after the close of discovery, in declarations of foreign non-parties attached to its summary judgment briefing. R&R, at 12. In so recommending, the Magistrate erroneously relies on *Infomir*, a R&R on a motion to dismiss and cross motion to amend pursuant to Rule 15(a), one month into this case. R&R, at 17-18; *Joint Stock Co. Channel One Russ. Worldwide v. Infomir LLC*, 2017 U.S. Dist. LEXIS 22548, at *34 (S.D.N.Y. 2017).

*First,* unlike the Plaintiff in *Infomir*, Dish never moved to amend its complaint under Rule 15(a) to add the newly asserted works, opting instead to identify them for the very first time in attachments to declarations to its MSJ (Dkts. 146; 146-3; 146-5; 146-8; 146-20), without leave of court, after the close of discovery, to the severe prejudice of Defendants. *Gilmour v. Gates, McDonald & Co.,* 382 F.3d 1312, 1315 (11th Cir. 2004). *Second*, the *Infomir* Court found that "[a] copyright plaintiff — including a holder of foreign copyrights — is ordinarily required to identify each specific work that is the subject of its claim. It is . . . "insufficient to list certain works that are the subject of an infringement claim, and then allege that the claim is also intended to cover other, unidentified works." *Id.*, citing *Cole*, 2012 U.S. Dist. LEXIS 108612, at *12. Finally, the *Infomir* court found "the Complaint . . . deficient" and dismissed the copyright count, but granted leave to amend and required Plaintiff attach representative list of works from each of the channels, citing examples including each episode's air date, the channel on which it aired, and the copyright owner (the exemplars provided contained lists of 96, 44 and 94 works). *Id*., at *35-6.

Here, Dish's complaint fails under even the more lenient standard applied in *Infomir*. Dkts. 62; 217 at ; 217-1, at 1-2 SOUFs 1-8. Dish never sought leave to amend, never attached any such exemplary lists to its complaint and, instead, to the severe prejudice of Defendants, attempted to enlarge this case by identifying unregistered works for the first time in its MSJ (Dkt. 146). See *id*.; see also Dkt. 217-1 at 2-3, SOUFs 9-12   That Dish disclosed four registered works from a single network, two years prior, is not representative of the multitude of works it disclosed from a bevy of foreign networks, for the very first time in attachments to its MSJ, after the record was closed, and simply cannot be found to meet even the most lenient pleading standards as explained in *Infomir*.  The Magistrate erred in failing to recognize the significant and apparent prejudice caused by Plaintiff's failure to identify the unregistered works in hampering Defendants ability to defend this action.  R&R 19. Without notice of the unregistered works being asserted, Defendants had no opportunity to conduct discovery relating to such works to determine the works' initial authors, validity of the chain of title and transfer of ownership under the applicable foreign laws of multiple Middle Eastern countries, Plaintiff's standing under 501(b), the date, place, method and extent of first publication (including simultaneous publication), nature of the work (e.g., protectable elements and substantial similarity).  Indeed, the ambiguity of Plaintiff's barebones allegations and failure to amend their complaint prior to the close of discovery effectively foreclosed defendants ability to seek discovery and from developing and asserting defenses. Defendants had no notice of and, thus, no opportunity to conduct discovery relating to such works to determine their initial authors, investigate the chain of title, first publication or develop any defenses thereto.  The Magistrate's finding that Dish's actions were acceptable is clearly erroneous as a matter of law. R&R, at 18.

Plaintiff's actions amount to trial by surprise and allowing the exponential expansion of the asserted works without notice would be manifest injustice, violative of Defendants' due process rights and fair notice.[6] Averring "additional, unregistered copyrighted works" purportedly aired on any one of twenty-one different channels at some unspecified time, does nothing to place Defendants on notice of the "works at issue" nor the "protectable elements of those works" and is instead precisely what the *Infomir* court found as deficient in granting the motion to dismiss. [7] *See Lanard Toys Ltd. v. Toys "R" US-Delaware, Inc.,* 2019 U.S. Dist. LEXIS 46911, at *63 (M.D. Fla. Mar. 21, 2019) citing *Baby Buddies, Inc. v. Toys "R" Us, Inc.*, 611 F.3d 1308, 1316 (11th Cir. 2010) ("[C]opyright protection extends only to the original elements of expression in a work: 'The mere fact that a work is copyrighted does not mean that every element of the work may be protected.'"). Indeed, "[n]o matter how the copying is proved, the plaintiff also ***must establish specifically that the allegedly infringing work is substantially similar to the plaintiff's work*** with regard to its protected elements." *Id.*, citing *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1214 (11th Cir. 2000) (emphasis added).

## III.   THE MAGISTRATE ERRED IN FAILING TO FIND THAT PLAINTIFF CANNOT PROVE THE NECESSARY ELEMENT OF SUBSTANTIAL SIMILARITY.

---

[6] As the Eleventh Circuit has warned, "[t]he dangers arising from disregarding a complaint's allegations and accepting de facto factual amendments at the summary judgment stage is that 'the court may create the impression that it has become the plaintiff's advocate . . . .'" *Miccosukee Tribe of Indians of Florida v. U.S.*, 716 F.3d 535, 559 (11th Cir. 2013). Another danger is that the defendant does not have the opportunity to assert applicable affirmative defenses or has to blindly raise affirmative defenses. *Frasca v. NCL (Bah.) LTD.*, 2014 U.S. Dist. LEXIS 49060, at *12-13 (S.D. Fla. 2014) citing *Menzie v. Ann Taylor Retail Inc*., 2013 WL 6487349, at *4 n.10 (11th Cir. 2013).

[7] The undisputed evidence establishes Defendants diligently sought to discover this information, requesting electronic programming guides (EPGs) from Plaintiff in an effort to identify the Unregistered Works. See Dkts. 151 at 3, n.1; 151-1, 2, 3 and 4 [Defendants' RFPs (First, Second and Third), Roggs (First, and Second), and Dish's responses and disclosures]; 217-4 at 3 [Fraifer Decl. a ¶10, Exh. 4]; see also Dkt. 163-9 [Defendants' counsel requesting the identities of the network representatives during the discovery period]; Dish refuses to identify and respond before the close of discovery. Like virtually everything else requested in discovery, despite Dish's unquestionably had these documents in their possession and the fact the Network agreements with Dish require them to provide EPGs to Dish, Plaintiff failed to produce such information and Defendants did, in fact, file a Motion to Compel such information. *See id.* [see also Defendants First RFP Nos. 1, 2 ]; Dkt. 121 [see also Rogg. No. 9 requesting the identification of rights that Dish claims to have]; Dkt. 126; see also Dkt. 151 at 3 n.1. Unfortunately, Defendants' former counsel failed to comply with L.R. 3.01(g) in meeting and conferring with Plaintiff and the Magistrate, thus, denied their motions on procedural grounds. See Dkt. 138.

It is axiomatic that a Plaintiff cannot begin to prove substantial similarity without first identifying the specific "works at issue" and the "protected elements of those works." *Id.* Here, not only has Plaintiff failed to specifically identify the Unregistered Works at issue, but there is also a complete absence of evidence with which Dish could begin to establish Defendants' access to and substantial similarity of any of the asserted works. This, because Dish has failed: (i) to identify the Unregistered Works at issue throughout this litigation, and (ii) because has failed to produce to Defendants even a single copy of *any* of the works asserted in this litigation, including copies of deposits of the registered works. *See Indyne, Inc. v. Abacus Tech. Corp.*, 2013 U.S. Dist. LEXIS 185422, at *20-21 (M.D. Fla. 2013) citing *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993) ("In the case in which the non-movant bears the burden of proof at trial, the movant may carry its initial burden by . . . negating an essential element of the non-movant's case or by demonstrating the absence of evidence to prove a fact necessary to the non-movant's case.").

Where a Plaintiff fails to provide copies of the works at issue during the discovery period of a litigation, summary judgment in favor of the Defendants is proper. *See Id.*, at *21 citing *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). In *Indyne*, the court faced a similar circumstance:

> In the present case, the alleged evidentiary deficiency is that InDyne failed to produce a copy of [any of the asserted works] for comparison purposes. Without these [works], a jury cannot conduct the necessary substantial similarity test used to determine a copyright infringement. Thus, there is no basis upon which a jury could reasonably find for InDyne.

*Id.* (granting summary judgment for Defendants). Other courts faced with Plaintiff's failure to produce copies of the asserted works have likewise granted summary judgment to Defendants.

> Without production of his copyrighted work, the Court cannot say that Defendants even had access to the material that Vil actually copyrighted and that Vil now seeks to protect . . . Moreover, without production of the allegedly infringed material, the Court cannot determine that a sufficient degree of similarity exists between Vil's

copyrighted material and the allegedly infringing work to establish actual copying. As such, Vil's infringement claim fails at the first step of the actionable copying analysis.

*See Vil v. Poteau*, 2015 U.S. Dist. LEXIS 25591, at *8-10 (D. Mass. 2015).[8]

Moreover, Courts granting summary judgment to Defendants on such grounds have firmly rejected the efforts of Plaintiff to excuse such neglect as harmless error.

> ABRO seems to argue that it was the Defendants' obligation to secure the certificates from the Copyright Office or compel ABRO to produce them because the Defendants were on notice that such certificates existed based on other discovery. However, under the Federal Rules, it was ABRO's affirmative obligation "to produce, without being asked" copies of all documents that it "*may use to support its claims or defenses*." *Pruet v. Fayette Reg'l Health Sys.*, No. 1:12-CV-635, 2013 U.S. Dist. LEXIS 132359, 2013 WL 5236609, at *2 (S.D. Ind. Sept. 17, 2013) (emphasis in original) (finding that where a party "submits as evidence in support of its motion for summary judgment [documents] that [it] did not produce during discovery," the court will not consider those documents). . .[T]he certificates do not establish what subject matter is actually registered. Nowhere in the record does the Court find a depiction of what ABRO submitted to the Copyright Office or for what subject matter the Copyright Office issued certificates.

*ABRO Indus. v. 1NEW Trade, Inc.*, 2017 U.S. Dist. LEXIS 179792, at *13-18 (N.D. Ind. 2017); see also Fed. R. Civ. P. 26(a)(1)(A);  See Dkts. 151 at 3, n.1; 151-1, 2, 3 and 4 [Defendants' RFPs requesting documents directly related to Dish's alleged rights as asserted, see specifically 1st RFP Nos. 1 and 2, 2nd RFP No. 1; see also Defendants' Roggs, see specifically 1st Rogg. No. 9 (requesting the identification of rights that Dish claims to have); and Dish's responses and

---

[8] *See also Ferdman v. CBS Interactive, Inc.*, 342 F. Supp. 3d 515, 528-530 (S.D.N.Y. 2018) ("It would thus be highly prejudicial to Defendants to allow the Plaintiff to supplement the record with dispositive evidence after the motions for summary judgment have been fully briefed. . . . In the absence of 'hard evidence' linking the photographs at issue to the certificate of registration, summary judgment is inappropriate."); *Alaska Stock, LLC v. Pearson Educ., Inc.*, 975 F. Supp. 2d 1027, 1040 (D. Alaska 2013) ("[T]he certificates of registration in this case do not provide the details necessary to confirm that the image or images relating to Alaska Stock's claims are the same images underlying the certificates of registration" and are therefore "not covered by the presumption of validity."); *High Definition.Net, Inc. v. Rive Gauche Entm't TV*, 2010 U.S. Dist. LEXIS 148172, at *6-7 (C.D. Cal. 2010) ("The failure to produce the six allegedly copyrighted works itemized in the FAC precludes LANS from introducing them as evidence at trial or on a summary judgment motion."); *Unistrut Corp. v. Power*, 280 F.2d 18, 23 (1st Cir. 1960) (dismissing "for want of proof" copyright infringement claims where plaintiff claimed infringement of a 1942 catalog that it had registered with the copyright office but only produced an unregistered 1943 version).

disclosures; 217-4 at 3 [Fraifer Decl. at ¶10, Exh. 4]. Defendants' specifically requested such documents, Plaintiff produced only incomplete copies of four registration certificates. See *id*.

Dish bears the burden of proof of substantial similarity at trial, Defendants have met their burden by negating an essential element of and demonstrating the absence of evidence to prove a fact necessary to Count I for direct copyright infringement. *Celotex*, 477 U.S. 317, 322-23 (1986); *Fitzpatrick*, 2 F.3d 1112, 1115-16 (11th Cir. 1993). In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id.* "Under these standards, courts have "regularly granted summary judgment in copyright cases where it is clear that the plaintiff cannot make out the elements of the claim" of copyright infringement. *Olem Shoe Corp. v. Wash. Shoe Co.*, 2011 U.S. Dist. LEXIS 138285, at *15 (S.D. Fla. Dec. 1, 2011) citing *Siskind v. Newton-John*, 1987 WL 11701 at *4 (S.D.N.Y. May 22, 1987). "To determine whether an allegedly infringing work is substantially similar to a copyrighted work, we ask whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." *Baby Buddies, Inc.*, 611 F.3d 1308, 1315 (11th Cir. 2010). The discovery period ended on March 3, 2018, exactly two years ago, Dish has failed to produce copies of any of the Asserted Works in this litigation. *See* Dkt. 50. Accordingly, Dish cannot prove the works described in the registrations have been infringed nor can it begin to prove substantial similarity of *any* of the Asserted Works. The Eleventh Circuit has "recognized that 'non-infringement may be determined as a matter of law on a motion for summary judgment . . . because no reasonable jury, properly instructed, could find that the two works are substantially similar.'" *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218 (11th Cir. 2008). Thus, pursuant to controlling

Eleventh Circuit and Supreme Court precedent, Dish cannot establish substantial similarity, as it must, and summary judgment should be granted in Defendants' favor on Count I.

## IV. THE MAGISTRATE FAILED TO APPLY CONTROLLING ELEVENTH CIRCUIT PRECEDENT, AND CONSIDER RECORD EVIDENCE UNDER 17 U.S.C. §§ 101(1)(B)&(C), 104(b) ESTABLISHING PLAINTIFF HAS FAILED TO PROVE EXEMPTION FROM §411(a) FOR THE UNREGISTERED WORKS.

Defendants object to the Magistrate's findings that there is no genuine issue of material fact that Dish has met its burden in complying with the requirements set forth by the Eleventh Circuit for a copyright plaintiff asserting an unregistered foreign work and establishing compliance with the statutory formalities of the Act, including initial ownership and subsequent ownership in a valid chain of title under applicable foreign law, publication, first publication, proof of exemption from the registration requirement under Section 411(a) and standing as an exclusive licensee pursuant to Section 501(b) as to each foreign work asserted.  R&R, at 19-44; Dkts. 151, 217 & 228.  Dish has not established that each of the alleged foreign works are not U.S. works.  *Id.*

Pursuant to § 411(a) of the Copyright Act, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a).  Section 101 states:

> For purposes of section 411, a work is a "United States work" only if — (1) in the case of a published work, the work is first published— (A) in the United States; (B) simultaneously in the United States and another treaty party or parties, whose law grants a term of copyright protection that *is the same as or longer than the term provided in the United States*; [or] (C) simultaneously *in the United States and a foreign nation that is not a treaty party*. 17 U.S.C. § 101 (emphasis added).

While the Magistrate correctly recognized that Section 104(b)(2) states that foreign works are protected under the Act if "the work is first published in the United States or in a foreign nation that, on the date of first publication, is a treaty party" [R&R, at 22], the Magistrate erred in failing to recognize Dish has failed to establish that the works are not United States works pursuant to

Eleventh Circuit precedent, § 101(1)(B)&(C) and that § 104(b)(2) is further conditioned by language, significant here, appearing at the end of that subsection of the Act, stating:

> For purposes of paragraph [104(b)](2), a work that is published in the United States or a treaty party *within 30 days after publication in a foreign nation that is not a treaty party **shall be considered to be first published in the United States*** or such treaty party, as the case may be.  *See* 17 U.S.C. § 104(b)(last sentence); *see also USCO Compendium, 612.7(J)*; Dkt. 217, at 20-21; Dkt. 217-1, at ¶48; Dkt. 224-3, at ¶¶ 21-22; Dkt. 228, at 10; Dkt. 228-2, ¶9; Dkt. 150, ¶92.

Thus, pursuant to 101(1)(B)&(C) and 104(b)(2), publication in the United States within 30 days after publication in a non-treaty party (e.g., Iran or Iraq) or treaty party granting the same or a longer term of protection (e.g., Oman) results in the work being considered, as a matter of law, as "first published in the United States" and, therefore, a United States work subject to the registration requirements of 17 U.S.C. § 411(a). Likewise, under Section 101(1)(B)&(C) the simultaneous publication of works also results in works being considered as United States works subject to § 411(a).  Here, Dish *admits*, and the undisputed record evidence establishes, that the asserted works, including the MBC works, are United States works pursuant to Sections 101(1)(C) and 104(b)(2) because they were simultaneously published in the U.S. and Iran and Iraq, which are non-treaty countries, within 30 days.[9]  Dkt. 50. Additionally, as a matter of law, these facts must be deemed admitted, thus, invoking 17 U.S.C. 101(1)(B)&(C), 104(b)(2) (publication within 30 days), confirming the asserted works are United States works subject the registration

---

[9] *See* Dkt. 217, at 21 ("Moreover, because the unregistered works were also transmitted via satellite in the Middle East, including within non-treaty countries such as Iran and Iraq, they are considered United States works pursuant to 17 U.S.C. § 101. *Id.*"); *see also* Dkt. 217-1, at 9 (SOUF 48) ("The IMD Contracts define the **Middle East** to include: "Algeria, Comoros Islands, Chad, Djibouti, Egypt, Mauritania, Morocco, Somalia, Sudan, Tunisia, Bahrain, **Iran, Iraq,** Jordan, Kuwait, Lebanon, **Oman**, Qatar, Saudi Arabia, and the United Arab Emirates. (*Id*. at Ex. A ¶3)"); Dkt. 224-1, SODF at ¶21 (objecting only as to emphasis added); Dkt. 224-3, at ¶¶ 21-22 (confirming MBC's publication to 20 broadcasters around the World including the Middle East and Africa for purposes of further distribution); the plain meaning of the term "Middle East" used in every contract relied upon by Dish (*see* Dkt. 146-14 [Slowikowska Decl., Exs. 1-9];146-15, 16, 17, 18, and 19) as to *all* asserted works, includes Iran, Iraq and Oman, *see* https://dictionary.cambridge.org/us/dictionary/english/middle-east, see also Dkt. 217-1, at 1-5, 7-9, 12-15, SOUFs 9-21, 39-51, 55-59, 66, 70, 72, 76-80, 89-90, 95-96, 99-100, 108-09, 112-13, 115-116, and 119.

requirement of § 411(a) as a matter of law. See Dkts. 217 at 9 n. 5, 16-21; 217-1, at 1-5, 7-9, 12-15, SOUFs 9-21, 39-51, 55-59, 66, 70, 72, 76-80, 89-90, 95-96, 99-100, 108-09, 112-13, 115-116, and 119. Moreover, the same undisputed evidence establishes that the Asserted Works are also United States works under 17 U.S.C. § 101(1)(B) because they were published in Oman, which grants copyright protection that is the same as or longer than the term provided in the United States, and the U.S. within 30 days.[10] Defendants object to the Magistrate's finding that they did not provide evidentiary support for the contention that Dish admitted the works were published simultaneously in Iran, Iraq and Oman or ignored 17 U.S.C. § 101 as erroneous.  R&R, at 27-28; *See* n.10 & 13; See *id*; see also Dkt. 224-1, at 2-9 ¶¶ 4-10, 16-24, 26-28, 32, 35-36, 39-42, 47, 51-52, 55-56, 60, 62-65, and 67 (Dish's statements conceding relevant facts "undisputed").

Significantly, as the Eleventh Circuit has held, it is the Plaintiff that "bears the burden of proving compliance with statutory formalities, including the registration prerequisite [as to each work asserted]."  *Mosley*, 694 F.3d at 1309 (11th Cir. 2012).  Here, as a matter of controlling Eleventh Circuit law, admissions and the undisputed record evidence, the Magistrate erred in finding, as to ***each unregistered work***, Dish's compliance with statutory formalities in meeting its burden to prove through sufficiently probative evidence that each of the Unregistered Works it seeks to assert is a foreign work, exempt from registration, under the Act.  R&R, at 20-27.

Moreover, the Magistrate erred in failing to find for Defendants that Dish has not provided sufficient evidence to establish essential elements of its claim, including, first publication or initial ownership of the Asserted Works and thus cannot begin to prove exemption from § 411(a) nor subsequent ownership in a chain of title to Dish to establish standing under Section 501(b).  *Id.*

---

[10] *Id.*; *see also* Royal Decree 65/2008: Promulgating the Law of Copyrights and Neighboring Rights, Articles 26-33, available at: *https://www.wipo.int/edocs/lexdocs/laws/en/om/om008en.pdf* (granting copyright rights for a term which is the same as or longer than the U.S. Copyright Act)

Dish's unsupported, bald and conclusory assertion that all of the works were first published upon insertion into a channel feed is not probative, entirely without merit and fails to prove first publication of any of the Asserted Works.  *See* Dkt. 224, at 15, n.14; *DigitAlb,Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 555 (S.D.N.Y. 2018); *see also Mosley*, 694 F.3d at 1304-05 ("Without evidence of the exact timing and geographic extent of first publication, it would be impossible to determine whether the [work] met the statutory definition of a 'United States work,' or was instead a foreign work."); *Id.*, at 1309-11; *Casa Dimitri*, 270 F. Supp. 3d at 1349-51.  The Magistrate's finding that the Eleventh Circuit's holding in *Mosley* and *Casa Dimitri Corp.*, are inapposite was erroneous.  R&R, at 24, n.11.  Both cases are directly relevant to the instant case.  At best, Dish describes, but does not prove, a transmission or performance of the Asserted Works, not a first publication of each Asserted Work, within the meaning of the Act.  *See* Dkt. 217, at 17-21 (discussing publication at length); *see also Mosley*, 694 F.3d at 1303 ("[P]ublication is a legal word of art, denoting a process much more esoteric than is suggested by the lay definition of the term."). *See Am.Broad. Cos., Inc. v. Aereo, Inc.*, 134 S. Ct. 2498, 2511 (2014) (finding that "a broadcasting network is performing when it transmits [that] performance (whether simultaneously or from records)"). Instead, Section 101 states that "offering to distribute copies or phonorecords to ***a group of persons*** for purposes of further distribution, public performance, or public display, constitutes publication." 17 U.S.C. § 101.[11]  It also explains that "[a] public performance or display of a work does not of itself constitute publication." *Id*. Further, the legislative history of the Act explains that a work is published "when copies or phonorecords ***are offered to a group of***

---

[11] The plain language of section 101 makes clear that Congress did not intend for publication by an offer to distribute to require actual transfer of a possessory interest in the material object.  Had Congress intended such a requirement, the drafters could easily have included the language "to the public by sale or other transfer of ownership, or by rental, lease, or lending" found in the preceding sentence but chose not to. The majority of courts agree.  See e.g., *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 169 (D. Mass. 2008) ("[I]f the author offers to sell the manuscript to a publishing house 'for purposes of further distribution,' but does not actually do so, that is a publication but not a distribution.").

**wholesalers, _broadcasters_, motion picture theatres, etc. [i.e., a "group of persons"]**" for the purpose of "further distribution, public performance, or public display." H.R. Rep. No. 94-1476, at 138 (1976)*; see also* Copyright Compendium, § 1902 (2017). As the Ninth Circuit has held, Dish is a group of persons as contemplated by the Act and intended by Congress. *Id.*; *see Bagdadi v. Nazar*, 84 F.3d 1194, 1198-99 (9th Cir. 1996) (holding that "a single entity comprised of multiple people constitutes a 'group of persons' within the meaning of the statute."). Publication of the Asserted Works thus occurred upon the prospective offer to Dish of *all* works for further distribution by the foreign networks. While the Magistrate correctly questioned the merits of Dish's argument to the contrary, the Magistrate erred in not finding for Defendants. R&R, at 24.

To the extent Dish relies on the insertion of works into channel feeds by the foreign networks, which does not prove a "publication" nor a "*first* publication", such transmission was necessarily the result of prior publication through "offers for further distribution around the world" through prior agreements, including those to Dish and the "approximately 20 other providers having similar arrangements . . . operating in the MENA region, Europe, Canada, and Africa" as described by MBC and in Dish's agreements with the content redistributors, licensing agents and foreign networks. *See* Dkt. 224-3, at ¶¶ 21-22; *see also* Dkt. 228, 8-10.[12] Dish has failed to carry

---

[12] The undisputed record establishes that Plaintiff's agreements with each of the foreign networks expressly requires that the networks simultaneously publish all of its programming in the United States and the "Middle East." (Dkt 217-1, at 1-5, 7-9, 12-15, SOUFs 9-21, 39-51, 55-59, 66, 70, 72, 76-80, 89-90, 95-96, 99-100, 108-09, 112-13, 115-116, and 119) (providing citations directly to the relevant provisions of all of the agreements relied upon by Dish) See e.g., Dkt. 146, Ex. 9, p.19, § 4.1.1. ("***The Signal shall be time delayed by Network so that the content as broadcast in its country of origin corresponds to the prevailing time on the east coast of the United States.***"). Even setting aside *arguendo* the temporal aspect of the simultaneous transmission from the foreign networks to providers around the world [*see e.g.,* Dkt. 224-3, at ¶¶ 21-22], the agreements further confirm that the alleged prospective offers to provide the works for further distribution to Dish (a "broadcaster"), as discussed herein, is a publication of all such works as a matter of law. The agreements confirm such offers to distribute, to the extent any such works did not yet exist (a fact Dish has not provided any evidence in support of), must, as a contractual requirement, also be simultaneous as defined under 101(B)&(C), 104(b)(2) and 104(b)(last sentence) because the works were to be simultaneously provided by transmission for further distribution or were automatically assigned to Dish in the United States before transmission, and thus published, upon first fixation or, alternatively, were simultaneously published in the Middle East (which includes non-treaty countries (Iran and Iraq) and a treaty country offering the same or a longer term of protection (Oman) to Dish in the United States upon concurrent first fixation and publication, in any event, within 30

its burden in providing evidence of the publication, first publication and exemption from § 411(a) of each of the Unregistered Works and the Magistrate erred in so finding.  R&R, at 22-27.

The Magistrate further erred in adopting Dish's contention that in order to constitute a valid offer constituting publication, a work must first be in existence.  R&R, at 24.  First, the Magistrate misapplies the law in ordering the burden of proof as to publication.  Dish's assertion that the works did not yet exist cannot excuse its failure in proving first publication of each of the Unregistered Works.  Eleventh Circuit law establishes that the Plaintiff, not Defendants, must carry the burden of proving "that the method, extent, and purpose of the distribution meets the Copyright Act's requirements for publication. . . he must then prove that the publication was, in fact, the first publication, and that the geographic extent of this first publication diverges from the statutory definition of a "United States work." *Mosley*, 694 F.3d 1294, 1304-05; *Casa Dimitri*, 270 F. Supp. 3d at 1350-51 (S.D. Fla. 2017).  Dish has failed to prove these required elements and there is no evidence in the record to do so.  Second, the Magistrate erroneously states Plaintiff did not address Dish's assertion that the Asserted Works could not be published through an "offer to distribute" because the transfers of all works were prospective and did not yet exist.  *See* 228, at 8.[13]  As the Eleventh Circuit has held, "[p]ublication also occurs 'when an authorized offer is made to dispose of the work in any such manner[,] even if a sale or other such disposition does not in fact occur.'" *Mosley*, 694 F.3d 1294, 1303. Thus, all that is required for publication to occur is an "offer." *Id.*

_____

days of publication. *See* Dkt. 224-3, at ¶¶ 21-22 (confirming the same). The Magistrate's contrary finding is erroneous and ignores that Dish has the burden on proof of proving the publication and that such publication was, in fact, the first publication of each Asserted Work, not Defendants.  R&R, at 24, 25-26, n.13.  Dish cannot prevail on its claims.

[13] Indeed, Dish's admission that the works did not exist when it entered into its contract with MBC provided further support for Defendants' contention that the purported underlying transfers of ownership and those to Dish of all Asserted Works, including the Registered Works, are null and void *ab initio* for affecting an invalid prospective transfer of more than five works, failing to identify the specific works and because works-for-hire are invalid and not recognized under U.A.E. Copyright Law. *Id.*, *See* Dkts. 217, at 3, 10-11, 13, 22-23; 217-1 at 3, 6-7 SOUFs 13, 30-38; 228-1, *El Turk Decl., at* ¶*12; Dkt. 217-1, at* ¶¶*29-33, 217-3, at* ¶¶*4-13.*, Ex. 3 (Gowling WLG, "Copyright Law - How Does the UAE Compare With Common Law Jurisdictions?" February 16, 2017).

Finally, the Magistrate improperly relies on Dish's citation to the Copyright Compendium for this erroneous finding, yet, inexplicably, mischaracterizes Defendants reliance on § 612.7(J), which is entirely consistent with Sections 101, 104(b)(2) and the 104(b)(last sentence) of the Act, which was properly cited in support of Defendants' meritorious arguments (Dkts. 217 at 20; 228 at 10). R&R, at 27, n.14.  Significantly, Section 612.7(J) of the Compendium states: "If the work was first published in the United States and another country on the same date, the applicant should provide United States as the nation of first publication.  Likewise, the applicant should provide United States as the nation of first publication if the work was first published in a foreign country that has entered into a copyright treaty with the United States and if the work was subsequently published in the United States within thirty days thereafter. 17 U.S.C. § 104(b)."[14]  Section 612.7(J) confirms Defendants' argument that the works are United States works.  To hold otherwise, would be error.

Where a Plaintiff fails to provide "sufficiently probative evidence of [Plaintiff's alleged work] being a foreign work exempt from registration, and without a certificate of registration" Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Casa Dimitri Corp.*, 270 F. Supp. 3d at 1351 (S.D. Fla. 2017) citing *Mosley*, 694 F.3d at 1309 and *Celotex Corp.*, 477 U.S. at 322.  Defendants, and not Dish, are entitled to the grant of summary judgment because Dish has failed to establish the Unregistered Works are not United States works and, thus, lacks standing to assert the Unregistered Works which, as a matter of law, fail to comply with § 411(a).  Dkts. 217, at 21, and 228, at 10; *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019).

---

[14] Defendants' note for the Court's benefit that this is also entirely consistent with Article 3(4) of the Berne Convention which states, "(4) A work shall be considered as having been published simultaneously in several countries if it has been published in two or more countries within thirty days of its first publication."

The Magistrate's finding that Dish has carried its burden of proving first publication of the Unregistered Works is erroneous as a matter of law and must be rejected. R&R, at 26-27.

## V.    THE REGISTERED WORKS ARE INVALID AS A MATTER OF FOREIGN LAW

The Magistrate correctly found that where the plaintiff is not the author of the copyrighted work, that plaintiff is obligated to prove a proprietary right through the chain of title but failed to carry out the proper analysis.  R&R, at 27-36.   Defendants object to the Magistrate's findings of fact, construction of foreign law and application of both foreign and federal law in finding that Defendants have not rebutted the presumption of validity of the Registered Works and that Dish has met its burden in proving initial ownership and a valid chain of title in the Registered and Unregistered Works.  R&R, at 27-36; *See* Dkts. 217, 228, Dkt. 217-3, Exs. 2-3; Dkt. 228-1, Exs. 1-4; Dkt. 228-2, Exs. 1-3; *RCTV Int'l Corp. v. Rosenfeld*, 2016 WL 6818955, at *5 (S.D. Fla. Sept. 30, 2016) (citing Saregama, 635 F. 3d at 1290).  *Id.*    .  Defendants also object on the basis that the Magistrate failed to conduct an analysis of the initial ownership and chain of title with regard to the Unregistered Works.  *Id.*  The Magistrate also erroneously finds that Defendants agree that the issue of MBC's ownership turns solely on whether the works are Joint Works or Collective Works under UAE Copyright Law and that Dish has provided sufficient evidence to establish the works are Collective Works under foreign law and fails to require Dish to meets its burden to prove ownership, as it must, under controlling law.[15]  R&R, at 31-35.  Instead, Defendants' assert that

---

[15] Dish has never alleged the Registered Works were Collective Works in its Complaint [Dkt. 62], nor do the face of the registrations identify the works as such [Dkt. 146].  Instead, Dish first argued the works were Collective Works in its Response [Dkt. 224].  This, even where the Registered Works claim as their basis for ownership that they are works-for-hire.  Whether the Registered Works are Joint or Collective Works under U.A.E. Law is a question of fact, dependent upon a showing that MBC, a legal entity, solely directed the creation of the Registered Works, which Dish has not provided any evidence that the contributions of the true authors are not able to be separated or distinguished. Defendants have provided evidence establishing the true authors and their roles in creating the Registered Works, which are Joint Works.  *See* Dkt. 217-3, Exs. 2-3; Dkt. 228-1, Exs. 1-4; Dkt. 228-2, Exs. 1-3. Defendants proffered declarations are sufficient to overcome summary judgment and contain justifiable inferences of fact rebutting the veracity of the Whitehead Declaration [Dkt. 224-3] which contains hearsay, conclusory statements and conclusions of law unsupported by any evidence of record.

they have overcome the presumption of validity under § 410(c) because the undisputed facts in evidence and controlling law establish that the Registered Works each falsely claim: (i) authorship; (ii) ownership by the copyright claimant pursuant to the work-for-hire doctrine which is invalid, as a matter of law, under U.A.E. Law; (iii) incorrect dates of first publication, and (iv) first publication in the United Arab Emirates because, as discussed, the works are, United States works. (Dkt. 217-1, SOUFs 9, 12-14, 17-21, 36; *See*, Dkts. 217, 228, Dkt. 217-3, Exs. 2-3; Dkt. 228-1, Exs. 1-4; Dkt. 228-2, Exs. 1-3).

Summary judgment as to the ownership of the Registered Works would be improper as genuine issues of material fact remain at issue.  Plaintiff has failed to establish, as it must initial ownership of the Registered Works under U.A.E. law.  That is, Plaintiff must provide evidence establishing MBC directed the creation of the works and that the works are truly collective works and not joint works which requires determinations of fact, not law. *See* Dkt. 217-3, 228-1.  Dish must prove, through a valid chain of title, valid assignments under U.A.E. law from each of the allegedly commissioned joint authors of registered works to MBC. *See* Dkt. 224-3 (alleging MBC or its affiliates employed authors and contractual agents for script writing, literary adaptation, dialog, music composition, graphics and directing but failing to provide any evidence of such agreements beyond bald statements of fact, hearsay and legal conclusions).  MBC is not the true author or initial owner of the Registered Works.[16]  Additionally, because Defendants have failed to produce copies of the deposits of the Registered Works, they cannot prove the protected elements of nor the substantial similarity of the Registered Works and their claims thus fail.

**VI.    THE ASSERTED WORKS ARE INVALID BECAUSE THEY WERE EACH SUBJECT TO AN INVALID TRANSFERS UNDER FOREIGN LAW**

---

[16] *See* Dkt. 217-3, 228-1.  (screen captures of the credits showing the true joint authors and creators of the works, including the producers, directors, composers, graphic artists and screenwriters of the works).

Defendants object to the Magistrate's findings as they relate to the transfer of ownership because the Magistrate erred in failing to apply the controlling foreign law, including Article 15 of the U.A.E. Copyright Laws, and applicable corollaries thereto under Middle Eastern law, in determining the validity of the transfer of *ownership* in the Asserted Works, including underlying transfers occurring wholly within foreign jurisdiction,  and relied on inapposite law. R&R, at 37-44. The Asserted Works, including the Registered Works are invalid and unenforceable because they were the subject of prospective transfers of more than five works to the underlying licensors which took place between foreign nationals and entities in the Middle East which and from the foreign networks to Dish, which are thus invalid as a matter of applicable foreign law.  Dkts. 217, 228, 217-3, Exs. 1-3; 228-1, Exs. 1-4.  The Magistrate erred in finding such transfers valid and for applying the incorrect law to the facts of the instant case.  R&R, 37-44. Finally, the Magistrate erred in failing to find that involuntary transfers pursuant to the work-for-hire doctrine are invalid under applicable foreign law.  R&R, 37-44.

For the aforementioned reasons and in the interest of justice, Defendants respectfully request that this Honorable Court sustain the objections to Dkt. 246 set forth herein and grant Defendants' Motion for Summary Judgment [Dkts. 217, 228] on Count I of the Complaint.

Dated: March 3, 2020
By:  /s/ *Joseph R. Sozzani*
Joseph R. Sozzani, Esq. (FBN: 120297)
E-Mail: JSozzani@InfinityIPLaw.com
222 West Bay Drive
Largo, FL 33770
Tel: 727.687.8814

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 3rd day of March, 2020, I electronically filed the foregoing document with the Court's CM/ECF system and the foregoing document is being served this day on all counsel of record, via transmission of Notices of Electronic Filing generated by the CM/ECF.

*/s/ Joseph R. Sozzani*
Joseph R. Sozzani
