**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DISH NETWORK, LLC,
a Colorado limited liability company,

    *Plaintiff*,

v.

GABY FRAIFER, an individual Florida resident,
PLANET TELECOM, INC., a Florida corporation,
and, TELE-CENTER, INC., a Florida corporation,

    *Defendants*.
_____/

Case No. 8:16-cv-2549-TPB-CPT
Honorable Judge Thomas P. Barber
Magistrate Judge Christopher P. Tuite

**DEFENDANTS' MOTION TO CERTIFY DECISION
FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)
AND TO STAY PROCEEDINGS PENDING APPEAL**

Defendants, Planet Telecom, Inc. ("PTI"), Tele-Center, Inc. ("TCI") and Gaby Fraifer ("Fraifer") (collectively, "Defendants"), by and through their undersigned counsel respectfully submit this memorandum of law in support of their motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) of this Court's Order of March 30, 2020 (Dkt. 257)(the "Order"), adopting the Magistrate Judge's Report and Recommendation (Dkt. 246), denying Defendants' Amended Motion for Summary Judgment on Count I of Plaintiff's Amended Complaint (Dkt. 217), and granting partial summary judgment on the issue of ownership to Plaintiff (Dkt. 146), and to stay proceedings in this case pending resolution of an interlocutory appeal.

Defendants respectfully move to amend the Court's Order, to certify for interlocutory appeal controlling questions of law, which include important issues of first impression in the Eleventh Circuit, relating to Plaintiff's standing as a purported exclusive license of unregistered and registered foreign works pursuant to 17 U.S.C. § 501(b), this Court's subject matter

jurisdiction over Plaintiff's claims against Defendants pursuant to 17 U.S.C. 101, *et. seq.* ("Copyright Act"), and issues of statutory construction of the Act. Because the issues presented herein are controlling questions of pure law for which no precedential decision exists in the Eleventh Circuit, and because the resolution of the questions presented for interlocutory appeal would materially advance the ultimate termination of this litigation and others relating to foreign works, Defendants respectfully and with the utmost deference request that the Court grant permission to appeal under 28 U.S.C. § 1292(b) and stay the proceedings pending outcome of the interlocutory appeal in the interest of judicial economy and to avoid considerable waste of the parties' and this Court's resources.

## PRELIMINARY STATEMENT

As required by § 1292(b), the Order involves controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal will materially advance the ultimate termination of the litigation. The Order, and the 57-page Report and Recommendation which it adopts, confronts several important and difficult legal questions, many of which are issues of first impression and/or relate to issues upon which a split in the Circuit Courts exists:

(1) Whether, under Fed. R. Civ. P. 8 and 26, a plaintiff asserting an unregistered foreign work in a copyright infringement action is required to plead the specific works asserted or to otherwise disclose the specific works asserted prior to the close of discovery?

(2) Whether a plaintiff proceeding as a purported exclusive licensee under 17 U.S.C. § 501(b) of an unregistered foreign copyright must establish standing, through admissible evidence, of the initial ownership and a valid chain of title pursuant to 17 U.S.C. § 101, 201(a),(d) & (e) in each asserted, unregistered, foreign copyright from the initial owner of such a foreign work to the purported exclusive licensee?

(3) Whether U.S. or foreign law applies in determining the validity of an assignment and/or transfer of an exclusive right in a foreign copyright, between foreign entities or individuals (not a party to the instant litigation), relating to rights arising under foreign copyright law?

(4) Whether a plaintiff asserting a foreign copyright as a purported exclusive licensee under 17 U.S.C. § 501(b) has the burden to prove initial ownership and the time and place of first publication for each specific foreign work asserted?

(5) Whether pursuant to 17 U.S.C. § 101(1)(B) a work simultaneously published in the United States and a treaty country whose law grants a term of copyright protection that is the same as or longer than the term provided in the United States is a "United States Work" for purposes of § 411?

(6) Whether pursuant to 17 U.S.C. § 101(1)(C) a work simultaneously published in the United States and a non-treaty country is a "United States Work" for purposes of § 411?

(7) Whether pursuant to 17 U.S.C. § 104(b)(2)[1] a foreign work first published in a non-treaty nation and also published in the United States within 30 days is a "United States Work"?

(8) Whether U.S. or foreign law applies to the determination of the scope of protection afforded to a foreign work (e.g., whether a work is a compilation, collective or joint work)?

(9) Whether the Eleventh Circuit's holding in *Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96 (11th Cir. 1995) ("*Imperial*") bars a challenge to the validity of underlying foreign copyrights purportedly held by a licensor (not the initial owner) of a transferee copyright plaintiff under 17 U.S.C. 501(b) where said licensor is neither joined as a plaintiff in the same lawsuit and the assignment is not a corrective assignment to cure a defect in a prior assignment?

(10) Whether under this Court's holding in *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1490 (11th Cir. 1990) ("*M.G.B. Homes*") issuance of a U.S. copyright registration to a foreign entity, for a foreign work, alleged to be first published in a foreign jurisdiction, authored by foreign authors domiciled and in an alleged employee/employer relationship in a foreign jurisdiction may be relied upon by a purported exclusive licensee under 17 U.S.C. § 501(b) to resolve the issue of ownership and applicability of the work-for-hire doctrine under U.S. law where the relevant foreign law in the country where rights arose expressly prohibit the work-for-hire doctrine as invalid *ab initio*?

(11) Whether and when the prospective offering to distribute copies of both existing and prospective works to a group of persons for purposes of further distribution, public performance or public display, constitutes publication under 17 U.S.C. § 101?

Indeed, this Court's Order denying Defendants' Amended Motion for Summary Judgment (Dkt. 217) and grant of partial summary judgment on the crucial issue of ownership of the foreign unregistered and registered works at issue in this case turned on each of these pivotal issues. Thus, for the reasons stated herein, Defendants respectfully move this Court to certify the Order for interlocutory appeal for resolution of these novel issues of first impression by the Eleventh Circuit.

---

[1] Defendants note that the final paragraph of 17 U.S.C. § 104(b), which the Magistrate overlooked, further supplements the analysis of works under Section 104(b)(2) and reads: "For purposes of paragraph (2), a work that is published in the United States or a treaty party within 30 days after publication in a foreign nation that is not a treaty party **shall be** considered to be first published in the United States or such treaty party, as the case may be." (emphasis added).

**MEMORANDUM OF LAW**

I.     **APPLICABLE LEGAL STANDARDS FOR INTERLOCUTORY REVIEW.**

Courts may approve the interlocutory appeal of an order not otherwise appealable under 28 U.S.C. § 1291 or 1292(a) when: (1) the order involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" concerning the legal questions presented, and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The decision to permit an interlocutory appeal under § 1292(b) is within the broad discretion of the district court. *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995); *OFS Fitel, LLC v. Epstein*, 549 F.3d 1344, 1358-59 (11th Cir. 2008) ("1292(b) certification is wholly within the district court and this Court"); *Mamani v. Berzain*, No. 07-22459-CIV-JORDAN, 2010 U.S. Dist. LEXIS 147350, at *9 (S.D. Fla. Mar. 16, 2010); see also *RCTV Int'l Corp. v. Rosenfeld*, No. 13-23611-CIV-SIMONTON, 2016 U.S. Dist. LEXIS 136867, at *64-65 n.23 (S.D. Fla. Sep. 30, 2016) citing *Mamani*, 825 F.3d at 1312. Certification under §1292(b) is generally proper if resolution would substantially reduce or entirely avoid further litigation and expenses. *See E.g.,* 16 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3929 (3d ed. 2017) (explaining that § 1292(b) "is not limited by its language to 'exceptional' cases," but rather is characterized by its flexibility).

    A.     **Controlling Question of Law.**

First, to qualify for appeal under § 1292(b), an interlocutory order must state that it "involves a controlling question of law." 28 U.S.C. § 1292(b) (requiring the district court to "state in writing in such order" that the elements are met). If the original order does not identify a question of law suitable for interlocutory appeal, it may be amended to include the requisite language or certified by entry of a separate order. Fed. R. App. P. 5(a)(3); *see also Marisol by Forbes v. Giuliani*, 104 F.3d 524, 527-29 (2d Cir. 1996); *In re Hamilton*, 122 F.3d 13, 14 (7th Cir.

1997); *In re Benny*, 812 F.2d 1133, 1136-37 (9th Cir. 1987). Upon the Court's certification of the Order for interlocutory appeal, Defendants must petition the Eleventh Circuit for interlocutory review within ten days. 28 U.S.C. § 1292(b).

A "controlling question of law" is one which, if decided incorrectly, would be reversible error on final appeal or, stated differently, one which, if decided in favor of the appellant, would bring an end to the action or a substantial portion thereof. *See E.g., Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3d Cir. 1974). Controlling questions of law warranting interlocutory review based on this criterion include those involving statutory construction, subject matter jurisdiction, whether a claim or defense exists as a matter of law, questions of standing, issues of first impression and other issues which are likely to substantially narrow or terminate the litigation. *See E.g., Barrientos v. CoreCivic, Inc.,* 951 F.3d 1269, 1276 (11th Cir. 2020) (granting § 1292(b) appeal on controlling issue of statutory construction) *citing Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) ("The question of statutory interpretation is a legal issue we review de novo."); *Mamani v. Berzaín,* 654 F.3d 1148, 1152-57 (11th Cir. 2011) (finding plaintiffs had not alleged sufficient facts to make out claims for relief under Fed. R. Civ. P. 8); *Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248, 1252-53 (11th Cir. 2003) (granting § 1292(b) review of whether a district court had jurisdiction over the claims at issue); *Harris v. Evans,* 20 F.3d 1118, 1120 (11th Cir. 1994); *U.S. v. Barnette*, 10 F.3d 1553, 1554-55 (11th Cir. 1994); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, Case 1:13-cv-05784-CM (S.D.N.Y. Feb. 10, 2015) (granting § 1292(b) on novel issue of copyright law); *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 318-19 (9th Cir. 1996).

The Eleventh Circuit has held that controlling issues of law include "a question of the meaning of the statutory or constitutional provision" that is a question "of pure law" which "the court of appeals can decide quickly and cleanly without having to study the record." *See Mamani*, 2010 U.S. Dist. LEXIS 147350, at *10 (S.D. Fla. Mar. 16, 2010) citing *McFarlin*, 381 F.3d at

1258; *see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990) (ruling that a question of law is controlling "if reversal of the district court's order would terminate the action."); *see also Mamani*, 2010 U.S. Dist. LEXIS 147350, at *10 (S.D. Fla. Mar. 16, 2010) (holding that the questions of law were controlling because "…any which one could dispose of the case"). "The legal question[s] [presented] must be stated at a high enough level of abstraction to lift the question[s] out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." While the determination of such issues are not devoid of factual analysis, issues of pure law are those which the court can resolve "without having to delve beyond the surface of the record in order to determine the facts." *McFarlin,* 381 F.3d at 1259.

      **B.**      **Substantial Ground for Difference of Opinion.**

Circuit Courts of Appeal have found that a substantial ground for difference of opinion exists where: (i) an issue is a difficult and novel issue of first impression in the controlling circuit; (ii) there is a conflict in other circuits that have decided an issue, and/or (iii) there is a conflict between controlling and other circuits on the issue. *See E.g., Giardiello v. Balboa Ins. Co.,* 661 F. Supp. 644, 646 (S.D. Fla. 1985), *aff'd in part*, 837 F.2d 1566 (11th Cir. 1988) (certifying question due to conflict between controlling circuit and other circuits); *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (holding that "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent"); *Couch v. Telescope, Inc*. 611 F.3d 629, 633 (9th Cir. 2010) (stating "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where '. . . novel and difficult questions of first impression are presented."). As the Eleventh Circuit noted in *McFarlin*, "[i]n determining whether to grant review [of an interlocutory appeal, the Court] should ask if there is a substantial dispute

6

about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed." *McFarlin,* 381 F.3d at 1259.  If the answer is in the affirmative, the Court should grant interlocutory certification under § 1292(b).  *Id.*

      **C.**      **Review Would Materially Advance the Termination of the Litigation or Substantially Reduce the Amount of Litigation Necessary on Remand.**

The Eleventh Circuit has held that an interlocutory appeal under § 1292(b) is appropriate where resolution of the questions presented "would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259 citing *United States Fid. & Guar. Co. v. Thomas Solvent Co.*, 683 F. Supp. 1139, 1176 (W.D. Mich. 1988) (§ 1292(b) appeal appropriate where resolution of controlling questions could shorten the time, effort, and expense of the litigation); 16 WRIGHT & MILLER, § 3930, p. 432 (2d ed. 1996) ("If the present appeal promises to advance the time for trial or to shorten the time required for trial," the "advance termination" requirement is satisfied and interlocutory appeal is appropriate.).

**II.**      **THE ORDER INVOLVES CONTROLLING QUESTIONS OF PURE LAW RELATING TO THE APPLICABILTY OF FOREIGN LAW, STATUTORY CONSTRUCTION, PLAINTIFF'S STANDING AND THE COURT'S JURISDICTION OVER PLAINTIFF'S COPYRIGHT CLAIMS.**

There can be no doubt that the Order involves numerous controlling questions of pure law which are issues of first impression in the Eleventh Circuit.  Indeed, the Report, wholly adopted by the Order, identifies numerous significant and deceivingly complex, pure issues of copyright law for which there is no controlling precedent, where conflicting case law exists both within and outside of the Eleventh Circuit.  Because each of the legal questions on which Defendants seek certification address the essential element of ownership of Plaintiff's copyright infringement claims, the first element of the § 1292(b) is met.  That is, if the Eleventh Circuit decides in favor of Defendants on any one of the issues presented, at the very least, the scope and this case will be substantially narrowed for trial.  The questions presented herein in support of certification of the

Order have been "stated at a high enough level of abstraction to lift the question[s] out of the details of the evidence or facts of [this] particular case and give [them] general relevance to other cases in the same area of law." *McFarlin*, 381 F.3d at 1259. Thus, they fit precisely within the criteria set forth in § 1292(b) and the Eleventh Circuit's guidance in *McFarlin*. *Id.*

This is therefore one of the relatively rare situations in which this Court should certify for immediate appeal the pure issues of controlling law, each of first impression or upon which there is a split in the district courts within and without this Circuit, decided in the Order. To be sure, the Order [Dkt. 257], adopting the Magistrate's Report and Recommendation ("Report") [Dkt. 246] without amendment, involves pure questions of law bearing directly on: (i) whether Plaintiff has provided sufficient notice to Defendants of its claims of copyright infringement under the pleading standard of Fed. R. Civ. P. 8 and rules of disclosure under Rule 26(a)(1)(A); (ii) Plaintiff's standing to sue as a beneficial "owner" pursuant to 17 U.S.C. § 501(b), (iii) initial authorship and ownership of the foreign works, (iv) the validity of the alleged rights in the foreign works asserted, (v) the validity of the alleged multiple underlying and wholly extraterritorial transfers of those works to foreign third-parties made prior to the alleged transfer to Plaintiff, (vi) the applicability of the United States work-for-hire doctrine to foreign non-party authors and foreign non-party predecessors in interest to the alleged rights asserted under foreign civil code which holds such doctrines invalid *ab initio*; (vii) whether and when simultaneous publication occurs and whether and when such works are "United States Works" subject to the registration requirement under 17 U.S.C. § 101, 104(b)(2) and 411(a); (viii) the determination of whether U.S. or foreign law

8

dictates the scope and nature of protection afforded to foreign works asserted under provisions of the U.S. Copyright Act (i.e., whether a foreign work is a joint work or compilation and, if so, under what law); (ix) whether, when and where publication of foreign works is deemed to occur pursuant to the definition of "publication" under 17 U.S.C. § 101 upon the prospective and simultaneous offer to multiple groups of persons for worldwide distribution, including insertion into a "channel feed" via satellite and the internet, under the Act; (x) whether a plaintiff proceeding as a purported exclusive licensee under 17 U.S.C. § 501(b) of an unregistered foreign copyright must, as a U.S. litigant would be required, establish standing as a beneficial owner, through admissible evidence, of the initial ownership and a full and valid chain of title pursuant to 17 U.S.C. § 101, 201(a),(d), (e) and 501(b) in each asserted, unregistered and registered foreign copyright from the initial owner of such a foreign work to the purported exclusive licensee; (xi) whether the Eleventh Circuit's holding in *Imperial* bars the challenge of the underlying rights asserted where the licensor is not joined as a Plaintiff and foreign unregistered works have been asserted; (xii) whether the Eleventh Circuit's holding in *M.G.B. Homes* allows a Defendant to overcome the presumption of validity of a copyright registration relying on a defense challenging the validity of the work-for-hire relied upon for ownership of said work; (xiii) whether a copyright plaintiff asserting multiple unregistered foreign works must meet the burden of proof in establishing exemption from the registration requirement of § 411(a) for each specific unregistered work asserted under the Eleventh Circuit's holding in *Kernel Records*; and (xiv) whether

the prospective offer to a group of persons to further distribute existing and prospective works is a publication under the meaning of § 101.

### III. THERE EXISTS SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION AS TO EACH OF THE QUESTIONS PRESENTED FOR INTERLOCUTORY APPEAL.

Defendants respectfully submit that interlocutory appeal under § 1292(b) is also warranted because there exists "substantial grounds for difference of opinion" with respect to the Court's legal rulings on each of the questions presented herein for certification. As further explained in more detail in Defendants' prior summary judgment briefing to this Court [Dkts. 217, 228] and Objections to the Report [Dkt. 253], Defendants maintain that, as a matter of law, Plaintiff has failed to provide Defendants proper notice of the specific unregistered works asserted and failed to establish ownership of both the unregistered and registered foreign works asserted in this litigation. *Id.* Moreover, Defendants also maintain that, as a matter of law, Plaintiff has also failed to meet its burden in establishing that the unregistered foreign works it has asserted are exempt from the registration requirement of § 411(a) under the Eleventh Circuit's holdings in *Kernel Records* and *Saregama*, and thus lacks standing to sue.

Each of the pure legal questions presented herein for certification of the Order bear directly upon and underly the premises upon which the Order reached its conclusion on the essential element of ownership, and are believed to be issues of first impression or issues for which a clear conflict exists within and outside the Eleventh Circuit. Thus, the second requirement for an interlocutory appeal under § 1292(b) is also met. *See E.g., Laperriere v. Vesta Ins. Group, Inc.*, 526 F.3d 715, 719 (11th Cir. 2008) (issues of first impression certified for interlocutory appeal where the issues presented were found to present substantial grounds for difference of opinion); *Castellanos-Contreras v. Decatur Hotels LLC*, 576 F.3d 274, 279 (5th Cir. 2009) (same); *Waters v. Miller*, 560 F. Supp. 2d 1318, 1325 (M.D. Ga. 2008) ("Because it appears that neither the Eleventh Circuit nor the Florida Supreme Court has directly addressed the issues presented in the

motions for summary judgment in this case, the Court finds that substantial ground for difference of opinion may exist as to the controlling legal issues").

In the seminal case of *Itar Tass* the Second Circuit cautioned that "as a court considers the nature of an ownership interest, there is some risk that it will too readily shift the inquiry over to the issue of whether an alleged copy has infringed the asserted copyright." *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 91 (2d Cir. 1998)[2]. Defendants maintain that is precisely what has occurred here. Without benefit of controlling case law, the Magistrate Judge tackled multiple complex issues of first impression in the Eleventh Circuit which could have wide-reaching significance in the area of copyright law including upon pending cases in other districts.

For example, the Eleventh Circuit has not yet had occasion to determine the issue of whether United States or foreign law governs the validity of a transfer of a foreign copyright, arising under foreign copyright law, created by foreign authors, where the alleged underlying transfers of such rights occurred wholly within a foreign jurisdiction, between foreign nationals (e.g., authors, employers/employees, agents, distributors and foreign networks, not a parties to this litigation), all subject to and under the auspices of foreign law. *See* Dkt. 246, at 38 ("In *Saregama*, the Eleventh Circuit noted that "***there is no guiding case law regarding which country's law governs the issue of copyright transfer***." 635 F.3d [1284] at 1291-92.) (further stating "We assume without deciding that Indian law governs the assignment issue . . . ." *Id.*) While the *Saregama* Court did not decide the choice of law issue in determining transfer – because Indian and U.S. law were found to be congruent – it did determine that the contracts at issue were subject to the Indian Copyright Act because the work was created in India. *Saregama*, 635 F.3d at 1290 ("[I]nasmuch

---

[2] The *Itar-Tass* Court further noted that the nature and scope of protection afforded to a work is determined under U.S. copyright law. In that case, as here, the Court discussed the determination of the nature and scope of protection afforded to the works at issue (e.g., whether and when a work is a joint work or compilation). The *Itar-Tass* case took the view that such works were entitled to national treatment under U.S. law and the *Berne Convention*.

as BMBH was created in India, our interpretation of the Agreement and ultimate determination of whether Saregama owns a copyright in the BMBH sound recording is governed by Indian copyright law.")

In this case, however, the copyright laws at issue, including those of the U.A.E. and multiple other Middle Eastern jurisdictions with similar provisions of civil code, are vastly different than U.S. copyright law, based in common law.  *See* Dkt. 217; 217-1; 217-3; 228; 228-1; 228-2 (Declarations of Bassel El Turk submitted to the Court pursuant to Fed. R. Civ. P. 44.1, a and supporting evidence discussing such differences in detail).  The application of the relevant foreign copyright laws at issue here would very likely result in the invalidation of the purported underlying transfers Plaintiff depends upon for its alleged exclusive rights as a beneficial owner, thus terminating this litigation altogether.

Defendants take the position that because the transfer of an exclusive right is expressly deemed a transfer of ownership under the Act, *see* 17 U.S.C. § 201(d)(2), and required for standing to bring suit as a beneficial owner under 17 U.S.C. § 501(b), the issues of initial ownership and transfer of ownership in a copyright are inextricably intertwined and should thus be determined under the laws of the country of origin.  This is especially true where all such works were created in and allegedly transferred in foreign jurisdictions, between foreign entities and individuals as to rights arising under the copyright laws of foreign jurisdictions.  Further, where such rights are licensed for a term or do not contain the full bundle of rights appurtenant to a copyright, as is the case here, and where such rights ultimately still reside with, and may revert to, a foreign "owner" of such rights, their transfer should remain subject to the copyright law depended upon by the foreign authors or licensors for their ownership rights in such works, not United States law.

As noted, contrary to the analysis adopted by the Order, the Eleventh Circuit in *Saregama*, without expressly deciding as much, seems to have embraced the analysis advanced by

Defendants. District courts in the Eleventh Circuit have also adopted the same approach. *See RCTV Int'l Corp. v. Rosenfeld*, No. 13-23611-CIV-SIMONTON, 2016 U.S. Dist. LEXIS 136867, at *43 (S.D. Fla. Sep. 30, 2016); *Casa Dimitri Corp. v. Invicta Watch Co. of Am.*, 270 F. Supp. 3d 1340, 1349-51 (S.D. Fla. 2017). Moreover, unlike the Court in *Saregama* and the district courts applying existing Eleventh Circuit precedent, the Order in this case departed from precedent and failed to apply the applicable foreign law in determining initial authorship of each of the foreign works at issue. The Order also departed from established precedent in determining that the validity of purported transfers in the underlying contracts wholly between foreign entities, occurring in foreign jurisdictions was subject to U.S. law. Instead, the Magistrate broadened the application of the Eleventh Circuit's holding in *Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96 (11th Cir. 1995) to improperly bar Defendants' challenge to such underlying rights, essentially shifting the Plaintiff's burden to prove exemption from § 411(a) as required under the Eleventh Circuit's holding in *Kernel Records* to Defendants. *See* Dkt. 246, at 37-44; *see also* n.14 (finding the controlling standard set forth in *Kernel Records* inapposite); *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1305 (11th Cir. 2012) (setting forth the controlling standard required as to each foreign unregistered "published work" to prove exemption from 17 U.S.C. § 411(a)). Finally, given the Supreme Court's recent affirmance of the Eleventh Circuit's holding in *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S.Ct. 881 (2019), resolving a split in the Circuit Courts over the registration requirement under 17 U.S.C. § 411(a), the abovementioned issue takes on additional significance.

Further, contrary to Eleventh Circuit law, the Order adopts the wholesale view that exclusive rights in *all* of the asserted works, including a large number of unregistered foreign works, are owned by the licensors, including content agents and distributors, from whom Plaintiff alleges it holds such rights based solely on declarations of these subsequent transferees reciting

legal conclusions, not declarations from the initial owners or creators of the works. Such conclusory declarations, however, have been rejected by the Eleventh Circuit as insufficient to meet the burden of proof to establish exemption from the registration requirement of § 411(a). Indeed, the Report departs from the Eleventh Circuit's precedential holding in *Kernel Records* and essentially establishes that a Plaintiff asserting a "vast number of unregistered copyrighted works" need not meet their burden under *Kernel Records* and *Saregama* as to each of the foreign works at issue in a litigation. Respectfully, there exists substantial grounds for difference of opinion as to whether the holdings in *Kernel Records* and *Saregama* require more.

Moreover, contrary to the Report's findings, as adopted by the Order, District Courts both within and outside of this Circuit that have confronted this issue have applied foreign law in determining the "statutory limits" on copyright assignment, including the applicability of the work-for-hire doctrine and validity of contractual transfers of copyright, including the transfer of beneficial or derivative ownership Plaintiff alleges to hold under 17 U.S.C. 501(b). *See E.g., RCTV Int'l Corp. v. Rosenfeld*, No. 13-23611-CIV-SIMONTON, 2016 U.S. Dist. LEXIS 136867, at *43 (S.D. Fla. Sep. 30, 2016) (applying Venezuelan law); *Glass Egg Dig. Media v. Gameloft, Inc.*, No. 17-cv-04165-MMC, 2018 U.S. Dist. LEXIS 130219, at *8-10 (N.D. Cal. Aug. 2, 2018) (applying Vietnamese law to invalidate transfer); *Ennio Morricone Music Inc. v. Bixio Music Grp. Ltd.*, No. 16-CV-8475, 2017 U.S. Dist. LEXIS 177643, 2017 WL 5990130, at *5 (S.D.N.Y. Oct. 6, 2017) (Italian law to determine work-for-hire doctrine's applicability); *Lahiri v. Universal Music & Video Distrib., Inc.*, 513 F. Supp. 2d 1172, 1174-6 n.1 & 4 (C.D. Cal. 2007) (Indian law applied); *Dae Han Video Production Inc. v. Dong San Chun*, 1990 U.S. Dist. LEXIS 18496, 17 U.S.P.Q.2D (BNA) 1306, 1310 n.6 (E.D. Va. 1990) (French law applied to determine alleged licensor lacked rights); *Casa Dimitri Corp. v. Invicta Watch Co. of Am.*, 270 F. Supp. 3d 1340, 1349-51 (S.D. Fla. 2017) (Venezuelan law; rejecting conclusory declaration as in *Kernel Records*).

14

Given the breadth of these conflicting cases, embracing approaches and reaching conclusions contrary to that adopted by the Order, in view of the Eleventh Circuit's holdings in *Saregama* and *Kernel Records*, respectfully, there exists grounds for a difference of opinion warranting interlocutory appeal on the questions relating to the applicability of foreign law presented for certification herein.

Likewise, the Eleventh Circuit has never decided whether under Fed. R. Civ. P. 8 and 26(a)(1)(A), a copyright plaintiff must plead or otherwise disclose prior to the close of discovery the specific works asserted, including unregistered foreign works which, under *Kernel Records*, requires plaintiff establish initial ownership and the time, place and geographic scope of first publication of each unregistered work to establish exemption from the registration requirement of 17 U.S.C. § 411(a). In this case, the Court, without benefit of Eleventh Circuit guiding law, and contrary to conflicting law outside of this Circuit, found that Rule 8's requirement that a complaint provide "fair notice of what the . . . claim is and the grounds upon which it rests" was satisfied through a pleading alleging only "additional, unregistered copyright works." Dkt. *246*, at 10-18 (recognizing plaintiff neither pled in its Amended Complaint, nor specifically identified nor disclosed prior to the close of discovery, **any** of the multitude of the unregistered foreign works asserted, opting instead to improperly amend its complaint through exhibits attached to foreign declarations attached to its Motion for Summary Judgment (Dkt. 146); *see also Sater Group., Inc. v. Jack Bartlett Cust. Homes Creations, Inc.*, 2007 WL 121218 (M.D. Fla. Jan. 11, 2007) (like many courts outside this Circuit, also expressly required that each specific work asserted be pled). In their summary judgment briefing, Defendants identified a plethora of conflicting case law outside of this circuit, yet the Report, relying on a single district court case outside of the Eleventh Circuit, held otherwise. *See* Dkt. 217 at pp.4-7, FN2 (collecting cases wherein courts have required litigants to plead the specific works asserted, or, at the very least, a representative sample).

In *Kernel Records*, the Court held: "[P]laintiff [must] first prove a publication: that the method, extent, and purpose of the distribution meets the Copyright Act's requirements for publication." *Kernel Records*, 694 F.3d 1294, 1304-05 (11th Cir. 2012). According to the Eleventh Circuit, publication pursuant to § 101 can occur "when an authorized offer is made to dispose of the work in any such manner[,] ***even if a sale or other such disposition does not in fact occur***." *Id*. at 1303. "Once the plaintiff has proven publication, he must then prove that the publication was, in fact, the first publication, and that the geographic extent of this first publication diverges from the statutory definition of a 'United States work.'" *Id.*; *see also Casa Dimitri Corp. v. Invicta Watch Co. of Am.*, 270 F. Supp. 3d 1340, 1349 (S.D. Fla. 2017) (applying *Kernel Records* analysis in dismissing claims for infringement of unregistered works for failure to prove exemption from § 411(a)). Even in view of the Eleventh Circuit's precedent on this issue, the Order fails to conduct an analysis of each of the specific unregistered foreign works asserted to determine whether they meet the heavy burden required to prove publication which qualifies to exempt the works from the registration requirement of § 411(a). The Order also fails to consider Defendants arguments regarding simultaneous publication under Sections 101(1)(A) & (B) and 104(b)(2) of the Copyright Act which directly bears upon the determination of the unregistered foreign works' status as United States Works or foreign unregistered works.

In sum, the parties comprehensive summary judgment briefing and the 57 page Report adopted by the Order make clear that the questions presented herein are those which easily meet the second requirement for interlocutory appeal under § 1292(b) because, as already contained in the briefing to this court, substantial grounds for difference of opinion undoubtedly exist as to each of them. Accordingly, Defendants respectfully request that this Court certify its Order for interlocutory appeal to the Eleventh Circuit and stay this case pending appeal.

**IV. AN IMMEDIATE APPEAL OF THE ORDER WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION AND PROVIDE VALUABLE PRECEDENT IN RESOLVING OTHER COPYRIGHT CASES RELATING TO THE ISSUES OF FIRST IMPRESSION AND COMPLEX LEGAL QUESTIONS RAISED BY THE ORDER.**

An immediate interlocutory appeal under § 1292(b) would advance the ultimate termination or substantial narrowing of this case. Thus, the third element of § 1292(b) is met and certification of the Order is warranted as follows.

First, if the Eleventh Circuit concludes that pursuant to Fed. R. Civ. P. 8 and/or 26(a)(1)(A) a copyright plaintiff is required to specify in its complaint, or otherwise expressly disclose prior to the close of discovery, each of the specific works that are the subject of its claim, those claims would be dismissed and the litigation would be substantially narrowed, leaving only four registered works in the case for trial.

Second, if the Eleventh Circuit finds that foreign law governs the validity of underlying transfers of the asserted works, including those from the initial authors of the asserted works purported to be based on the U.S. work-for-hire doctrine on the face of the registered works, Defendants are confident that this case will be terminated.

Third, if the Eleventh Circuit finds that the nature and scope of protection afforded to the asserted foreign works should be determined under the doctrine of national treatment, and thus under U.S. copyright law, it is very likely the works will be found to be joint works, resulting in the dismissal or substantial narrowing of this lawsuit.

Fourth, if the Eleventh Circuit determines under its holding in *Kernel Records* Plaintiff is required to prove exemption from the registration requirement of § 501(b) for each specific unregistered work asserted, Plaintiff's claims as to the unregistered works will be dismissed.

Fifth, if the Eleventh Circuit finds that 17 U.S.C. §§ 101(1)(A) & (B) and 104(b)(2) results in simultaneous publication of works published in non-treaty countries and the United States or in

treaty countries granting the same or a longer term of copyright than the United States and the United States, within 30 days, all works asserted will be deemed "United States Works" under the Copyright Act and Plaintiff's claims as to the unregistered foreign works asserted will be dismissed pursuant to the registration requirement of § 411(a).

Sixth, if the Eleventh Circuit finds that its holding in *Imperial* does not bar a Defendant from challenging the underlying transfer of exclusive rights to the alleged licensor of the purported beneficial owner-licensee of the works asserted in a litigation, as held in the Order, this case is likely to be terminated as Plaintiff cannot meet its burden to prove a valid and complete chain of title of its purported exclusive rights in any of the works asserted from the initial authors to Plaintiff.

Seventh, if the Eleventh Circuit finds that its holding in *M.G.B. Homes* establishes that a copyright claimant cannot rely on the U.S. work-for-hire doctrine in asserting a foreign work, with foreign authors, alleged to be first published in a foreign jurisdiction to resolve the issue of ownership, the presumption of validity afforded to the registered works in the Order will be overcome.

Eighth, if the Eleventh Circuit finds that the prospective offering to distribute copies of both existing and prospective works to a group of persons for purposes of further distribution, public performance or public display, constitutes publication under 17 U.S.C. § 101, this case is likely to be terminated because the registered works will not be retroactively enforceable pursuant to § 411(c)(2).

## V. THE COURT SHOULD STAY THIS ACTION WHILE AN INTERLOCUTORY APPEAL IS PENDING.

Pursuant to § 1292 and the Court's inherent authority to control its docket, Defendants respectfully move this Court to stay this action pending resolution of Defendants' §1292(b) petition to the Eleventh Circuit and, if granted, until such time as the Eleventh Circuit issues a

ruling on Defendants' interlocutory appeal. By Order of this Court, this case was administratively removed from the Court's docket until the parties' motions for summary judgment were fully resolved, thus, while proposed dates in a Joint Status Report are pending, pre-trial and trial dates have not yet been set. (*See* Dkts. 202, 260). Thus, a short stay would not delay any existing case schedule nor prejudice the parties. Instead, a stay would benefit the parties and this Court by preserving judicial and party resources during a period of time where such resources are particularly scarce, potentially terminating or substantially reducing the time required for and issues left for trial in this case and promoting the likelihood for settlement. Finally, because Defendants have long ceased operations, and ongoing damages in this case are not at issue. Accordingly, the grant of a stay in this case would serve the interests of justice and judicial economy.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court amend its Order of March 10, 2017 [Dkt. 257], to state that the Order involves controlling questions of law for which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation and stay the proceedings in this action pending the Eleventh Circuit's consideration of Defendants' petition and, if granted, until the aforementioned controlling questions of law are resolved on interlocutory appeal.

Dated: April 29, 2020                                By:   /s/ *Joseph R. Sozzani*
                                                                Joseph R. Sozzani
                                                                *Board Certified Intellectual Property Law*
                                                                FBN: 120297
                                                                E-Mail: JSozzani@InfinityIPLaw.com
                                                                INFINITY IP, PLLC
                                                                222 West Bay Drive
                                                                Largo, FL 33770
                                                                Tel: 727.687.8814

**Certification Pursuant to Local Rule 3.01(g)**

Pursuant to Local Rule 3.01(g) of the United States District Court for the Middle District of Florida, I hereby certify that I conferred with counsel for Plaintiff regarding the relief requested and Counsel for the parties were not able to agree on a resolution of the issues presented in this motion.

Dated: April 29, 2020                                                                 */s/ Joseph R. Sozzani*
                                                                                                    Joseph R. Sozzani

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of April, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system, which will provide notice and service to Plaintiff, Dish Network, L.L.C., and all counsel of record, via transmission of Notices of Electronic Filing generated by the CM/ECF.

Dated: April 29, 2020                                                                 */s/ Joseph R. Sozzani*
                                                                                                    Joseph R. Sozzani