## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| DISH NETWORK L.L.C., | ) | Case No. 8:16-cv-02549-TPB-CPT |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| GABY FRAIFER, TELE-CENTER, INC., | ) | |
| and PLANET TELECOM, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### JOINT REPORT SUGGESTING PRETRIAL AND TRIAL DATES

Pursuant to the Court's April 23, 2020 order (Dkt. 260), Plaintiff DISH Network L.L.C. and Defendants Gaby Fraifer, Tele-Center, Inc., and Planet Telecom, Inc. jointly submit this report suggesting pretrial and trial dates.

### *Agreed Proposed Dates*

The case is scheduled for a non-jury trial with an estimated duration of 5 days.  (Dkt. 50). The parties propose the following agreed pretrial and trial dates:

| Event | Proposed Date |
|---|---|
| Deadline to file *Daubert* Motions. | Defendants propose July 1, 2020<br><br>Plaintiff does not a believe *Daubert* motion is necessary. |
| Deadline for parties to confer on Pretrial Statement | September 1, 2020 |
| Deadline for parties to file Pretrial Statement | September 11, 2020 |
| Deadline to file Motions in Limine | September 28, 2020 |
| Final Pretrial Conference | October 5, 2020 |
| Deadline to file Trial Brief | October 16, 2020 |
| Trial Term | November 2020 |

## *Daubert Motions*

The parties disagree on whether the filing of *Daubert* motions should be permitted:

**Plaintiff's Position**:  The deadline for filing *Daubert* motions has passed and such motions are unnecessary in this non-jury trial.  *Daubert* motions were due on March 23, 2018, as agreed in the parties' Case Management Report.  (Dkts. 42, 50.)  After the March 23, 2018 deadline passed, Defendants moved to continue "all remaining deadlines in the Court's Case Management Report," which resulted in an order rescheduling only the Pretrial Conference and Trial term.  (Dkt. 189 at 1-2; Dkts. 191-193; *see also* Dkt. 196 [later cancelling these new dates upon referral to mediation].)  Not only has the deadline to file *Daubert* motions passed, but such motions are unnecessary in this non-jury trial where the "gatekeeper" concerns that *Daubert* motions are intended to serve are not present.  The testimony from Plaintiff's expert, which monitored Defendants' streaming services to observe the Protected Channels, is not highly technical or complex and such testimony may be evaluated at the bench trial, without the need for *Daubert* motion briefing or a separate hearing.

**Defendants' Position:**   Following the withdrawal of former counsel, upon the undersigned's engagement, Defendants filed their Unopposed Motion to Continue All Trial Deadlines. (Dkt. 189) (noting prior counsel's lack of communication, trial preparation and willingness to continue representation).  By Order of the Court, this case was administratively removed from the Court's docket *sua sponte* and the parties were informed that the case would not be reset until the parties' motions for summary judgment were fully resolved either by agreement or the Court. (Dkt. 202.)  Defendants have always intended to submit to this Court it's *Daubert* Motion.  Courts have uniformly held that *Daubert* equally applies to jury and bench trials and that the *Daubert* standards of admissibility, relevance and reliability must nevertheless be met. That is, the subject of an expert's testimony must be scientific knowledge, grounded in the methods and

procedures of science.  Plaintiff submitted multiple declarations relying on their expert report and a declaration from their expert well after the cut-off for serving expert reports.  *See* Dkts. 146, 224-2 (Metral Declaration) and 244-1 (identifying declarations filed after the close of discovery heavily rely on the expert's report and evidence attached thereto).  Defendants should thus be given the opportunity challenge Plaintiff's expert report, methodology and what it has consistently argued is inadmissible, unreliable  evidence in advance of trial in the interest of efficiency and justice.

Dated:  May 2, 2020

/s/ Timothy M. Frank
Joseph H. Boyle (*pro hac vice*)
Timothy M. Frank (*pro hac vice*)
HAGAN NOLL & BOYLE, LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone:  (713) 343-0478
Facsimile:  (713) 758-0146
Email:  joe.boyle@hnbllc.com
Email:  timothy.frank@hnbllc.com

James A. Boatman, Jr.
Florida Bar No. 0130184
THE BOATMAN LAW FIRM PA
3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105
Telephone:  (239) 330-1494
Facsimile:  (239) 236-0376
Email:  jab@boatman-law.com

*Attorneys for Plaintiff DISH Network L.L.C.*

/s/ Joseph R. Sozzani
Joseph R. Sozzani
*Board Certified Intellectual Property Law*
Florida Bar No. 120297
INFINITY IP, PLLC
222 West Bay Drive
Largo, Florida 33770
Telephone:  (727) 687-8814
Email:  JSozzani@InfinityIPLaw.com

*Attorney for Defendants Gaby Fraifer,*
*Tele-Center, Inc., and Planet Telecom, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 2, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide notice to Plaintiff, Dish Network, L.L.C..

Dated: May 2, 2020

*/s/  Joseph R. Sozzani*
Joseph R. Sozzani

*Board Certified Intellectual Property Law*
Florida Bar No. 120297
E-Mail: jsozzani@infinityiplaw.com
INFINITY IP, PLLC
222 West Bay Drive
Largo, FL 33770
Tel. 727.687.8814

*Attorney for Defendants Gaby Fraifer,*
*Tele-Center, Inc., and Planet Telecom, Inc.*