## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DISH NETWORK L.L.C.,

      Plaintiff/Counter-Defendant,

v.                            Case No. 8:16-cv-2549-T-60-CPT

GABY FRAIFER, TELE-CENTER,
INC., and PLANET TELECOM, INC.,
individually and together d/b/a
UlaiTV, PlanetiTB, and AhlaiTV,

      Defendants/Counter-Plaintiffs.

_____/

## ORDER DENYING "DEFENDANTS' MOTION TO CERTIFY DECISION FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(B) AND TO STAY PROCEEDINGS PENDING APPEAL"

This matter is before the Court on "Defendants' Motion to Certify Decision for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal," filed on April 29, 2020. (Doc. 261). Plaintiff DISH Network, L.L.C. responded in opposition on May 12, 2020. (Doc. 263). Upon review of the motion, response, court file, and record, the Court finds as follows:

## Background

Plaintiff DISH Network, L.L.C. ("DISH") initiated this action in August 2016, alleging that Defendants infringed on DISH's copyright by capturing broadcasts of television channels exclusively licensed to DISH and retransmitted them over the internet to customers in the United States. (Doc. 62). Defendants filed counterclaims for conversion, trespass, and breach of contract. (Docs. 77-79; 104).

However, the Court dismissed with prejudice the conversion and trespass claims. (Doc. 115).

The parties filed cross motions for summary judgment as to DISH's copyright infringement claim.  (Docs. 146; 217).  DISH also moved for summary judgment on Defendants' breach of contract counterclaim.  (Doc. 146).  Each party responded in opposition to the other's summary judgment motion.  (Docs. 151; 224).  Additionally, Defendants filed a reply to DISH's response in opposition to their summary judgment motion, and DISH filed a sur-reply.  (Docs. 228; 237).

In his report and recommendation, United States Magistrate Judge Christopher P. Tuite recommended that the Court grant in part DISH's motion for summary judgment and enter partial summary judgment in Plaintiff's favor on the issue of ownership of valid copyrights and on Defendants' amended counterclaim. Judge Tuite further recommended that the Court deny Defendants' amended motion for summary judgment.  Plaintiff and Defendants objected to Judge Tuite's report and recommendation.  (Docs. 250; 253-255).  The Court overruled the objections and adopted Judge Tuite's report and recommendation.  (Doc. 257). Defendants now request that the Court certify its decision adopting the report and recommendation for interlocutory appeal and stay the proceedings pending such appeal.  (Doc. 261).

## **Legal Standard**

Interlocutory appeals under 28 U.S.C. § 1292(b) are designed specifically to resolve "abstract legal issues or issues of pure law." *PFM Air, Inc. v. Dr. Ing. hc. F. Porsche A.G.*, 751 F. Supp. 2d 1264, 1269 (M.D. Fla. 2010) (internal quotations omitted).  Granting a motion to certify a question for interlocutory appeal is "an exceptional remedy, and the party moving for certification bears the heavy burden of demonstrating that immediate appellate review is appropriate." *Hamrick v. Partsfleet, LLC*, No. 6:19-cv-137-Orl-78DCI, 2019 WL 6317255, at *2 (M.D. Fla. Oct. 10, 2019) (quoting *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2016 WL 6990734, at *1 (M.D. Fla. Nov. 29, 2016)); *see also Grey Oaks Country Club, Inc. v. Zurich Am. Ins. Co.*, No. 2:18-cv-639-FtM-99NPM, 2019 WL 4594591, at *3 (M.D. Fla. Sept. 23, 2019) (explaining that interlocutory review is a "rare exception" that should only be granted in the most "exceptional cases").

When considering whether to certify a question for interlocutory appeal, a court must consider whether "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation." *Knepfle v. J-Tech Corp.*, No. 8:18-cv-543-T-60CPT, 2020 WL 1974225, at *1 (M.D. Fla. Apr. 24, 2020) (quoting *Hunter v. Chrysler Canada, Inc.*, No. 6:09-cv-1050-Orl-35GJK, 2010 WL 11507702, at *1 (M.D. Fla. Aug. 4, 2010)).  The party seeking the appeal bears the burden to establish that it has met all three elements.  *Gurzi v. Penn Credit, Corp.*, 6:19-cv-823-Orl-31EJK, 2020 WL 3288016, at *1 (M.D. Fla. June 18, 2020).

If all three elements are not established, the Court must deny the motion. *See, e.g.,* *id.* (explaining that the district court need consider the other two elements where it was apparent that the movant had failed to establish just one of them).

## <u>Analysis</u>

Defendants request that the Court certify eleven questions for interlocutory review under 28 U.S.C. § 1292(b). However, Defendants have not provided full § 1292(b) arguments on each of these issues, leaving the Court to speculate and extrapolate as to their potential arguments for each individual question.

Upon review, the Court finds that the issues presented by Defendants fail to satisfy the standard under § 1292(b). First, this case – which involves claims of copyright infringement and breach of contract – is not "exceptional." Further, Defendants have not established that: (1) each of these eleven issues involve controlling questions of pure law; (2) there is substantial ground for difference of opinion as to the issues; and (3) an immediate appeal would materially advance the termination of the litigation. In fact, "potential reversal of the Court's Summary Judgment Order would not significantly limit the scope of future discovery, motion practice, and trial activities … nor would it serve to avoid a trial or otherwise substantially shorten the litigation … To the contrary, it would do just the opposite." *DeBose v. Univ. of S. Fla. Bd. of Tr.*, 8:15-cv-2787-EAK-AEP, 2018 WL 8919876, at *7 (M.D. Fla. Mar. 23, 2018) (Kovachevich, J.) (internal citations and quotations omitted). Accordingly, the motion is denied.

It is therefore

**ORDERED, ADJUDGED,** and **DECREED**:

1. "Defendants' Motion to Certify Decision for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) and to Stay Proceedings Pending Appeal" (Doc. 261) is **DENIED**.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of July, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**