# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | ) No. 8:16-cv-02549-TPB-CPT |
| Plaintiff, | ) |
| v. | ) |
| GABY FRAIFER, TELE-CENTER, INC., and PLANET TELECOM, INC., | ) |
| Defendants. | ) |

## PLAINTIFF'S NOTICE OF FILING PROPOSED PERMANENT INJUNCTION

Defendants were found at trial to have directly (and willfully) infringed the copyrights of Plaintiff DISH Network L.L.C. ("DISH") by publicly performing the audiovisual works ("Registered Works" and "Unregistered Works") that aired on television channels exclusively licensed to DISH ("Protected Channels"). (*See, e.g.*, Doc. 337 at 10-33.) DISH was awarded a permanent injunction, among other relief, and directed to file this proposed injunction. (*Id.* at 36-38.)

## Legal Standard

The Copyright Act authorizes a court to enter a "final injunction[] on such terms it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A court "has broad power to restrain acts which are of the same type or class as unlawful acts which the court has found to have been committed or whose commission in the future unless enjoined, may fairly be anticipated from the defendant's conduct in the past." *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435 (1941). "In fashioning relief against a party who has transgressed the governing

legal standards, a court of equity is free to proscribe activities that, standing alone, would have been unassailable." *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.,* 304 F.3d 1167, 1179 (11th Cir. 2002) (recognizing that infringers, once caught, "should thereafter be required to keep a *safe* distance away from the margin line").

## **Proposed Injunction**

The Court should enter the following permanent injunction:

> Upon receiving actual notice of this order by personal service or otherwise, Defendants Gaby Fraifer, Tele-Center, Inc., and Planet Telecom, Inc., along with their officers, agents, servants, employees, attorneys, and any other persons that are acting in active concert or participation with any of the foregoing, are permanently enjoined from publicly performing in the United States any works that air on the Al Hayah 1/Al Hayat, Future TV, LBC, or LDC/LBC1 channels.

The list of persons bound by DISH's proposed injunction – Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them – directly tracks the language in Fed. R. Civ. P. 65(d)(2)(A)-(C) and is therefore appropriate.

The acts restrained by DISH's proposed injunction are narrowly tailored to Defendants' conduct found at trial to directly infringe DISH's copyrights – publicly performing in the United States the works aired on the Protected Channels. DISH's injunction is limited to works aired on the Al Hayah 1/Al Hayat, Future TV, LBC, and LDC/LBC1 channels because these are the works in which DISH continues to hold the exclusive right of public performance. (*See* Doc. 335, Pl.'s FOF 23.)[1] Thus,

---

[1] DISH's rights in the works aired on the remaining 16 Protected Channels became non-exclusive or lapsed entirely at some point after Defendants infringed those works. (*Id.*)

the injunction satisfies Fed. R. Civ. P. 65(d)(1)(B)-(C) as the terms are specifically stated and the acts restrained are described in reasonable detail. The Court already identified the reasons why the permanent injunction is being issued, as required by Fed. R. Civ. P. 65(d)(1)(A). (Doc. 337 at 37-38.)

As a final point, DISH's proposed injunction is sufficiently limited in scope even though the injunction reaches works that will air on the Al Hayah 1/Al Hayat, Future TV, LBC, and LDC/LBC1 in the future (as opposed to being confined to the 59 works that Defendants were found at trial to have infringed in the past). Such an injunction is consistent with DISH's exclusive public performance rights (which apply to all works that will be aired on the channels) and Defendants' established infringement (transmitting entire channels and not standalone works). (Doc. 337 at 25-28; *see* Tr. at 523:14-525:11 [DISH exclusively licenses all works comprising the Protected Channels].)[2]

The Eleventh Circuit, when confronted with similar circumstances involving future related works, observed it would be unjust to not enjoin the infringement of such future works:

> TV News Clips insists that WXIA is not legally entitled to an injunction, because it seeks an injunction against the infringement of works that have not been created (future newscasts) rather than an injunction applicable only to the March 11 program. The statute itself does not impose such a requirement, for it empowers district courts to issue injunctions "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C.A. § 502(a) (1977). . . . The opposite result would be especially unjust in a case such as this one in which the registered work and the future works are so closely related, part of a series of original works created with predictable regularity and similar format and function.

---

[2] Indeed, Defendants argued at summary judgment that DISH's exclusive licensing agreements were invalid because the agreements encompassed future works aired on the Protected Channels – and Defendants lost that argument. (Doc. 246, MSJ R&R at 41-44 n.25.)

*Pac. & S. Co. v. Duncan*, 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984); *see Princeton Univ. Press. Mich. Document Servs., Inc.*, 99 F.3d 1381, 1392 (6th Cir. 1996) ("The weight of authority supports the extension of injunctive relief to future works.") (citing, *inter alia, Duncan*); *Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir. 1994) ("Injunctions have even prohibited infringement of works not yet in existence") (citing *Duncan*).

Consistent with *Duncan*, courts in this District have permanently enjoined infringement of future works – including a similar case where DISH was awarded an injunction barring the defendants from publicly performing any works aired on several Protected Channels. *See DISH Network L.L.C. v. TV Net Sols., LLC*, No. 6:12-cv-1629-Orl-41TBS, 2014 WL 6685366, at *11-12 (M.D. Fla. Oct. 10, 2014), *adopted as modified*, 2014 WL 6685351 (M.D. Fla. Nov. 25, 2014); *BMG Music v. Gipson*, No. 8:07-cv-367-T-24 EAJ, 2007 WL 1428921, at *1 n.2 (M.D. Fla. May 11, 2007) ("[T]o promote judicial economy and avoid similar actions in the future, this injunction issued against Defendant will apply not only to existing works, but also to works created in the future by Plaintiffs and Plaintiffs' affiliates."); *see also WB Music Corp. v. Chu Foods, L.L.C.*, No. 3:19-cv-1245-J-34JBT, 2020 WL 1644166, at *4 (M.D. Fla. Feb. 28, 2020) (one of several cases in which members of musical composition society were awarded permanent injunction covering all copyrighted music in society's repertory, even works owned by members other than plaintiffs), *adopted*, 2020 WL 1640116 (M.D. Fla. Apr. 2, 2020).

Accordingly, a permanent injunction that enjoins Defendants from publicly

4

performing in the United States works aired on the Al Hayah 1/Al Hayat, Future TV, LBC, and LDC/LBC1 channels is proper because the scope is "reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a); *see Duncan*, 744 F.2d at 1499 n. 17; *Express Pub.*, 312 U.S. at 436 ("It is a salutary principle that when one has been found to have committed acts in violation of a law he may be restrained from committing other related unlawful acts.").[3]

DISH's proposed injunction encompassing future works is further justified by Defendants' egregious misconduct – Defendants *willfully* infringed DISH's copyrights "regularly over a period of years;" Defendants have a "general disregard for the legal system;" and Defendants' trial testimony was "at best, misleading." (Doc. 337 at 33-36.) *See Russian Media Grp., LLC v. Cable Am., Inc.*, 598 F.3d 302, 307-08 (7th Cir. 2010) (finding district court acted well within its discretion when enjoining defendants from transmitting *any* Russian language programming based upon their "pattern of misconduct and the record of dishonesty;" like here, defendants were in the business of unlawfully reselling the plaintiff's programming and gave "inconsistent, incredible, and false explanations" to district court); *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1315 (S.D. Fla. 2003) (issuing injunction covering future copyrighted works based in part on defendants'

---

[3] *Cable News Network, Inc. v. Video Monitoring Services of America, Inc.*, 940 F.2d 1471 (11th Cir. 1991), while critical of *Duncan*, has no precedential value as the opinion was vacated and is distinguishable because of the court's concern over the plaintiff bypassing copyright registration (not required here) and protecting news compilations with pre-existing public domain material the defendant could freely exploit (not implicated here). *Duncan* remains good law in the Eleventh Circuit. *See, e.g., Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1342 (11th Cir. 2017) (recognizing *Duncan* as authority to enjoin infringement of future related works) *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 865 (11th Cir. 2008) (same).

5

willful and widespread infringement).

## Conclusion

The Court should enter DISH's proposed permanent injunction, as set forth above. DISH's undersigned counsel attempted to confer with Defendants' counsel regarding this injunction but has not received any response to emails sent to him on December 20 or January 3 or the voicemail left for him on January 5.

Dated: January 10, 2022    /s/ Timothy M. Frank
Joseph H. Boyle (*pro hac vice*)
Timothy M. Frank (*pro hac vice*)
HAGAN NOLL & BOYLE, LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone:  (713) 343-0478
Facsimile:  (713) 758-0146
Email:  joe.boyle@hnbllc.com
Email:  timothy.frank@hnbllc.com

James A. Boatman, Jr.
Florida Bar No. 0130184
THE BOATMAN LAW FIRM PA
3021 Airport-Pulling Road North, Suite 202
Naples, Florida 34105
Telephone:  (239) 330-1494
Facsimile:  (239) 236-0376
Email:  jab@boatman-law.com

*Attorneys for Plaintiff DISH Network L.L.C.*

## CERTIFICATE OF SERVICE

I certify that on January 10, 2022, I electronically filed the foregoing with the Clerk of the Court by using the NextGen CM/ECF system, which will provide notice to Defendants.

/s/ Timothy M. Frank
Timothy M. Frank (*pro hac vice*)