# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| DISH NETWORK L.L.C., | ) No. 8:16-cv-02549-TPB-CPT |
|       Plaintiff, | ) |
| v. | ) |
| GABY FRAIFER, TELE-CENTER, INC., and PLANET TELECOM, INC., | ) |
|       Defendants. | ) |

## DECLARATION OF TIMOTHY FRANK

I, TIMOTHY FRANK, of Houston, Texas declare as follows:

1. I make this declaration based on personal knowledge and, if called on to testify, would testify competently as stated herein.

2. I am a partner with the law firm of Hagan Noll & Boyle LLC ("HNB") and licensed to practice law in Texas and California. I am admitted *pro hac vice* for purposes of representing Plaintiff DISH Network L.L.C. ("DISH").

**Reasonable Hourly Rates**

3. I served as lead counsel for DISH throughout this case and personally performed most of the work, from preparing the complaint through trial. Joseph Boyle primarily assisted with litigation strategy and also participated in the trial. Stephen Ferguson came in at the end of the case to conduct trial depositions. Mr. Boyle and Mr. Ferguson were each admitted *pro hac vice* in this matter.

4. The following chart breaks down the hourly rates charged for me, Mr. Boyle, and Mr. Ferguson ("HNB attorneys") in this case. The HNB attorneys' years

of experience are based on Texas licensure and rounded down to be conservative.

| Case Year | Years' Experience | Hourly Rate | Discounted Rate (10%) |
|---|---|---|---|
| **Timothy Frank** (11/2005) | | | |
| 2016 (filed August) | 10 | $375 | $337.50 |
| 2017 | 11 | $375 | $337.50 |
| 2018 | 12 | $375 | $337.50 |
| 2019 | 13 | $375 | $337.50 |
| 2020 | 14 | $465 | $418.50 |
| 2021 | 15 | $465 | $418.50 |
| 2022 | 16 | $465 | $418.50 |
| **Joseph Boyle** (11/2001) | | | |
| 2016 | 14 | $440 | $396 |
| 2017 | 15 | $440 | $396 |
| 2018 | 16 | $440 | $396 |
| 2019 | 17 | $440 | $396 |
| 2020 | 18 | $465 | $418.50 |
| 2021 | 19 | $465 | $418.50 |
| 2022 | 20 | $465 | $418.50 |
| **Stephen Ferguson** (11/2005) | | | |
| 2021 | 15 | $465 | $418.50 |

5.      The HNB attorneys were all partners in the firm during the relevant time periods identified by "Case Year" in the chart above. I have practiced law with Mr. Boyle and Mr. Ferguson since 2005 and we each have focused our practice on intellectual property litigation throughout much of our attorney careers. Further details on our experiences and qualifications are set forth in our firm website bios and my LinkedIn page attached as Exhibits 1-3.

6.      The hourly rates that HNB customarily charges for the HNB attorneys are stated in the "Hourly Rate" column of the chart. DISH, as a long-standing client of the firm, received a 10% on the customary hourly rates, identified in the chart as the "Discounted Rate." DISH paid my firm throughout the course of this litigation for the services the HNB attorneys provided at the agreed-upon Discounted Rate.

The HNB attorneys did not handle any aspect of this case on a contingency basis.

7. The HNB attorneys' hourly rates increased once during this litigation at the beginning of 2020, as shown in the chart above. From August 2016 through December 2019, my services were billed to DISH at the discounted hourly rate of $337.50, the same discounted rate at which I was last billed as an HNB associate (despite being a partner during this time). The HNB attorneys' discounted hourly rates charged to DISH were increased at the beginning of 2020 to better reflect the attorneys' experience and current market rates.

**Hours Reasonably Expended**

8. I reviewed more than 4,600 time entries that attorneys and paralegals at HNB billed to DISH for services performed in this case. The time entries were exported from HNB's billing software, Bill4Time. HNB's policy is that timekeepers enter their time into Bill4Time contemporaneously with the services performed. I used a three-step process to review time entries and arrive at a reasonable number of hours expended by the HNB attorneys in this litigation.

9. I first excluded all attorney timekeepers except for the HNB attorneys identified above. Eight additional attorneys at my firm billed approximately 450 total hours on this case, having been called upon to assist for limited, particular purposes such as consulting on litigation strategy and providing support for tasks during motion practice. I also excluded all hours billed by paralegals that totaled approximately 1,300 hours. And, although not included in the Bill4Time report, I did not consider approximately 75 hours billed by attorneys and paralegals at The

3

Boatman Law Firm, who served as local counsel. These combined 1,825 hours were charged to DISH but excluded from my calculation of reasonable attorneys' fees. The exclusions were made to minimize potential areas for dispute. Furthermore, from reviewing the time entries, it was apparent that some of the hours would have been segregated and excluded for the reasons discussed below, and in the case of paralegals represented work that may not be recoverable.

10. I next segregated and excluded hours billed by the HNB attorneys that based on my determination pertained to Defendants' unsuccessful counterclaims. I also excluded hours billed by the HNB attorneys that based on my determination pertained to the Unregistered Works. As lead counsel, and from the detailed time entries and my knowledge of the work being performed at a given time, I was able to make the exclusions. If an entry clearly concerned both Unregistered Works and Registered Works, and in fewer instances both the copyright infringement claim and counterclaims, I excluded the entire entry to be conservative. The segregation process resulted in a substantial number of hours being excluded, for example all time spent preparing summary judgment declarations of Networks that exclusively licensed only Unregistered Works and all time spent on their trial depositions, as well as all time spent on DISH's motions to dismiss and the portion of its motion for summary judgment concerning Defendants' counterclaims.

11. I then exercised billing judgment to exclude additional hours for tasks that may be viewed as excessive, duplicative, clerical, or potentially unreasonable, as well as to account for hours associated with the counterclaims or Unregistered

4

Works that were not already segregated and excluded. I performed this exercise first on a line-by-line basis, and then on a task-by-task basis to exclude additional time entries that may have been argued to be excessive in the aggregate. The hours that I excluded for the HNB attorneys, taking into account hours segregated and hours eliminated as a matter of billing judgment, totaled approximately 1,750. The hours were charged to DISH but excluded from my calculation of reasonable fees.

12. The total hours remaining after making exclusions for segregation and billing judgment are set forth in following chart and represent hours that the HNB attorneys reasonably expended in this five plus years of litigation:

| Attorney | Total Requested Hours | Amount Requested At Discounted Hourly Rate |
|---|---|---|
| Timothy Frank | 2,524.6 | $930,371.40 |
| Joseph Boyle | 197.9 | $82,506.15 |
| Stephen Ferguson | 22.9 | $9,583.65 |
|  | **2,745.4** | **$1,022,461.20** |

The hours and requested amounts set forth in the chart were charged to and paid by DISH during the course of the action, with the exception of hours billed during January and early February 2022 that are not yet due. The Bill4Time time entries corresponding with the hours in the chart are contained in Exhibit 4. The hourly rates and total charges in Exhibit 4 are based on non-discounted rates and, because DISH is only requested the discounted rates above, do not apply here.

13. The total hours requested were separated into one-half year intervals, as set forth in charts located in Sections III.B.2-13 of DISH's motion for attorneys' fees where I also summarized certain more time consuming tasks that contributed to the hours reasonably expended during each interval. The time entries attached

5

as Exhibit 4 contain details on all tasks performed in each one-half year interval for which HNB attorneys' fees are requested.

**Taxable Costs**

14.  The following chart lists true and correct costs that were necessarily incurred in this case, paid by my firm, and reimbursed by DISH:

| Cost | Amount Requested | Exhibit |
|---|---|---|
| Filing Fee | $400 | 5 |
| Service of Process – Defendant Fraifer | $65 | 6 |
| Service of Process – Defendant TCI | $65 | 7 |
| Service of Document Subpoena – Maqsood | $65 | 8 |
| Service of Document Subpoena – Akamai | $65 | 9 |
| Service of Document Subpoena – CSC | $65 | 10 |
| Service of Document Subpoena – DFW | $65 | 11 |
| Service of Document Subpoena – Domains | $65 | 12 |
| Service of Document Subpoena – Internap | $65 | 13 |
| Service of Document Subpoena – Tulix | $65 | 14 |
| Service of Document Subpoena – Verizon | $65 | 15 |
| Service of Document Subpoena –Webzilla | $45 | 16 |
| Service of Document Subpoena – Wowza | $65 | 17 |
| Service of Document Subpoena – Ferzli | $52.50 | 18 |
| Service of Deposition Subpoena – Sfeir | $52.50 | 19 |
| Service of Deposition Subpoena – Maqsood | $65 | 20 |
| Service of Trial Subpoena – Ferzli | $57.50 | 21 |
| Service of Trial Subpoena – Sfeir | $57.50 | 22 |
| Deposition Transcript – Fraifer Day 1 | $2,048.75 | 23 |
| Deposition Video – Fraifer Day 1 | $1,077.50 | 24 |
| Deposition Transcript – Fraifer Day 2 | $1,809.35 | 25 |
| Deposition Video – Fraifer Day 2 | $995 | 26 |
| Deposition Transcript – Sfeir | $1,533 | 27 |
| Deposition Video – Sfeir | $822.50 | 28 |
| Deposition Transcript – Maqsood | $1,296.10 | 29 |
| Deposition Video – Maqsood | $1,045 | 30 |
| Deposition Transcript – Slowikowska | $882 | 31 |
| Deposition Transcript – McMonnies | $185.50 | 32 |
| Deposition Transcript – Whitehead | $1,470.22 | 33 |
| Deposition Transcript – Abutaha | $417 | 34 |

| | | |
|---|---|---|
| Deposition Transcript – Elmokadem | $702.99 | 35 |
| Deposition Transcript – Ayoub | $1,235.16 | 36 |
| Witness Fee & Mileage – Deposition Sfeir | $52 | 37 |
| Witness Fee & Mileage – Deposition Maqsood | $75 | 38 |
| Witness Fee & Mileage – Trial Sfeir | $58 | 39 |
| Witness Fee & Mileage –Trial Ferzli | $74 | 40 |
| Bench Trial Transcripts – Draft | $1,108.80 | 41 |
| Bench Trial Transcripts – Final | $1,233.05 | 42 |
| Total | $19,565.92 | |

The invoices associated with deposition transcripts and videos, Exhibits 23-36, are annotated to reflect the portions of the deposition costs requested. The service fees were capped at $65 to correspond with United States Marshal's Service rates.

15. I noticed the Fraifer, Sfeir, and Maqsood depositions for recording by stenography and video and Defendants did not object. The deposition notices are attached as Exhibit 43. Fraifer's deposition was recorded by video because he was the main witness and, based upon Defendants' discovery responses and pleadings, his credibility was at issue. The video recording of Fraifer was thought to be useful for trial preparation and overall case assessment, for example observing Fraifer's reactions to questions during the deposition. Sfeir and Maqsood's depositions were video recorded for the same reasons, plus they were non-parties and there was no assurance that they would be available for trial where DISH may have elected to introduce the video testimony. Defendants themselves recorded the Slowikowska, Whitehead, Elmokadem, Abutaha, and Ayoub depositions by video.

16. I received the draft trial transcripts from the court reporter on June 4, 2021, the day after the trial concluded. The final transcripts were delivered on June 25, 2021. I used the draft trial transcripts to prepare DISH's closing argument that

7

was filed on June 17, 2021. I used the final transcripts to prepare DISH's rebuttal closing argument that was filed on July 1, 2021 and proposed findings of fact and law filed on July 31, 2021.

**Meet & Confer Efforts**

17. I conferred with opposing counsel by telephone on January 18, 2022, providing the HNB attorneys' requested hourly rates. I emailed opposing counsel a spreadsheet containing approximately 2,100 detailed Bill4Time time entries on January 19, 2022 (which contained time entries through January 14), and invited a telephone call to discuss the data and processes used to arrive at the number of hours requested. I emailed opposing counsel on January 21, 2022, again inquiring about Defendants' position on the HNB attorneys' hourly rates and asking to meet and confer on the attorney time entries.

18. I conferred with opposing counsel on January 24, 2022 with respect to Defendants' request for additional time to review the attorneys' fees information and their proposal to extend the time for DISH's filing of a motion establishing the amount of such fees. I proposed a one-week extension to accommodate Defendants and also recommended that the parties confer on DISH's taxable costs and emailed those costs to opposing counsel (which are outside the scope of L.R. 7.01(c)(5) and may be filed with the Clerk as a bill of costs, but included here for efficiency). On January 27, 2022, the Court granted DISH's unopposed motion to extend the filing date to allow further meet and confer efforts with Defendants. (Doc. 345-346.)

19. Defendants' new counsel proposed conducting a meet and confer by

telephone on January 31, 2022. The parties reached two agreements during that conference: Defendants do not oppose the reasonableness of the HNB attorney's hourly rates; and Defendants do not oppose the requested taxable costs. Indeed, Defendants' new counsel was under the impression that DISH was requesting the non-discounted rates and stipulated to the reasonableness of those higher hourly rates (though DISH is not requesting them here). Defendants' agreement on hourly rates and taxable costs is reflected in the emails attached as Exhibit 44.

20.     I provided Defendants' counsel an updated and amended spreadsheet containing Bill4Time time entries on January 31, 2022, as reflected in Exhibit 44. The update included about 40 time entries from between January 15 and January 31, 2022, while the amendment consisted of excluding a few additional earlier time entries under the segregation and billing judgment processes stated above. I added three time entries from February 2, 2022 to make the spreadsheet current, at least as for these district court proceedings, all of which is included in Exhibit 4.

21.     Defendants' counsel responded to less than 500 of the approximately 2,150 time entries in the evening on February 2, 2022 and advised that Defendants needed more time to review the materials. Defendants responded to only a small portion of the entries despite having the vast majority of them (2,100 or 97%) for two weeks. DISH does not agree to the additional reduction in hours proposed by Defendants, which are shown in Defendants' marked-up version of the time entry spreadsheet attached as Exhibit 45.

      I declare under penalty of the perjury that the foregoing is true and correct.

Executed on February 3, 2022.

                                                    <u>/s/ Timothy M. Frank</u>
                                                    Timothy M. Frank