# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DISH NETWORK LLC,**

    Plaintiff,

v.

**GABY FRAIFER, TELE-CENTER, INC. AND PLANET TELECOM, INC., INDIVIDUALLY AND TOGETHER D/B/A ULAITV, PLANETITV, AND AHLAITV,**

    Defendants.

CASE NO.: 8:16-cv-2549

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF ITS MOTION FOR ATTORNEY'S FEES AND COSTS

Defendants respectfully submit that this Court has all the information necessary to decide the pending motion for attorney's fees, and Plaintiff's request for a reply [Dkt. 365] is unnecessary and serves only to continue Dish's pattern of multiplying proceedings in order to get the last word despite this District's clear rule disfavoring replies. The request for leave to file a reply should be denied.

Reply briefs are disfavored and should only be permitted when absolutely necessary to rebut any new law or facts contained in the response to a request for relief before the Court. Local Rule 3.01 (d). Here, the Court already has before it all of the necessary case law and facts to determine the reasonableness of Dish's request for attorney's fees. As the Eleventh Circuit has explained, "the court … is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form

an independent judgment either with or without the aid of witnesses as to value." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

Dish's purported reason for the reply is to provide additional evidence of the reasonableness of their requested attorney's fees, but allowing it to submit additional evidence at this stage would go against the principle that "as a rule, parties are not entitled to two bites at the apple." *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990) (denying reconsideration).

Moreover, Dish's motion is a thinly veiled attempt to paint Defendants as acting in bad faith in conferring on the motion for fees, and this Court should not support such efforts by allowing a reply. Local Rule 7.01 requires the parties to meet and confer regarding amount of fees, and provides 45 days in which to do so. Dish, however, provided Defendants with its proposed hours and fees approximately a week before the initial deadline for its filing of its motion, and demanded an immediate analysis of several hundreds of pages of time entries, while Defendants were in the middle of changing counsel. Dkt. 349-354. Defendants quickly narrowed the issues as to the hourly rate, the costs, and identified categories of objections (such as block billing), which were discussed during meet and confer discussions. The filed response [Dkt. 364] is directly in keeping with those discussions, and there are no surprises that justify allowing a reply brief.

## CONCLUSION

For all of the foregoing reasons, the Court should deny the motion for leave to file a reply [Dkt. 365].

Date:  March 23, 2022

By:  *Dineen Pashoukos Wasylik*

Dineen Pashoukos Wasylik,
FBN 0191620
**DPW Legal**
PO Box 48323
Tampa, FL 33646
(813) 778-5161; (813) 907-3712 (fax)
service@ip-appeals.com
dineen@ip-appeals.com
*Attorney for*
*Defendants Gaby Fraifer, Tele-Center,*
*Inc., and Planet Telecom, Inc.*