# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 11, 2022

Clerk - Middle District of Florida
U.S. District Court
801 N FLORIDA AVE
TAMPA, FL 33602-3849

Appeal Number: 22-10186-BB
Case Style: Dish Network L.L.C. v. Gaby Fraifer, et al
District Court Docket No: 8:16-cv-02549-TPB-CPT

The enclosed copy of this Court's Order of Dismissal is issued as the mandate of this court. See 11th Cir. R. 41-4. Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order. No additional time shall be allowed for mailing."

Any pending motions are now rendered moot in light of the attached order.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Tonya L. Richardson, BB/lt
Phone #: (404) 335-6174

Enclosure(s)

DIS-4 Multi-purpose dismissal letter

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 22-10232-BB
_____

DISH NETWORK L.L.C.,

                                                    Plaintiff-Counter Defendant-Appellee,

versus

GABY FRAIFER,
individually and together
d.b.a. UlaiTV
d.b.a. PlanetiTV
d.b.a. AhlaiTV,
TELE-CENTER, INC.,
individually and together
d.b.a. UlaiTV
d.b.a. PlanetiTV
d.b.a. AhlaiTV,
PLANET TELECOM, INC.,
individually and together
d.b.a. UlaiTV
d.b.a. PlanetiTV
d.b.a. AhlaiTV,

                                                    Defendants-Counter Plaintiffs-Appellants.
_____

Appeal from the United States District Court
for the Middle District of Florida
_____

Before: WILSON, GRANT, and LUCK, Circuit Judges.

BY THE COURT:

      DISH Network L.L.C.'s ("DISH") motion to dismiss the appeal for lack of jurisdiction,

contained in its response to the jurisdictional question, is GRANTED.  Defendants Gaby Fraifer, Tele-Center, Inc., and Planet Telecom, Inc., appeal from the district court's December 13, 2021 Memorandum of Decision, issued following a bench trial, in which the court found them liable for copyright infringement, awarded DISH damages, and determined that DISH was entitled to a permanent injunction.  Instead of issuing a permanent injunction, the Memorandum of Decision directed DISH to submit a proposed permanent injunction and the defendants to file any objections.  The parties have followed the district court's instructions, but it has not yet entered a permanent injunction.

The district court's Memorandum of Decision was not final, as it did not resolve all of DISH's requests for relief and the court expressly anticipated further substantive proceedings regarding the permanent injunction.  *See* 28 U.S.C. § 1291; *Martinez v. Carnival Corp.*, 744F.3d 1240, 1243-44 (11th Cir. 2014) (explaining that this Court applies a functional test for finality, considering an order to be final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"); *Broussard v. Lippman*, 643 F.2d 1131, 1133 (5th Cir. Unit A Apr. 1981) (stating that, when a district court anticipates that further proceedings on substantive matters may be required, any order it makes to facilitate those further proceedings is necessarily not final); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) (holding that an order determining liability and entitlement to a permanent injunction but withholding issuance of the injunction was not final).  Because the district court did not enter a permanent injunction, its decision also is not subject to interlocutory appeal as an order granting injunctive relief.  *See* 28 U.S.C. § 1292(a)(1); *Wetzel*, 424 U.S. at 744.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.  Any pending motions are DENIED as moot.