UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DISH NETWORK L.L.C.,

    Plaintiff,

v.

GABY FRAIFER, individually and
together, TELE-CENTER, INC.,
individually and together, and
PLANET TELECOM, INC.,
individually and together,

    Defendants.
_____/

Case No: 8:16-cv-2549-TPB-CPT

**PLAINTIFF'S AMENDED MOTION FOR CHARGING ORDER
WITH INCORPORATED MEMORANDUM OF LAW**
(Amended only to add Local Rule 3.01(g) Certification)

Plaintiff /Judgment Creditor DISH NETWORK L.L.C. ("Plaintiff") moves this Court, pursuant to section 605.0503 of the Florida Statutes, to charge Judgment Debtor Gaby Fraifer's ("Fraifer") membership interest in various entities, and, in support, states as follows:

1. On April 19, 2022, a judgment was entered in favor of Plaintiff, and against Judgment Debtor Fraifer, TELE-CENTER, INC., and PLANET TELECOM, INC. by this Court in the amount of $600,000.00 (D.E. 372) (the "Judgment").

2. The Judgment remains unsatisfied.

3. Fraifer owns a membership interest in the following limited liability companies.

    i. Fraifer Investment, LLC;
    ii. GTLF Madeira, LLC,; and
    iii. Gulf Brisas LLC.

(collectively, the "Entities").

4. Pursuant to Section 605.0503, Florida Statutes:

> On application to a court of competent jurisdiction by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest.

See Fla. Stat. § 605.0503(1).

5. "[A] charging order constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor." Id.

6. This Court is a Court of competent jurisdiction to enter a charging order as to Fraifer's membership interest in each of the Entities because Fraifer is a

resident of Florida[1], Fraifer's membership interest in the Entities is intangible personal property, and Florida courts have jurisdiction to execute judgments as to intangible personal property in Florida when the judgment debtor claims primary residence in Florida.  See Wells Fargo Bank, N.A. v. Barber, 85 F.Supp.3d 1308, 1315 (M.D. Fla. 2015) ("[A] membership interest in a limited liability company is intangible personal property, which 'accompanies the person of the owner.'"); In re McCuan, 9:14-AP-402-FMD, 2018 WL 11206025, at *5 (Bankr. M.D. Fla. Feb. 13, 2018) ("Here, there is no dispute that this Court has personal jurisdiction over Jill McCuan because her primary residence is in Florida. The interest Jill McCuan allegedly acquired in the Brown Accounts is intangible personal property that accompanies her personally and is properly subject to jurisdiction in Florida."); Vision Mktg. Res., Inc. v. McMillin Group, LLC, No. 10-2252-KHV, 2015 WL 4390071, at *1, n.11 (D. Kan. July 15, 2015) ("The Court need not have jurisdiction over the LLC entity itself in order to issue a charging order, when it has jurisdiction over the LLC member because the LLC has no right or direct interest affected by the charging order.").

---

[1] Fraifer admits his residence is in Florida.  See Plaintiff's Amended Complaint for Damages and Injunctive Relief (D.E. 1), ¶3 and Fraifer's Answer, Affirmative Defenses and Counterclaim to Amended Complaint (D.E. 54), ¶3.

7. "It is not necessary to make a limited liability company a party [to a motion for charging order] because a charging order merely gives the judgment creditor the rights of an assignee of the member's interest in the limited liability company." Cadle Co. v. Ginsburg, CV950076811S, 2002 WL 725500, at *1 (Conn. Super. Ct. Mar. 28, 2002).

8. **Rule 3.01(g) – CERTIFICATION.**  Pursuant to Local Rule 3.01(g), the Plaintiff hereby certifies that Plaintiff, by and through undersigned counsel, has conferred with Defendant's counsel in a good faith attempt to resolve the discovery issues raised by this Motion, and that agreement with respect to resolution could not be reached, and the Defendant objects to the Plaintiff's position as filed herein.

WHEREFORE, Plaintiff respectfully requests this Court to enter an Order:

    a. Charging Fraifer's membership interest in each of the Entities for the amount due to Plaintiff on the Judgment of $600,000 plus interest;

    b. Deeming that the Court's Charging Order constitutes a lien upon Fraifer's membership interest in each of the Entities;

    c. Directing that any distribution henceforth made by any of the Entities directly to, or for the benefit of Fraifer shall be paid instead to Plaintiff until the amount due on the Judgment, plus interest, is satisfied;

    d. Directing Fraifer to serve the Court's Charging Order on each of the Entities, through its registered agent, and that such service shall constitute notice of this Charging Order and lien;

    e. Directing Fraifer, no later than the 5th day after the date of this Order, to file with this Court a sworn statement reporting any amount payable as a distribution by each of the entities listed above, directly to Fraifer, or for his benefit, at the time of the issuance of this Court's Charging Order and at any time thereafter as any amount payable as a distribution by each of the Entities becomes payable directly to Fraifer, or for his benefit; and

    f. Retaining jurisdiction over Fraifer and each of the Entities to enter all further orders as may be necessary, including but not limited any order necessary to enforce this Court's Charging Order.

                                           Respectfully submitted,
                                           SEQUOR LAW, P.A.
                                           1111 Brickell Ave., Suite 1250
                                           Miami, Florida 33131
                                           Telephone: 305-372-8282
                                           Facsimile: 305-372-8202
                                           E-Mails:   dcoyle@sequorlaw.com
                                                                 afinley@sequorlaw.com

                                By:   */s/ Daniel M. Coyle*
                                           Daniel M. Coyle
                                           Florida Bar No. 0055576
                                           Amanda E. Finley
                                           Florida Bar No. 100225

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF filing system of the Clerk of the Court, which will send a notice of electronic filing to all counsel of record, on May 25, 2022.

*/s/ Daniel M. Coyle*
Daniel M. Coyle
