UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DISH NETWORK L.L.C.,

    Plaintiff,

v.                                                               Case No. 8:16-cv-2549-TPB-CPT

GABY FRAIFER, TELE-CENTER, INC.,
and PLANET TELECOM, INC.,
individually and together d/b/a UlaiTV,
PlanetiTV, and AhlaiTV,

    Defendants.
_____/

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

This matter is before the Court on the report and recommendation of United States Magistrate Judge Christopher P. Tuite entered on August 31, 2023. (Doc. 394). Judge Tuite recommended denying Defendants Gaby Fraifer, Tele-Center, Inc. (TCI), and Planet Telecom, Inc.'s (PTI) motion pursuant to Federal Rules of Civil Procedure 52 and 59 to alter or amend the judgment entered against them on Plaintiff DISH Network L.L.C.'s (DISH) copyright claim. (Doc. 377). Defendants filed objections to the report and recommendation (Doc. 399) and Plaintiff filed a response (Doc. 400).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). A district court must "make a de novo determination of those portions of the [report and

recommendation] to which an objection is made." 28 U.S.C. § 636(b)(1)(C). When no objection is filed, a court reviews the report and recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006); *Nettles v. Wainwright*, 677 F.2d 404, 409 (5th Cir. 1982).

Upon due consideration of the record, including Judge Tuite's report and recommendation, the Court adopts the report and recommendation in its entirety. The Court agrees with Judge Tuite's well-reasoned factual findings and conclusions, and the objections do not provide any basis for overruling the report and recommendation. Defendants seek yet again to reverse this Court's determination of DISH's copyright ownership – a very technical and factually detailed issue decided nearly four years ago on summary judgment, which the Court declined to revisit when denying Defendants' last post-trial motion to reconsider. Defendants' objection also essentially asks the Court to reconsider evidence provided by DISH's expert witness, but Defendants do nothing more than reargue their previously filed, and denied, *Daubert* motion. As previously noted, this Court found Defendants' trial testimony lacked credibility and was, at best, misleading. (Doc. 337). In their objections, filed by counsel retained after Defendants lost at trial, Defendants propose entirely new theories as to why their infringement was not willful – theories that are inconsistent with Defendants' evidence at trial.

Consequently, Defendants Gaby Fraifer, Tele-Center, Inc. (TCI), and Planet Telecom, Inc.'s (PTI) motion pursuant to Federal Rules of Civil Procedure 52 and 59 to alter or amend the judgment entered against them on Plaintiff DISH Network L.L.C.'s (DISH) copyright claim (Doc. 377) is denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)  Judge Tuite's report and recommendation (Doc. 394) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

(2)  "Defendants' Motion to Alter or Amend the Judgment" (Doc. 377) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of January, 2024.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**